David V. Roth (State Bar No. 194648)
  *dvr@manningllp.com*
Chandra Carr (State Bar No. 315259)
  *czc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>           Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>           Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TARGET CORPORATION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:         Hon. Laurel Beeler<br>Hearing Date: January 20, 2022<br>Time:          9:30 a.m.<br>Crtrm:         B |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 20, 2022, at 9:30 am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel Beeler, located in **Courtroom B** of the Philip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco California, Defendant Target Corporation ("Target") will and hereby does move, pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f), for an order dismissing the following portions of Plaintiff's complaint:

   1.   Page 3, ¶ 14(a)(2): Prayer for "punitive damages"

   This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f) on the ground that

1  Plaintiff's prayer for punitive damages are not recoverable as a matter of law in this case, as Plaintiff
2  has alleged no facts (as opposed to mere conclusions) supporting recovery of punitive damages.
3        This motion is based on this Notice of Motion, the attached Memorandum of Points and
4  Authorities, the Declaration filed concurrently herewith, all of the pleadings, files, and records in
5  this proceeding, all other matters of which the Court may take judicial notice, and any argument or
6  evidence that may be presented to or considered by the Court prior to its ruling.

8  DATED:  December 14, 2021      **MANNING & KASS**
                                                **ELLROD, RAMIREZ, TRESTER LLP**

                                      By:      /s/ *David V. Roth*
                                                 David V. Roth
                                                 Attorneys for Defendant, TARGET CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

On August 24, 2021, Plaintiff Bryon Jackson filed a form complaint in the Superior Court of the State of California, County of Alameda, in case number RG21110499. Plaintiff's Complaint alleges that, on or about July 7, 2021, he visited a Target store in Alameda, California, where he was hit by a Target employee's trolley while Plaintiff was waiting in line for coffee. Plaintiff alleges that the Target employee hit him " 'deliberately'—consciously and intentionally." Declaration of David V. Roth ("Roth Decl.") Ex. A at p. 4.[1]

Plaintiff's Complaint contains a prayer for punitive damages; however, the Complaint is devoid of any factual allegations that would support a claim for punitive damages. Plaintiff simply makes the conclusion that an unnamed Target employee hit him with a trolley "deliberately," without any facts whatsoever to support this conclusion.

## II. THE COURT MUST DISMISS OR STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES, WHICH ARE UNSUPPORTED BY ANY FACTS OR ALLEGATIONS OF INTENTIONAL OR MALICIOUS CONDUCT

The Ninth Circuit has held that Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate vehicle for challenging a damage claim in a pleading. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).[2] In order to survive a motion to dismiss, a complaint "contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 566 U.S. 622, 677-678 (2009)). This "plausibility requirement" requires the allegations in the complaint to "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

---

[1] On October 29, 2021, Target filed a notice of removal of this action from state court to this Court. ECF Doc. No. 1.

[2] In California state courts, a motion to strike is the appropriate method to challenge a claim for damages. *See Turman v. Turning Point of Central California, Inc.*, 191 Cal.App.4th 53, 63 (2010) (motion to strike prayer for punitive damages). However, the Ninth Circuit held in *Whittlestone* that a Rule 12(b)(6) motion to dismiss, rather than a Rule 12(f) motion to strike, is the appropriate method for challenging a pleading's claim for damages.

550 U.S. 544, 555 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not required to accept as true a plaintiff's "unwarranted conclusion." *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009).

Under California law, a plaintiff may recover punitive damages only if he can prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). To prove malice, a plaintiff must show that the defendant's conduct was intended to injure plaintiffs or was "despicable" and "carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). It is not enough to allege that a defendant acted with a willful and conscious disregard; a plaintiff must show that a defendant's conduct was "despicable." *College Hospital, Inc. v. Superior Court*, 8 Cal.4th 704, 725 (1994).

Furthermore, under California law, a claim for punitive damages cannot be pleaded generally or by mere legal conclusions that a defendant acted fraudulently, intentionally or in conscious disregard of plaintiff's rights. Rather, the claim must be supported with sufficient *factual* averments to demonstrate that the conduct was indeed intentional, fraudulent, malicious, willful, wanton, and/or undertaken in conscious disregard of plaintiff's rights. *Anschutz Entertainment Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643 (2009); *Perkins v. Superior Court of California*, 117 Cal.App.3d 1, 6-7 (1981); *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872 (1977).

Finally, an employer is not liable for punitive damages for the acts of its employees "unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Here, Plaintiff's Complaint makes the conclusory allegation that an unknown Target employee hit Plaintiff with a trolley " 'deliberately'—consciously and intentionally." Roth Decl.

1  Ex. A at p. 4. The Complaint contains no *factual* averments demonstrating that the employee's
2  conduct was willful, malicious, intentional, or "despicable." *See Shroyer*, 622 F.3d at 1041.
3  Moreover, Plaintiff has named Target (a corporation) as a defendant based on the alleged acts of an
4  unknown and unnamed employee. However, the Complaint is devoid of any allegation that Target
5  had advance knowledge of the unknown employee's unfitness, or that a corporate officer ratified,
6  authorized, or participated in the alleged conduct. Cal. Civ. Code § 3294(b); *see Simmons v. Target*
7  *Corp*., No. SACV 18-01019 JVS(KESx), 2018 U.S. Dist. LEXIS 227359, at *10 (C.D. Cal. Aug.
8  20, 2018) (striking prayer for punitive damages as against a corporate defendant for failure to
9  identify any officer, director, or managing agent involved in the conduct). Consequently, as the
10 Complaint fails to state sufficient facts to plausibly state a claim for punitive damages, the prayer
11 for punitive damages is properly dismissed under Rule 12(b)(6).
12       If, for any reason, the Court cannot dismiss the prayer for punitive damages, the Court should
13 strike them. Rule 12(f) provides that a court "may order stricken from any pleading any insufficient
14 defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be
15 granted if "it is clear that the matter to be stricken could have no possible bearing on the subject
16 matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co*., 814 F. Supp. 820, 830 (N.D. Cal.
17 1992). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and
18 money that must arise from litigating spurious issues by dispensing with those issues prior to trial."
19 *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1993). An "immaterial" matter "has
20 no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d
21 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994).
22 An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the
23 issues in question." *Id*. at 1527. "[A] motion to strike may be used to strike any part of the prayer
24 for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*,
25 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).
26       Here, as noted, Plaintiff seeks damages that are not recoverable as a matter of law. Plaintiff
27 has not alleged any facts supported his conclusory claim that an unknown Target employee acted
28 intentionally, maliciously, or despicably. Cal. Civ. Code § 3294(a). Nor has Plaintiff alleged that

Target had advance knowledge of the unknown employee's unfitness, or that a corporate officer ratified, authorized, or participated in the alleged conduct. Cal. Civ. Code § 3294(b). Consequently, if the Court cannot dismiss the prayer for punitive damages, Target respectfully requests that the Court strike the claim for punitive damages as being not recoverable as a matter of law. *Bureerong*, 922 F.Supp. at 1479, n. 34.

### III. CONCLUSION

For the foregoing reasons, Target respectfully requests that this Court grant its motion and dismiss, or strike, the Complaint's prayer for punitive damages.

DATED: December 13, 2021  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: ___/s/ *David V. Roth*___
David V. Roth
Attorneys for Defendant, TARGET CORPORATION

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One California Street, Suite 900, San Francisco, CA 94111.

On December 14, 2021, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF DEFENDANT TARGET CORPORATION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dln@manningllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 14, 2021, at San Francisco, California.

Diana Norton

**SERVICE LIST**
**Jackson v. Target - Alameda CA 94501**
**Case No. RG21110499**

Bryon Jackson                                    **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com