David V. Roth (State Bar No. 194648)
  *dvr@manningllp.com*
Chandra Carr (State Bar No. 315259)
  *czc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DEFENDANT TARGET CORPORATION'S REPLY TO MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Hon. Laurel Beeler<br>Date:   January 20, 2022<br>Time:  9:30 a.m.<br>Crtrm.: B |

     Defendant Target Corporation ("Target") has filed a motion to dismiss or strike Plaintiff's prayer for punitive damages, on the ground that there are insufficient *factual* averments, as opposed to conclusions, supporting his claim for punitive damages.

     In response, Plaintiff has filed a three-page opposition contending that a videotape will demonstrate that a Target employee "intentionally" hit Plaintiff with a trolley. Doc. No. 15 at p. 3. Regardless of what a videotape that may or may not exist (and which is not included with Plaintiff's opposition) could potentially show, a motion to dismiss or strike is framed by *the allegations of the complaint*, not speculative extrinsic evidence. *See In re American Continental Corp./Lincoln S&L Securities Litigation*, 102 F.3d 1524, 1537 (9th Cir. 1996) ("In general, material outside the pleadings cannot be considered in ruling on a motion to dismiss, unless the motion is treated as one for summary judgment and the parties are 'given reasonable opportunity to present all material made

1 pertinent to such a motion by Rule 56' "); *see also Shroyer v. New Cingular Wireless Services*, 622 F.3d 1035, 1041 (9th Cir. 2010) (a complaint must "contain sufficient factual matter to state a facially plausible claim to relief").

The instant motion is not one for summary judgment, and Target has not requested that it be treated as such; it is to dismiss or strike the punitive damage prayer. Consequently, the universe of facts on this motion is limited to the allegations of the pleading. *In re American Continental Corp*, 102 F.3d at 1537. As Target noted in its motion, the complaint makes the conclusory allegation that an unknown Target employee hit Plaintiff with a trolley " 'deliberately'—consciously and intentionally." Roth Decl. Ex. A at p. 4. The Complaint contains no *factual* averments demonstrating that the employee's conduct was willful, malicious, intentional, or "despicable." *See Shroyer*, 622 F.3d at 1041. For this reason alone, Target's motion should be granted and the punitive damage prayer dismissed or stricken.

Additionally, Plaintiff has failed to address the fact that no facts have been alleged supporting a punitive damage claim against Target, a corporation. Under California law, a corporate employer is liable for punitive damages for the acts of its employees only if "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). Thus, even if the Court considers a videotape that no one has seen, and may not even exist, whatever such a videotape may show, it could not plausibly show that Target had advanced knowledge of the unfitness of an unknown employee who allegedly hit Plaintiff with a trolley, and certainly could not show that advanced knowledge of any unfitness, conscious disregard, ratification, or malice, oppression. or fraud, was committed by an officer or corporate director. See Cal. Civ. Code § 3294(b).

"[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

1  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993). As pleaded, Plaintiff's claim for punitive damages is a "spurious" issue that should be dispensed with now, rather than later. Accordingly, Target respectfully requests that the Court grant its motion and either dismiss or strike Plaintiff's unsupported, conclusory prayer for punitive damages.

DATED:  January 11, 2022

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ David V. Roth_____
David V. Roth
Attorneys for Defendant, TARGET CORPORATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One California Street, Suite 900, San Francisco, CA 94111.

On January 11, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S REPLY TO MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 11, 2022, at San Francisco, California.

_____
Diana Norton

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                             **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com