UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRYON Y. JACKSON<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION.<br><br>Defendant. | Case No. 21-cv-08458-LB<br><br>**ORDER GRANTING TARGET CORPORATION'S MOTION WITH LEAVE TO AMEND**<br><br>Re: ECF No. 9 |

## INTRODUCTION

Plaintiff Bryon Jackson sued Target Corporation after an unidentified Target employee hit him with a trolley while he was in the Target store.[1] The plaintiff claims assault and battery and asked for punitive damages. Target moved to dismiss or strike the plaintiff's prayer for punitive damages on two grounds: (1) the plaintiff did not allege facts showing intentional or malicious conduct, and (2) he did not allege that Target had advance knowledge of the employee's unfitness or that a corporate officer ratified, authorized, or participated in the alleged conduct.[2] The court can decide the motion without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and grants the motion on the second ground.

---

[1] Compl. – ECF No. 1 at 10. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 9.

ORDER – No. 21-cv-08458-LB

**STATEMENT**

The parties are plaintiff Bryon Jackson, a resident of California, and defendant Target Corporation, which is incorporated and has its principal place of business in Minnesota.[3]

The plaintiff alleged that on July 7, 2021, he went to a coffee shop located in the Target store at 2700 Fifth Street in Alameda, California, in the Northern District. While waiting in line for his coffee, a Target employee deliberately, consciously, and intentionally hit him in his right kidney area with a trolley. As a result, he suffered ongoing pain.[4]

The plaintiff filed the complaint on August 24, 2021 in Alameda County Superior Court, and Target removed the case to federal court on October 27, 2021.[5] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[6] The court has diversity jurisdiction over the lawsuit: the parties are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] Compl. – ECF No.1 at 1–3 (¶¶ 1–5).
[4] *Id.* at 10.
[5] *Id.* at 1–5.
[6] Consents – ECF Nos. 6, 12.

liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (cleaned up). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12–00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## ANALYSIS

Target Corp. moved to dismiss or strike Mr. Jackson's prayer for punitive damages on two grounds: (1) he did not allege intentional or malicious conduct, and (2) he did not allege that Target had advance knowledge of the unknown employee's unfitness or that a corporate officer ratified, authorized, or participated in the alleged conduct.[7] Mr. Jackson countered that, through

---

[7] Mot. – ECF No. 9 at 3–6.

discovery, he can prove the unidentified employee's malicious or intentional conduct from video tape at the Target store, and Target is liable for its employee's conduct.[8] The court strikes the punitive damages on ground two, with leave to amend.

Under California Civil Code § 3294(a), punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). California Civil Code § 3294(c)(2) defines oppression as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Fraud is "an intentional misrepresentation, deceit or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. *Id.* § 3294(c)(3). There is no heightened pleading requirement for alleging one's state of mind. *Cf.* Fed. R. Civ. P. 9 ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

An employer is liable for punitive damages for an employee's unlawful acts if "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b).

The plaintiff alleged that the unidentified Target employee consciously, deliberately, and intentionally hit him with the trolley. It is conclusory, but the conduct is discrete and sufficiently describes the event to give fair notice of it under Rule 8(a). Nonetheless, even in viewing the facts most favorably to the plaintiff, he alleged no facts suggesting that Target had advance knowledge of the unfitness of the employee, consciously disregarded the rights and safety of others, ratified

---

[8] Opp'n – ECF No. 14 at 3.

any wrongful conduct, or was personally guilty of oppression, fraud, or malice. The court thus grants Target's motion to strike the plaintiff's prayer for punitive damages, with leave to amend.

## CONCLUSION

The court grants the motion to strike with leave to amend. The court will set a deadline for leave to amend at the initial case-management conference. Generally, the court sets deadlines to amend after allowing some discovery to fully illuminate the issues.

This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: January 19, 2022



LAUREL BEELER
United States Magistrate Judge