UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRYON U JACKSON, | Case No. 21-cv-08458-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| TARGET CORPORATON, | Re: ECF No. 52 |
| Defendant. | |

The plaintiff has moved for appointment of counsel. The court denies the motion without prejudice to the plaintiff's renewing the motion after any motion for summary judgment.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court is unable to assess at this time whether circumstances exist that would warrant seeking volunteer counsel to accept *a pro bono* appointment. The proceedings are at an early stage. Moreover, the plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the court denies the request for appointment of counsel at this time. The court can consider appointment of counsel at a later juncture in the proceedings after the defendant has filed its dispositive motion and the court has a better understanding of the procedural and substantive matters at issue. The plaintiff may file a renewed motion for the appointment of

counsel after the court has had a hearing on any dispositive motion or, if the defendant does not file a dispositive motion, at the case-management conference that has been set for any hearing on any dispositive motion. If the court decides then that appointment of counsel is warranted, then it will seek volunteer counsel to agree to represent the plaintiff *pro bono*.

This resolves ECF No. 52.

**IT IS SO ORDERED.**

Dated: December 10, 2022

_____
LAUREL BEELER
United States Magistrate Judge