David V. Roth (State Bar No. 194648)
 *dvr@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
 *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>  Defendant. | Case No. 3:21-cv-08458-LB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES PLUS THE SECURITY TEAM; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000,00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant TARGET CORPORATION, a California corporation("defendant") hereby submits the following Opposition to Plaintiff's Motion to Compel Deposition of Target Corporation and All Target's Witnesses Plus the Security Team ("MTC.) In addition, Defendant request that sanctions be imposed upon Plaintiff, in the sum of $1,000.00 for bringing this unwarranted motion and for abuse of the discovery process.

4893-1472-1092.1

Case No. 3:21-cv-08458-LB

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000.00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As addressed below, Plaintiff's MTC fails to comply with the most basic requirement of a noticed motion set forth under Civil L.R. 7-1 & 7.2, fails to complay with Federal Rules of Civil Procedure 30 & 37, fails to comply with general orders and standing orders.

Specifically, Plaintiff failed to provide sufficient notice or a proper noticed motion with any legal or evidentiary basis in support thereof, failed to meet and confer in good faith before filing his motion and failed to properly notice any depositions. In fact, Plaintiff failed to ever notice any depositions or provide the identity of who Plaintiff intends to depose. Plaintiff cannot do so now as non-expert discovery is set to close on December 23, 2023.

Thus, Plaintiff's MTC should be denied

## II. LEGAL ARGUMENTS

### A. Plaintiff Has Disregarded Basic Principles of Motion Practice Under the Local Rules 7-1, 7-2, 7-3, 7-4 & 7-5, The Court's Standing Order and General Orders, and Based Thereon Plaintiff's MTCs Must Be Denied

Plaintiff's MTC is a noticed motion, therefore, the filing and service of it must comply with Local Rules 7-1 through 7-5. Specifically, 7-1 (a) provides that any written request to the Court for an order must be presented by one of the following means:

(1)   A duly noticed motion pursuant to Civil L.R. 7-2;

Civil L.R. 7--2.   Notice and Supporting Papers;

(a)   Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES PLUS THE SECURITY TEAM; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000,00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT**

1 motion. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service 2 (as opposed to filing), does not apply and thus does not extend this deadline.

3     (b)    Form. In one filed document not exceeding 25 pages in length, a motion 4 must contain:

5     (1)    On the first page in the space opposite the caption and below the case 6 number, the noticed hearing date and time;

7     (2)    In the first paragraph, notice of the motion including date and time of 8 hearing;

9     (3)    In the second paragraph, a concise statement of what relief or Court 10 action the movant seeks; and

11     (4)    In the succeeding paragraphs, the points and authorities in support of the 12 motion — in compliance with Civil L.R. 7-4(a).

13     (c)    Proposed Order. Unless excused by the Judge who will hear the motion, 14 each motion must be accompanied by a proposed order.

15     (d)    Affidavits or Declarations. Each motion must be accompanied by 16 affidavits or declarations pursuant to Civil L.R. 7-5.

17 Plaintiff's MTC fails to comply with the local rules as mentioned above because Plaintiff failed to properly notice a duly noticed motion, failed to file supporting papers, failed to provide the noticed hearing date and time, failed to provide a concise statement of what Plaintiff seeks and failed to provide points and authorities in support of the motion in compliance with Civil L.R 7-4(a). Additionally, Plaintiff did not provide a proposed order which was not excused by the judge and failed to provide affidavits or declarations which must be accompanied by the motion.

24 As such, Plaintiff's MTC should be denied.

25 //

26 //

27

28 4893-1472-1092.1     3    Case No. 3:21-cv-08458-LB

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES PLUS THE SECURITY TEAM; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000,00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT**

### B. Plaintiff Failed To Meet And Confer With Defendant In Violation Of Federal Rule 37 And Failed To Notice Any Depositions In Violation Of Federal Rule 30

Under Rule 37(a)(1), a party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Because neither the Rule nor the advisory notes accompanying it specify which methods of conferring are appropriate, individual courts have interpreted Rule 37's meet and confer requirement through local rules and judicial decisions.

Here, Plaintiff failed to meet and confer with Defendant at any point prior to filing his motion and thus violated Federal Rule 37.

Pursuant to Federal Rules of Civil Procedure 30(b) (1) A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Plaintiff's motion is procedurally and facially defective. Plaintiff failed to meet and confer or notice any depositions and thus Plaintiff has no basis to compel depositions.

Thus Plaintiff's Motion should be denied.

### III. SANCTIONS AGAINST PLAINTIFF ARE REQUESTED

Plaintiff's motion was not brought in good faith. Plaintiff failed to meet and confer prior to filing his motion in violation of Federal Rule 37 which obligates a party to certify, along with its motion to compel, that it "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

4893-1472-1092.1                    4                    Case No. 3:21-cv-08458-LB

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES PLUS THE SECURITY TEAM; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000,00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT**

1  Here, Plaintiff failed to meet and confer at all before filing its motion and thus
2  should be denied.

3  Under Federal Rule 30 (b) If the motion is denied, the court may issue any
4  protective order authorized under Rule 26(c) and must, after giving an opportunity to
5  be heard, require the movant, the attorney filing the motion, or both to pay the party
6  or deponent who opposed the motion its reasonable expenses incurred in opposing the
7  motion, including attorney's fees. But the court must not order this payment if the
8  motion was substantially justified or other circumstances make an award of expenses
9  unjust.

10  Here, Plaintiff's motion is not justified. Indeed Plaintiff's motion is frivolous.
11  The presentation of frivolous motions or oppositions, or the failure to comply fully
12  with Rule 11, subjects the offender to the following sanctions: (1) "monetary
13  sanctions, if the Court finds that the conduct was willful, grossly negligent, or
14  reckless;" (2) "the imposition of costs and attorneys' fees to opposing counsel, if the
15  Court finds that the conduct rises to the level of bad faith and/or a willful disobedience
16  of a court order;" and/or (3) "for any of the conduct specified...above, such other
17  sanctions as the Court may deem appropriate under the circumstances.

18  In opposing this motion, Defendant's counsel has spent 3 hours in opposition,
19  conducting legal research, reviewing the file, drafting this opposition and this instant
20  declaration.  Defendant anticipates spending an hour preparing and attending the
21  hearing on this motion.

22  An associate's reasonable billing rate is $250.00 per hour and a partner's rate is
23  at $350.00 per hour.  As such, Defendant seeks sanctions of $1,000.00 as
24  reimbursement for the reasonable attorney's fees associated with opposing this
25  motion.

26  //
27  //
28

## IV. CONCLUSION

Based on the forgoing, it is respectfully requested that this motion to compel be denied and that Plaintiff should be sanctioned, , in the amount of $1,000.00, made payable to Defendant, through its counsel of record, to compensate Defendant for the fees incurred for having to oppose Plaintiff's MTC.

DATED:  December 21, 2021  **MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: ___/s/ Gabriella Pedone___
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET CORPORATION

# DECLARATION OF GABRIELLA PEDONE

I, GABRIELLA PEDONE, do declare and state:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am an associate at the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, counsel of record herein for Defendant TARGET CORPORATION ("Defendant"). I have personal knowledge of the within facts, and if called as a witness I could and would competently testify thereto.

2. I submit this Declaration in opposition to Plaintiff's Motion to Compel Depositions of Target Corporation, Witness and Security Team.

3. Plaintiff failed to meet and confer prior to filing this motion.

4. I did not receive a meet and confer communication from Plaintiff prior to Plaintiff filing the instant motion nor did I receive any notices of deposition that identifies who Plaintiff would like to depose.

5. Plaintiff's motion is frivolous and without merit. Sanctions are warranted.

6. My hourly billing rate on this matter is $250.00. I spent .5 of an hour reviewing Plaintiff's motion and review of case file to determine whether plaintiff had ever noticed any depositions or meet and conferred prior to filing his motion. I have spent 2.5 hours on this Opposition and supporting declaration. I also anticipate that I will expend another hour participating and attending the hearing on this motion. In total, my clients have incurred attorneys' fees in the amount of $1000.00 which equates a total of 4 in hours billed in response to Plaintiff's motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of December, 2022, at Los Angeles, California.

\_\_\_/s/Gabriella Pedone_____

Gabriella Pedone

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On December 21, 2022, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TARGET CORPORATION AND ALL TARGET'S WITNESSES PLUS THE SECURITY TEAM; REQUEST FOR MONETARY SANCTIONS IN THE SUM OF $1,000,00 AGAINST PLAINTIFF DECLARATION OF GABRIELLA PEDONE IN SUPPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2022, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bryon U Jackson**
  zaqw1478@hotmail.com

- **Gabriella Alexandra Pedone**
  gpedone@slpattorney.com,pshahian@slpattorney.com

- **David Vincent Roth**
  dvr@manningllp.com,dln@manningllp.com