David V. Roth (State Bar No. 194648)
 *david.roth@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
 *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**<br><br>[Motion for Administrative Relief]<br><br>Filed concurrently with:<br>1. Declaration of Lacey N. Sipsey<br>2. [Proposed] Order<br><br>Dept.:    Courtroom B<br>Judge:    Hon. Laurel Beeler |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 6-3 and 7-11, and Federal Rules of Civil Procedure ("FRCP") 16(b)(4), Defendant TARGET CORPORATION ("Defendant"), by undersigned counsel, moves for a two-week extension of time, from March 2, 2023 to March 16, 2023, for Defendant to file its Motion for Summary Judgment and/or Summary Adjudication to Plaintiff Byron Jackson's ("Plaintiff") Complaint. Defendant further requests that the current Scheduling Order be modified to correspond with this extension should it be granted.

The current Scheduling Order is set as follows:

- Updated joint case-management-conference statement – 6/16/2022
- Further case-management conference – 6/23/2022
- ADR completion date – 6/9/2022
- Non-expert discovery completion date – 12/23/2022
- Expert disclosures required by FRCP – 2/24/2023
- Rebuttal expert disclosures – 3/24/2023
- **Last hearing date for dispositive motions and/or further case-management conference – 4/6/2023**
- Expert discovery completion date – 5/30/2023
- Meet and confer re pretrial filings – 6/6/2023
- Pretrial filings due – 6/15/2023
- Oppositions, objections, exhibits, and depo designations due – 6/22/2023
- Final pretrial conference – 7/6/2023
- Trial – 7/17/2023

Accordingly, Defendant's filing date for dispositive motions, such as a motion for summary judgment and/or adjudication is March 2, 2023. (L.R. 7-2.) Pursuant to L.R. 7-3, Plaintiff's opposition would be due on March 16, 2023. If Defendant's extension request is granted, Defendant's new filing date would be March 16, 2023, and Plaintiff's deadline to file an opposition would be March 30, 2023. The hearing date for Defendant's dispositive motion would thus be moved to April 20, 2023.

**GOOD CAUSE STATEMENT**

Fed. Rules of Civ. Pro. 16(b)(4) requires the moving party to show good cause in order to modify the scheduling order. Furthermore, Local Rule 6-3 sets forth a list of factors that must be described in a request to enlarge or shorten time for filing a motion. Accordingly, Defendant states the following in support of those requirements:

1. Defense Counsel, Ms. Lacey N. Sipsey was charged with preparing the Motion for Summary Judgment and/or Summary Adjudication on behalf of Defendants. (Declaration of Lacey N. Sipsey [Sipsey Decl.], ¶ 3.)

2. On January 6, 2023, Ms. Sipsey's elderly mother sustained a fall and fractured her ribs. (Sipsey Decl., ¶ 4.) As her sole caretaker, Ms. Sipsey traveled to Winslow, Arizona to assist in her recovery. (Sipsey Decl., ¶ 4.) Ms. Sipsey returned to California on approximately January 25, 2023. (Sipsey Decl., ¶ 4.)

3. On February 9, 2023, Ms. Sipsey's mother sustained another fall while at dialysis and fractured her femur. (Sipsey Decl., ¶ 5.) She was airlifted to a Phoenix, Arizona hospital. (Sipsey Decl., ¶ 5.) Ms. Sipsey again had to leave for Arizona to deal with her mother's healthcare needs. (Sipsey Decl., ¶ 5.) Although Ms. Sipsey intended to stay in Arizona only a few days, Ms. Sipsey ended up staying at the hospital with her mother from about February 11th through February 24, 2023, due to the multiple complications she endured while hospitalized. (Sipsey Decl., ¶¶ 5-8.)

4. While at the hospital, Ms. Sipsey attempted to maintain her work obligations, however this quickly became very difficult given the environment and constant fluctuation in her mother's health and in-hospital complications. (Sipsey Decl., ¶ 8.) In addition to this, Ms. Sipsey also had to take care of certain matters at her mother's house in Winslow, Arizona, more than three hours from Phoenix, and also try to coordinate a skilled nursing facility that would accept her mother upon release from the hospital. (Sipsey Decl., ¶ 8.)

5. For these reasons, Ms. Sipsey fell behind on work deadlines despite her best efforts and was ultimately unable to timely prepare Defendant's Motion for Summary Judgment and/or Adjudication. (Sipsey Decl., ¶ 8.)

6. Due to these unforeseen circumstances, particularly the extended and continual complications with her mother's health, Ms. Sipsey was unable to request an earlier extension. (Sipsey Decl., ¶¶ 9-10.)

7. On March 2, 2023, Ms. Sipsey emailed Plaintiff to ask if he would stipulate to an extension. Plaintiff did not respond by the time Ms. Sipsey needed to file this instant request. (Sipsey Decl., ¶ 11; Exhibit A.)

8. However, Plaintiff should not be prejudiced should Defendant receive an extension, since Defendant is also requesting the same 14-day extension be granted to Plaintiff.

9. Similarly, the Court should not be prejudiced as this is a very brief extension that will not alter any other deadline in the Scheduling Order. Even with a modification to the dispositive motion hearing date, the trial would still be scheduled for more than three months later.

10. However, should the Court deny Defendant's request for an extension, Defendant would be severely prejudiced as it would be unable to argue a motion for summary judgment and/or adjudication. Moreover, it is not the fault of the Defendant, and it was not within its control that these circumstances prevented its counsel from timely filing a dispositive motion. (Sipsey Decl., ¶ 12.)

11. Furthermore, Ms. Sipsey reviewed the Record of Actions in this case and it does not appear that there have been prior time modifications in this case. (Sipsey Decl., ¶ 12.)

12. On March 2, 2023, Ms. Sipsey attempted to E-file this motion but was unable to due to a login error. To ensure the filing would not be late, Ms. Sipsey registered for filing privileges at almost 11 p.m. PST (1 a.m. CST), however because it was after business hours, the application was not processed until the next day, March 3, 2023. (Sipsey Decl., ¶ 14; **Exhibit B**.) Defendants filed this motion as soon as possible given that the filing issues could not be cured after business hours.

For all of the foregoing reasons, and having shown good cause, Defendant respectfully requests that the Court extend Defendant's deadline to file any dispositive motions by 14-days. Thus the summary judgment briefing schedule should be modified as follows:

March 16, 2023 – deadline for Defendant's MSJ and/or MSA

March 30, 2023 – deadline for Plaintiff's Opposition;

April 6, 2023 – deadline for Defendant's Reply; and

April 20, 2023 – Hearing on Defendant's dispositive motion(s).

No further modifications to the Scheduling Order are requested.

DATED: March 3, 2023

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Gabriella Pedone
Gabriella Pedone
Attorneys for Defendant, TARGET CORPORATION

**DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

David V. Roth (State Bar No. 194648)
  *david.roth@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
  *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>           Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>           Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DECLARATION OF LACEY N. SIPSEY IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**<br><br>[Motion for Administrative Relief]<br><br>Filed concurrently with:<br>1. Declaration of Lacey N. Sipsey<br>2. [Proposed] Order<br><br>Dept.:          Courtroom B<br>Judge:          Hon. Laurel Beeler |

## DECLARATION OF LACEY N. SIPSEY

I, Lacey Sipsey, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of

1. Defendant's Motion to Extend Time to File Motion for Summary Judgment and/or Summary Adjudication.

2. I am a member of the Law and Motion team at Manning & Kass and is in charge of drafting a Motion for Summary Judgment and/or Summary Adjudication on behalf of Defendant.

3. For the past couple of months, my mother's health declined and she suffered a series of medical incidents. As her sole caretaker, I have made numerous trips to Winslow, Arizona to stay with her and help maintain her health, as well as navigate her current and future healthcare needs.

4. One incident occurred on January 6, 2023, wherein my mother fell and fractured her rib and injured her leg. After her release from hospitalization I stayed with her to look after her health. Prior to this, my mother was hospitalized on Thanksgiving for breathing difficulties, and I also stayed with her for a period of time to assist in her recovery. In the interim I maintained my work obligations, however due to her abrupt needs during recovery I often had to work outside of business hours to complete projects, including work on the instant matter.

5. On February 9, 2023, my mother fell while at dialysis and fractured her femur. She was airlifted to Phoenix, Arizona three hours away from her home for necessary surgery and had to be hospitalized. I went to the hospital in Phoenix to deal with my mother's healthcare needs. I had planned to stay just a few days to ensure she received proper treatment and to arrange for aftercare when she was released from the hospital. Unfortunately, due to multiple complications my mother was not able to have surgery until February 14, 2023. After her surgery my mother endured further complications which required me to stay at the hospital longer than expected.

6. One of the complications was that she contracted an infection in her central venous dialysis catheter in her chest. The hospital cleared the infection but needed to conduct another surgery to replace the catheter. They were not able to complete the surgery until Friday, February 24, 2023.

7. Because these complications were unexpected, I stayed at the hospital with my mother from February 11th through February 26th, 2023, when I had anticipated staying only a couple days.

8. While at the hospital, I continued to maintain my work obligations, however that quickly became very difficult given the environment and constant fluctuation with my mother's health and in-hospital complications. In addition, I also had to take care of certain matters at her home in Winslow, Arizona and coordinate with skilled nursing facilities in Phoenix so she could be housed and receive the appropriate aftercare and physical therapy she requires once she is discharged from the hospital. This ultimately caused me to fall behind on work deadlines, despite my best efforts.

9. I returned home late at night on Sunday, February 26, 2023. Although I still optimistically believed I could meet the current filing deadlines, and continued to try, I ultimately realized this would not be feasible. I am still currently catching up on my work projects.

10. I had not anticipated the complications with my mother's health on the days leading up to the deadline to file Defendant's motion nor my mother's surgery that occurred on Friday, February 24, 2023. Unfortunately, these circumstances greatly hampered my ability to complete this project, and my other work obligations in a timely manner.

11. On March 2, 2023, I emailed Plaintiff Byron Jackson to ask if he would agree to Defendant's request for an extension given the circumstances. However, by the time I needed to file the request he had not responded. Attached hereto as Exhibit A is a true and correct copy of the email I sent to Plaintiff.

12. Because Defendant is not at fault for failing to meet a deadline, Defendant should not be punished for unforeseeable circumstances. However, should the Court deny Defendant's request, Defendant would be severely prejudiced as it would not be able to present its argument for summary judgment.

13. I reviewed the case file and record of actions in this case, and it does not appear that there have been prior time modifications in this case.

14. I attempted to E-file this motion on March 2, 2023, after business hours, but our team could not login. We attempted to resolve this issue, but given the late hour we were unable to reach anyone. I immediately registered for filing privileges, but did not realize that my application would not be processed until the following day. Attached hereto as **Exhibit B** is a true and correct copy of the emails showing failed login and my E-filing registration (Central Time).

15. In consideration of the above, I humbly request that the Court find good cause to extend Defendant's deadline to file its motion for summary judgment and/or summary adjudication so Defendant will not suffer severe prejudice.

16. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 3rd day of March, 2023, at San Diego, California.

*[signature]*

Lacey Sipsey

# EXHIBIT A

# Lacey Sipsey

| | |
|---|---|
| **From:** | Lacey Sipsey |
| **Sent:** | Thursday, March 2, 2023 6:00 PM |
| **To:** | za |
| **Subject:** | RE: Jackson v. Target Corporation - Case No. 3:21-CV-08458-LB |

Good evening Mr. Jackson,

I am one of the attorneys for Defendant Target Corporation in the lawsuit *Jackson v. Target Corporation* - Case No. 3:21-CV-08458-LB.

I am writing to ask if you would agree to an extension of Defendant's deadline to file a Motion for Summary Judgment by 14-days? Currently, the deadline for Defendant to file this motion is today.

I am the attorney preparing the motion, but due to my mother's hospitalization in January and February, I have been absent from work. I recently returned from Arizona on Sunday, but have not had the opportunity to complete this filing.

I apologize for this late email. However, can you please let me know if you agree to this request?

If so, I can email a Stipulation for you to review and sign, and I can file this extension request tonight.

Thank you,

**Lacey Sipsey**
Associate



225 Broadway, Suite 1200
San Diego, CA 92101
Main: (619) 515-0269 | Direct: (619) 793-5759
Lacey.Sipsey@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco



Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

# EXHIBIT B

**Lacey Sipsey**

| | |
|---|---|
| **From:** | Weefile <W▬▬nationwidelegal.com> |
| **Sent:** | Thursday, March 2, 2023 10:32 PM |
| **To:** | Lacey Sipsey |
| **Subject:** | RE: FILE TONIGHT - USDC Nor. Dist. Cal. SF Div. - Case No. 3:21-cv-08458-LB [Client/Matter No. ▬▬▬  Bryon Jackson v. Target Corporation |
| **Importance:** | High |

Hello Lacey,

The log is not linked to the northern district. As referenced below. there is no option to efile under this account. Please linked the account or provide us with another log in.

1





**Thank you,
Have a nice day!**

**John Tommy**
Efile Department



1609 James M. Wood Blvd. | Los Angeles | CA | 90015
T (213) 302-3205 | F (213) 249-9990
legal@nationwidelegal.com
www.nationwidelegal.com

**From:** Lacey Sipsey <Lacey.Sipsey@manningkass.com>
**Sent:** Thursday, March 2, 2023 10:24 PM
**To:** We▓▓▓▓▓▓▓▓@nationwidelegal.com>
**Subject:** RE: FILE TONIGHT - USDC Nor. Dist. Cal. SF Div. - Case No. 3:21-cv-08458-LB [Client/Matter No. ▓▓▓▓▓ Bryon Jackson v. Target Corporation

Good evening Team

Please e-file the following *Motion for Administrative Relief*  TONIGHT – ASAP  in the above-referenced matter.

1. Defendant Target Corporation's Motion to Extend Time to File Motion for Summary Judgment and/or Summary Adjudication (Declaration of Lacey N. Sipsey and POS attached)

2. [Proposed] Order

**sorry, not sure if you can combine all docs in fed court.

**Pacer login info** ▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓

Please pay any relating fees, retain a conformed copy for our records and confirm receipt of this filing request.

**Please call my cell phone at** ▓▓▓▓▓▓▓ **if you have any problems with this filing**.   Thanks in advance for the help!

**COURT: USDC Northern District of California – San Francisco Division**

**Case Name: Bryon Jackson v. Target Corporation**
**Case No. 3:21-cv-08458-LB**
**Judge: Magistrate Laurel Beeler**
**Dept.: Courtroom B**

**Matter No.** ▓▓▓▓▓▓

3

**Lacey Sipsey**
Associate



225 Broadway, Suite 1200
San Diego, CA 92101
Main: (619) 515-0269 | Direct: (619) 793-5759
Lacey.Sipsey@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco



Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP



Lacey Sipsey <

## NextGen CM/ECF Registration Status

**do_not_reply@psc.uscourts.gov** <do_not_reply@psc.uscourts.gov>                    Fri, Mar 3, 2023 at 9:06 AM
Reply-To: ecfhelpdesk@cand.uscourts.gov
To: lpsipsey@gmail.com

This email is notification that your NextGen CM/ECF electronic filing registration has been processed. You may check your E-Filing Status by visiting the "Manage My Account" section of the PACER web site and selecting "Check E-File Status" option from the "Maintenance" tab or use this link, https://pacer.psc.uscourts.gov/pscof/manage/efileStatus.jsf.

> Account Number: 5406154
> Court: CALIFORNIA NORTHERN DISTRICT COURT
> Date/Time Submitted: 03/03/2023 00:52:18 CST
> Transaction ID: 51129
> Request: Registration
> Transaction Status: Processed

NOTE: Please do not reply to this message. This is an automated message sent from an unmonitored mailbox. If you have questions or comments, please email them to ecfhelpdesk@cand.uscourts.gov.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 225 Broadway, Ste 1200, San Diego, CA 92101.

On March 3, 2023, I served true copies of the following document(s) described as

1. **DEFENDANT TARGET CORPORATION'S MOTION TO EXTEND TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

2. **DECLARATION OF LACEY N. SIPSEY**

3. **[PROPOSED] ORDER**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused the above-listed documents to be electronically filed with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3, 2023, at San Diego, California.

Lacey Sipsey