David V. Roth (State Bar No. 194648)
  *david.roth@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
  *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | (State Court Case No. RG21110499) |
| v. | **DEFENDANT TARGET CORPORATION'S NOTICE AND MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF ISSUES ON COMPALINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| TARGET CORPORATION, | |
| Defendant. | |
| | Hearing Date:    April 6, 2023 |
| | Time:            9:30 a.m. |
| | Dept.:           Courtroom B |
| | Judge:           Hon. Laurel Beeler |
| | Complaint filed: |
| | Trial Date: |

**TO THIS COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2023, in Courtroom B, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 450 Golden Gate Ave., 15th Floor, San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant"), will move for summary judgment or, in the alternative, for summary adjudication of issues on Plaintiff's Complaint.

This Motion is brought pursuant to Fed. R. Civ. Pro. 56 on the grounds that there

exists no issue of material fact for trial and Defendant is entitled to judgment as a matter of law. Specifically, the motion should be granted on the following grounds:

(1)    Plaintiff's first cause of action for assault and battery has no merit and fails as a matter of law because there is no genuine dispute as to any material fact as to Defendant; and

(2)    Plaintiff's claim for punitive damages has no merit and fails as a matter of law because there is no genuine dispute as to any material fact as to Defendant.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, Declaration of Gabriella Pedone with Supporting Exhibits, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  March 16, 2023            **MANNING & KASS**
                                  **ELLROD, RAMIREZ, TRESTER LLP**


                                  By: _____/s/ Gabriella Pedone_____
                                      Gabriella Pedone
                                      Attorneys for Defendant, TARGET
                                      CORPORATION

Case No. 3:21-cv-08458-LB

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On August 24, 2021, Plaintiff Bryon Jackson ("Plaintiff") filed a form complaint in the Superior Court of the State of California, County of Alameda, in case number RG21110499. Defendant Target Corporation ("Defendant") removed this case to federal court on the basis of diversity jurisdiction on or about October 29, 2021.

Plaintiff's Complaint alleges that, on or about July 7, 2021, he visited a Target store in Alameda, California, where he was hit by a Target employee's trolley while Plaintiff was waiting in line for coffee. Plaintiff alleges that the Target employee hit him "'deliberately'—consciously and intentionally." Declaration of Gabriella Pedone ("Pedone Decl.") Ex. A at p. 4.

Plaintiff's causes of action for assault and battery, as well as, his claim for punitive damages have no merit. The undisputed facts and evidence, which comprise of Plaintiff's description of the incident establish that there was no assault or battery as Plaintiff failed to provide any evidence to substantiate this claim, and fails to meet the required element of intent. Furthermore, Plaintiff's Complaint and description of the incident is devoid of any factual basis that would support a claim for punitive damages and has not proffered evidence of such. Therefore, summary judgment is appropriate in this case as to Plaintiff's entire action.

## II.    STATEMENT OF ISSUES

1.    Whether summary judgment can be granted as a matter of law as to Plaintiff's cause of action for assault and/or battery.

2.    Whether summary judgment, or alternatively summary adjudication can be granted as a matter of law as to Plaintiff's prayer for punitive damages.

## III.    STATEMENT OF FACTS

Plaintiff alleges in his Complaint that "an employee of Target Store use [*sic*] a trolley to "deliberately" – consciously and intentionally "HIT" me in my right kidney with a trolley and walked away, then I reported the incident (assault and battery) to the store." Pedone

Decl. Ex. A at p. 4. No further factual allegations are made by Plaintiff in his Complaint. However, Plaintiff later described the incident during his deposition on July 8, 2022, as follows: "[O]n that day, as indicated, I went to get lunch, and I went to Starbucks [at Defendant's store location]. . . . And I was in the line, and then through peripheral vision to my right, I noticed this person just coming at me, just – just came straight at me. And the lady just hit me with a trolley, and she stopped. And then I looked at her, and I – I asked her, are you – are you crazy? And – and I walked over to her, and I asked her – I asked her if she was crazy? And then she – she said, get out of her, ni**er [*sic*]. and i said, are you – well, I did curse at her. I said, who – and then I said, who is your manager? . . . and then I reported the incident. I filed a complaint, and I asked who was her – what's her name is, and they refused to give me her name, because I wanted to file a police report." Pedone Decl. Ex. B at 44:6-47:11. Plaintiff also testified at his deposition that he believed Defendant's employee intentionally hit him with the cart because he is black. Pedone Decl. Ex. B at 49:6-10. Plaintiff believes that the employee who allegedly hit him with the cart is Latino but it is possible that she was also black. Pedone Decl. Ex. B at 48:17-18 and 49:17-50:5. Plaintiff did not get the names of any witnesses to this incident nor does he recall seeing anyone behind or to the side of him just prior to the incident occurring. Pedone Decl. Ex. B at 66:11-17 and 67:1-7. Plaintiff did not immediately make a report but returned to Defendant's location later to do so. Plaintiff did not assert that Defendant's employee called him this racial expletive at the time he made an incident report with Defendant on July 10, 2023.

However, Plaintiff also stated that he had no idea what the employee was thinking when she pushed the cart into him. Pedone Decl. Ex. B at 75:6-8. Plaintiff similarly stated that he "didn't know she was going to hit me with the cart." Pedone Decl. Ex. B at 47:24-25.

Plaintiff seeks both compensatory and punitive damages in a total amount of $20,000,000.00 for the alleged causes of action in the instant lawsuit.

Defendant recovered video footage of the incident. Pedone Decl. Ex. C . This video footage shows at approximately 12:25 p.m. on July 8, 2021, an employee of Defendant appears to be pushing a cart, however this is difficult to discern from the footage. The video then shows

4

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

Plaintiff following Defendant's employee, Ms. Kimara Smith. At 12:26 p.m., the video footage shows Plaintiff walking back to the Starbucks area and walking back out. Plaintiff is seen speaking to two of Defendant's employees, but this is not visible in the video. At 12:29 p.m., Plaintiff is seen speaking to a female employee of Defendant and then she walks away. Plaintiff then walks back to the Starbucks area. At 12:30 p.m., Plaintiff appears to be waiting for something, although he does not sit down at any time or appear to be limping. At 12:31 p.m., Plaintiff is seen speaking to the same female employee of Defendant. At 12:35 p.m., Plaintiff is seen still speaking to the same female employee of Defendant. At 12:39 p.m., Plaintiff is seen leaving Defendant's premises. *See* Pedone Decl. Ex. C

https://vimeo.com/manningkass/jacksonvtarget.

## IV.   LEGAL ARGUMENT

### A.   SUMMARY JUDGMENT IS APPROPRIATE

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not a light one." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. *Id.* at 323-24; Fed. R. Civ. P. 56(c)(1). A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. *See Celotex Corp.*, 477 U.S. at 322.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *Id.* at 250-51. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ." *Id.* at 252. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Summary judgment is improper 'where divergent ultimate inferences *may reasonably be drawn* from the undisputed facts.'" *Fresno Motors v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

Here, there is no genuine dispute of material fact. It is evident that Plaintiff cannot establish a cause of action for assault and/or battery against Defendant because he cannot prove the incident occurred as a result of an intentional act. Furthermore, because Plaintiff's cause of action for assault and/or battery must fail, so must his prayer for punitive damages. However, should the Court determine that summary judgment is not appropriate for Plaintiff's cause of action for assault and/or battery, the Court should still grant summary adjudication as to Plaintiff's prayer for punitive damages as he cannot prove by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, as required under California Civil Code § 3294(a).

## B.   PLAINTIFF'S CLAIM FOR ASSAULT AND/OR BATTERY FAILS AS A MATTER OF LAW

""""Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." [Citation.]'" *Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1603-1604, quoting *Lowry v. Standard Oil Co.* (1944) 63 Cal.App.2d 1, 6-7. In *Plotnik*, the court found that defendants' action in

aggressively approaching plaintiff and threatening to both beat and kill plaintiff and the family dog was not sufficient to constitute assault. Specifically, the court noted that neither brother displayed a weapon, took a swing at plaintiff or otherwise attempted to touch plaintiff. *Id.* "Penal Code section 240 defines the crime of assault as 'an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' 'In tort actions for assault …, the courts usually assume that th[is] Penal Code definition[] and related criminal cases are applicable. [Citations.]' [Citation.] The Supreme Court has held proof of a criminal assault 'requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams* (2001) 26 Cal.4th 779, 790 [111 Cal. Rptr. 2d 114, 29 P.3d 197]; see *People v. Chance* (2008) 44 Cal.4th 1164, 1169 [81 Cal. Rptr. 3d 723, 189 P.3d 971] [assault "'established upon proof the defendant willfully committed an act that by its nature will probably and directly result in injury to another, i.e., a battery'"]. Furthermore, Witkin notes the general rule that 'while apprehension of that contact is the basis of assault [citation,] [m]ere words, however threatening, will not amount to an assault. [Citations.]' 5 Witkin, Summary of Cal. Law, *supra*, Torts, § 383, pp. 599-600.)" (*Plotnik, supra*, 208 Cal.App.4th at 1604.

Similarly, Under California civil law, "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So v. Shin* (2013) 212 Cal.App.4th 652, 669 [151 Cal.Rptr.3d 257] [citing CACI No. 1300].

Intent is a necessary element of both assault and battery. A defendant acted intentionally is he or she intended to commit a batter or if he or she was substantially certain that the battery would result from his or her conduct. CACI  No. 1320 (2023). "In an action for civil battery the element of intent is satisfied if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's rights." *Ashcraft v. King* (1991) 228

1  Cal.App.3d 604, 613 [278 Cal.Rptr. 900].

2        Although Defendant disputes certain allegations set forth in the Complaint, taken at

3  face value, the actions allegedly conducted by Defendant's employee do not rise to the level

4  of assault and/or battery. First, Plaintiff's Complaint only asserts only the following factual

5  allegation: "an employee of Target Store use [*sic*] a trolley to "deliberately" – consciously

6  and intentionally "HIT" me in my right kidney with a trolley and walked away, then I

7  repeated the incident (assault and battery) to the store." Pedone Decl. Ex. A at p. 4. No

8  further factual allegations are made by Plaintiff in his Complaint. However, Plaintiff later

9  testified in his deposition when asked why he believed the act to be intentional was "Because

10 I went over to her and asked her, are you crazy, and I yell at her and asked her if she's crazy,

11 and she said, get out of here, ni**er [*sic*]." Pedone Decl. Ex. B at 47:16-19. However, mere

12 words cannot serve as the basis for assault. Plaintiff also testified at his deposition that he

13 believed Defendant's employee intentionally hit him with the cart because he is black.

14 Pedone Decl. Ex. B at 49:6-10. Plaintiff did not assert that Defendant's employee called him

15 this racial expletive at the time he made an incident report with Defendant on July 10, 2023.

16 Plaintiff later stated in his deposition testimony that he "didn't know she was going to hit me

17 with the cart." Pedone Decl. Ex. B at 47:24-25.

18        Accordingly, in light of the facts set forth by Plaintiff, he cannot establish a cause of

19 action for assault and/or batter. Plaintiff cannot establish that he was apprehensive that an

20 intentional act was about to be inflicted upon him nor has he provided proof that the actions

21 taken by Defendant's employee were intentional. Plaintiff merely claims, months after the

22 incident, that Defendant's employee intentionally struck him with a trolley cart because of

23 his race yet has not offered proof of this assertion. No inference can reasonably be drawn

24 from the facts set forth herein in favor of Plaintiff, or that would support a finding that an

25 assault and/or battery occurred. Hence, Defendant is entitled to summary judgment on

26 Plaintiff's sole cause of action, as, pursuant to the above, Plaintiff's claim of assault and/or

27 battery is without merit.

28

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

**C.** **DEFENDANT IS NOT LIABLE FOR AN INTENTIONAL TORT CAUSED BY ITS EMPLOYEE**

Although Plaintiff did not plead that Defendant is vicariously liable for the actions of its employees that alleged caused him injury, this issue should be addressed. Should the Court find that Defendant's employee's actions rose to the level of assault and/or battery, Defendant is still not liable or vicariously liable for the intentional acts of its employee.

An employer is vicariously liable for torts of its employees committed within the scope of the employment. *Perez* v. *Van Groningen & Sons, Inc.* (1986) 41 Cal. 3d 962, 967 [227 Cal. Rptr. 106, 719 P.2d 676]. An employer is liable for an employee's willful, malicious and even criminal torts if the acts fall within the scope of his or her employment even though the employer did not authorize the employee to commit the intentional tort. *Mary M.* v. *City of Los Angeles* (1991) 54 Cal. 3d 202, 209 [285 Cal. Rptr. 99, 814 P.2d 1341]; *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal. 3d 438, 447 [256 Cal. Rptr. 766, 769 P.2d 948]; *Carr* v. *Wm. C. Crowell Co.* (1946) 28 Cal. 2d 652, 654 [171 P.2d 5]. While the employee need not have intended to further the employer's interests, the employer will not be held liable for an assault or other intentional tort that did not have a causal nexus to the employee's work. *Carr* v. *Wm. C. Crowell Co., supra*, 28 Cal. 2d 652, 656. In *Carr*, the court acknowledged that "[i]f an employee inflicts an injury out of personal malice, *not engendered by the employment*, the employer is not liable." *Id*. at p. 656.

Here, Plaintiff has not offered any facts or evidence to support that a nexus existed between the employee's alleged actions and the employee's scope of work, nor can he do so. For these reasons, Defendant cannot be held vicariously liable for the alleged intentional actions of its employee and the Court should grant summary judgment on this basis alone.

**D.** **PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW**

Under California law, a plaintiff may recover punitive damages only if he can prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud,

1    or malice." Cal. Civ. Code § 3294(a). To prove malice, a plaintiff must show that the

2    defendant's conduct was intended to injure plaintiffs or was "despicable" and "carried on

3    by the defendant with a willful and conscious disregard of the rights or safety of others."

4    Cal. Civ. Code § 3294(c)(1). It is not enough to allege that a defendant acted with a willful

5    and conscious disregard; a plaintiff must show that a defendant's conduct was

6    "despicable." *College Hospital, Inc. v. Superior Court*, 8 Cal.4th 704, 725 (1994).

7           Furthermore, under California law, a claim for punitive damages cannot be pleaded

8    generally or by mere legal conclusions that a defendant acted fraudulently, intentionally or

9    in conscious disregard of plaintiff's rights. Rather, the claim must be supported with

10   sufficient factual averments to demonstrate that the conduct was indeed intentional,

11   fraudulent, malicious, willful, wanton, and/or undertaken in conscious disregard of

12   plaintiff's rights. *Anschutz Entertainment Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643

13   (2009); *Perkins v. Superior Court of California*, 117 Cal.App.3d 1, 6-7 (1981); *Brousseau*

14   *v. Jarrett*, 73 Cal.App.3d 864, 872 (1977). Finally, an employer is not liable for punitive

15   damages for the acts of its employees "unless the employer had advance knowledge of the

16   unfitness of the employee and employed him or her with a conscious disregard of the

17   rights or safety of others or authorized or ratified the wrongful conduct for which the

18   damages are awarded or was personally guilty of oppression, fraud, or malice. With

19   respect to a corporate employer, the advance knowledge and conscious disregard,

20   authorization, ratification or act of oppression, fraud, or malice must be on the part of an

21   officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). Here,

22   Plaintiff's Complaint makes the conclusory allegation that an unknown Target employee

23   hit Plaintiff with a trolley " 'deliberately'—consciously and intentionally." Pedone Decl.

24   Ex. A at p. 4. The Complaint contains no factual allegations demonstrating that the

25   employee's conduct was willful, malicious, intentional, or "despicable," nor has Plaintiff

26   provided any proof of such. See *Shroyer*, 622 F.3d at 1041. Moreover, Plaintiff has named

27   Target (a corporation) as a defendant based on the alleged acts of an unknown and

28   unnamed employee. However, the Complaint and Plaintiff's deposition testimony is devoid

MANNING | KASS

10

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR
SUMMARY ADJUDICATION**

1  of any allegation that Target had advance knowledge of the unknown employee's

2  unfitness, or that a corporate officer ratified, authorized, or participated in the alleged

3  conduct. Cal. Civ. Code § 3294(b); see *Simmons v. Target Corp.*, No. SACV 18-01019

4  JVS(KESx), 2018 U.S. Dist. LEXIS 227359, at *10 (C.D. Cal. Aug. 20, 2018) (striking

5  prayer for punitive damages as against a corporate defendant for failure to identify any

6  officer, director, or managing agent involved in the conduct). Consequently, there is no

7  genuine dispute of material fact as to Plaintiff's prayer for punitive damages and summary

8  judgment, or alternatively, summary adjudication should be granted under Fed. R. Civ.

9  Pro. 56.

## III.   CONCLUSION

In light of the above, Defendant respectfully requests that the Court grant Defendant's

Motion seeking summary judgment in its favor and as against Plaintiff.

DATED:  March 16, 2023              **MANNING & KASS**
                                    **ELLROD, RAMIREZ, TRESTER LLP**


                                    By:      /s/ Gabriella Pedone
                                          Gabriella Pedone
                                          Attorneys for Defendant, TARGET
                                          CORPORATION

MANNING | KASS

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND/OR
SUMMARY ADJUDICATION**