David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | (State Court Case No. RG21110499) |
| v. | **DECLARATION OF GABRIELLA PEDONE IN SUPPORT DEFENDANT'S OF MOTION FOR SUMMARY JUDGMENT** |
| TARGET CORPORATION, | |
| Defendant. | [*Filed concurrently with Defendant's Motion for Summary Judgment and [Proposed] Order*] |
| | Hearing Date:    April 6, 2023<br>Time:              9:30 a.m.<br>Dept.:             Courtroom B<br>Judge:            Hon. Laurel Beeler |

## DECLARATION OF GABRIELLA PEDONE

I, Gabriella Pedone, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT.

MANNING | KASS



2.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint originally filed in the Superior Court for the County of Alameda, California on August 24, 2021.

4.      On July 8, 2022, our firm conducted a video deposition of Plaintiff Bryon Jackson. Attached hereto as **Exhibit B** are true and correct copies of the relevant excerpts of the deposition transcript of Bryon Jackson conducted on July 8, 2022.

5.      Defendant recovered video footage of the incident. This video footage shows at approximately 12:25 p.m. on July 8, 2021, an employee of Defendant appears to be pushing a cart, however this is difficult to discern from the footage. The video then shows Plaintiff following Defendant's employee, Ms. Kimara Smith.

6.      At 12:26 p.m., the video footage shows Plaintiff walking back to the Starbucks area and walking back out. Plaintiff is seen speaking to two of Defendant's employees, but this is not visible in the video.

7.      At 12:29 p.m., Plaintiff is seen speaking to a female employee of Defendant and then she walks away. Plaintiff then walks back to the Starbucks area.

8.      At 12:30 p.m., Plaintiff appears to be waiting for something, although he does not sit down at any time or appear to be limping.

9.      At 12:31 p.m., Plaintiff is seen speaking to the same female employee of Defendant.

10.     At 12:35 p.m., Plaintiff is seen still speaking to the same female employee of Defendant.

11.     At 12:39 p.m., Plaintiff is seen leaving Defendant's premises.

12.     Embedded in the following link https://vimeo.com/manningkass/jacksonvtarget as **Exhibit C** is a true and correct copy of

**DECLARATION OF GABRIELLA PEDONE IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

1  the video footage of the incident involving Plaintiff that occurred on Defendant's premises

2  as recovered by Defendant.

3       I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5       Executed on this 16th day of March, 2023, at San Diego, California.

6

7           /s/ Gabriella Pedone

8           Gabriella Pedone

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF GABRIELLA PEDONE IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

MANNING | KASS

# EXHIBIT A

240736078

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bryon Jackson<br>1550 Marina Village Parkway, Alameda, CA 94501<br>TELEPHONE NO: (201)-776-4282   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | F I L E D<br>ALAMEDA COUNTY<br><br>AUG 2 4 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Christin Rice _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: ALameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS: Oakland, CA 94612
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF: Bryon Jackson

DEFENDANT: Target - Alameda, CA 94501

☐ DOES 1 TO 2700 Fifth St, Alameda, CA

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED *(Number)*: Damages for assault & battery.
Type *(check all that apply)*:
☐ MOTOR VEHICLE   ☒ OTHER *(specify)*:
  ☐ Property Damage   ☐ Wrongful Death
  ☐ Personal Injury   ☐ Other Damages *(specify)*:

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | RG 21110499 |

1. Plaintiff *(name or names)*: Bryon Jackson
   alleges causes of action against defendant *(name or names)*: Target - Alameda, CA 94501

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☒ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   Bryon Jackson vs
   Target - Alameda, CA
   2700 Fifth St, Alameda, CA

   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

4. ☒ Plaintiff *(name):* Bryan Jackson

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

    c. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

    b. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

    d. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
    a. ☒ Doe defendants *(specify Doe numbers):* Target - Alameda, CA were the agents or employees of other
       named defendants and acted within the scope of that agency or employment.
    b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
       plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
    a. ☐ at least one defendant now resides in its jurisdictional area.
    b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
    a. ☒ has complied with applicable claims statutes, **or**
    b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify)*:

(handwritten) Assault/battery

Plaintiff has sustained an hit into the right kidney by an employee of Target on 07/08/21 in the store and have extream both Seething both Compensatory damages and punitive damages;

(1) — Pain and Suffering — $5,000,000.00
(2) — Loss of enjoyment of life — $5,000,000.00
(3) — Anxiety — $5,000,000.00
(4) — Emotional distress or Trauma — $5,000,000.00

$20,000,000.00

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages  $10,000,000.00
      (2) ☒ punitive damages  $10,000,000.00
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☐ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 8/24/2021

_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

MC-031

| PLAINTIFF/PETITIONER: Bryon Jackson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target - 2100 Fifth St, Alameda, CA | |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

On July 07th, 2021 I visited the Target store located at 2100 Fifth St Alameda CA 94501 to purchase some lunch and I went into the Starbucks coffee shop and while I was waiting in line to get my coffee, an employee of Target store use a Trolley to "Deliberately" - Consciously and intentionally "HIT" me in my right kidney with a trolley and walked away, then I reported the incident (Assult & battery) to the store. To this day I continue to feel pain into my right kidney and is seeking both compensatary and punitive damages for:

(1) - Pain and Suffering —— $5,000,000.00
(2) - Loss of enjoyment of life — $5,000,000.00
(3) - Anxiety —— $5,000,000.00
(4) - Emotional distress or Trauma - $5,000,000.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
Bryon Jackson
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☐ Other *(Specify)*:

Form Approved for Optional Use
Judicial Council of California

**ATTACHED DECLARATION**

# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                 SAN FRANCISCO DIVISION

 4

 5   BRYON JACKSON,          ) Case No. 3:21-cv-08458-LB
                             )
 6           Plaintiff,      )
                             )
 7       vs.                 )
                             )
 8   TARGET CORPORATION,     )
                             )
 9           Defendant.      )
     _____)
10

11

12

13

14

15

16      VIDEOTAPED ZOOM VIDEOCONFERENCE DEPOSITION OF

17                 BRYON URIAH JACKSON

18                 ALAMEDA, CALIFORNIA

19                   JULY 8, 2022

20

21

22

23

24

25   REPORTED BY:  MICHAEL CUNDY, CSR 12271
```



1            DEPOSITION OF BRYON URIAH JACKSON, taken

2    at 1350 Marina Village Parkway, Suite 433, Alameda,

3    California, on Friday, July 8, 2022, at 9:29 A.M.,

4    before Michael Cundy, Certified Shorthand Reporter, in

5    and for the State of California.

6

7    APPEARANCES:

8    IN PROPRIA PERSONA:

9                     BRYON URIAH JACKSON
                      (Via videoconference)
10                    1350 Marina Village Parkway
                      Suite 433
11                    Alameda, California 94501
                      (201) 776-4282
12                    zaqw1478@hotmail.com

13   FOR THE DEFENDANT:

14                    MANNING & KASS
                      ELLROD, RAMIREZ, TRESTER LLP
15                    BY:  DAVID V. ROTH, ESQ.
                      (Via videoconference)
16                    One California Street
                      Suite 900
17                    San Francisco, California 94111
                      (415) 217-6990
18                    dvr@manningllp.com

19   ALSO PRESENT:

20                    BRIAN KIELHACK
                      VIDEOGRAPHER
21

22

23

24

25



```
 1                        I N D E X

 2

 3     WITNESS:  Bryon Uriah Jackson

 4

 5     EXAMINATION:                              PAGE

 6     By Mr. Roth                                 5

 7

 8

 9

10                    INDEX OF EXHIBITS

11     EXHIBITS                               MARKED

12                     (None were marked)

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1       A    I have not -- I'm thinking about it.

2       Q    Okay.  So -- but you haven't seen a doctor

3  for any reason in about 15 years; is that correct?

4       A    Correct.

5       Q    Okay.  All right.

6            Let's talk about the incident at Target.

7            Do you recall, approximately, what time of

8  day the incident occurred?

9       A    I'm -- I'm going to say it's about 12:15 to

10  about 12:30.

11      Q    And you drove to the Target store from your

12  home?

13      A    Correct, correct.

14      Q    And when you came into the store, where did

15  you go first?

16      A    I went into the -- I don't remember exactly

17  where, but I know I went to the Star- -- I don't know

18  if I went -- I don't remember, but I know I went in --

19  I went there to get lunch, and I went to the Starbucks

20  coffee shop.

21      Q    Okay.

22      A    There's a Starbucks.  That's -- that's where

23  the incident happened.

24      Q    Did you go anywhere else in the store prior

25  to going into the Starbucks?



```
 1    wanted to file a police report.
 2             I went back there, I think, two more times
 3    trying to find who was her -- what's her name because
 4    I wanted to file a police report, and I waited and
 5    waited, and no one would give me her name.
 6             And finally, I waited and waited, and then I
 7    just started a police report and file it, still
 8    waiting for a name, and Target would not give me her
 9    name.
10             So that's exactly what -- what happened on
11    that day
12       Q    Why did you want to file a police report?
13       A    Because I wanted to get her arrested.  I know
14    it was 100 percent deliberate.  She hit me deliberate.
15    It was intentional.
16       Q    And why do you think it was intentional?
17       A    Because I went over to her and asked her, are
18    you crazy, and I yell at her and asked her if she's
19    crazy, and she said, get out of here, nigger.
20       Q    Okay.
21       A    So I know that was intentional.
22       Q    Okay.  So -- so had you ever seen her before?
23       A    No.  I had never seen this lady before.  I
24    have no knowledge of her.  I didn't know she was going
25    to hit me with the cart.  I don't know -- you know
```



 1  what, I go to that -- that shop all of the time.  It's

 2  my one-stop shop.

 3          It's probably the only shop in Alameda that

 4  everyone goes to.

 5          So I don't know if she had seen me before

 6  there, or -- but I don't recall seeing her there

 7  before.

 8      Q    Any idea why -- strike that.

 9          No prior interactions with her?

10      A    No.  I had no prior interaction with this

11  lady.  I -- if I saw -- if I saw her now, I'm probably

12  not able to identify her.

13      Q    Can --

14      A    I have never seen this person before.

15      Q    Can you give me any description of what she

16  looked like?

17      A    I would probably say she's Latino, about

18  five, six, smaller built, but I -- I didn't really --

19  she may have been -- was wearing mask.  I don't

20  remember, but -- and probably if I see her now, she

21  probably would be able to walk past without me

22  recognizing her if she took the mask off.

23          So I -- I would say about five, six, skinny

24  built, probably Latino.  I -- that's all I probably

25  could have said.



1      Q     Did -- did she have an accent when she spoke?
2      A     She -- I barely heard her when she said, get
3   out of here, nigger.  When I went over -- I don't
4   remember if she have an accent.  I don't remember.  I
5   don't remember.
6      Q     And is it your contention that she
7   intentionally hit you with the cart because you are
8   black?
9      A     Yes.  Well, that's what -- I would have to
10   say that, yes.
11          And that's the only reason why I file a suit,
12   believe me.  If she didn't say that, I probably would
13   just walk away.  If she had said it was -- you know,
14   if she had said to me it was an accident, this -- we
15   would not be here.  That's the only reason why I file
16   a lawsuit.
17      Q     And she wasn't black?
18      A     No, no.  You know what, she could have
19   been -- she could have been.  I mean, black people
20   sometime they could be as light as -- as -- and as
21   dark, but I didn't really see her face that well, but
22   I know I walked up to her because she may -- she could
23   have been wearing a mask.
24          I probably -- who knows?  She could have been
25   black -- fairer-skin black.  I didn't see her that



1   well, because she may have been wearing a mask, but I

2   remember I walked over to her, and I said, are you

3   crazy?

4          And she said to me, get out of here, nigger,

5   so --

6      Q    Okay.  Now, did you yell, are you crazy?

7      A    I did yell at her, yes, I did.  I did.

8      Q    You yelled it loud enough for everyone else

9   in the store -- or the Starbucks to hear?

10     A    I don't know if the Starbucks hear because

11  they were play -- I think they were playing some

12  music.  There was always -- there probably was a

13  radio, something.  There's music in the -- from the

14  store or -- I -- I -- I don't know if they heard me

15  because -- I don't know if they heard me.

16     Q    And how loud did she say to you, get out of

17  here, nigger?

18     A    I didn't -- she didn't say it that loud.

19     Q    Okay.

20     A    She just said it under her breath.

21     Q    Okay.  And do you think anyone else could

22  have heard that statement?

23     A    It's possible not because I kind of walked up

24  to her.

25     Q    Okay.



 1  because she just finished purchasing something, and
 2  then she turned around.  It's an Asian lady.
 3          I don't think -- she's probably the only one
 4  that --
 5      Q    Did you --
 6      A    She turned around.  I don't know if she --
 7  she probably -- you know what, I'm not assuming if
 8  she -- I'm not making any assumption, but there was
 9  two persons in front of me.  I was the last person at
10  the back.
11      Q    Did you get the names of any witnesses to the
12  incident?
13      A    I was not able to because --
14      Q    Okay.
15      A    -- I wanted to report it, and by the time --
16  there was only three of us.  The two persons seemed
17  like they left, and -- no, I didn't get any names.
18      Q    Did you see any of those -- any of the people
19  that were in line, the customers at Target, speak to
20  any employee of Target about the incident?
21      A    No, no, no.
22      Q    Okay.  And was there anybody behind you or to
23  the side of you --
24      A    No.  Not that I recall, no, no.
25      Q    Let me finish.



1          Was there anybody behind you or to the side

2    of you just prior to the incident or at the time of

3    the incident?

4       A    No, not that I remember seeing.

5       Q    Okay.

6       A    It's possible, but I don't recall anyone

7    behind me.

8       Q    You wouldn't describe the -- and I'm just

9    following up -- you wouldn't describe the strike to

10   your body as a bump, would you?

11      A    No.

12      Q    Okay.

13      A    I -- it felt like somebody just exerted a

14   pressure to deliberately cause harm.  It was, like, an

15   increased velocity that was coming from the chair.  It

16   was -- it was obvious that the person exerted that

17   force to create some damage in me.

18      Q    Okay.  And you were looking straight ahead

19   when the incident occurred; correct?

20      A    Yes.  I was looking towards the -- I was in

21   the line just looking towards the person who was

22   selling the coffee.  I was in a Starbucks coffee line.

23      Q    Okay.  And you were standing still?

24      A    Correct.

25      Q    All right.  At some point that -- that



1  possible.  She probably thought I was going to steal

2  something inside.

3      Q     Okay.  You were standing in line at

4  Starbucks; correct?

5      A     Yes, correct.

6      Q     So you have no idea what she was thinking

7  when she was pushing her cart, do you?

8      A     No, no.

9      Q     No.  And you are not the only black person

10  that walks into the Target in Alameda; is that

11  correct?

12      A     That's correct.  That's correct.

13      Q     There are numerous African American and black

14  employees that work in that Target?

15      A     Correct, correct.  I would assume that, sure.

16      Q     The City of Oakland is directly adjacent to

17  the City of Alameda by way of the Webster Tube;

18  correct?

19      A     That's correct.

20      Q     And the City of Oakland is predominantly

21  African American; correct?

22      A     Correct.  That's correct.  That's correct.

23      Q     Okay, okay.

24          And there is a significant homeless

25  population in the Bay Area; correct?



```
1   STATE OF CALIFORNIA              )
                                     )   SS:
2   CITY AND COUNTY OF SAN FRANCISCO )

3

4                    I, Michael Cundy, CSR No. 12271, a

5   Certified Shorthand Reporter of the State of

6   California, do hereby certify:

7                       That the foregoing proceedings were

8   taken before me at the time and place herein set

9   forth; that any witnesses in the foregoing

10  proceedings, prior to testifying, were placed under

11  oath; that a verbatim record of the proceedings was

12  made by me using machine shorthand which was

13  thereafter transcribed under my direction; further,

14  that the foregoing is an accurate transcription

15  thereof.

16                    I further certify that I am neither

17  financially interested in the action nor a relative or

18  employee of any attorney or any of the parties.

19                    IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21

22  Dated:  July 13, 2022

23                          _____

24                          _____
                            Michael Cundy, CSR No. 12271

25
```



```
 1      DEPOSITION ERRATA SHEET

 2

 3

 4    Our Assignment No.  J8420346

 5    Case Caption:  Jackson

 6    vs. Target Corporation

 7

 8       DECLARATION UNDER PENALTY OF PERJURY

 9        I declare under penalty of perjury

10    that I have read the entire transcript of

11    my Deposition taken in the captioned matter

12    or the same has been read to me, and

13    the same is true and accurate, save and

14    except for changes and/or corrections, if

15    any, as indicated by me on the DEPOSITION

16    ERRATA SHEET hereof, with the understanding

17    that I offer these changes as if still under

18    oath.

19        Signed on the _____ day of

20    _____, 20___.

21

22    _____

23       Bryon Uriah Jackson

24

25
```



# EXHIBIT C

https://vimeo.com/manningkass/jacksonvtarget