Bryon Jackson, PRO SE
1350 Marina Village Parkway # 433
Alameda, CA 94501
Email: zaqw1478@hotmail.com
Telephone: (201) 776-4282

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**PLAINTIFF OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:　April 6, 2023<br>Time:　　　　　9:30 a.m.<br>Dept.:　　　　　Courtroom B<br>Judge:　　　　　Hon. Laurel Beeler<br>Complaint filed:<br>Trial Date: |

**TO THIS COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2023, in Courtroom B, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 450 Golden Gate Ave., 15th Floor, San Francisco, CA 94102, Plaintiff BRYON JACKSON ("Plaintiff"), will move for a Jury Trial, for assault and Battery on Plaintiff's Complaint.

This Motion is brought pursuant to Fed. R. Civ. Pro. 56 on the grounds that there

1　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-08458-LB

**PLAINTIFF BRYON JACKSON'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

1  are claims for which summary judgment is sought by the Plaintiff.

2  Specifically, the motion should be granted on the following grounds:

3  (1) Plaintiff was "Intentionally Hit" or Recklessly Touch by Defendant, a Target's employee with a trolly

4  which is an assault and battery. This is a genuine dispute and material facts. This clearly shows that the undisputed facts prove that the defendant violated the law. Defendant did NOT consent any Touching.

5  (2) Plaintiff's claim for punitive damages has merit and as a matter of the law, there is a

6  genuine dispute because there is material fact and malice.

7  Plaintiff's Motion for opposition to Summary Judgment is based on the specific evidence, to proof Intent and

8  willful disregard, and records in this proceeding, all other matters of which the Court may take judicial notice,

9  and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

10

DATED:  March 23, 2023

By:        /s/ Bryon Jackson
           Bryon Jackson, PRO SE

**PLAINTIFF BRYON JACKSON'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 24, 2021, Plaintiff Bryon Jackson ("Plaintiff") filed a form complaint in the Superior Court of the State of California, County of Alameda, in case number RG21110499. Defendant Target Corporation ("Defendant") removed this case to federal court based on diversity jurisdiction on or about October 29, 2021.

Plaintiffs was intentionally "HIT" or Touch by Defendant, on or about July 7, 2021, Plaintiff visited a Target store in Alameda, California, by a Target's employee with a trolley while Plaintiff was waiting in line for coffee.

## II. STATEMENT OF FACT

Plaintiff was "Intentionally HIT or Recklessly Touched.
The Plaintiff specific points as evidence to proof "Assault and Battery" are:
(1) Defendant used Trolly to "HIT" or Recklessly "TOUCH" the Plaintiff. (Dep-P.72. Ln. 13)
(2) Defendant "INTENTIONALLY" hit or "Recklessly Touch" the Plaintiff. (Dep-P.74. Ln. 13)
 The specific proof of Defendant's intentional "HIT" or reckless Touching.
    (a) Plaintiff saw with own "Eyes" Defendant, exerted additional force to
       the Trolly to cause body injury to Plaintiff, and felt the extra strong push force from the
       Trolly when Plaintiff was hit by Defendant. (Dep-P.61. Ln. 3)
    (b) Plaintiff went over to Defendant and asked her if she was F-ing crazy, and Defendant
       replied "Get out Nigger". (Dep-P.62. Ln. 22)
(3) Defendant "HIT" or Touch cause "BODY HARM" or "OFFENSIVE" and NO consent was given. (Dep-P.62. Ln. 14)
The above three specific evidence, proof "Assault and Battery", including, "Intent" or "Willful or Reckless disregard".
Plaintiff causes of action for Assault and Battery, as well as claim for punitive damages have strong merit.
Target has Live Video inside the Starbucks, that proof the "Intentional HIT" or "Reckless Touching".
The Defendant Legal Team provided a Live Video inside the Coffee Shop that STOPPED just before the Touching.
Defendant, now provides the new attached Live Video, with "POOR VIEW" filmed from the other side of the floor. This is proof, the Defendant is HIDING the live VIDEO showing the Touching.
https://vimeo.com/manningkass/jacksonvtarget.

## IV.   LEGAL ARGUMENT
## A. SUMMARY JUDGMENT IS NOT APPROPRIATE

### "PROOFING ASSAULT AND BATTERY"

The specific evidence for "Assault and Battery" is as follow:
    1. Defendant used Trolly to intentionally "HIT" or "TOUCH" the Plaintiff. (Dep-P.72. Ln. 7&13)
    2. Defendant "INTENTIALLY" HIT or "Recklessly Touch" the Plaintiff. (Dep-P.74. Ln. 13)
    3. Defendant "Intentionally HIT" or "Recklessly Touch" cause "BODY HARM" or "WAS
       OFFENSIVE" because NO consent was given for touching. (Dep-P.62. Ln. 14)

### "PROOFING INTENT"

The Defendant "INTENDED" to get the Plaintiff out of the Starbucks Coffee shop. The Defendant told the Plaintiff, "Get out Nigger", after the "Reckless touching. (Dep-P.74. Ln. 13)
The specific evidence of the Defendant's "INTENT":
    1. Plaintiff saw with own "Eyes" Defendant, exerted additional force to
       the Trolly to HIT the Defendant and to cause body injury to Plaintiff, and felt the extra strong push
       force from Trolly when Plaintiff was hit by Defendant. (Dep-P.61. Ln. 3)
    2. Plaintiff walked over to Defendant and asked, "Are was F-ing crazy"? and Defendant
       replied "Get out Nigger". (Dep-P.62. Ln. 22)

22 To establish a case of Assault and Battery, all that is necessary is that the evidence
23 show that plaintiff's injury was caused by defendant's action of wanton, willful or reckless disregard of
24 plaintiff's rights. The Plaintiff was HIT in Right Kidney, currently experiencing daily stinging pain that runs down the bottom of his foot.
25 The general rule is that every person is presumed to intend the natural and probable
26 consequences of his acts.
27 Defense Attorney, refuses to release to Plaintiff the Live Video shown for the Deposition inside the
28 Starbucks Coffee Shop, with the Live Video Tape CUT just before the "Intentional HIT" or "Touching".
29 Defense Attorney then provided another tape with NO view of the incident. This shows the Defense Legal team is hiding KEY evidence of INTENT.
30 Target does NOT have admissible evidence that, if true, would prove any of Target's defenses to
31 Plaintiff's claims, that Plaintiff was NOT "Intentionally "HIT" or "Recklessly Touch".

1 A party should NOT move for summary judgment, because the movant shows there
2 is material fact and the movant is entitled to a Jury Trial as a matter of law.
3 Plaintiff's specific evidence to prove "Intent" or Willful/Recklessly Disregard or Negligently:
4 (a) Defendant exerted additional force/push on the Trolly to cause body damage or Touch because Plaintiff
5     felt the extra strong push force from the Trolly when Plaintiff was hit.
6 (b) Plaintiff went over to Defendant and asked her if she was crazy, and Defendant replied "Get out Nigger"
7    Plaintiff's cause of action for assault and/or battery must succeed, so must Plaintiff's prayer for
8    punitive damages.
9

## B. PLAINTIFF'S CLAIM FOR ASSAULT AND/OR BATTERY SUCESS AS A MATTER OF LAW

13 "An assault is an Intentional or reckless Touching by one person to inflict immediate injury, or Touching when the Plaintiff consider it offensive to the other person. When no consent was given.
14 " **[Citation.]**"
15 **(People v Smith, 79 NY2d 309, 315):** -(Similar assault and battery cases)
16 In determining questions of intent, a jury may permissibly infer that "a person intends that which is the natural and necessary
17 and probable consequences of the act done by him".
18
19 **(People v Getch, 50 NY2d 456, 465):** -(Similar assault and battery cases)
20 And if a given set of facts can establish proof of intent beyond a reasonable doubt, surely those same facts must suffice for
21 pleading purposes.
22
23 **(Commonwealth v. Adams (1873), 114 Mass. 323, 19 Am. Rep. 362):** -(Similar assault and battery cases)
24 The intent to touch unlawfully may be inferred from the intentional doing of an act the probable result of which will be a
25 rude or insolent touching of the person of another. Thus, if a man should intentionally drive his car into a crowd of people in
26 the street at such a rate of speed that it was not probable they would all get out of the way, and thereby should drive
27 over or against any of them, the inference that he intended to strike somebody with his car could reasonably
28 be drawn from the fact that he intentionally drove into the crowd in that manner. State v. Schutte (1915), 88
29 N.J. Law 396, 96 A. 659.

## C. DEFENDANT IS LIABLE FOR AN INTENTIONAL TORT CAUSED BY IT'S EMPLOYEE

An employer is vicariously liable for torts of its employees committed within the scope of the employment.

An employer is liable for an employee's willful, malicious and even criminal torts if the acts fall within the scope of his or her employment even though the employer did not authorize the employee to commit the intentional tort.

**"[Citation.]"**- (Similar assault and battery cases)

An employer is vicariously liable for the tort of its employee only if the tort is committed while the employee is acting within the scope of his or her employment. Montgomery v. Petty Management Corp., 323 Ill. App. 3d 514, 517 (2001)

## D. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES DOES NOT FAILS AS A MATTER OF LAW

Under California law, a plaintiff may recover punitive damages if he can prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice. The Target employee (Defendant) had a Malice against the Plaintiff.

Plaintiff proof there was an "Intentional HIT" or Reckless Touching" with a Trolly, a civil crime and a criminal act "Assault or and Battery", with the intention of doing harm to the Plaintiff or was offensive. The Defendant intention as explained in the evidence for Assault and Battery was to get Plaintiff out of the Coffee Shop, this was Reckless Touching and was NOT consented. This act was a Reckless disregard and negligence for the Plaintiff well-being.

**"[Citation.]"** - (Similar assault and battery cases)

(Wight v. Eidelstein): G054188 (Cal. Ct. App. Nov. 29, 2017):

"The court noted that "if a battery has been committed, Plaintiff would be entitled to compensatory [damages], emotional distress damages and punitive damages."

## III. CONCLUSION

Considering the above, Plaintiff respectfully requests that the Court MUST grants Opposition to the Motion for Summary Judgement in favor of the Plaintiff.

DATED: March 28th, 2023

By:     /s/ Bryon Jackson
Bryon Jackson, PRO SE