David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**<br><br>Hearing Date:   April 20, 2023<br>Time:           9:30 a.m.<br>Dept.:          Courtroom B<br>Judge:          Hon. Laurel Beeler |

**TO PLAINTIFF BRYON JACKSON AND HIS ATTORNEYS OF RECORD:**

Defendant Target Corporation ("Defendant") hereby submits this Reply in support of its Motion for Summary Judgment, or Alternatively, Summary Adjudication. As set forth herein, Defendant submits that Plaintiff has failed to carry his burden of setting forth admissible, probative evidence demonstrating any genuine issue of material fact for trial and, accordingly, the motion for summary judgment should be granted.

///

///

DATED: April 6, 2023

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____/s/ Gabriella A. Pedone_____
Gabriella Pedone
Attorneys for Defendant, TARGET CORPORATION

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 6

I. INTRODUCTION ................................................................................................................ 6

II. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE......................................... 8

III. THE MATERIAL FACTS BEFORE THE COURT ARE UNCONTROVERTED AND APTLY DEMONSTRATE THAT SUMMARY JUDGMENT IS PROPER AND WARRANTED ………………………………………………………………………………………………...12

A. Defendant Has Established That Plaintiff Has No Evidence To Support Intentionality Of Assault Or Battery .................................................................................................................. 14

B. Plaintiff Has Not Set Forth Any Viable Evidence That Defendant Is Liable For Its Employee's Alleged Intentional Tort ..................................................................................... 15

C. Plaintiff Has Not And Cannot Establish A Claim For Damages ......................................... 15

III. PLAINTIFF CANNOT CARRY HIS BURDEN OF ESTABLISHING ANY VIABLE CLAIM AND HAS FAILED TO RAISE ANY TRIABLE ISSUE OF MATERIAL FACT WHICH A JURY COULD REASONABLY FIND FOR PLAINTIFF........................................... 17

IV. CONCLUSION ................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) ............................................................................................... 13, 17

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ............................................................................................... 12, 13

*Gomez v. Acquistapace*
  (1996) 50 Cal.App.4th 740 ............................................................................................ 14

*Jaramillo v. Adams Cty. Sch. Dist.*
  680 F.3d 1267 (10th Cir. 2012) ..................................................................................... 17

*Lindy Pen Co. v. Bic Pen Corp.*
  982 F.2d 1400 (9th Cir. 1993) ....................................................................................... 15

*Lumens Co. v. GoEco LED LLC*
  No. SACV1401286CJCDFMX, 2018 WL 1942768, at *6, n.7 (C.D. Cal. Jan. 3, 2018) ........... 16

*Mary M. v. City of Los Angeles*
  (1991) 54 Cal. 3d 202 .................................................................................................... 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
  475 U.S. 574 (1986) ....................................................................................................... 13

*McGlinchy v. Shell Chem. Co.*
  845 F.2d 802, 808 (9th Cir. 1988) ................................................................................. 16

*Nicosia v. De Rooy*
  72 F. Supp. 2d 1093 (N.D. Cal. 1999) ........................................................................... 14

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*
  210 F.3d 1099 (9th Cir. 2000) ....................................................................................... 13

*Plotnik v. Meihaus*
  (2012) 208 Cal.App.4th 1590 ........................................................................................ 14

*Richards v. Nielsen Freight Lines*
  602 F. Supp. 1224 (E.D. Cal. 1985) .............................................................................. 13

*Robi v. Five Platters, Inc.*
  918 F.2d 1439 (9th Cir. 1990) ....................................................................................... 15

*So v. Shin*
  (2013) 212 Cal.App.4th 652 .......................................................................................... 14

*Story Parchment Co. v. Paterson Parchment Paper Co.*
  (1931) 282 U.S. 555 ....................................................................................................... 15

*SunEarth, Inc. v. Sun Earth Solar Power Co.*
  839 F.3d 1179 (9th Cir. 2016) ....................................................................................... 15

*Weinberg v. Whatcom Cty.*
  241 F.3d 746 (9th Cir. 2001) .................................................................................................... 15

**Other Authorities**

CACI No. 1300 (2023) .................................................................................................................. 14

CACI No. 1301 (2023) .................................................................................................................. 14

CACI No. 1320 (2023) .................................................................................................................. 14

**Rules**

Fed. R. Civ. P. 26(a) ................................................................................................................... 8, 9

Fed. R. Civ. P. 56 ...................................................................................................................... 8, 18

Fed. R. Civ. P. 56(c)(2) .................................................................................................................. 12

Fed. R. Evi. 401 .............................................................................................................................. 9

Fed. R. Evi. 402 .............................................................................................................................. 9

Fed. R. Evi. 602 ........................................................................................................... 9, 10, 11, 12

Fed. R. Evi. 801(c) ...................................................................................................... 9, 10, 11, 12

Fed. R. Evi. 802 ........................................................................................................... 9, 10, 11, 12

Fed. R. Evi. 901 .............................................................................................................................. 9

Local Rule 7-3(c) ............................................................................................................................ 8

**Treatises**

22 Am. Jur. 2d *Damages* § 172 (1965) ........................................................................................ 16

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The essence of Plaintiff's Opposition to Defendants' instant Motion for Summary Judgment comes down to three core arguments, i.e., Plaintiff asserts there is a genuine dispute of material fact that allegedly precludes summary judgment: (1) that Defendant's employee *intentionally* hit Plaintiff with a trolley cart; (2) Defendant is liable for its employee's alleged intentional tort; and (3) Plaintiff did not provide evidence that he was injured by Defendant's acts or sustained damages from the same. However, Plaintiff has not offered any new facts or evidence that was not addressed in Defendant's Motion for Summary Judgment. First, Plaintiff does not raise any new facts or arguments as to how Defendant's employee allegedly hit him with the trolley cart *intentionally*. Plaintiff merely repeats his allegations and deposition statements in that Defendant's employee "INTENTIONALLY" hit or "Recklessly Touch" the Plaintiff. *Opp.* at 3:14. As "proof" of this, Plaintiff offers the following:

> "(a)   Plaintiff saw with own "Eyes" Defendant, exerted additional force to the Trolly to cause body injury to Plaintiff, and felt the extra strong push force form the Trolly when Plaintiff was hit by Defendant. (Dep-P.61. Ln. 3)
> (b)   Plaintiff went over to Defendant and asked her if she was F-ing crazy, and Defendant replied "Get out Ni**r [*sic*]". Dep-P.62. Ln. 22)"

*Opp.* at 3:15-20.

Such facts are not supported by the record or material evidence presented by Plaintiff. The only support Plaintiff provides of these alleged facts are his depiction of events.

Second, Plaintiff offers no evidence or argument as to how Defendant's employee was acting within the scope of her employment when she allegedly committed these acts against Plaintiff. Plaintiff did not even claim that Defendant was vicariously liable for Plaintiff's proclaimed injuries until this opposition. Accordingly, there is no genuine dispute of material fact as to this issue.

Lastly, Plaintiff's demands for punitive damages were stricken per the Court's Order [Dkt.

20] on January 19, 2022. Plaintiff never filed an amended complaint, thus his position as to punitive damages is moot as he is not entitled to recover such damages. However, Plaintiff has not produced or offered any evidence of his injuries, such as medical records or any evidence as to the extent of damages he claims to have suffered. Thus, Plaintiff has not substantiated his claims for damages, in any amount. Because Plaintiff has not produced evidence of his damages, or any evidence to substantiate the amount he seeks to recover, in discovery or his Rule 26(a) disclosures, Plaintiff will likely be precluded from presenting evidence of the same at trial as it will be deemed inadmissible. Therefore, Plaintiff's claims as to the same should fail.

Consequently, these claims of a genuine issue of material fact raised by Plaintiff are meritless and do not provide any basis for precluding the instant summary judgment motion in favor of Defendants.

Plaintiff's Opposition solely references Plaintiff's deposition testimony where he asserts his "version" of the facts claiming the Defendant's employee intentionally hit him without providing substantive evidence of such. Moreover, even though Plaintiff references his own deposition testimony, he failed to attach as an exhibit those deposition testimony excerpts. Plaintiff further failed to include a functional link as to his proffered "medical record" in his declaration. Plaintiff also did not produce this document in discovery or in his Rule 26(a) disclosures. For this reason, Plaintiff has not produced any evidence of damages and likely will be precluded from doing so as evidence of such will be inadmissible. Therefore, that evidence is inaccessible and cannot be considered.

However, even if Plaintiff had attached the deposition testimony excerpts, Plaintiff's references to his deposition testimony only adds doubt to the veracity of his claims and does not create a genuine issue of material fact. Plaintiff specifically references Plaintiff's deposition transcript, page 61, line 3, which states, "I – the force in which it hit me, I can assume that she

exerted that force --". Plaintiff himself is not even convinced that Defendant's employee intentionally hit him, as he established that he can only "assume".

Plaintiff's claims are entirely unsubstantiated, and when viewed in light of all the other material facts in the record, the only justifiable legal result is that Defendant's motion for summary judgment should be granted in full. In sum, Plaintiff has failed to carry his burden of setting forth admissible evidence demonstrating that he is entitled to relief on any of his claims and, therefore, the motion for summary judgment should be granted as to all claims. *Fed. R. Civ. P.* 56.

## II.   STATEMENT OF ISSUES

1.   Whether summary judgment can be granted as a matter of law as to Plaintiff's cause of action for assault and/or battery.

Specifically, whether Defendant's employee intentionally hit Plaintiff with a trolley cart.

Specifically, whether Defendant is liable for that alleged intentional tort.

2.   Whether summary judgment, or alternatively summary adjudication can be granted as a matter of law as to Plaintiff's claim for damages.

## III.   DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

Plaintiff has not submitted any exhibits or extrinsic evidence to support his written Opposition. Instead, Plaintiff references his deposition testimony, perceivably though line-item citations, yet he fails to attached those records as evidence. Plaintiff further offers a declaration that does not provide substantive evidence. There is a link to a "medical report" embedded in Plaintiff's declaration, however it is not functional. Moreover, no medical report has been provided to Defendant, produced in discovery, nor disclosed in Plaintiff's Rule 26(a) disclosures. For these reasons, the Court should disregard each instance where Plaintiff references his deposition transcript but does not provide proof, as well as his purported medical report link.

Accordingly, pursuant to Local Rule 7-3(c), Defendant submits the following objections to the evidence offered in Plaintiff's Opposition:

| Cite: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| Declaration of Bryon Jackson, ¶ 7 | "Plaintiff saw a doctor and attached pending medical result. Medical Record.pdf" | The link to the medical report is not functional. Even if it were, Plaintiff failed to authenticate the record. Fed. R. Evi. ("FRE") 901. There is no information as to how, why, when, what basis or if the purported documents are a true and correct copy. The declaration provides no factual basis to establish that the declarant has personal knowledge of the document or its contents. FRE 602. This statement includes inadmissible hearsay. FRE 801(c), 802.<br>This link is irrelevant and should not be considered. FRE 401, 402. Plaintiff did not produce this document during discovery nor did he disclose or produce these records in his Rule 26(a) discovery. |
| Opposition, 3:13 | "(1) Defendant used Trolly to "HIT" or Recklessly "TOUCH" the Plaintiff. (Dep-P.72. Ln. 13)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |
| Opposition, 3:14 | "(2) Defendant "INTENTIONALLY" hit or "Recklessly Touch" the Plaintiff. (Dep-P.74. Ln. 13)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 352. This statement is more prejudicial than probative. FRE 403. |

| | | |
|---|---|---|
| Opposition, 3: 16-18 | "(a) Plaintiff saw with own "Eyes" Defendant, exerted additional force to the Trolly to cause body injury to Plaintiff, and felt the extra strong push force from the Trolly when Plaintiff was hit by Defendant. (Dep-P.61. Ln. 3)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |
| Opposition, 3:19-20 | "(b) Plaintiff went over to Defendant and asked her if she was F-ing crazy, and Defendant replied "Get out Ni**er [*sic*]". (Dep-P.62. Ln. 22)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. This statement includes inadmissible hearsay, particularly Plaintiff's assertion that "Defendant replied "Get out Ni**er [*sic*]". FRE 801(c), 802. |
| Opposition, 3:21 | "(3) Defendant "HIT" or Touch cause "BODY HARM" or "OFFENSIVE" and NO consent was given. (Dep-P.62. Ln. 14)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |
| Opposition, 4:7 | "1. Defendant used Trolly to intentionally "HIT" or "TOUCH" the Plaintiff. (Dep-P.72. Ln. 7&13)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**

| | | |
|---|---|---|
| Opposition, 4:8 | "2. Defendant "INTENTIALLY"HIT or "Recklessly Touch"the Plaintiff. (Dep-P.74. Ln. 13)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |
| Opposition 4:9-10 | "3. Defendant "Intentionally HIT" or "Recklessly Touch" cause "BODY HARM" or "WAS OFFENSIVE" because NO consent was given for touching. (Dep-P.62. Ln. 14)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |
| Opposition, 4:14-15 | "The Defendant "INTENDED" to get the Plaintiff out of the Starbucks Coffee shop. The Defendant told the Plaintiff, "Get out Ni**er [*sic*]", after the "Reckless touching. (Dep-P.74. Ln. 13)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. This statement includes inadmissible hearsay, particularly Plaintiff's assertion that "Defendant replied "Get out Ni**er [*sic*]". FRE 801(c), 802. |
| Opposition, 4:17-19 | "1. Plaintiff saw with own "Eyes" Defendant, exerted additional force to the Trolly to HIT the Defendant and to cause body injury to Plaintiff, and felt the extra strong push force from Trolly when Plaintiff was hit by Defendant. (Dep-P.61. Ln. 3)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. |

| | | |
|---|---|---|
| Opposition, 4:20-21 | "2. Plaintiff walked over to Defendant and asked, "Are was F-ing crazy"? and Defendant replied "Get out Ni**er [*sic*]". (Dep-P.62. Ln. 22)" | Plaintiff does not attach any exhibits to support this statement. Plaintiff references his deposition testimony but does not include the deposition testimony excerpts. Plaintiff failed to authenticate this statement. FRE 901. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This statement is more prejudicial than probative. FRE 403. This statement includes inadmissible hearsay, particularly Plaintiff's assertion that "Defendant replied "Get out Ni**er [*sic*]". FRE 801(c), 802. |
| Opposition, 5:4-5 | "(a) Defendant exerted additional force/push on the Trolly to cause body damage or Touch because Plaintiff felt the extra strong push force from the Trolly when Plaintiff was hit." | Plaintiff does not attach any exhibits to support this assertion. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This assertion is more prejudicial than probative. FRE 403. |
| Opposition, 5:6 | "(b) Plaintiff went over to Defendant and asked her if she was crazy, and Defendant replied "Get out Ni**er [*sic*]"" | Plaintiff does not attach any exhibits to support this assertion. Plaintiff failed to lay proper foundation for asserting this statement. FRE 602. This assertion is more prejudicial than probative. FRE 403. This statement includes inadmissible hearsay, particularly Plaintiff's assertion that "Defendant replied "Get out Ni**er [*sic*]". FRE 801(c), 802. |

IV. **THE MATERIAL FACTS BEFORE THE COURT ARE UNCONTROVERTED AND APTLY DEMONSTRATE THAT SUMMARY JUDGMENT IS PROPER AND WARRANTED**

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(c)(2); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265

(1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations and internal quotation marks omitted).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and the opposing party must produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. In order to satisfy this burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See Celotex*, 477 U.S. at 322-23. If the nonmoving party meets this burden, the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co.* at 1103.

### A. Defendant Has Established That Plaintiff Has No Evidence To Support Intentionality Of Assault Or Battery

As stated above, Plaintiff has not offered any evidence to support his allegations that Defendant's employee *intentionally* hit him with a trolley cart. Plaintiff failed to attach as exhibits his deposition testimony that allegedly supports his position.

Intent is a necessary element of both assault and battery. *See Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1603-1604; *So v. Shin* (2013) 212 Cal.App.4th 652, 669; CACI No. 1300, 1301 (2023). A defendant acted intentionally is he or she intended to commit a battery or if he or she was substantially certain that the battery would result from his or her conduct. CACI No. 1320 (2023). "As a general rule, California law recognizes that '. . . every person is presumed to intend the natural and probable consequences of his acts.' Thus, a person who acts willfully may be said to intend ' " 'those consequences which (a) represent the very purpose for which an act is done (regardless of the likelihood of occurrence), or (b) are known to be substantially certain to result (regardless of desire).' " ' The same definition is applied to many intentional torts." *Gomez v. Acquistapace* (1996) 50 Cal.App.4th 740, 746 [57 Cal.Rptr.2d 821] [internal citations omitted]. Outside of Plaintiff's self-serving statements made only after he filed his pleadings, there is no evidence that Defendant's employee intentionally hit Plaintiff. Even then, Plaintiff's thoughts and beliefs do not rise to the level of facts and should not be considered without further supporting evidence. *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1101 (N.D. Cal. 1999) (distinguishing between opinions and fact in defamation case).

Defendant has clearly shown that Plaintiff failed to establish the element of intent for a cause of action for assault and/or battery. Thus the burden shifts to Plaintiff to propose additional evidence to create a genuine issue of material fact. However, Plaintiff failed to meet this burden and did not offer any evidence or support for his claims in his Opposition.

### B. Plaintiff Has Not Set Forth Any Viable Evidence That Defendant Is Liable For Its Employee's Alleged Intentional Tort

Plaintiff has never addressed how Defendant is liable for the alleged intentional tort caused by its employee. Neither has Plaintiff established or even asserted how Defendant's employee's alleged actions fall within the scope of her employment. An employer is liable for an employee's willful, malicious and even criminal torts if the acts fall within the scope of his or employment. *Mary M. v. City of Los Angeles* (1991) 54 Cal. 3d 202.

For these reasons, the burden shifts to Plaintiff to provide enough evidence to rebut the moving party's claim and create a genuine issue of material fact. However, Plaintiff has not done so or presented evidence to meet this burden in his Opposition.

### C. Plaintiff Has Not And Cannot Establish A Claim For Damages

Where a plaintiff fails to introduce evidence of damages, summary judgment is appropriate where the underlying claims require proof of damages. *See, e.g., Weinberg v. Whatcom Cty.*, 241 F.3d 746, 752 (9th Cir. 2001) (holding that the district court did not err by granting the defendant's motion for summary judgment where evidence pertaining to damages was essential to the determination pertaining to the claims on which the motion for summary judgment was based). Proof of damages requires a plaintiff to "prove both the fact and the amount of damage." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). However, "[i]t is well-established under California law that while the *fact* of damages must be clearly shown, the *amount* need not be proved with the same degree of certainty, so long as the court makes a reasonable approximation." *Robi v. Five Platters, Inc.*, 918 F.2d 1439 1443 (9th Cir. 1990); *see also Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562, 51 S. Ct. 248, 75 L. Ed. 544 (1931) (holding that although damages must be "the certain result of the wrong," they may be "uncertain in respect of their amount."); *see also* 22 Am. Jur.

2d *Damages* § 172 (1965) ("[n]o recovery can be had for loss of profits which are determined to be uncertain, contingent, conjectural, or speculative").

"Damages that are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery." *Lumens Co. v. GoEco LED LLC*, No. SACV1401286CJCDFMX, 2018 WL 1942768, at *6, n.7 (C.D. Cal. Jan. 3, 2018), *aff'd*, 807 F. App'x 612 (9th Cir. 2020) (noting in the parties' cross-motions for summary judgment, the defendant's promises to provide data and admissible evidence at trial did not relieve the defendant of its burden to present admissible evidence to meet its burden on summary judgment). Courts may grant summary judgment where the party bearing the burden of proof "has no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988) (affirming a district court's grant of summary judgment where the plaintiffs "did not make a showing sufficient to establish the amount, causation, or fact of damages") (citation omitted).

Here, Plaintiff has not offered any substantive evidence as to Defendant's injuries or proposed damages. Until Plaintiff's Opposition, Plaintiff maintained that he has not seen a doctor in approximately ten years and has no medical documentation of his injuries. Plaintiff did not produce any evidence of injuries, medical records, or any damages during discovery nor in his Rule 26(a) disclosures. Because of this Plaintiff will likely be precluded from presenting evidence of the same at trial. Ultimately, Plaintiff has not established or offered substantive proof that he was injured as a result of Defendant's actions. Accordingly, Defendant cannot prove damages since he cannot prove that his alleged injuries were a result of the alleged assault and/or battery. Because Plaintiff has not and cannot establish that he was injured as a result of Defendant's actions and sustained damages from those same actions, Defendant should be granted summary judgment as to Plaintiff's claims.

## V. PLAINTIFF CANNOT CARRY HIS BURDEN OF ESTABLISHING ANY VIABLE CLAIM AND HAS FAILED TO RAISE ANY TRIABLE ISSUE OF MATERIAL FACT WHICH A JURY COULD REASONABLY FIND FOR PLAINTIFF

To preclude summary judgment, Plaintiff must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist.* 14, 680 F.3d 1267, 1269 (10th Cir. 2012). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [is insufficient to pass summary judgment] and the nonmoving party may not simply rest upon its pleadings to satisfy its burden." *see Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 252.

To preclude summary judgment, Plaintiff must provide more than the mere regurgitation of his pleadings and allegations therein. Plaintiff, here, has entirely failed to achieve this and has provided no material evidence indicating the existence of any genuine dispute of material fact. All facts of consequence to the instant matter are uncontroverted and Plaintiff has offered no evidence that contradicts nor conflicts with such undisputed material facts, nor has Plaintiff pointed to any relevant evidence that could even remotely infer a triable issue of which the possibility of a jury returning a favorable verdict for Plaintiff exists.

Plaintiff has not offered any new evidence to meet his burden to overcome summary judgment. The only evidence Plaintiff has relied on in his Opposition and which is materially relevant to the issues presented in this matter, is limited to the short excerpts of Plaintiff's deposition testimony which he did not include as evidence. Taken together and viewed in its entirety with the pleadings and other material evidence presented, there is no evidence that Defendant's employee intentionally hit Plaintiff with a trolley cart. Summary judgment in favor of Defendants is thereby not only proper and warranted but necessary to avoid the unnecessary waste of judicial time and resources it will take to litigate such a meritless case.

///

## VI. CONCLUSION

Accordingly, for all the foregoing reasons, Defendant submits that Plaintiff has failed to carry his burden of setting forth admissible evidence demonstrating that he is entitled to relief on any of his claims and, therefore, the motion for summary judgment should be granted. *Fed. R. Civ. P.* 56.

DATED: April 6, 2023          **MANNING & KASS**
                              **ELLROD, RAMIREZ, TRESTER LLP**


                              By:      /s/ Gabriella A. Pedone
                                    Gabriella Pedone
                                    Attorneys for Defendant, TARGET
                                    CORPORATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 225 Broadway, Ste 1200, San Diego, CA 92101.

On April 6, 2023, I served true copies of the following document(s) described as

**DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNTIVELY, SUMMARY AJUDICATION**

on the interested parties in this action as follows:

**Bryon U Jackson**
zaqw1478@hotmail.com

| **David Roth** | **Gabriella Pedone** |
|---|---|
| dvr@manningllp.com | gpedone@slpattorney.com |
|  | gabriella.pedone@manningkass.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused the above-listed documents to be electronically filed with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 6, 2023, at San Diego, California.

Lacey Sipsey