Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Virginia G. Kain (State Bar No. 344545)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

David V. Roth (State Bar No. 194648)
david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
gabriella.pedone@manningkass.com
MANNING & KASS ELLROD
RAMIREZ, TRESTER LLP
One California Street, Suite 900
San Francisco, California, 94111
+1 (415) 217-6990
+1 (415) 217-6999 facsimile

*Attorneys for Defendant Target Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   October 26, 2023<br>Time:   11:00 a.m.<br>Place:  Videoconference<br>Judge:  Hon. Laurel Beeler |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, this Court's Standing Order § 4, and this Court's order of September 14, 2023 (Docket No. 88), the parties submit this Joint Case Management Statement.  The parties have filed three previous joint case management statements:  Docket No. 16 (Jan. 11, 2022); Docket No. 39 (June 17, 2022); and Docket No. 50 (Sept. 22, 2022).  On October 19, 2023, the parties met and conferred regarding the status of the case.

## I. Facts

### A. Brief Chronology

On August 24, 2021, plaintiff Bryon Jackson filed a complaint against defendant Target Corporation ("Target") in the Superior Court of California, County of Alameda, Case No. RG21110499, seeking damages for injuries he alleges he sustained following an incident at a Target store in Alameda, California, on July 8, 2021.  Specifically, Mr. Jackson alleges that a Target employee struck him with a trolley inside the Target store, causing him injury.  Compl. at 4.  Target removed the action to this Court in 2021 (Docket No. 1) and the parties proceeded through fact discovery.  On July 7, 2023, the Court granted Target's motion for summary judgment as to Mr. Jackson's assault and battery claims, but held that "the plaintiff—who is representing himself—plausibly pleads facts that, if true, establish a claim of negligence."  Docket No. 80 at 1:24-25.  The Court further ordered that if Mr. Jackson "wants to proceed on his negligence claim, he can notify the court by July 13 by filing a one-page notice of his intent to do so."  *Id.* 2:4-5.  On July 12, 2023, Mr. Jackson filed notice that he wished to proceed on his negligence claim.  Docket Nos. 81, 82.  On September 14, 2023, this Court appointed *pro bono* counsel for Mr. Jackson.  Docket No. 87.

### B. Principal Factual Issues in Dispute

The parties dispute the extent of harm caused to Mr. Jackson as a result of his being hit with a shopping cart pushed by a Target employee inside a Target store.  The parties likewise dispute the appropriate measure of damages for that harm.

//

//

## II. Legal Issues

The primary legal issues in dispute are whether the conduct of Target's employee was a substantial factor in causing Mr. Jackson's harm, and what the appropriate measure of damages are for that harm.

## III. Motions

Below is a listing of each of the motions before the Court and their respective statuses.

| Docket No. | Motion | Status |
|---|---|---|
| 9 | Motion of Defendant Target Corporation to Dismiss or Strike Portions of Plaintiff's Complaint by Defendant Target Corporation (Dec. 14, 2021). | Granted with leave to amend. *See* Docket No. 20 (Jan. 19, 2022). |
| 14 | "Notice to Denies Defendant Motion to Dismiss or Strike Portions of Plaintiff's Complaint" by Plaintiff Bryon Jackson (Jan. 3, 2022). | Terminated by Court. Docket No. 23 (Jan. 24, 2022). |
| 21 | "Notice to 'Amend' Motion to Denies Defendant Motion to Dismiss or Strike Portions of Plaintiff's Complaint" by Plaintiff Bryon Jackson (Jan. 21, 2022). | Terminated by Court. Docket No. 22 (Jan. 24, 2022). |
| 45 | Motion for Settlement by Plaintiff Bryon Jackson (Aug. 15, 2022). | Terminated by Court. Docket No. 47 (Aug. 15, 2022). |
| 52 | Motion to Appoint Counsel by Plaintiff Bryon Jackson (Dec. 7, 2022). | Denied. Docket No. 53 (Dec. 10, 2022). |
| 54 | Motion to Take Deposition from Target Corporation by Plaintiff Bryon Jackson (Dec. 11, 2022). | Denied without prejudice. Docket No. 61 (Dec. 29, 2022). |
| 56 | Motion to Take Deposition from Target Corporation by Plaintiff Bryon Jackson (Dec. 13, 2022). | Denied without prejudice. Docket No. 61 (Dec. 29, 2022). |
| 57 | Motion Opposing "Any Motion for Fees and Penalties Seek by Defendant in This Case" by Plaintiff Bryon Jackson (Dec. 14, 2022). | Pending. |
| 59 | "Defendants' Opposition to Plaintiff's Motion to Compel Deposition of Target Corporation and All Target's Witnesses Plus the Security Team; Request for Monetary Sanctions in the Sum of $1,000.00 Against Plaintiff" by Defendant Target Corporation (Dec. 21, 2022). | Pending. |

| Docket No. | Motion | Status |
|---|---|---|
| 60 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by Plaintiff Bryon Jackson (Dec. 26, 2022).[1] | Pending. |
| 62 | Motion for Extension of Time to File Defendant's Motion for Summary Judgment and/or Summary Adjudication by Defendant Target Corporation (March 3, 2023). | Granted. Docket No. 63 (Mar. 3, 2023). |
| 64 | Motion for Summary Judgment by Target Corporation (Mar. 16, 2023). | Granted. Docket No. 80 (July 7, 2023). |
| 75 | Motion to Continue Hearing Date for Motion for Summary Judgment by Defendant Target Corporation (May 1, 2023). | Granted. Docket No. 76 (May 3, 2023). |

The parties anticipate filing motions *in limine*, as well as other pretrial motions as appropriate.

**IV.   Discovery**

Under the Court's Case-Management and Pretrial Order (Jury), Docket No. 28, fact discovery closed on December 23, 2022. The parties exchanged discovery, and Target deposed Mr. Jackson, then proceeding *pro se*, on July 8, 2022. Neither party disclosed any expert witnesses. On October 13, 2023, counsel for Mr. Jackson wrote to Target to request a copy of the video played during Mr. Jackson's deposition. On October 18, 2023, counsel for Target provided the video played during Mr. Jackson's deposition.

**V.   Narrowing of Issues**

Both the discovery exchanged and this Court's July 7, 2023, order result in a limited number of remaining issues to be tried, identified in Sections I and II, *supra*. Docket No. 80.

**VI.   Schedule**

The parties have conferred regarding a proposed schedule for pretrial and trial, subject to the Court's availability. Either set of dates is acceptable to both parties.

//

---

[1] Plaintiff filed each of the listed submissions *pro se*. Accordingly, certain docket text is incorrect, including Docket No. 60, which identifies an Administrative Motion concerning sealing, but which in fact contains Mr. Jackson's opposition to Target's Motion for Sanctions, Docket No. 59.

| Case Event | Proposed Filing, Deadline, or Hearing Date | Alternate Proposed Filing, Deadline, or Hearing Date |
|---|---|---|
| Meet and Confer Regarding Pretrial Filings | Friday, December 29, 2023 | Friday, January 5, 2024 |
| Parties to Serve Motions *in limine* | Wednesday, January 10, 2024 | Wednesday, January 17, 2024 |
| Parties to Serve Oppositions to Motions *in limine* | Tuesday, January 16, 2024 | Tuesday, January 23, 2024 |
| Pretrial Filings Due | Thursday, January 25, 2024 | Thursday, February 1, 2024 |
| Oppositions, Objections, Exhibits, and Deposition Designations Due | Thursday, February 1, 2024 | Thursday, February 8, 2024 |
| Final Pretrial Conference | Thursday, February 15, 2024, at 1:00 p.m. | |
| Trial | Monday, February 26, 2024, at 8:30 a.m. | Monday, March 4, 2024, at 8:30 a.m. |
| Length of Trial | 2 days | |

## VII. Professional Conduct

As indicated in previous case management statements, the attorneys of record for Target have reviewed the Guidelines for Professional Conduct for the Northern District of California. *E.g.*, Docket No. 50 ¶ 19 (Sept. 22, 2022).

The attorneys of record for Mr. Jackson have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## VIII. Settlement

The parties participated in a settlement conference on September 7, 2022, which was unsuccessful. Docket No. 49. The parties remain willing to engage in good faith settlement discussions.

Date: October 19, 2023                             Respectfully submitted,

_____           _____
Erika H. Warren (State Bar No. 295570)         David V. Roth (State Bar No. 194648)
Jennifer A. Kash (State Bar No. 203679)        david.roth@manningkass.com
Virginia G. Kain (State Bar No. 344545)        Gabriella Pedone (State Bar No. 308384)
WARREN KASH WARREN LLP                          gabriella.pedone@manningkass.com

– 4 –                                          Case No. 3:21-cv-08458-LB
JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| 2261 Market Street, No. 606<br>San Francisco, California, 94114<br>+1 (415) 895-2940<br>+1 (415) 895-2964 facsimile<br>21-8458@cases.warrenlex.com<br><br>*Attorneys for Plaintiff Bryon Jackson* | MANNING & KASS ELLROD<br>RAMIREZ, TRESTER LLP<br>One California Street, Suite 900<br>San Francisco, California, 94111<br>+1 (415) 217-6990<br>+1 (415) 217-6999 facsimile<br><br>*Attorneys for Defendant Target Corporation* |