David V. Roth (State Bar No. 194648)
 david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
 gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 1]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE REFERENCE TO ANY OTHER PRIOR OR SUBSEQUENT INCIDENTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:  2/15/2024<br>Time:  1:00 p.m.<br>Crtrm.:  B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will

move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of any and all references to any other prior or subsequent incidents.

This motion is made pursuant to Fed. R. Evid. 401 *et seq.*, 801 *et seq.*, and 1001 *et seq.*, on the grounds that such evidence is irrelevant and inadmissible hearsay and improper character evidence and that if the evidence were admitted, there is a danger that Defendant would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  January 17, 2024	**MANNING & KASS**
	**ELLROD, RAMIREZ, TRESTER LLP**


	By: _____/s/Gabriella Pedone_____
	David V. Roth
	Gabriella Pedone
	Attorneys for Defendant, TARGET CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant respectfully requests that the honorable Court exclude all evidence, testimony, and references in or before the presence of the jury by the plaintiff, plaintiff's attorneys, and plaintiff's witnesses (including experts) concerning any other prior or subsequent incidents involving Defendant in this case which are unrelated to the subject incident - including but not limited to any and all prior or subsequent complaints or allegations, as well as any other incidents involving Defendant other than the subject incident.

The Court should exclude all such evidence because it is irrelevant and unduly prejudicial, particularly under the controlling standards of Fourth Amendment jurisprudence.

## II. EVIDENCE OF PRIOR OR SUBSEQUENT INCIDENTS INVOLVING THE DEFENDANT UNRELATED TO THE SUBJECT INCIDENT SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT.

The Court should exclude from evidence all prior or subsequent incidents or investigations involving Defendant because such matters are irrelevant to the issue of whether or not the Defendant's conduct during the subject incident was objectively reasonable and such evidence would constitute impermissible character evidence.

Federal Rules of Evidence rule 401 sets forth a test for relevance. Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence and the fact is of consequence in determining the action. Only relevant evidence is admissible. Fed. R. of Evid. 402.

The Court should exclude from evidence all prior or subsequent incidents or investigations involving Defendant because such matters are irrelevant to the issue of whether or not the Defendant's employee's conduct was intentional. At best, evidence of other acts would pertain to the Defendant officers' character, not their conduct on the date in question. As discussed below, evidence of a person's character or a

1  character trait is not admissible to prove that on a particular occasion the person acted
2  in accordance with that character or trait.  Accordingly, evidence of prior or
3  subsequent incidents or investigations involving the Defendant employees are
4  irrelevant to the issues to be decided in this case.

## III.   CHARACTER EVIDENCE IS INADMISSIBLE TO ESTABLISH HOW THE INDIVIDUAL BEHAVED ON A PARTICULAR OCCASION.

Evidence of prior or subsequent incidents is generally inadmissible in Fourth Amendment cases because character evidence is normally not admissible in a civil rights case.  The question to be resolved was whether, objectively, an officer's use of force was excessive *on the date of the subject incident.*

Federal Rules of Evidence Rule 404 prohibits evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with that character or character trait.

Thus, "Rule 404 generally prohibits the admission of evidence of a person's character for the purpose of proving that the individual acted in conformity with that character on a particular occasion.  The rationale behind this rule is the notion that this evidence has slight probative value but has a tendency to be highly prejudicial or to confuse the issues." *Cohn v. Papke*, 655 F.2d 191, 193-94 (9th Cir. 1981) (citations omitted) (reversing a failure to exclude evidence regarding a party's past sexual experiences in a police case).  Accordingly, "[e]vidence of prior misconduct is generally inadmissible for purposes of showing that the plaintiff or defendant was more likely to have been at fault." *Monger v. Cessna Aircraft Co*., 812 F.2d 402, 406 (8th Cir. 1987) (citations omitted) (affirming exclusion of a warning letter documenting prior safety problems-misconduct).

Here, regardless of whether the reference, testimony, and evidence regarding other incidents involves prior or subsequent incidents, related complaints or investigation or other acts of misconduct that did not arise during the incident at issue in plaintiff's complaint – all such matters constitute inadmissible character evidence

2

for the exact same reasons as stated in *Eigeman*.

Moreover, plaintiff cannot plausibly argue that the exceptions to the character evidence prohibition apply here because the intent, plan, or motive of the Defendant officers is *wholly irrelevant* to plaintiff's constitutional claims, which are adjudged from an objective rather than a subjective standard. *See Graham*, 490 U.S. at 397 ("[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."); *accord Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (affirming that the subjective motivations of the involved officers have no bearing on whether a particular seizure is unreasonable under the Fourth Amendment); *see also* Fed. R. Evid. 401, 402.

Accordingly, in light of the inescapable inference that would otherwise result from the presentation of such matters to the jury, the Court should exclude such other acts evidence as inadmissible character evidence.

## IV.   CONCLUSION.

For all the foregoing reasons, Defendant respectfully requests that the Court exclude all evidence of any other prior or subsequent incidents or other investigations involving Defendant which are unrelated to the subject incident - including but not limited to any and all prior or subsequent complaints or allegations.

DATED:  January 17, 2024          **MANNING & KASS**
                                  **ELLROD, RAMIREZ, TRESTER LLP**


                                  By:  ____/s/Gabriella Pedone_____
                                       David V. Roth
                                       Gabriella Pedone
                                       Attorneys for Defendant, TARGET
                                       CORPORATION