David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION,<br><br>        Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 2]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANT TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR SPECIAL DAMAGES ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:    2/15/2024<br>Time:    1:00 p.m.<br>Crtrm.:  B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel

1

Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of any and all references to plaintiff's injuries, medical treatment, medical expenses and special damages, as none of the medical evidence supports any type of injury in plaintiff's complaint or allegations.

This motion is made pursuant to Fed. R. Evid. 104, 402, 403 on the grounds that plaintiff's alleged injuries are irrelevant and inadmissible as there is no medical evidence that supports plaintiff's alleged injury.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities, Declaration of Gabriella Pedone, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  January 17, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:   */s/Gabriella Pedone*
David V. Roth
Attorneys for Defendant, TARGET
CORPORATION

NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANT TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR SPECIAL DAMAGES ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Defendant respectfully requests that the honorable Court exclude all evidence, testimony, and references in or before the presence of the jury by the plaintiff, plaintiff's attorneys, and plaintiff's witnesses (including experts) concerning plaintiff's injuries, medical treatment, medical expenses or special damages, as none of the medical evidence supports any injury or allegation in his complaint.

Evidence of plaintiff's alleged injuries, medical treatment, medical expenses or special damages is irrelevant and inadmissible as none of plaintiff's medical records support that there was an injury or his allegations related to the injuries as there are no medical records. Plaintiff did not seek medical treatment for any his alleged injuries.

Accordingly, Defendant requests that plaintiff be precluded from offering any such evidence at the time of trial.

**II.    PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF HIS ALLEGED INJURY MEDICAL TREATMENT, MEDICAL EXPENSES AND SPECIAL DAMAGES**

Federal Rules of Evidence rule 104(a) states broadly that court is to determine preliminary questions.  *United States v. Matlock*, 415 U.S. 164, 174-75 (1974).  The findings of preliminary facts necessary to an admissibility ruling is left to trial court without close supervision. *Steele v. Taylor*, 684 F.2d 1193, 1202 (6th Cir. 1982).

Plaintiff's Complaint alleges that, on or about July 7, 2021, he visited a Target store in Alameda, California, where he was hit by a Target employee's trolley while Plaintiff was waiting in line for coffee. Plaintiff alleges that on date of the incident he suffered injuries to his kidney, back pain, right lower side of his body pain and urinary issues as a result of the subject incident.  (*See* Pedone Decl., Ex. B)However, the undisputed facts show that plaintiff did not suffer injuries after the subject incident occurred.

MANNING | KASS

1    He is seen on video walking around following Target employees.

2    Rather, plaintiff did not seek medical treatment related to his injuries and has

3    not produced medical records from the date of the incident, on July 7, 2021, or

4    anytime thereafter. (*See* Pedone Decl., Ex. D.)

5    Plaintiff alleges in his Complaint that "an employee of Target Store use [*sic*] a trolley

6    to "deliberately" – consciously and intentionally "HIT" me in my right kidney with a trolley

7    and walked away, then I reported the incident (assault and battery) to the store." Pedone

8    Decl. Ex. A at p. 4. No further factual allegations are made by Plaintiff in his Complaint.

9    However, Plaintiff later described the incident during his deposition on July 8, 2022, as

10   follows: "[O]n that day, as indicated, I went to get lunch, and I went to Starbucks [at

11   Defendant's store location]. . . . And I was in the line, and then through peripheral vision to

12   my right, I noticed this person just coming at me, just – just came straight at me. And the

13   lady just hit me with a trolley, and she stopped. And then I looked at her, and I – I asked her,

14   are you – are you crazy? And – and I walked over to her, and I asked her – I asked her if she

15   was crazy? And then she – she said, get out of her, ni**er [*sic*]. and i said, are you – well, I

16   did curse at her. I said, who – and then I said, who is your manager? . . . and then I reported

17   the incident. I filed a complaint, and I asked who was her – what's her name is, and they

18   refused to give me her name, because I wanted to file a police report." (Pedone Decl. Ex. B

19   at 44:6-47:11.)   Plaintiff also testified at his deposition that he believed Defendant's

20   employee intentionally hit him with the cart because he is black. (Pedone Decl. Ex. B at

21   49:6-10.) Plaintiff believes that the employee who allegedly hit him with the cart is Latino

22   but it is possible that she was also black. (Pedone Decl. Ex. B at 48:17-18 and 49:17-50:5.)

23   Plaintiff did not get the names of any witnesses to this incident nor does he recall seeing

24   anyone behind or to the side of him just prior to the incident occurring. (Pedone Decl. Ex. B

25   at 66:11-17 and 67:1-7.) Plaintiff did not immediately make a report but returned to

26   Defendant's location later to do so. Plaintiff did not assert that Defendant's employee called

27   him this racial expletive at the time he made an incident report with Defendant on July 10,

28   2023,

NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANT TO EXCLUDE ALL EVIDENCE
AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR
SPECIAL DAMAGES ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF
GABRIELLA PEDONE

However, Plaintiff also stated that he had no idea what the employee was thinking when she pushed the cart into him. (Pedone Decl. Ex. B at 75:6-8.) Plaintiff similarly stated that he "didn't know she was going to hit me with the cart." (Pedone Decl. Ex. B at 47:24-25.)

Plaintiff seeks both compensatory and punitive damages in a total amount of $20,000,000.00 for the alleged causes of action in the instant lawsuit.

Defendant recovered video footage of the incident. (Pedone Decl. Ex. C) This video footage shows at approximately 12:25 p.m. on July 8, 2021, an employee of Defendant appears to be pushing a cart, however this is difficult to discern from the footage. The video then shows Plaintiff following Defendant's employee, Ms. Kimara Smith. At 12:26 p.m., the video footage shows Plaintiff walking back to the Starbucks area and walking back out. Plaintiff is seen speaking to two of Defendant's employees, but this is not visible in the video. At 12:29 p.m., Plaintiff is seen speaking to a female employee of Defendant and then she walks away. Plaintiff then walks back to the Starbucks area. At 12:30 p.m., Plaintiff appears to be waiting for something, although he does not sit down at any time or appear to be limping. At 12:31 p.m., Plaintiff is seen speaking to the same female employee of Defendant. At 12:35 p.m., Plaintiff is seen still speaking to the same female employee of Defendant. At 12:39 p.m., Plaintiff is seen leaving Defendant's premises. (*See* Pedone Decl. Ex. C https://vimeo.com/manningkass/jacksonvtarget.)

Further, Federal Rules of Evidence rule 402 states in pertinent part: "[E]vidence which is not relevant is not admissible."   Here, Plaintiff did not suffer from any injuries during the subject incident. He did not seek any medical treatment or produce any medical expenses for treatment related to any alleged injuries.  (*Id.*)  Therefore, any and all reference to plaintiff's injuries, medical treatment, medical expenses and special damages is irrelevant and prejudicial to Defendant.

Furthermore, allowing evidence of plaintiff's injuries, medical treatment, medical expenses and special damages, when plaintiff has not produced any medical records clearly contradict this allegations, will unduly prejudice Defendant, cause confusion of the issues, and mislead the jury, given that the alleged injury did not occur and no medical evidence supports that plaintiff suffered any injuries. . *See* Fed. R. Evid. 403.

**III.   CONCLUSION.**

For all the foregoing reasons, Defendant respectfully request that the Court exclude all evidence of any and all references to plaintiff's injuries, medical treatment, medical expenses and special damages after the subject incident, as none of the medical evidence supports an injury as there is no medical evidence. Alternatively, Defendant request that such evidence be excluded from the liability phase of the trial.

DATED:  January 17, 2024          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:      */s/Gabriella Pedone*
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

MANNING | KASS

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANT TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR SPECIAL DAMAGES ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**

## DECLARATION OF GABRIELLA PEDONE

I, Gabriella Pedone, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendants' Motion *in Limine* to Exclude All Evidence and Argument Relating to Plaintiff's injuries, medical treatment, medical expenses and special damages.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint originally filed in the Superior Court for the County of Alameda, California on August 24, 2021.

3.      On July 8, 2022, our firm conducted a video deposition of Plaintiff Bryon Jackson. Attached hereto as **Exhibit B** are true and correct copies of the relevant excerpts of the deposition transcript of Bryon Jackson conducted on July 8, 2022.

4.      Defendant recovered video footage of the incident. This video footage shows at approximately 12:25 p.m. on July 8, 2021, an employee of Defendant appears to be pushing a cart, however this is difficult to discern from the footage. The video then shows Plaintiff following Defendant's employee, Ms. Kimara Smith.

5.      At 12:26 p.m., the video footage shows Plaintiff walking back to the Starbucks area and walking back out. Plaintiff is seen speaking to two of Defendant's employees, but this is not visible in the video.

6.      At 12:29 p.m., Plaintiff is seen speaking to a female employee of Defendant and then she walks away. Plaintiff then walks back to the Starbucks area.

7.      At 12:30 p.m., Plaintiff appears to be waiting for something, although he does not sit down at any time or appear to be limping.



8.      At 12:31 p.m., Plaintiff is seen speaking to the same female employee of Defendant.

9.      At 12:35 p.m., Plaintiff is seen still speaking to the same female employee of Defendant.

10.     At 12:39 p.m., Plaintiff is seen leaving Defendant's premises.

11.     Embedded in the following link https://vimeo.com/manningkass/jacksonvtarget as **Exhibit C** is a true and correct copy of the video footage of the incident involving Plaintiff that occurred on Defendant's premises as recovered by Defendant. .

12.     Attached hereto as **Exhibit "D"** are true and correct copies Plaintiff's responses to request for production of documents with no medical records.

13.     If the evidence requested to be excluded is allowed in the liability phase of trial, it will cause confusion of the issues for the jury, and will seriously prejudice the Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of January, 2022, at Los Angeles, California.


/s/ Gabriella Pedone
_____
Gabriella Pedone

# EXHIBIT A

240736078

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bryon Jackson<br>1550 Marina Village Parkway, Alameda, CA 94501<br>TELEPHONE NO: (201)-776-4282  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FILED<br>ALAMEDA COUNTY<br>AUG 24 2021<br>CLERK OF THE SUPERIOR COURT<br>By Christu Rice<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF: Bryon Jackson

DEFENDANT: Target - Alameda, CA 94501

☐ DOES 1 TO 2700 Fifth St, Alameda, CA

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED *(Number)*:  Damages for assault & battery.
**Type** *(check all that apply)*:
☐ MOTOR VEHICLE ☒ OTHER *(specify)*:
  ☐ Property Damage   ☐ Wrongful Death
  ☐ Personal Injury   ☐ Other Damages *(specify)*:

**Jurisdiction** *(check all that apply)*:
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☐ does not exceed $10,000
               ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:

RG 21110499

1. **Plaintiff** *(name or names)*: Bryon Jackson

   alleges causes of action against **defendant** *(name or names)*: Target - Alameda, CA 94501

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name)*:
      (1) ☒ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   Bryon Jackson  vs
   Target - Alameda, CA
   2700 Fifth St, Alameda, CA

   b. ☐ **except plaintiff** *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|

4. ☒ Plaintiff *(name):* Bryan Jackson

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* Target - Alameda, CA were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.

   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.

   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☒ has complied with applicable claims statutes, **or**

   b. ☐ is excused from complying because *(specify):*

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):*

(Assault/battery)

Plaintiff has sustained an hit into the right kidney by an employee of Target on 07/08/21 in the store and have extream both Swelling both Compensatory damages and punitive damages;

(1) — Pain and suffering — $5,000,000.00
(2) — Loss of enjoyment of life — $5,000,000.00
(3) — Anxiety — $5,000,000.00
(4) — Emotional distress or Trauma — $5,000,000.00

$20,000,000.00

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages $10,000,000.00
       (2) ☒ punitive damages $10,000,000.00
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☐ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 8/24/2021

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

MC-031

| PLAINTIFF/PETITIONER: Bryon Jackson | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Target - 2100 Fifth St, Alameda, CA | |

### DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

On July 07th, 2021 I visited the Target store located at 2100 Fifth St Alameda CA 94501 to purchase some lunch and I went into the Starbucks coffee shop and while I was waiting in line to get my coffee, an employee of Target store use a Trolley to "Deliberately" - Consciously and intentionally "HIT" me in my right kidney with a trolley and walked away, then I reported the incident (Assult & battery) to the store. To this day I continue to feel pain into my right kidney and is seeking both compensatory and punitive damages for:

(1) - Pain and Suffering —— $5,000,000.00
(2) - Loss of enjoyment of life - $5,000,000.00
(3) - Anxiety —— $5,000,000.00
(4) - Emotional distress or Trauma - $5,000,000.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
Bryon Jackson
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☐ Other *(Specify)*:

Form Approved for Optional Use
Judicial Council of California

**ATTACHED DECLARATION**

# EXHIBIT B

1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                     SAN FRANCISCO DIVISION

4

5     BRYON JACKSON,            ) Case No. 3:21-cv-08458-LB
                                )
6              Plaintiff,       )
                                )
7         vs.                   )
                                )
8     TARGET CORPORATION,       )
                                )
9              Defendant.       )
      _____)

10

11

12

13

14

15

16        VIDEOTAPED ZOOM VIDEOCONFERENCE DEPOSITION OF

17                   BRYON URIAH JACKSON

18                   ALAMEDA, CALIFORNIA

19                     JULY 8, 2022

20

21

22

23

24

25    REPORTED BY:  MICHAEL CUNDY, CSR 12271



```
 1              DEPOSITION OF BRYON URIAH JACKSON, taken

 2     at 1350 Marina Village Parkway, Suite 433, Alameda,

 3     California, on Friday, July 8, 2022, at 9:29 A.M.,

 4     before Michael Cundy, Certified Shorthand Reporter, in

 5     and for the State of California.

 6

 7     APPEARANCES:

 8     IN PROPRIA PERSONA:

 9                     BRYON URIAH JACKSON
                       (Via videoconference)
10                     1350 Marina Village Parkway
                       Suite 433
11                     Alameda, California 94501
                       (201) 776-4282
12                     zaqw1478@hotmail.com

13     FOR THE DEFENDANT:

14                     MANNING & KASS
                       ELLROD, RAMIREZ, TRESTER LLP
15                     BY:  DAVID V. ROTH, ESQ.
                       (Via videoconference)
16                     One California Street
                       Suite 900
17                     San Francisco, California 94111
                       (415) 217-6990
18                     dvr@manningllp.com

19     ALSO PRESENT:

20                     BRIAN KIELHACK
                       VIDEOGRAPHER
21

22

23

24

25
```



```
 1                    I N D E X

 2

 3   WITNESS:  Bryon Uriah Jackson

 4

 5   EXAMINATION:                           PAGE

 6   By Mr. Roth                              5

 7

 8

 9

10                  INDEX OF EXHIBITS

11   EXHIBITS                             MARKED

12                  (None were marked)

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
1        A    I have not -- I'm thinking about it.
2        Q    Okay.  So -- but you haven't seen a doctor
3   for any reason in about 15 years; is that correct?
4        A    Correct.
5        Q    Okay.  All right.
6             Let's talk about the incident at Target.
7             Do you recall, approximately, what time of
8   day the incident occurred?
9        A    I'm -- I'm going to say it's about 12:15 to
10  about 12:30.
11       Q    And you drove to the Target store from your
12  home?
13       A    Correct, correct.
14       Q    And when you came into the store, where did
15  you go first?
16       A    I went into the -- I don't remember exactly
17  where, but I know I went to the Star- -- I don't know
18  if I went -- I don't remember, but I know I went in --
19  I went there to get lunch, and I went to the Starbucks
20  coffee shop.
21       Q    Okay.
22       A    There's a Starbucks.  That's -- that's where
23  the incident happened.
24       Q    Did you go anywhere else in the store prior
25  to going into the Starbucks?
```



1    wanted to file a police report.

2            I went back there, I think, two more times

3    trying to find who was her -- what's her name because

4    I wanted to file a police report, and I waited and

5    waited, and no one would give me her name.

6            And finally, I waited and waited, and then I

7    just started a police report and file it, still

8    waiting for a name, and Target would not give me her

9    name.

10           So that's exactly what -- what happened on

11   that day

12       Q    Why did you want to file a police report?

13       A    Because I wanted to get her arrested.  I know

14   it was 100 percent deliberate.  She hit me deliberate.

15   It was intentional.

16       Q    And why do you think it was intentional?

17       A    Because I went over to her and asked her, are

18   you crazy, and I yell at her and asked her if she's

19   crazy, and she said, get out of here, nigger.

20       Q    Okay.

21       A    So I know that was intentional.

22       Q    Okay.  So -- so had you ever seen her before?

23       A    No.  I had never seen this lady before.  I

24   have no knowledge of her.  I didn't know she was going

25   to hit me with the cart.  I don't know -- you know



 1   what, I go to that -- that shop all of the time.  It's

 2   my one-stop shop.

 3           It's probably the only shop in Alameda that

 4   everyone goes to.

 5           So I don't know if she had seen me before

 6   there, or -- but I don't recall seeing her there

 7   before.

 8       Q    Any idea why -- strike that.

 9           No prior interactions with her?

10       A    No.  I had no prior interaction with this

11   lady.  I -- if I saw -- if I saw her now, I'm probably

12   not able to identify her.

13       Q    Can --

14       A    I have never seen this person before.

15       Q    Can you give me any description of what she

16   looked like?

17       A    I would probably say she's Latino, about

18   five, six, smaller built, but I -- I didn't really --

19   she may have been -- was wearing mask.  I don't

20   remember, but -- and probably if I see her now, she

21   probably would be able to walk past without me

22   recognizing her if she took the mask off.

23           So I -- I would say about five, six, skinny

24   built, probably Latino.  I -- that's all I probably

25   could have said.



1    Q    Did -- did she have an accent when she spoke?

2    A    She -- I barely heard her when she said, get

3    out of here, nigger.  When I went over -- I don't

4    remember if she have an accent.  I don't remember.  I

5    don't remember.

6    Q    And is it your contention that she

7    intentionally hit you with the cart because you are

8    black?

9    A    Yes.  Well, that's what -- I would have to

10   say that, yes.

11        And that's the only reason why I file a suit,

12   believe me.  If she didn't say that, I probably would

13   just walk away.  If she had said it was -- you know,

14   if she had said to me it was an accident, this -- we

15   would not be here.  That's the only reason why I file

16   a lawsuit.

17   Q    And she wasn't black?

18   A    No, no.  You know what, she could have

19   been -- she could have been.  I mean, black people

20   sometime they could be as light as -- as -- and as

21   dark, but I didn't really see her face that well, but

22   I know I walked up to her because she may -- she could

23   have been wearing a mask.

24        I probably -- who knows?  She could have been

25   black -- fairer-skin black.  I didn't see her that



 1 | well, because she may have been wearing a mask, but I
 2 | remember I walked over to her, and I said, are you
 3 | crazy?
 4 |         And she said to me, get out of here, nigger,
 5 | so --
 6 |    Q    Okay.  Now, did you yell, are you crazy?
 7 |    A    I did yell at her, yes, I did.  I did.
 8 |    Q    You yelled it loud enough for everyone else
 9 | in the store -- or the Starbucks to hear?
10 |    A    I don't know if the Starbucks hear because
11 | they were play -- I think they were playing some
12 | music.  There was always -- there probably was a
13 | radio, something.  There's music in the -- from the
14 | store or -- I -- I -- I don't know if they heard me
15 | because -- I don't know if they heard me.
16 |    Q    And how loud did she say to you, get out of
17 | here, nigger?
18 |    A    I didn't -- she didn't say it that loud.
19 |    Q    Okay.
20 |    A    She just said it under her breath.
21 |    Q    Okay.  And do you think anyone else could
22 | have heard that statement?
23 |    A    It's possible not because I kind of walked up
24 | to her.
25 |    Q    Okay.



 1   because she just finished purchasing something, and

 2   then she turned around.  It's an Asian lady.

 3           I don't think -- she's probably the only one

 4   that --

 5       Q    Did you --

 6       A    She turned around.  I don't know if she --

 7   she probably -- you know what, I'm not assuming if

 8   she -- I'm not making any assumption, but there was

 9   two persons in front of me.  I was the last person at

10   the back.

11       Q    Did you get the names of any witnesses to the

12   incident?

13       A    I was not able to because --

14       Q    Okay.

15       A    -- I wanted to report it, and by the time --

16   there was only three of us.  The two persons seemed

17   like they left, and -- no, I didn't get any names.

18       Q    Did you see any of those -- any of the people

19   that were in line, the customers at Target, speak to

20   any employee of Target about the incident?

21       A    No, no, no.

22       Q    Okay.  And was there anybody behind you or to

23   the side of you --

24       A    No.  Not that I recall, no, no.

25       Q    Let me finish.



```
 1            Was there anybody behind you or to the side
 2     of you just prior to the incident or at the time of
 3     the incident?
 4        A    No, not that I remember seeing.
 5        Q    Okay.
 6        A    It's possible, but I don't recall anyone
 7     behind me.
 8        Q    You wouldn't describe the -- and I'm just
 9     following up -- you wouldn't describe the strike to
10     your body as a bump, would you?
11        A    No.
12        Q    Okay.
13        A    I -- it felt like somebody just exerted a
14     pressure to deliberately cause harm.  It was, like, an
15     increased velocity that was coming from the chair.  It
16     was -- it was obvious that the person exerted that
17     force to create some damage in me.
18        Q    Okay.  And you were looking straight ahead
19     when the incident occurred; correct?
20        A    Yes.  I was looking towards the -- I was in
21     the line just looking towards the person who was
22     selling the coffee.  I was in a Starbucks coffee line.
23        Q    Okay.  And you were standing still?
24        A    Correct.
25        Q    All right.  At some point that -- that
```



1   possible.  She probably thought I was going to steal

2   something inside.

3       Q    Okay.  You were standing in line at

4   Starbucks; correct?

5       A    Yes, correct.

6       Q    So you have no idea what she was thinking

7   when she was pushing her cart, do you?

8       A    No, no.

9       Q    No.  And you are not the only black person

10  that walks into the Target in Alameda; is that

11  correct?

12      A    That's correct.  That's correct.

13      Q    There are numerous African American and black

14  employees that work in that Target?

15      A    Correct, correct.  I would assume that, sure.

16      Q    The City of Oakland is directly adjacent to

17  the City of Alameda by way of the Webster Tube;

18  correct?

19      A    That's correct.

20      Q    And the City of Oakland is predominantly

21  African American; correct?

22      A    Correct.  That's correct.  That's correct.

23      Q    Okay, okay.

24           And there is a significant homeless

25  population in the Bay Area; correct?



```
 1   STATE OF CALIFORNIA              )
                                      )   SS:
 2   CITY AND COUNTY OF SAN FRANCISCO )

 3

 4                    I, Michael Cundy, CSR No. 12271, a

 5   Certified Shorthand Reporter of the State of

 6   California, do hereby certify:

 7                    That the foregoing proceedings were

 8   taken before me at the time and place herein set

 9   forth; that any witnesses in the foregoing

10   proceedings, prior to testifying, were placed under

11   oath; that a verbatim record of the proceedings was

12   made by me using machine shorthand which was

13   thereafter transcribed under my direction; further,

14   that the foregoing is an accurate transcription

15   thereof.

16                    I further certify that I am neither

17   financially interested in the action nor a relative or

18   employee of any attorney or any of the parties.

19                    IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21

22   Dated:  July 13, 2022

23                              _____

24                              Michael Cundy, CSR No. 12271

25
```



```
 1      DEPOSITION ERRATA SHEET

 2

 3

 4    Our Assignment No.  J8420346

 5    Case Caption:  Jackson

 6    vs. Target Corporation

 7

 8      DECLARATION UNDER PENALTY OF PERJURY

 9        I declare under penalty of perjury

10    that I have read the entire transcript of

11    my Deposition taken in the captioned matter

12    or the same has been read to me, and

13    the same is true and accurate, save and

14    except for changes and/or corrections, if

15    any, as indicated by me on the DEPOSITION

16    ERRATA SHEET hereof, with the understanding

17    that I offer these changes as if still under

18    oath.

19        Signed on the _____ day of

20    _____, 20___.

21

22    _____

23      Bryon Uriah Jackson

24

25
```



# EXHIBIT C

## Guest Incident Details

| | | | |
|---|---|---|---|
| Claim Number | 134460H0001 | Date of Incident | 07/08/2021 |
| Building | **T2829 - 2829 - Alameda** | Time of Incident | 12:20 PM |
| | | Date Target Notified | 07/08/2021 |
| | | Date Submitted Electronically | 07/08/2021 |
| | | Status | Open |

## Incident Details

| | | | |
|---|---|---|---|
| Incident Type | Struck By/Hit Against | Incident Department | Food Service |
| Incident Object | Stores Flatbed, Tub, Opti-Cart, 3 Tiered Cart | Incident Area | Starbucks |
| Video Available | Yes | Property Damage | No |
| AP Team Member who partnered w/ video | shane Callanta | | |

**Guest Incidents cannot be updated within Origami. Contact Sedgwick directly at TargetIncidents@Sedgwickcms.com with any updates to this record.**

Guest Name and Incident Description are hidden for privacy reasons.

## Enter Team Member Witnesses

✚ **New Additional Contact**

| Claim Number | Location | Name | Additional Contact Type | State | Close Contact Date | Date Close Contact Informed | Entry Date | Entry User |
|---|---|---|---|---|---|---|---|---|

## Guest Information

| | | | |
|---|---|---|---|
| Guest Name | Bryon Jackson | State | California |
| Is Guest A Minor | No | Zip Code | 94501 |

| | |
|---|---|
| Incident Description | A guest by the name of Bryon Jackson, claimed that he was assaulted by a Target team member in the Starbucks location. Jackson, stated that he was waiting in Starbucks and a Target team member hit him with a cart and "pushed" him "out of the way". Jackson, repeatedly stated that he was going to sue her or Target for assault. Jackson, also stated that the TM was "crazy" and doesn't "know what she was thinking".

Once ETL-AP Shane C., and ETL-Style Lucina I., approached Jackson, to complete the Guest Incident packet, Jackson stated that he had to be "on a ZOOM Call" and cant do the report now. Jackson, asked if he could take the report home, but was informed that we would need to fill it out in store. Jackson, stated that he had to leave, but would be back to fill out the report at a later time. |

## Medical Treatment

| | | | |
|---|---|---|---|
| Offsite Medical Treatment | No | Ambulance/911 Called | No |
| Body Part | Leg - Lower | Reported to Police | No |

## Claim Details

| | | | |
|---|---|---|---|
| Fiscal Year | 2021 | Coverage Subtype | Premises Bodily Injury |
| Fiscal Quarter | 02 | Claim Substatus | Accepted |
| Fiscal Month | 06 | | |
| Fiscal Week | 23 | | |

## Record Properties

| | | | |
|---|---|---|---|
| Entry Date | 07/08/2021 8:31 PM | Policy Year | 2021 |
| Person Reporting First Name | Lucina | Carrier Policy Effective Date | 02/01/2021 |
| Person Reporting Last Name | Inzunza-Acosta | Carrier Policy Expiration Date | 02/01/2022 |
| Person Reporting Email | Lucina.Inzunza-Acosta@target.com | | |
| Modified Date | 09/19/2021 5:32 AM | | |
| Modified User | Scott Scheer | | |

## Emails

| | |
|---|---|
| Subject | **New Guest Incident 134460H0001 Reported for 2829 - Alameda** |
| To | Lucina.Inzunza-Acosta@target.com |
| Cc | T2829.SD@Target.com, T2829.AP@Target.com, T2829.APTL@Target.com, T2829.APL@target.com, T2829.HR@Target.com, T2829,HRTL@target.com |
| From | System Process |
| Date | 07/08/2021 8:31 PM |

This is to confirm that a new guest incident has been reported at your location. Details of the incident are below:

Report Number:134460H0001
Guest Name: Bryon Jackson
Loss Date: 7/8/2021
Loss Time: 12:20 PM

Person Reporting: Lucina.Inzunza-Acosta@target.com
Incident Location: Food Service - Starbucks -
Guest Attire:

Loss Description:
A guest by the name of Bryon Jackson, claimed that he was assaulted by a Target team member in the Starbucks location. Jackson, stated that he was waiting in Starbucks and a Target team member hit him with a cart and "pushed" him "out of the way". Jackson, repeatedly stated that he was going to sue her or Target for assault. Jackson, also stated that the TM was "crazy" and doesn't "know what she was thinking". Once ETL-AP Shane C., and ETL-Style Lucina I., approached Jackson, to complete the Guest Incident packet, Jackson stated that he had to be "on a ZOOM Call" and cant do the report now. Jackson, asked if he could take the report home, but was informed that we would need to fill it out in store. Jackson, stated that he had to leave, but would be back to fill out the report at a later time.

Next Steps:
**Guest Incident Investigation Kit:** A Guest Investigation Kit is required on all incidents and must be mailed within 24 hours.
*Note: LOD Statement, Witness Statement(s), photos and video are not required for Food Product Issue incidents or MI Scan Law Incidents.*
**Photographs:** Email copies of all photographs taken in .jpeg format referencing the claim number in the subject line. *Photo's should be sent to*
*GuestReportingPhotos@Sedgwickcms.com.* Include in the email:
Store Number
Guest Name
Date and time photo was taken
Name of Person who took the photo
**Video:** Be sure to export video in both original (.g64) and open source (.asf) format. Please mail video to the Guest Reporting Center at CC-2820. Include the file/claim number, guest name, date, time and location where the video was taken.
If you have any questions about the handling of this incident or need to provide additional information, please contact Sedgwick at 1-800-553-8723 or at
**TargetIncidents@Sedgwickcms.com.**
**Do not reply to this email address as it is not monitored.**

## Files

| File | Description | Folder | Attached By | Attach Date | Size |
|------|-------------|--------|-------------|-------------|------|
| Abstract.pdf | Recap of Incident Intake Form | | Lucina Inzunza-Acosta | 07/08/2021 | 76kb |

# EXHIBIT D

Bryon Jackson, PRO SE
zagw1478@hotmail.com
1350 Marina Village Parkway
Alameda, California 94501
Tel: (201) 776-4282

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | (State Court Case No. RG21110499) |
| v. | **PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO TARGET CORPORATION** |
| TARGET – ALAMEDA, CA 2700 FIFTH ST ALAMEDA, CA, | |
| Defendant. | Action Filed:      August 24, 2021 |

PROPOUNDING PARTY: Plaintiff BRYON JACKSON

RESPONDING PARTY: Defendant, TARGET CORPORATION

SET NO.:                          One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

Bryon Jackson, request that Defendant, TARGET CORPORATION answer the

following interrogatories.

## **DEFINITIONS**

A. "YOU", "YOUR", or "DEFENDANT" means and refers to TARGET

CORPORATION; however, when documentation or knowledge in your possession or

under your control is requested, "YOU" and "DEFENDANT" also refers to responding

---

party, and all her past and present agents, employees, attorneys, and consultants and any other person or entity formerly or presently acting on responding party's behalf in any way in connection with the instant action.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in Section 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations,

marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal.  ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

E. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

F. "DEFENDANT" shall mean Defendant Target Corporation.

G. "HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

3

1   H."INCIDENT" means the facts, circumstances and events surrounding

2   the alleged accident, injury or other occurrence giving rise to this action as YOU

3   have alleged in the Complaint.

4   I."TARGET" means defendant Target Corporation, and any of its

5   officers, directors, employees, attorneys, representatives, predecessors, successors

6   and assigns, including any PERSON or entity purportedly acting on its behalf, or

7   any other entity connected therewith.

8   J."PROPERTY" means the Target retail store located at 2700 5th Street,

9   Alameda, CA 94501.

10

## SPECIAL INTERROGATORIES

11

12  **INTERROGATORY NO. 1**: **RESPONSE:**

13  The attached file explains PLAINTIFF'S specificity of how INCIDENT did
occur.

14  **INTERROGATORY NO. 2**: **RESPONSE:**

15  The attached file explains PLAINTIFF'S specificity, the nature and types of
injuries sustained because of INCIDENT.

16  **INTERROGATORY NO. 3**: **RESPONSE:**

17  The attached file explains PLAINTIFF'S fact to supports
18  contention that TARGET CORPORATION negligently maintained the
19  PROPERTY or any part of it, on the date of the INCIDENT to cause
20  injury.

21  **INTERROGATORY NO. 4**: **RESPONSE:**

22  Yes, PLAINTIFF is entitled to $5,000,000 in emotional distress damages.

23  **INTERROGATORY NO. 5**: **RESPONSE:**

24  The attached file explains details facts of PLAINTIFF'S entitlement to
emotional distress damages beyond YOUR alleged physical injuries

4

**INTERROGATORY NO. 6: RESPONSE:**

NONE. NO DOCUMENS, because PLAINTIFF did NOT have medical insurance and could NOT afford to see a doctor to get the documents requested. PLAINTIFF defined all injuries sustained and as a result, ONLY after this INCIDENT.

**INTERROGATORY NO. 7: RESPONSE:**

This INCIDENT occurred inside the Starbucks coffee store inside the TARGE store on the PROPERTY.

**INTERROGATORY NO. 8: RESPONSE:**

See RESPONSE to **INTERROGATORY NO. 1:** The cause of the INCIDENT.

**INTERROGATORY NO. 9: RESPONSE:**

Only, the PLAINTIFF has knowledge of PLAINTIFF'S injuries, sustained, after this INCIDENT, because of symptoms and current "PAIN" sustained by PLAINTIFF, described in response to **INTERROGATORY NO. 2:**

**INTERROGATORY NO. 10: RESPONSE:**

NONE. NO DOCUMENT, because PLAINTIFF does NOT have medical insurance and cannot afford to see a doctor to get documents. PLAINTIFF

seeks to recover damages from the INCIDENT, based on symptoms of injuries described in response to response to **INTERROGATORY NO. 2:**

**INTERROGATORY NO. 11: RESPONSE:**

Please see response to **INTERROGATORY NO. 1:**

**INTERROGATORY NO. 12: RESPONSE:**

Please see response to **INTERROGATORY NO. 1:**

**INTERROGATORY NO. 13: RESPONSE:**

Please see response to **INTERROGATORY NO. 1:**

5

**INTERROGATORY NO. 14: RESPONSE:**

At the time of the INCIDENT, PLAINTIFF was waiting in line at the Starbucks Coffee Shop to get coffee and a sandwich.

**INTERROGATORY NO. 15: RESPONSE:**

PLAINTIFF is NOT a Medicare recipient.

**INTERROGATORY NO. 16: RESPONSE:**

NO Medicare number, PLAINTIFF is NOT a Medicare recipient.

**INTERROGATORY NO. 17: RESPONSE:**

NO, PLAINTIFF is NOT receiving Social Security Disability Insurance benefits.

**INTERROGATORY NO. 18: RESPONSE:**

NO, PLAINTIFF is NOT receiving Social Security Disability Insurance benefits.

**INTERROGATORY NO. 19: RESPONSE:**

NO, PLAINTIFF is NOT receiving Social Security Disability Insurance benefits.

**INTERROGATORY NO. 20: RESPONSE:**

PLAINTIFF is NOT a Medi-Cal recipient.

**INTERROGATORY NO. 21: RESPONSE:**

PLAINTIFF is NOT a Medi-Cal recipient.

**INTERROGATORY NO. 22: RESPONSE:**

PLAINTIFF social security number is: 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:

**INTERROGATORY NO. 23: RESPONSE:**

NONE. PLAINTIFF has NOT seen any primary care physician in the past 10 years. NOT that PLAINTIFF can recall.

**INTERROGATORY NO. 24: RESPONSE:**

NONE. PLAINTIFF has NOT seen HEALTH CARE PROVIDER in the past 10 years. NOT that PLAINTIFF can recall.

6

**INTERROGATORY NO. 25:** **RESPONSE:**

The TARGET employee used her strength to expert enough force on the trolly and forcefully pushed the trolly into my right kidney. After, I was forcefully "HIT and ASSULTED" by the TARGET employee, I walked over to her and asked her "Are you Fucking Crazy" and the DEFENDANT replied "Get Out Nigger". This reaction from the DEFENDANT proof actual intent to cause harmful or offensive contact to the PLAINTIFF at time of the INCIDENT.

DATED: August 8, 2022          **BRYON JACKSON**


By:  *Bryon Jackson*
_____
Bryon Jackson

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My address is 1350 Marina Village Parkway # 415, Alameda, CA 94501.

On August 8, 2022, I served true copies of the following document(s) described as **PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT TARGET CORPORATIONS** on the interested parties in this action as follows:

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a PRO SE and NOT employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 8, 2022, at Alameda, California.

*Bryon Jackson*
_____
Bryon Jackson

---

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT TARGET CORPORATION'S**

# SERVICE LIST
## Jackson v. Target Corp; Case No. 3:21-CV-08458-LB

David V. Roth (State Bar No. 194648)                    **Defendant**

dvr@manningllp.com
Gabriella Pedone (State Bar No. 308384)
gap@manningllp.com
MANNING & KASS ELLROD,
RAMIREZ, TRESTER LLP
One California Street,
Suite 900 San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL
INTERROGATORIES TO DEFENDANT TARGET CORPORATION'S**

Bryon Jackson, PRO SE
*zaqw1478@hotmail.com*
1350 Marina Village Parkway
Alameda, California 94501
Tel: (201) 776-4282

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | (State Court Case No. RG21110499) |
| v. | **PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO TARGET CORPORATION** |
| TARGET – ALAMEDA, CA 2700 FIFTH ST ALAMEDA, CA, | |
| Defendant. | Action Filed:        August 24, 2021 |

PROPOUNDING PARTY: Plaintiff BRYON JACKSON

RESPONDING PARTY: Defendant, TARGET CORPORATION

SET NO.:                    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

Bryon Jackson, request that Defendant, TARGET CORPORATION answer the

following interrogatories.

## DEFINITIONS

A. "YOU", "YOUR", or "DEFENDANT" means and refers to TARGET

CORPORATION; however, when documentation or knowledge in your possession or

under your control is requested, "YOU" and "DEFENDANT" also refers to responding

party, and all her past and present agents, employees, attorneys, and consultants and any other person or entity formerly or presently acting on responding party's behalf in any way in connection with the instant action.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in Section 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations,

2

1  marks, transmission notations, or highlighting of any kind) of writings of every kind

2  and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or

3  other means. ELECTRONIC RECORDS includes, by way of example and not by

4  limitation, computer programs (whether private, commercial, or work-in-progress),

5  programming notes and instructions, activity listings of email transmittals and

6  receipts, output resulting from the use of any software program (including word

7  processing documents, spreadsheets, database files, charts, graphs and outlines),

8  electronic mail, and any and all miscellaneous files and file fragments, regardless of

9  the media on which they reside and regardless of whether said ELECTRONIC

10 RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC

11 RECORDS includes without limitation any and all items stored on computer

12 memories, hard disks, diskettes and cartridges, network drives, network memory

13 storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs,

14 removable media, magnetic tapes of all types, microfiche, and any other media used

15 for digital data storage or transmittal.  ELECTRONIC RECORDS also includes the

16 file, folder tabs, and containers and labels appended to or associated with each

17 original and non-identical copy.

18      D."COMMUNICATION(S)" means any oral, written or electronic

19 transmission of information, including but not limited to meetings, discussions,

20 conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,

21 conferences, messages, notes or seminars.

22      E."RELATING TO," "RELATED TO" or "RELATE(S) TO" means

23 constituting, containing, concerning, embodying, reflecting, identifying, stating,

24 mentioning, discussing, describing, evidencing, or in any other way being relevant

25 to that given subject matter.

26      F."DEFENDANT" shall mean Defendant Target Corporation.

27      G."HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS"

28 means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

3

H."INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

I."TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

J."PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501.

## SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe with specificity how YOU contend the alleged INCIDENT did NOT occurred.

**INTERROGATORY NO. 2:**

State the full name and current address, of the Target's employee who assaulted the Defendant.

**INTERROGATORY NO. 3:**

State the Social Security Number and Date of Birth of the Target's employee who assaulted the Defendant.

**INTERROGATORY NO. 4:**

Provide full background check details for pre-employment by Target for the Target's employee who assaulted the Defendant.

**INTERROGATORY NO. 5:**

Provide full HR Files; including employee review and any disciplinary actions from Target's managers or peers for the Target's employee who assaulted the Defendant.

4

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT TARGET CORPORATION'S**

**INTERROGATORY NO. 6:**

Provide all views of the un-edited "LIVE" Security Camera views for the entire day, including time this incident was reported, showing the entire INDIDENT, captured on security camera inside the Starbucks Coffee shop inside the Target Store.

**INTERROGATORY NO. 7:**

Provide full Criminal BACKGROUND check RECORD and Social Security Number for this employee from Target who assaulted the Defendant.

**INTERROGATORY NO. 8:**

Provide full Motor Vehicle Driving history RECORD for this employee from Target who assaulted the Defendant.

**INTERROGATORY NO. 9:**

Provide TOTAL HISTORY of domestic violence, Assault and Battery for this employee From Target who assaulted the Defendant.

**INTERROGATORY NO. 10:**

IDENTIFY Full names and full contact details for everyone she committed domestic violence, Assault and Battery against in the past 15 years.

**INTERROGATORY NO. 11:**

IDENTIFY and PROVIDE details for all mental and physical sickness with current treatments.

**INTERROGATORY NO. 12:**

IDENTIFY and PROVIDE details for all drugs she is currently using and current treatments.

**INTERROGATORY NO. 13:**

If your response to Interrogatory NO. 12 is "Yes", IDENTIFY the drugs you were using and under the influence of on the day of the INCIDENT.

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT TARGET CORPORATION'S**

**INTERROGATORY NO. 14:**

State in detail what YOU were thinking at the time YOU ASSULTED me.

**INTERROGATORY NO. 15:**

Explain why you choose to be a RACIST or how did you lean to be a RACIST?

**INTERROGATORY NO. 16:**

Explain if I am the first Black person you ASSULTED in your life and do you plan to ASSAULT more BLACK people whenever you get the chance?

**INTERROGATORY NO. 17:**

Do you have any Severe Mental Illness? Explain your Severe Mental Illness?

**INTERROGATORY NO. 18:**

Describe your level of education?

**INTERROGATORY NO. 19:**

Describe and name all the people you bully in your life?

**INTERROGATORY NO. 20:**

Describe the personal problems you were experiencing on the day you ASSAULTED me.

**INTERROGATORY NO. 21:**

Do you own a firearm? Have you ever tried to kill someone before? Have you ever steal anything from Target?

**INTERROGATORY NO. 22:**

State YOUR social security number.

**INTERROGATORY NO. 23:**

IDENTIFY every Black people you ASSULTED in the past 15 years.

**INTERROGATORY NO. 24:**

IDENTIFY every Black people you HARASSED in the past 15 years.

6

**INTERROGATORY NO. 25:**

If YOU contend that TARGET employee did NOT, intent to cause harmful or offensive contact to PAINTIFF at time of the INCIDENT, state all facts supporting said contention.

DATED: August 8, 2022          **BRYON JACKSON, PRO SE**

By:  *Bryon Jackson*
_____
Byron Jackson, PRO SE

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO
DEFENDANT TARGET CORPORATION'S**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am PRO SE.

On August 8, 2022, I served true copies of the following document(s) described as **PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO DEFANDENT TARGET CORPORATION** on the interested parties in this action as follows:

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 8, 2022, at Alameda, California.

_Bryon Jackson_

Bryon Jackson

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT TARGET CORPORATION'S**

# SERVICE LIST
## Jackson v. Target Corp; Case No. 3:21-CV-08458-LB

David V. Roth (State Bar No. 194648)                    **Defendant**

dvr@manningllp.com
Gabriella Pedone (State Bar No. 308384)
gap@manningllp.com
MANNING & KASS ELLROD,
RAMIREZ, TRESTER LLP
One California Street,
Suite 900 San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION (erroneously sued herein as Target – Alameda, CA)

2

**PLAINTIFF BRYON JACKSON FIRST SET OF SPECIAL
INTERROGATORIES TO DEFENDANT TARGET CORPORATION'S**