David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>TARGET CORPORATION,<br><br>            Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 4]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE "GOLDEN RULE" AND "REPTILE THEORY" ARGUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:   2/15/2024<br>Time:   1:00 p.m.<br>Crtrm.: B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will

1  move *in limine* for an order to exclude from evidence, and from being published to
2  the jury or finder of fact, and from being admitted into evidence, in this matter any
3  and all evidence, documents, records, recordings, testimony, statements, and
4  reference before the jury, and from admission into evidence, of any and all "Golden
5  Rule" and "Reptile Theory" arguments.

6      This motion is made pursuant to Federal Rules of Evidence 401, 402, and 403,
7  and on the basis that "Golden Rule" and "Reptile Theory" arguments are designed to,
8  and would likely, distract the jury or cause them to depart from impartiality.

9      This motion is made following defense counsel's meet and confer efforts with
10 plaintiff's counsel on December 29, 2024.

11     This motion is based on the attached memorandum of points and authorities,
12 all pleadings, records and files in this action, and upon such further oral and
13 documentary evidence as may be presented at the hearing on this motion.

14 DATED:  January 17, 2024    **MANNING & KASS**
15     **ELLROD, RAMIREZ, TRESTER LLP**

17     By:  */s/Gabriella Pedone*
18     David V. Roth
19     Gabriella Pedone
    Attorneys for Defendant, TARGET
20     CORPORATION

**DEFTS.' MIL NO. 5 TO EXCLUDE "GOLDEN RULE" AND "REPTILE THEORY" ARGUMENTS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant respectfully requests that the honorable Court exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of any and all "Golden Rule" and "Reptile Theory" arguments on the basis that they are designed to, and would likely, distract the jury or cause them to depart from impartiality.

It is anticipated that plaintiff may attempt to present "Golden Rule" arguments, which through one way or another, ask jurors to place themselves in plaintiff's shoes when reaching a verdict and calculating damages.

Numerous courts in the Ninth Circuit have held that this type of questioning and trial tactic is improper. In addition, a growing trend among plaintiffs' lawyers has been to resurrect the "Golden Rule" argument under the guise of seeking a "safe community." This thinly veiled form of the "golden rule," frequently referred to as the "Reptile Theory," is intended to target the part of jurors' brains that instinctually acts out of self-preservation.

This type of evidence is irrelevant, improper, and highly prejudicial, and is plainly designed to cause the jury to award judgment out of an instinctual or emotional response, rather than as a result of careful consideration of the evidence presented.

The Court should thus exclude any "Golden Rule" and "Reptile Theory" arguments.

## II. "GOLDEN RULE" ARGUMENTS ARE IMPROPER

In an unpublished opinion, the Ninth Circuit has defined the "Golden Rule" as a "suggestion to the jury by an attorney that the jurors should do unto others . . . as they would have others do unto them." *Minato v. Scenic Airlines, Inc.,* 908 F.2d 977 at *5 (9th Cir. 1990). In civil litigation, "[t]he typical situation in which such an

---

1

**DEFTS.' MIL NO. 5 TO EXCLUDE "GOLDEN RULE" AND "REPTILE THEORY" ARGUMENTS**

1 argument has been employed is the personal injury case in which the plaintiff's
2 counsel suggests to the jurors that they grant the plaintiff the same amount of damages
3 they would want or expect if they were in the plaintiff's shoes." *Id.*

4 "[A]rgument asking a jury to place themselves in the shoes of a party is
5 improper." *Gonzalez-Chavez v. City of Bakersfield*, 2015 U.S.Dist. Lexis 12109
6 (E.D. Cal. 2015). This is because "a jury which has to put itself in the shoes of one
7 of the parties is no longer an impartial jury." *Minato,* 908 F.2d at *5. As a
8 consequence, Golden Rule arguments are "universally condemned because it
9 encourages the jury to 'depart form neutrality and to decide the case on the basis of
10 personal interest and bias rather than on the evidence.'" *Lovett ex rel. Lovett v.*
11 *Union Pac. R.R.,* 201 F.3d 1074, 1083 (8th Cir. 2000), quoting *Spray-Rite Serv.*
12 *Corp. v. Monsanto Co.,* 684 F.2d 1226 (7th Cir. 1982); *See also United States v.*
13 *Teslim*, 869 F.2d 316 (7th Cir. 1989)

14 Given the universal condemnation of "Golden Rule" arguments, plaintiff
15 should not be permitted to make such arguments in this case. Such arguments include
16 telling jurors that ruling in plaintiff's favor will make their community safer; calling
17 the plaintiff a victim; and asking the jurors to place themselves in plaintiff's shoes
18 and decide how much they would charge for the same injury. These arguments, and
19 any similar to them, are improper as they play on the jurors' fears and encourage
20 biased, subjective decision making in disregard of the evidence.

21 Accordingly, all questioning, testimony, argument, and evidence under the
22 "Golden Rule" is properly excluded. *See Roman v. Ms1 Capital, LLC*, 2019 U.S.
23 Dist. Lexis 64984 (C.D. Cal. 2019).

24 **III.   "REPTILE THEORY" IS A FORM OF THE "GOLDEN RULE"**
25 **ARGUMENT AND IS THEREFORE PROPERLY EXCLUDED**

26 The "Reptile Theory," popularized by jury consultants David Ball and Don
27 Keenan, argues that "appealing to the juror's 'reptile brain' would lead to courtroom
28 victories." (Sirico, *The Trial Lawyer and the Reptilian Brain: A Critique* (2017) 65

Clev. St. L. Rev. 411, 412-413.)  The primary goal of the "Reptile Theory" is to appeal to jurors' survival and self-preservation instincts by equating community safety with justice and showing "the immediate danger of the *kind of thing* the defendant did—and how fair compensation can diminish that danger within the community." *(Id.* at p. 417.)  Lawyers are advised to play to the jurors' fears for themselves, their community, and their families, thus "awakening the reptile" and moving them into survival mode.  According to the theory, the jurors will then award large verdicts to plaintiff due to a misguided sense of fear and protection of their communities.  Essentially, the "Reptile Theory" is a pretext for manipulating jurors' emotions and playing to their fears, rather than addressing the facts.  Thus, it implicates the same concerns as the "Golden Rule," and seeks verdicts based on subjective passion or prejudice.

In *Regalado v. Callaghan*, 3 Cal.App.5th 582 (Cal. Ct. App. 2016), a California Court of Appeal held that plaintiff's "counsel telling the jury that its verdict had an impact on the community and that it was acting to keep the community safe were improper." Id. at 599.  The comments attempted to appeal to a juror's self-interest, which ultimately creates the impermissible conflict engendered by "Golden Rule" arguments. *See, e.g. Cassim v. Allstate Insurance Co.,* 33 Ca1.4th 780 (2004).  Other arguments, such as questioning or arguments asking the jury to directly or indirectly apply a legal standard of the so-called "safest" course of action, in spite of the actual applicable legal standard (i.e., reasonable care), are similarly urged under the "Reptile Theory, and are equally improper. *See, e.g.,* Sirico, *The Trial Lawyer and the Reptilian Brain: A Critique, supra,* 65 Clev. St. L. Rev. at p. 412.

Accordingly, any and all questioning, testimony, argument, and evidence relating to the "Reptile Theory," as the illegitimate offspring of the improper "Golden Rule," must be excluded.

## IV. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court exclude any and all "Golden Rule" and "Reptile Theory" arguments.

DATED: January 17, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/Gabriella Pedone*
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET CORPORATION