David V. Roth (State Bar No. 194648)
 david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
 gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>            Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 5]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE;**<br>[*Proposed Order filed concurrently*]<br><br><br>Date:   2/15/2024<br>Time:   1:00 p.m.<br>Crtrm.: B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

    **PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:30 p.m., or as

soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel

Beeler, located in the San Francisco Court, 450 Golden Gate Ave , CA 94102, Defendants TARGET CORPORATION ("Defendant") will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of any and all references or documents regarding plaintiff's loss of earnings as said evidence was not produced, and witnesses were not identified during discovery where such information was requested pursuant to a proper discovery request. Defendant also moves the Court for an order precluding plaintiff from presenting documentary or testimonial evidence, including expert testimony, of plaintiff's loss of past and future earning capacity.

Defendant further moves this court to admonish all parties and their respective attorneys to instruct all witnesses:

1.  Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2.  Not to make any reference to the fact that this motion has been filed; and

3.  To warn and caution each of plaintiff's witnesses to strictly follow the same.

This motion is made pursuant to Evidence Code sections 530, 352 and 1155, on the grounds that evidence of loss of income and future earnings is irrelevant, immaterial, prejudicial and expressly inadmissible,

This motion is made pursuant to Fed. R. Evid. 401 *et seq.*, 801 *et seq.*, and 1001 *et seq.*, on the grounds that testimony, evidence or argument regarding the issues identified above would be irrelevant, unduly prejudice, and is inadmissible.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities,

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE;**

1  all pleadings, records and files in this action, and upon such further oral and

2  documentary evidence as may be presented at the hearing on this motion.

3  DATED:  January 17, 2024          **MANNING & KASS**
                                    **ELLROD, RAMIREZ, TRESTER LLP**

4

5

6                                   By:  _____*/s/Gabriella Pedone*_____

7                                        David V. Roth

8                                        Gabriella Pedone
                                         Attorneys for Defendant, TARGET

9                                        CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

MANNING | KASS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case arises from an incident that occurred on July 8, 2021, wherein Plaintiff claims he sustained injuries when Defendant's employee was pushing a cart which parties then collided.  Plaintiff has made claims that as a result of the incident, he lost income. However, Plaintiff has not produced any specific information or evidence of loss earnings during discovery.

Defendant seeks to preclude plaintiff from introducing witnesses and/or evidence of plaintiff's alleged loss of earnings claim, and any loss of future earnings claim, as such evidence were requested and plaintiff did not identify or produce any discovery in response. Accordingly, introducing said evidence would result in surprise at trial and unduly prejudice defendant.

## II.   THE COURT SHOULD EXCLUDE ANY EVIDENCE AND ARGUMENTS REGARDING ANY CLAIMS OF LOSS OF INCOME AS PLAINTIFF HAS FAILED TO SUBSTANTIATE HIS CLAIM FOR LOSS OF PAST AND FUTURE EARNING CAPACITY DURING DISCOVERY AND/OR THROUGH EXPERT TESTIMONY

Motions in limine are intended to preclude presentation of evidence that would prejudice the moving party. (*Kelly v. New West Fed. Sav.* (1996) 49 Cal.App.4th 659, 669.) "A typical order in limine excludes the challenged evidence and directs counsel, parties, and witnesses not to refer to the excluded matters during trial." (*Id.*) The advantage of such motions is to avoid the obviously futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. (*Hyatt v. Sierra Boat Co.* (1978) 79 Cal.App.3d 325, 337.) There are no limits on the subject matter of motions in limine. They may be used to exclude "any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." (*Clemens v. American Warranty Corp.* (1987) 193 Cal.App.3d 444, 451.)

MANNING | KASS

Federal Rules of Evidence rule 401 sets forth a test for relevance. Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence and the fact is of consequence in determining the action. Only relevant evidence is admissible. Fed. R. of Evid. 402.

The Court should exclude from evidence any and all references or documents regarding any claims of loss of income past, present or future as plaintiff failed to produce any evidence of such in discovery.

In discovery, plaintiff claimed in his responses to request for documents, to have suffered a loss of past and future earning capacity. Plaintiff calculated his past loss of earning capacity as follows: "Plaintiff had worked for the total of 577 hours, between 16/h and 40/h a week. Plaintiff had not worked overtime. His total net pay for 577 hours worked was $32,743.73. Plaintiff's hourly rate was $88/h." (Declaration of Gabriella Pedone ["Pedone Dec."] at ¶ 3, Exhibit A at Response to Demand for Documents No. 12.) however, no documents were provided to substantiate said claims. Plaintiff did not provide any details as to an estimate of the amount she will lose in the future, an estimate of how long she will be unable to work and how the claim for future income in calculated in any of his responses to interrogatories (Pedone Dec."] at ¶ 4, Exhibit B at Response to interrogatories.)

Further, Federal Rule of Evidence 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Not only are references or documents regarding plaintiff's loss of income claims are prejudicial as no documents were produced in discovery. Accordingly, the Court should exclude all such evidence and reference from trial.

NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE;

**III.   THE COURT SHOULD PRECLUDE PLAINTIFF FROM PROVIDING HER NON-EXPERT OPINION ABOUT HER CLAIM FOR LOSS OF PAST AND FUTURE EARNING CAPACITY AS PLAINTIFF IS A LAY WITNESS**

Evidence Code Section 800, provides:

> If a witness is not testifying as an expert, his testimony in the form of an opinion is limited to such an opinion that is: (a) rationally based on the perception of the witness; and (b) helpful to a clear understanding of his testimony.

Section 800 has been interpreted to strictly limit those opinions, conclusions or observations to which lay witnesses may testify. As held in *Bartlett v. State* (1988) 199 Cal. App. 3d 392, 400: "[The rule of Section 800] merely requires that witnesses express themselves at the lowest possible level of abstraction. (Citation omitted.) Whenever feasible, 'concluding' should be left to the jury . . . ." (*Citing People v. Herlich* (1971) 14 Cal.App.3d 122, 127.) In fact, a lay witness may not offer an opinion that goes beyond facts personally observed by witness. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1308.)

Here, plaintiff clearly could not provide any documents to support any loss of income claims, past, present or future.

Accordingly, in light of the inescapable inference that would otherwise result from the presentation of such matters to the jury, the Court should exclude any and all references or documents regarding plaintiff's claims for loss of income. .

**IV.   CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court exclude any and all references or documents regarding plaintiff's loss of income claims.

1   DATED:  January 17, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   _/s/Gabriella Pedone_

David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

MANNING | KASS

4

**DECLARATION OF GABRIELLA PEDONE**

I, Gabriella Pedone, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.       I make this declaration in support of Defendants' Motion *in Limine* to Exclude Opinions of Plaintiff's Experts.

3.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Responses to Demand for Documents as Exhibit A.  No documents were provided to substantiate said claims.

4.      Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Responses to Interrogatories as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of January 2024, at Los Angeles, California.


                                        /s/Gabriella Pedone
                                        Gabriella Pedone

# EXHIBIT A

Bryon Jackson, PRO SE

zaqw1478@hotmail.com

1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>        Plaintiff,<br><br>     v.<br><br>TARGET – ALAMEDA, CA<br><br>2700 FIFTH ST ALAMEDA, CA,<br><br>      Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION'S**<br><br>Action Filed:     August 24, 2021 |

PROPOUNDING PARTY: Plaintiff BRYON JACKSON

RESPONDING PARTY: Defendant TARGET CORPORATION

SET NO.:             One

     Pursuant to Rule 34, of the Federal Rules of Civil Procedure, Plaintiff

Bryon Jackson demands that Defendant Target Corporation produce and permit

Plaintiff BRYON JACKSON to inspect and to copy the following documents, and

to inspect and to photograph, test, or sample the following tangible things, that are

in Defendant TARGET CORPORATION'S possession, custody, or control.

     The production and inspection shall take place at BRYON JACKSON,

1350 Marina Village Parkway, # 415, Alameda, California

94501 within 30 days of the date of service of these requests, unless other

mutually agreeable arrangements are made between counsel of record, and shall

continue for so long as may be reasonably required.

## DEFINITIONS

A. "YOU", "YOUR", or "DEFEDANT" means and refers to TARGET

CORPORATION; however, when documentation or knowledge in your possession or

under your control is requested, "YOU" and "DEFENDANT" also refers to responding

party, and all her past and present agents, employees, attorneys, and consultants and

any other person or entity formerly or presently acting on responding party's behalf

in any way in connection with the instant action.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents,

electronically stored information, and tangible things, including without limitation

all writings (as defined in Section 250 of the California Evidence Code) and all

other means of recording information, whether written, transcribed, taped, filmed,

microfilmed, or in any other way produced, reproduced, or recorded, and including

but not limited to: originals, drafts, computer-sorted and computer-retrievable

information, copies and duplicates that are marked with any notation or annotation

or otherwise differ in any way from the original, correspondence, memoranda,

reports, notes, minutes, contracts, agreements, books, records, checks, vouchers,

invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts,

computer disks, card files, lists of persons attending meetings or conferences,

sketches, diagrams, calculations, evaluations, analyses, directions, work papers,

press clippings, sworn or unsworn statements, requisitions, manuals or guidelines,

audit work papers, financial analyses, tables of organizations, charts, graphs,

indices, advertisements and promotional materials, audited and unaudited financial

statements, trade letters, trade publications, newspapers and newsletters,

photographs, emails, electronic or mechanical records, facsimiles, telegrams and

telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,

conferences, messages, notes or seminars.

E."RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

F."DEFENDANT" shall mean Defendant Target Corporation.

G."HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

H."INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

I."TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

J."PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501

## DEMANDS FOR PRODUCTION

### DEMAND FOR PRODUCTION NO. 1: RESPONSE:

All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action for Assault and Battery.

### DEMAND FOR PRODUCTION NO. 2: RESPONSE:

All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action on the date of the INCIDENT to cause PLAINTIFF'S injury.

### DEMAND FOR PRODUCTION NO. 3: RESPONSE:

Target live Video on the date/time of this INCIDENT serves as statement of witnesses regarding this INCIDENT.

/ / /

**DEMAND FOR PRODUCTION NO. 4: RESPONSE:**

All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action for Assault and Battery.

**DEMAND FOR PRODUCTION NO. 5: RESPONSE:**

An INCIDENT report was accepted by a manager at Target on duty on the date of the INCIDENT and a Police Report was done at Alameda Police Station describing the INCIDENT, by the PLAINTIFF.

**DEMAND FOR PRODUCTION NO. 6: RESPONSE:**

Target has video recordings depicting the scene of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 7: RESPONSE:**

Target has video recording of the INCIDENT showing that PLAINTIFF was ASSAULTED by the Target employee and as a result sustained injuries from this INCIDENT.

**DEMAND FOR PRODUCTION NO. 8: RESPONSE:**

NONE. DEFENDANT does NOT have insurance and cannot afford to get treatments. Also, DEFENDANT will get medical treatment after COVID-19 Pandemic due to high-risk conditions (Age=56 and Poor Family Health history)

**DEMAND FOR PRODUCTION NO. 9: RESPONSE:**

NONE. Evidence supporting PLAINTIFF'S injuries because of this INCIDENT are consistence with symptoms associated with injuries sustained from this INCIDENT. The symptoms PLAINTIFFS are consistently and currently experiencing are frequent urination during the days and night, side and upper back pain, shakiness, nausea and vomiting.

**DEMAND FOR PRODUCTION NO. 10: RESPONSE:**

NO documents are available for Medical Treatments because PLAINTIFF does NOT have medical insurance or a job and cannot afford medical treatment and will try to get medical treatment after COVID 19 Pandemic is over, PLAINTIFF will try to seek FREE medical treatment then.

**DEMAND FOR PRODUCTION NO. 11: RESPONSE: (See attached details)**

PLAINTIFF was laid off from Jefferson Wells 2/23/22 because manager Mrs. Low though he was performing slow due to injuries and is still unemployed.

**DEMAND FOR PRODUCTION NO. 12: RESPONSE: (See attached details)**

Attached are copies of PLAINTIFF'S updated resume and MBA certificate.

PLAINTIFF rate while at Jefferson Wells was $88 per hr. on W2.

PLAINTIFF has been unemployed since 2/23/2022. PLAINTIFF lost wages are as follow:

Monthly wages = (88 per hr. x 40 hours per week x 4 weeks per month) = US$14,080.

**Total six months of lost wages** = (US$14,080 x 6 months) = **US$84,480**

**DEMAND FOR PRODUCTION NO. 13: RESPONSE:**

Average MBA professional with 25 years' experience in Financial Services earn $250,000 to $450,000 per year working 50 to 60 hours per week.

Future loss of annual earning per year will be between $75,000 to $90,000 per year due to injuries. I'm currently 56 and planning on working until age 70 years old.

Total claims for future loss of earnings due to INCIDENT = ($90,000 x 14 years) **$1,260,000.00**

**DEMAND FOR PRODUCTION NO. 14: RESPONSE:**

NONE. No HEALTH CARE PROVIDERS, I have NOT sustained any injuries in the past 10 years prior to this INCIDENT.

**DEMAND FOR PRODUCTION NO. 15: RESPONSE:**

NONE. No HEALTH CARE PROVIDERS, I have NOT sustained any injuries in the past 10 years prior to this INCIDENT. including, but not limited to, all workers compensation or personal injury claims.

**DEMAND FOR PRODUCTION NO. 16:**

NONE. I have "NO DOCUMENTS" in my "**POSSESSION**" supporting or regarding any other lawsuits filed by PLAINTIFFS in the past 10 years.

**DEMAND FOR PRODUCTION NO. 17: RESPONSE:**

I do NOT have transcripts to the two lawsuits that I am aware of, filed in the past 10 years. One against American Express, filed in 2009 and Wells Fargo filed in 2019.  These are the only two lawsuits I am aware of and can recall.

**DEMAND FOR PRODUCTION NO. 18: RESPONSE:**

NONE. PLAINTIFF has NOT sustained injuries in the past 10 years.

**DEMAND FOR PRODUCTION NO. 19**: RESPONSE:

NONE. NO DOCUMENTS regarding payments and/or claims made by any

insurance company to PLAINTIFF regarding any injury allegedly sustained by PLAINTIFF in the past 10 years, and that I can be recall.

**DEMAND FOR PRODUCTION NO. 20**: RESPONSE:

NONE. NO DOCUMENTS evidencing any felony proceedings by PLAINTIFF in all jurisdictions, and that I can be recalled.

**DEMAND FOR PRODUCTION NO. 21**: RESPONSE:

NONE. NO documents for emotional distress because I do NOT have medical insurance and as a result, I could NOT afford to see a doctor.

My claim for emotional distress is due to my current daily symptoms after this INCIDENT of "Ongoing anxiety and depression; including "Overwhelming fear and panic attacks" when I go out in PUBLIC, thinking I will be assaulted or HIT again, only because I'm a BLACK person, and these symptoms only started immediately after this INCIDENT.

**DEMAND FOR PRODUCTION NO. 22**: RESPONSE:

No. I do NOT recall of completing the purchase with TARGET on the date of the INCIDENT, because I got out of the line and reported the INCIDENT.

**DEMAND FOR PRODUCTION NO. 23**: RESPONSE:

DEFENDANT, does NOT recall the pair of shoe, sandals or footwear was wearing when, went to the PROPERTY on the date of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 24**: RESPONSE:

Any or all photographs depicting the shoe, sandals, or footwear that DEFENDANT was wearing when, went to the PROPERTY on the

date of the INCIDENT would ONLY be visible from TARGET live Video in the Starbucks store.

**DEMAND FOR PRODUCTION NO. 25**: RESPONSE:

All views of Target live Video of the premises where this INCIDENT occurred, will depict all conditions that PLAINTIFF contend caused or contributed to the INCIDENT because PLAINTIFF never met or have any contact with the DEFENDANT before the INCIDENT.

**DEMAND FOR PRODUCTION NO. 26: RESPONSE:**

NONE. This is because PLAINTIFF has NO health insurance and could NOT afford to see a doctor or HEALTH CARE PROVIDERS concerning injuries because of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 27: RESPONSE:**

NONE. This is because PLAINTIFF has NO health insurance and could NOT afford to see a doctor or HEALTH CARE PROVIDERS concerning injuries because of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 28: RESPONSE:**

NO DOCUMENTS. PLAINTIFF HAS NO medical insurance and unable to afford to see a doctor but currently experiencing severe symptoms from injuries describe in RESPONSE to **PRODUCTION NO. 9:**

**DEMAND FOR PRODUCTION NO. 29: RESPONSE:**

NO DOCUMENTS. PLAINTIFF has NOT applied for any disability benefits or other similar benefits including disability within the past 10 years.

**DEMAND FOR PRODUCTION NO. 30: RESPONSE:**

PLAINTILL has NO DOCUMENTS, that refer to or concern any permanent disability that is suffered because of the INCIDENT, because PLAINTILL does NOT have medical insurance and could NOT afford to see a doctor. PLAINTILL is suffering from severe symptoms associated with injuries from INCIDENT.

**DEMAND FOR PRODUCTION NO. 31: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS not previously produced, upon which prove liability against TARGET because PLAINTIFF has NO medical insurance and could NOT afford to see a doctor to get the necessary documents.

**DEMAND FOR PRODUCTION NO. 32: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS not previously produced, upon which prove liability against TARGET because PLAINTIFF has NO medical insurance and could NOT afford to see a doctor to get the necessary documents.

**DEMAND FOR PRODUCTION NO. 33: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS reflecting any injury over the past 10 years.

**<u>DEMAND FOR PRODUCTION NO. 34</u>: RESPONSE:**

PLAINTIFF has NO DOCUMENTS reflecting medical treatment received over the past 10 years.

**<u>DEMAND FOR PRODUCTION NO. 35</u>: RESPONSE:**

All views of Target's live Video on the date/time of the premises where this INCIDENT occurred will prove and support PLAINTIFF'S contention that TARGET's employee assaulted PLAINTIFF on the PROPERTY on the date date of the INCIDENT to cause PLAINTIFF injury.

DATED: August 8, 2022          **BRYON JACKSON,**
                                **PRO SE**




By: _____

Bryon Jackson,

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TARGET CORPORATION**

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My address is 1350 Marina Village Parkway # 415, Alameda, CA 94501.

On August 8, 2022, I served true copies of the following document(s) described as **PLAINTIFF BRYON JACKSON'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION'S**

        **ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

       Executed on August 8, 2022, at Alameda, California.

*Bryon Jackson*
_____
Bryon Jackson

1            Case No. 3:21-cv-08458-LB

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION**

# SERVICE LIST
## Jackson v. Target Corp; Case No. 3:21-CV-08458-LB

**Defendant**

David V. Roth (State Bar No. 194648)
dvr@manningllp.com
Gabriella Pedone (State Bar No. 308384)
gap@manningllp.com
MANNING & KASS ELLROD,
RAMIREZ, TRESTER LLP
One California Street,
Suite 900 San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999
Attorneys for Defendant,
TARGET

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION**

# EXHIBIT B

## RESPONSE TO INTERROGATORY NO. 1:

On July 07th, 2021, PLAINTIFF visited the TARGET store located at 2700 Fifth St, Alameda, CA 94501 to purchase lunch and PLAINTIFF, went into the Starbucks Coffee shop to get Coffee. While the PLAINTIFF was waiting in line to get his Coffee, an employee of TARGET store used a Trolly to" Deliberately"-Consciously and intentionally "HIT OR ASSAULTED" the PLAINTIFF in his right Kidney with the TARGET red Trolly and walked away. PLAINTIFF walked over to the DEFENDANT and asked DEFENDANT, "Are you Fucking CRAZY?". The DEFENDANT replied to PLAINTIFF" GET Out NIGGER" and walked away. PLAINTIFF asked for a manager on duty, reported the INCIDENT to manager on duty and filed an INCIDENT report with the store.

## RESPONSE TO INTERROGATORY NO. 2:

PLAINTIFF was "HIT OR ASSULTED" in right Kidney, as a result of this INCIDENT, sustained injuries and currently experiencing daily "PAIN", the symptoms of frequent urination during the days and night, side and upper back pain, shakiness, nausea, and vomiting.

## RESPONSE TO INTERROGATORY NO. 3:

TARGET CORPORATION is legally liable for all its employees and for any INCIDENT caused by its employees to its customers or the public. TARGET CORPORATION failed to vet and hire the right employee, that would ensure, the employee will commit any violent crime or capable of committing any other types of criminal activities and to expose TARGET'S liability for any INCIDENT that an un-vetted employee could potentially cause to its customers or the public, of which TARGET CORPORATION is legally or financially liable.

## RESPONSE TO INTERROGATORY NO. 5:

My claim for emotional distress is due to my current daily symptoms after this INCIDENT of "Ongoing anxiety and depression; including "Overwhelming fear and panic attacks" when I go out in PUBLIC, thinking I will be assaulted or HIT again, only because I'm a BLACK person, and these symptoms only started immediately after this INCIDENT.