David V. Roth (State Bar No. 194648)
 david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
 gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 7]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO ALLEGATIONS OF RACIAL ANIMUS OR BIAS BY DEFENDANTS TOWARD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:   2/15/2024<br>Time:   1:00 p.m.<br>Crtrm.: B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel

4890-3714-3198.1                                  1

**DEFTS.' MIL NO. 7 TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO ALLEGATIONS OF RACIAL ANIMUS OR BIAS BY DEFENDANTS TOWARD PLAINTIFF**

Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of any and all evidence and arguments relating to allegations of racial animus or bias by Defendants toward plaintiff in general, and in particular, any alleged racial animus or bias by any Defendant or Defendant's employee.

This motion is made pursuant to Federal Rules of Evidence Rules 401-402 (relevance), 403 (unfair prejudice, confusion of issues, misleading the jury, and undue consumption of time), and 404 (improper character evidence), on the grounds that such evidence is irrelevant and improper character evidence. In addition, if the evidence were admitted, there is a danger that defendants would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

4890-3714-3198.1

2

**DEFTS.' MIL NO. 7 TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO ALLEGATIONS OF RACIAL ANIMUS OR BIAS BY DEFENDANTS TOWARD PLAINTIFF**

1  DATED:  January 17, 2024          **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**

                                  By:   */s/Gabriella Pedone*
                                     David V. Roth
                                     Gabriella Pedone
                                     Attorneys for Defendant, TARGET
                                     CORPORATION

4890-3714-3198.1

3

DEFTS.' MIL NO. 7 TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO ALLEGATIONS OF RACIAL ANIMUS OR BIAS BY DEFENDANTS TOWARD PLAINTIFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully request that the honorable Court exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of any and all evidence and arguments relating to allegations of racial animus or bias by Defendants toward plaintiff in general, and in particular, any alleged racial animus or bias by Defendant or any of Defendant's employee, Kimara Smith, on the grounds that such evidence is irrelevant, unfairly prejudicial, and would constitute improper character evidence.

## II. REFERENCES RELATING TO ALLEGATIONS OF RACIAL ANIMUS SHOULD BE EXCLUDED AS IRRELEVANT, IMPROPER CHARACTER EVIDENCE, AND UNFAIRLY PREJUDICIAL.

Federal Rules of Evidence Rule 401 sets forth a test for relevance. Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence and the fact is of consequence in determining the action. Federal Rules of Evidence Rule 402 provides that only relevant evidence is admissible.

### A. Evidence and Arguments Related To Allegations Of Racial Animus Or Bias Are Irrelevant To The Reasonableness Of The Use Of Force.

The Court should exclude any allegations of racial animus or bias by Defendants towards plaintiff in general, and in particular, any alleged racial animus or bias by Defendant or Defendant's emolyees. This type of evidence is irrelevant to the issue of whether or not Defendants' conduct in their interaction with plaintiff during the subject incident was reasonable under *Graham v. Connor,* 490 U.S. 386 (1989). *See Calloway v. Hayward*, 2017 U.S. Dist. LEXIS 9903 at *10 (E.D. Cal. Jan. 24, 2017) (granting defendant's motion *in limine* to exclude evidence of racial discrimination in excessive force case because such evidence was irrelevant).

As the Court is well-aware, the subjective intent of Defendant employee has no

1 bearing on whether their use of force was reasonable under the law. *Graham*, 490
2 U.S. at 397 ("the 'reasonableness' inquiry in an excessive force case is an objective
3 one: the question is whether the officers' actions are 'objectively reasonable' in light
4 of the facts and circumstances confronting them, without regard to their underlying
5 intent or motivation . . . .").

6 Thus, any allegations of racial animus or bias by Defendants towards plaintiff
7 in general, and in particular, any alleged racial animus or bias by Defendant's
8 employees have no tendency in reason to prove that the Defendant's employee,
9 Kimara Smith, used excessive force by accidently bumping into plaintiff or plaintiff
10 bumping into the cart when the employee was pushing it, below the controlling legal
11 standards, especially when plaintiff has offered no admissible evidence support a
12 theory of race-based discrimination related to the subject use of force incident.

13 **B.  Evidence and Arguments Related To Allegations Of Racial Animus**
14 **Or Bias Are Improper Character Evidence.**

15 In addition, evidence of any alleged racial animus or bias would pertain to
16 Defendants' character, not to their conduct on the date in question. Federal Rule of
17 Evidence Rule 404 prohibits evidence of a person's character or character trait to
18 prove that on a particular occasion the person acted in accordance with that character
19 or character trait. "Rule 404 generally prohibits the admission of evidence of a
20 person's character for the purpose of proving that the individual acted in conformity
21 with that character on a particular occasion. The rationale behind this rule is the
22 notion that this evidence has slight probative value but has a tendency to be highly
23 prejudicial or to confuse the issues." *Cohn v. Papke*, 655 F.2d 191, 193-94 (9th Cir.
24 1981) (citations omitted). Character evidence is normally not admissible in a civil
25 rights case because the question to be resolved is whether, objectively, an officer's
26 use of force was excessive. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).

27 Here, evidence of any alleged racial animus or bias of any Defendant, including
28 target employees, constitutes inadmissible character evidence. Such evidence is too

1  likely to prompt the jury to make the legally impermissible inference that the character
2  evidence prohibition is specifically designed to prevent: namely, that if the Defendant
3  employee, Kimara Smith, had racial animus or bias, their actions towards the plaintiff
4  in this case must be motivated by racial bias.

5       As noted above, the intent or motive of the Defendants is *wholly irrelevant* to
6  plaintiff's negligence claims, which are adjudged from an objective rather than a
7  subjective standard. *See Graham*, 490 U.S. at 397 ("[a]n officer's evil intentions will
8  not make a Fourth Amendment violation out of an objectively reasonable use of force;
9  nor will an officer's good intentions make an objectively unreasonable use of force
10 constitutional."); *accord Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (affirming
11 that the subjective motivations of the involved officers have no bearing on whether a
12 particular seizure is unreasonable under the Fourth Amendment).  Thus, evidence of
13 any alleged racial animus or bias of any Defendant, including Defendant's employees
14 constitutes improper and inadmissible character evidence, in particular when plaintiff
15 has offered zero evidence to support this theory. *See Martinez v. City of Chicago*,
16 2016 U.S. Dist. LEXIS 84231, *40-41 (N.D. Ill. June 29, 2016) ("Although racial
17 bias could be relevant to a claim of false arrest, there is no evidentiary basis for
18 introducing allegations of racial animus into this trial.")

19     **C.**    **Evidence and Arguments Related To Allegations Of Racial Animus**
20           **Or Bias Are Unfairly Prejudicial.**

21      Moreover, under Federal Rule of Evidence Rule 403, evidence of Defendants'
22 alleged racial animus would cause unfair prejudice, confusion of issues, mislead the
23 jury, and would result in undue consumption of time.  The probative value of the
24 evidence plaintiff seek to bring is substantially outweighed by a danger of unfair
25 prejudice to Defendants: even if, as plaintiff may suggest, the evidence were offered
26 only for the limited purpose of showing a predicate for punitive damages. Any and all
27 evidence or arguments of alleged racial animus or bias of any Defendant, including
28 its employee, Kimara Smith, if allowed to be made to the jury, have a huge potential

1 for prejudicing the jury against all Defendant.

2 Such evidence is unduly prejudicial to Defendant because it is calculated to
3 distract the jury's attention from the conduct of the parties in this case and evoke an
4 emotional reaction from the jury against the Defendant.  Specifically, there is a risk
5 that the jury will infer that the Defendant must have used excessive force during the
6 incident because the employee was racially biased against plaintiff.

7 Evidence or the implication of racial discrimination by others will
8 unnecessarily confuse the issues for the jury.  Introduction of evidence or arguments
9 of alleged racial animus or bias of any Defendant, including employee Kimara Smith,
10 z, will be refuted, which in turn, will waste time and unnecessarily prolong the trial.
11 Additionally, any evidence or testimony, including plaintiff's deposition testimony
12 that may evidence allegations of racial animus or bias should be excluded.  The Court
13 should grant this motion and exclude evidence of allegations of racial animus or bias
14 by Defendant toward plaintiff.

### III. CONCLUSION

16 For all the foregoing reasons, Defendant respectfully requests that the Court
17 exclude of any and all evidence and arguments relating to allegations of racial
18 animus or bias by Defendant toward plaintiff in general, and in particular, any
19 alleged racial animus or bias by employee Kimara Smith,

20 DATED:  January 17, 2024  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  */s/Gabriella Pedone*
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

4890-3714-3198.1

4

**DEFTS.' MIL NO. 7 TO EXCLUDE ALL EVIDENCE AND ARGUMENT RELATING TO ALLEGATIONS OF RACIAL ANIMUS OR BIAS BY DEFENDANTS TOWARD PLAINTIFF**