Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>   Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | Case No. 3:21-cv-08458-LB<br><br>**BRYON JACKSON'S MOTION *IN LIMINE* #1 TO EXCLUDE ANY WITNESS TARGET FAILED TO TIMELY DISCLOSE**<br><br>Judge:   Hon. Laurel Beeler |

# INTRODUCTION

Plaintiff Bryon U. Jackson ("Mr. Jackson") respectfully seeks an order precluding Defendant Target Corporation ("Target") and its counsel from offering any witness it failed to timely disclose under Federal Rule of Civil Procedure 26(a).

On August 24, 2021, Mr. Jackson brought this action in Alameda County Superior Court, proceeding *pro se*. On October 29, 2021, Target removed this action to this Court. On March 24, 2022, the Court issued a Case Management and Pretrial Order, setting a fact discovery deadline of December 23, 2022. Docket No. 28 at 2. On June 17, 2022, Mr. Jackson and Target filed an initial case management statement stating that "[b]oth parties are still accumulating documentation and will exchange all initial disclosure materials by July 16, 2022." Docket No. 39 at 2-3. But Target did not serve disclosures on July 16, 2022, and indeed failed to provide Mr. Jackson with *any initial disclosures at all during the discovery period*.

Still representing himself, Mr. Jackson filed papers during discovery to request dates and times to depose potential Target witnesses. Target provided none. Target finally purported to serve initial disclosures a month after fact discovery had closed—but when Mr. Jackson requested dates for the witnesses Target had identified for the very first time, Target refused to provide dates for deposition on the grounds that discovery was closed.

Following this Court's order appointing Mr. Jackson *pro bono* counsel, the case is set for trial in February 2024. Target has now indicated its intent to bring multiple witnesses to trial. Given Target's violations of Rule 26 and abuse of the discovery process, Mr. Jackson respectfully requests the Court prohibit Target from introducing any witnesses at trial.

# BACKGROUND

In this action, Mr. Jackson alleges that, on July 8, 2021, while he was standing within a Target retail store located in Alameda, California, a Target employee pushed a Target shopping cart directly into his person, causing him injury. Mr. Jackson proceeded *pro se* from his filing of the complaint in August 2021 through summary judgment in July 2023. Following the Court's summary judgment order, the Court appointed *pro bono* counsel to represent Mr. Jackson at trial. Docket No. 87.

**A.    Mr. Jackson Asks Target to Identify Witnesses; Target Refuses**

One day after Target removed this action to this Court, on October 30, 2021, Mr. Jackson emailed Target's counsel, asking them to "Please provide me the name and address of the Target employee who assaulted, Bryon Jackson at Target on July 7th, 2021." Ex. A.  Target responded the next day, writing that

> We will not be providing you any information outside of the formal discovery process.  Although you are representing yourself, you are still required to follow the procedures and requirements pursuant to the Federal Rules of Civil Procedure.

Ex. B.  Target further threatened sanctions and an injunction against Mr. Jackson for attempting to obtain this information directly from the Alameda Target.[1]  *Id*.

**B.    Target Fails to Serve *An*y Initial Disclosures During Discovery**

On March 24, 2022, the Court entered its Case Management and Pretrial Order, setting a fact discovery deadline of December 23, 2022.  Docket No. 28.  On June 17, 2022, the parties filed an initial case management statement including that "[b]oth parties are still accumulating documentation and will exchange all initial disclosure materials by July 16, 2022."  Docket No. 39 at 2-3.

Target did not serve disclosures on July 16, 2022, although it had by that time already deposed Mr. Jackson.  *See* Docket No. 92 at 3.  Target proceeded to serve and respond to written discovery in August and September 2022 (*e.g*., Ex. C, D, E), but failed to make any initial disclosures during the discovery period.

**C.    Mr. Jackson Requests Depositions of Any Target Witnesses; Target Refuses**

On December 11, 2022, before the close of fact discovery, and without the benefit of Target's Rule 26 disclosures, Mr. Jackson filed motion papers titled "Motion to Take Deposition of Defendant," seeking depositions of Target and "'ALL' the Defendant's (Target Corporation) Witnesses."  Docket No. 54.  In that motion, Mr. Jackson made a separate request for appointment of counsel.  *Id*.  On December 13, 2022, Mr. Jackson filed an amended motion, adding his request to depose "'The Security Team' responsible for the Live Video on the date of the 'ASSAULT & BATTERY.'"  Docket No. 56.

---

[1] *Id*.  In that email, Target's counsel wrote "As I understand, you are a licensed attorney."  This is incorrect.  Mr. Jackson is not an attorney and has no legal education.  *See* Ex. K at 12:22 to 13:9.

Target filed its opposition to Mr. Jackson's motion concerning depositions on December 21, 2022, two days before the close of fact discovery, and moved for sanctions against Mr. Jackson for filing it. Docket No. 59. Target objected to Mr. Jackson's *pro se* papers on wholly technical grounds: Target argued that the motion should be denied, and indeed Mr. Jackson should be subject to sanctions, because Mr. Jackson failed to comply with the local rules concerning the form and format of noticed motions. *See* Docket No. 59 at 4 (Plaintiff "failed to properly notice a duly noticed motion" . . . "failed to provide points and authorities in support of the motion in compliance with Civil L.R 7-4(a)" . . . "did not provide a proposed order . . ."). Target's only "substantive" arguments in response to the motion were similarly punctilious:

> Plaintiff failed to ever notice any depositions or provide the identity of who Plaintiff intends to depose. Plaintiff cannot do so now as non-expert discovery is set to close on December 23, 2023.

*Id*. at 2. Target omitted that it *had not served any initial disclosures or identified any witness to date*. And Target did not—because it could not—suggest that it had attempted to confer with Mr. Jackson regarding the depositions he requested in his filing of nearly two weeks prior: a deposition of Target, depositions of any Target witnesses, as well as a deposition of the security personnel responsible for the videos Target had failed to produce.

On December 26, 2022, Mr. Jackson filed an opposition to Target's request for sanctions, repeating his request to depose Target's witnesses:

> Plaintiff clearly state that he intends to depose all Defendant witnesses including Security Team responsible for the live Video. Plaintiffs need to depose all Defendant witnesses because none were present at the Assault and Battery that can be seen on live Camera and Plaintiff believes Defendant tampered with the Live Video.

Docket No. 60 at 2; *see also id.* at 3 ("Plaintiff is willing to give the Defendants more time to depose all witnesses and Security Team who oversees the live video. Plaintiff's is acting in good faith and only objective is to seek the truth by deposing the witnesses."), *id.* ("Plaintiff is willing to meet and confer with Defendant anytime to arrange a meeting that suits the defendants time to depose the Defendants witnesses."), 4 ("Plaintiff is willing to meet and confer at the earliest date to depose Defendant's witnesses").

Fact discovery closed on December 23, 2022.  Docket No. 28.  On December 29, 2022, the Court denied Mr. Jackson's motions, and ordered the parties to confer regarding remaining discovery disputes under the Court's usual procedures.  Docket No. 61.

On January 17, 2023, Mr. Jackson emailed Target's counsel to initiate that conference.  Ex. G.  In his email, Mr. Jackson suggested the parties exchange Rule 26 disclosures, evidently reminding Target's counsel of its duty to disclose witnesses under the Federal Rules.  *Id*.

Only on January 23, 2023, a month *after* the close of discovery, did Target purport to serve its first set of "pre-discovery Initial Disclosures," identifying for the first time seven individuals as likely to have relevant information.  Ex. M.

Notwithstanding its untimely disclosure, Mr. Jackson emailed counsel for Target on the same date, January 23, 2023, writing that "I would like to arrange with you to take depositions on all your witnesses."  Ex. H.  The next day, on January 24, 2023, Mr. Jackson again emailed counsel for Target asking to "schedule a conference time to discuss a time schedule to depose each of Target's witnesses. I will need about a 4 to 8 hours to depose each witness under oath."  Ex. I.  Target responded that discovery was closed, and told Mr. Jackson that the Court had denied his motion to compel.  Ex. J.  The parties conferred on January 26, 2023, during which Target counsel repeated that discovery was closed, and that it would not offer any deposition dates.  *See* Declaration of B. Jackson ¶ 4.  Target nevertheless proceeded to email Mr. Jackson an amended version of its untimely disclosures the very next day, adding yet another previously undisclosed witness.  Ex. Q.

## ARGUMENT

### I.     The Court Should Exclude Any Witness Target Failed to Timely Identify

"Exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush."  *Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-02954-LB, 2019 WL 2929867, at *1 (N.D. Cal. July 8, 2019), *aff'd*, 848 F. App'x 238 (9th Cir. 2021) (quoting *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014)).  "A party is not excused from making its disclosures because it has not fully investigated the case or because it

challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E). "[T]the burden is on the party facing sanctions to prove harmlessness" of the untimely disclosure. *Yeti by Molly*, 259 F.3d at 1107.

Target's failure to serve any Rule 26 disclosures during discovery—*and after opposing and seeking sanctions from this Court* in response to Mr. Jackson's *pro se* request to depose any Target witness—offends the notion of fair play. Target's failure is neither justified nor harmless, as Mr. Jackson faces an imminent trial by surprise testimony. Courts in this District have "generally excluded undisclosed witnesses." *Mendoza v. Intuitive Surgical, Inc.*, No. 18-06414, 2021 WL 1910886, at *3 (N.D. Cal. May 12, 2021) (citing *Magadia v. Wal-Mart Assocs., Inc.,* No. 17-062, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (excluding undisclosed witnesses even though they were disclosed in declarations supporting earlier briefing) & *Miranda v. U.S. Sec. Assocs., Inc.,* No. 18-0734, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019) (excluding undisclosed witnesses even though they were "equally known to [the other party]")). Target should not profit from sandbagging Mr. Jackson in discovery; the Court should exclude any Target witness from trial.

**II.    The Court Should Exclude Any Witness Target Refused to Offer for Deposition**

Although he has no legal training, Mr. Jackson articulated a clear request to depose any Target witnesses, including, specifically, witnesses responsible for security footage. Instead of conferring with Mr. Jackson to schedule time for him to question its witnesses, Target opposed Mr. Jackson's motion on purely procedural grounds and further sought sanctions against him. *See supra* Docket No. 59. And although it had not timely disclosed a single witness, Target denied Mr. Jackson the opportunity to depose anyone on its late-breaking list. *Id*. Mr. Jackson would be gravely prejudiced by Target's introduction of witnesses for the first time during an agreed two-day trial.

### CONCLUSION

For the foregoing reasons, the Court should exclude Target from introducing any witnesses that were not disclosed during discovery.

Date:   January 16, 2024                                    Respectfully submitted,

                                                            _____
                                                            Erika H. Warren (State Bar No. 295570)

Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*