# EXHIBIT C

David V. Roth (State Bar No. 194648)
 *dvr@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
 *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile:  (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION (erroneously sued herein as Target – Alameda, CA)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TARGET – ALAMEDA, CA<br>2700 FIFTH ST ALAMEDA, CA,<br><br>        Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DEFENDANT TARGET CORPORATION'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BRYON JACKSON**<br><br>Action Filed:    August 24, 2021 |

PROPOUNDING PARTY:   Defendant TARGET CORPORATION

RESPONDING PARTY:      Plaintiff BRYON JACKSON

SET NO.:                             One

Pursuant to Rule 34, of the Federal Rules of Civil Procedure, Defendant Target Corporation demands that Plaintiff BRYON JACKSON produce and permit Defendant Target Corporation to inspect and to copy the following documents, and to inspect and to photograph, test, or sample the following tangible things, that are in Plaintiff BRYON JACKSON'S possession, custody, or control.

The production and inspection shall take place at Manning & Kass, Ellrod,

Ramirez, Trester LLP, 801 S. Figueroa Street, 15th Floor, Los Angeles, California 90017-3012, within 30 days of the date of service of these requests, unless other mutually agreeable arrangements are made between counsel of record, and shall continue for so long as may be reasonably required.

## DEFINITIONS

A. "YOU", "YOUR", or "PLAINTIFF" means and refers to BRYON JACKSON; however, when documentation or knowledge in your possession or under your control is requested, "YOU" and "PLAINTIFF" also refers to responding party, and all her past and present agents, employees, attorneys, and consultants and any other person or entity formerly or presently acting on responding party's behalf in any way in connection with the instant action.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in Section 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and

telecopies, and audiotapes.  Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term.  DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.  DOCUMENTS expressly include all ELECTRONIC RECORDS.

   C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment.  ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal.  ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

   D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,

conferences, messages, notes or seminars.

  E. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

  F. "DEFENDANT" shall mean Defendant Target Corporation.

  G. "HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

  H. "INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

  I. "TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

  J. "PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501

## DEMANDS FOR PRODUCTION

**DEMAND FOR PRODUCTION NO. 1:**

  Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR cause of action for Assault and Battery.

**DEMAND FOR PRODUCTION NO. 2:**

  Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET negligently maintained the PROPERTY on the date of the INCIDENT so as to cause YOU injury.

**DEMAND FOR PRODUCTION NO. 3:**

  Any and all statements of witnesses regarding the INCIDENT.

/ / /

**DEMAND FOR PRODUCTION NO. 4:**

Any and all reports discussing or describing any inspections made of the premises where the alleged INCIDENT occurred.

**DEMAND FOR PRODUCTION NO. 5:**

Any and all reports discussing or describing the alleged INCIDENT.

**DEMAND FOR PRODUCTION NO. 6:**

Any and all photographs or video recordings depicting the scene of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 7:**

Any and all photographs or video of the injuries which YOU sustained as a result of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 8:**

All invoices, statements, bills, or other DOCUMENTS evidencing expenditures made by YOU for medical diagnosis or treatment which YOU claim resulted from the INCIDENT.

**DEMAND FOR PRODUCTION NO. 9:**

All medical reports from all HEALTH CARE PROVIDERS supporting, evidencing, or relating to YOUR alleged injuries as a result of INCIDENT.

**DEMAND FOR PRODUCTION NO. 10:**

If YOU are making a claim for damages related to future medical treatment resulting from the INCIDENT, please produce any and all DOCUMENTS supporting, evidencing or relating to YOUR expected need for medical treatment.

**DEMAND FOR PRODUCTION NO. 11:**

If YOU are making a claim for lost earnings and/or wages resulting from the INCIDENT, produce any and all DOCUMENTS supporting, evidencing or relating to YOUR loss of earnings and/or wages including, but not limited to, wage verifications.

/ / /

**DEMAND FOR PRODUCTION NO. 12:**

If YOU are making a claim for loss of earning capacity resulting from the INCIDENT, produce any and all DOCUMENTS supporting, evidencing or relating to YOUR earning capacity including, but not limited to, DOCUMENTS relating to earnings and/or wages, copies of diplomas or licenses, resumes or curriculum vitae identifying YOUR educational background and/or work experience.

**DEMAND FOR PRODUCTION NO. 13:**

If YOU are making a claim for future loss of earnings or earning capacity resulting from the INCIDENT, please produce any and all DOCUMENTS supporting, evidencing or relating to YOUR expected loss of earning capacity.

**DEMAND FOR PRODUCTION NO. 14:**

Any and all medical reports, invoices, and reports from any and all HEALTH CARE PROVIDERS of any injuries sustained by YOU in the past 10 years.

**DEMAND FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS evidencing, supporting, or relating to any injury claims YOU made in the past 10 years, including, but not limited to, any and all workers compensation or personal injury claims.

**DEMAND FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS in your possession evidencing, supporting or regarding any other lawsuits filed by YOU in the past 10 years.

**DEMAND FOR PRODUCTION NO. 17:**

Any and all transcripts of YOUR depositions taken with regard to any other lawsuits filed in the past 10 years.

**DEMAND FOR PRODUCTION NO. 18:**

All medical reports discussing or describing injuries allegedly sustained by YOU in any other lawsuit, workers compensation claim, or other claim for personal injury in the past 10 years.

/ / /

**DEMAND FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS regarding payments and/or claims made by any insurance company to YOU with regard to any injury allegedly sustained by YOU in the past 10 years.

**DEMAND FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS evidencing any felony proceedings YOU have faced in any and all jurisdictions.

**DEMAND FOR PRODUCTION NO. 21:**

If you are making a claim for emotional distress above and beyond your physical injuries, as a result of your injuries, please produce all documents describing your claim of emotional distress.

**DEMAND FOR PRODUCTION NO. 22:**

If YOU completed a purchase with TARGET on the date of the INCIDENT, please produce any and all DOCUMENTS supporting, evidencing or relating to this purchase.

**DEMAND FOR PRODUCTION NO. 23:**

The shoes, sandals or other footwear that YOU were wearing when YOU went to the PROPERTY on the date of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 24:**

Any and all photographs depicting the shoes, sandals or other footwear that YOU were wearing when YOU went to the PROPERTY on the date of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 25:**

Any and all photographs or video recordings depicting any condition that YOU contend caused or contributed to the INCIDENT.

**DEMAND FOR PRODUCTION NO. 26:**

Any and all correspondence between YOU and any of the treating, consulting, or practicing HEALTH CARE PROVIDERS concerning YOUR alleged injuries as

a result of the INCIDENT.  This request includes, but is not limited to, any requests for copies of medical records, the responses to such requests, prescriptions, letters of appointments, letters for follow-up treatment, letters of referral, letters for consultation, letters for hospitalization, letters of billing, letters of collection, or any personal correspondence.

**DEMAND FOR PRODUCTION NO. 27:**

Any and all radiological films, studies or photographs in YOUR possession, custody, or control that may be involved in the alleged INCIDENT.

**DEMAND FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS that refer or relate to, or support, any damages you claim to have sustained as a result of the INCIDENT and/or any act, omission or conduct by TARGET.

**DEMAND FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS that refer or relate to any disability benefits or other similar benefits of any sort that you applied for and/or received and/or any disability proceeding of any sort to which you were a party within the past 10 years.

**DEMAND FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS that refer to or concern any permanent disability that you contend to have suffered as a result of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS not previously produced, upon which you intend to rely to prove liability against TARGET.

**DEMAND FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS not previously produced, upon which you intend to rely to prove the alleged damages that you are seeking in this action.

**DEMAND FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS reflecting any injury that YOU have had to any part of YOUR body that required medical care over the past 10 years.

**DEMAND FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS reflecting medical treatment that YOU have received over the past 10 years.

**DEMAND FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET's employee assaulted YOU on the PROPERTY on the date of the INCIDENT so as to cause YOU injury.

DATED: August 5, 2022      **MANNING & KASS**
                                          **ELLROD, RAMIREZ, TRESTER LLP**

By: _____
David V. Roth
Gabriella Pedone
Attorneys for Defendant,
TARGET CORPORATION (erroneously sued herein as Target – Alameda, CA)

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 5, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BRYON JACKSON** on the interested parties in this action as follows:

## **SEE ATTACHED SERVICE LIST**

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2022, at Los Angeles, California.

*Julie Contreras*

Julie Contreras

---

1

Case No. 3:21-cv-08458-LB

**DEFENDANT TARGET CORPORATION'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BRYON JACKSON**

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                              **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com