# EXHIBIT D

David V. Roth (State Bar No. 194648)
*dvr@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
*gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile:  (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION (erroneously
sued herein as Target – Alameda, CA)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>TARGET – ALAMEDA, CA<br>2700 FIFTH ST ALAMEDA, CA,<br><br>  Defendant. | Case No. 3:21-cv-08458-LB<br><br>(State Court Case No. RG21110499)<br><br>**DEFENDANT TARGET CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF BRYON JACKSON**<br><br>Action Filed:   August 24, 2021 |

PROPOUNDING PARTY: Defendant TARGET CORPORATION

RESPONDING PARTY:  Plaintiff BRYON JACKSON

SET NO.:    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant TARGET CORPORATION request that Plaintiff BRYON JACKSON answer the following interrogatories.

## **DEFINITIONS**

A. "YOU", "YOUR", or "PLAINTIFF" means and refers to BRYON JACKSON; however, when documentation or knowledge in your possession or under your control is requested, "YOU" and "PLAINTIFF" also refers to responding

party, and all her past and present agents, employees, attorneys, and consultants and any other person or entity formerly or presently acting on responding party's behalf in any way in connection with the instant action.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in Section 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations,

marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment.  ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal.  ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

      D.      "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

      E.      "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

      F.      "DEFENDANT" shall mean Defendant Target Corporation.

      G.      "HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

3
**DEFENDANT TARGET CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF BRYON JACKSON**

H. "INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

I. "TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

J. "PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501.

## SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe with specificity how YOU contend the alleged INCIDENT occurred.

**INTERROGATORY NO. 2:**

Describe with specificity the nature and types of injuries YOU sustained as alleged in YOUR Complaint.

**INTERROGATORY NO. 3:**

State each fact which supports YOUR contention that TARGET CORPORATION negligently maintained the PROPERTY, or any part of it, on the date of the INCIDENT so as to cause YOU injury.

**INTERROGATORY NO. 4:**

Do YOU contend that YOU are entitled to emotional distress damages above and beyond YOUR alleged physical injuries as a result of the INCIDENT?

**INTERROGATORY NO. 5:**

If YOU contend YOU are entitled to emotional distress damages above and beyond YOUR alleged physical injuries, state all facts to support YOUR claim for emotional distress damages.

**INTERROGATORY NO. 6:**

If YOU contend YOU are entitled to emotional distress damages above and beyond YOUR alleged physical injuries, IDENTIFY every DOCUMENT that YOU contend supports your claim for emotional distress damages.

**INTERROGATORY NO. 7:**

Set forth with particularity where the INCIDENT occurred on the PROPERTY.

**INTERROGATORY NO. 8:**

State each condition or defect on the PROPERTY which YOU contend caused the INCIDENT.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON who has knowledge of any injuries that YOU allege that YOU sustained as a result of the INCIDENT.

**INTERROGATORY NO. 10:**

IDENTIFY each DOCUMENT that supports any claim for damages YOU seek to recover as a result of the INCIDENT.

**INTERROGATORY NO. 11:**

If YOU contend that TARGET had actual or constructive notice that a defective or dangerous condition existed on the PROPERTY at time of the INCIDENT, state all facts supporting said contention.

**INTERROGATORY NO. 12:**

If YOU contend TARGET had actual or constructive notice that a defective or dangerous condition existed on the PROPERTY at the time of the INCIDENT, IDENTIFY each PERSON with knowledge of the facts that support this contention.

**INTERROGATORY NO. 13:**

If YOU contend TARGET had actual or constructive notice that a defective or dangerous condition existed on the PROPERTY at the time of the INCIDENT, IDENTIFY each DOCUMENT that supports this contention.

**INTERROGATORY NO. 14:**

State in detail what YOU were doing at the time of the INCIDENT.

**INTERROGATORY NO. 15:**

State whether YOU are a Medicare recipient.

**INTERROGATORY NO. 16:**

If YOUR response to Interrogatory No. 15 is "yes," state YOUR Medicare Claim Number.

**INTERROGATORY NO. 17:**

State whether YOU are receiving Social Security Disability Insurance benefits.

**INTERROGATORY NO. 18:**

If YOUR response to Interrogatory No. 17 is "yes," state the date on which YOU started receiving Social Security Disability Insurance benefits.

**INTERROGATORY NO. 19:**

If YOUR response to Interrogatory No. 17 is "yes," state the disabling condition which qualified YOU to receive Social Security Disability Insurance benefits.

**INTERROGATORY NO. 20:**

State whether YOU are a Medi-Cal recipient.

**INTERROGATORY NO. 21:**

If YOUR response to Interrogatory No. 20 is "yes," state YOUR Medi-Cal Policy Number or Member Identification Number.

**INTERROGATORY NO. 22:**

State YOUR social security number.

**INTERROGATORY NO. 23:**

IDENTIFY every primary care physician you have seen in the past 10 years.

**INTERROGATORY NO. 24:**

IDENTIFY every HEALTH CARE PROVIDER you have seen in the past 10

years.

**INTERROGATORY NO. 25:**

If YOU contend that TARGET employee had actual intent to cause harmful or offensive contact to YOUR at time of the INCIDENT, state all facts supporting said contention.

DATED:  August 5, 2022         **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**

                               By: _____
                               David V. Roth
                               Gabriella Pedone
                               Attorneys for Defendant,
                               TARGET CORPORATION (erroneously sued herein as Target – Alameda, CA)

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 5, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF BRYON JACKSON** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2022, at Los Angeles, California.

*Julie Contreras*

Julie Contreras

---

1

**DEFENDANT TARGET CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF BRYON JACKSON**

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                         **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com

2
**DEFENDANT TARGET CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF BRYON JACKSON**