Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>**BRYON JACKSON'S MOTION *IN LIMINE* #2 TO EXCLUDE EVIDENCE CONCERNING ANY PRIOR LITIGATION INVOLVING MR. JACKSON**<br><br>Judge:    Hon. Laurel Beeler |

# INTRODUCTION

Plaintiff Bryon U. Jackson ("Mr. Jackson") respectfully seeks an order precluding Defendant Target Corporation ("Target"), its counsel, and any witnesses from mentioning, referring to, or offering any evidence or argument within the hearing of any member of the jury during *voir dire* or at any time during trial regarding previous litigation involving Mr. Jackson.

During his deposition, Target questioned Mr. Jackson concerning unrelated litigation. Then proceeding *pro se*, Mr. Jackson did not object. To the extent Target intends to introduce argument, evidence, or testimony concerning Mr. Jackson's participation as a plaintiff, defendant, or third party in litigation other than this action, it would be irrelevant to any claim or defense and highly prejudicial. In particular, the issues and facts surrounding the present case—a negligence claim stemming from his being struck by a Target shopping cart pushed by a Target employee—are distinct and wholly unrelated to any issues alleged by or against Mr. Jackson in any previous litigation. No prior litigation involving Mr. Jackson concerns Target, any claim of physical or other bodily injury, or any overlapping claim whatsoever. Target's only purpose in offering evidence of Mr. Jackson's prior litigation activity is as improper character evidence of litigiousness, which courts in this District plainly prohibit.

Mr. Jackson accordingly seeks exclusion of argument, evidence, or testimony concerning any previous litigation activity to prevent jury confusion, waste of time, and significant prejudice to Mr. Jackson.

# BACKGROUND[1]

### A. Mr. Jackson Claims Injury Related to Target's Negligence on July 8, 2021

In this action, Mr. Jackson alleges that a Target employee pushed a Target shopping cart directly into his person, causing him injury. The parties agree that all claims to be tried, and their supporting facts and circumstances, are confined to this single incident.

//
//
//

---

[1] To avoid burdening the Court with repetition, Plaintiff includes a more fulsome procedural history in his Motion in Limine No. 1, filed concurrently herewith.

**B.      No Prior Litigation By Mr. Jackson Involves Any Claim of Bodily Injury, Any Claim Against Defendant Target, or Any Claim of Negligence.**

Mr. Jackson has been party to litigation in the past. None of Mr. Jackson's prior litigations asserted any claim of bodily injury. *See* Ex. K at 80:14-16; 82:3-11; 83:10 to 84:2.

Likewise, as Mr. Jackson testified during his deposition, none of his prior litigations asserted any claim against Target or otherwise name Target as a party:

> Q. How many lawsuits have you filed prior to this one against Target?
> A. I have never filed any lawsuit against Target before.

*Id*. at 80:8-11. And none of his prior litigations allege any conduct related to the incident at issue here: Mr. Jackson's allegations that he was struck by a shopping cart pushed by an employee at the Alameda Target on July 8, 2021. *See id*. at 80:14-16; 82:3-11; 83:10 to 84:2.

## ARGUMENT

**I.      Mr. Jackson's Prior Litigation Activity is Irrelevant to Any Claim or Defense**

Evidence of Mr. Jackson's prior lawsuits or past grievances is inadmissible as irrelevant and likely to confuse the jury under Federal Rule of Evidence 401. Mr. Jackson's prior litigation activity does not concern any party to this action or any related injury or harm—indeed none of Mr. Jackson's prior claims concern any bodily injury whatsoever.[2] Any evidence regarding prior litigation activity by Mr. Jackson necessarily concerns entirely different parties, claims, and facts, and such evidence "will shed no light on any issue in this case." *Ohio House LLC v. City of Costa Mesa*, No. SA-191710, 2022 WL 2189541, at *2-3 (C.D. Cal. Mar. 28, 2022) (citing Fed. R. Evid. 401); *see also Barker v. Yassine*, No. 2:11-CV-00246-AC, 2016 WL 4264149, at *2 (E.D. Cal. Aug. 15, 2016) ("Evidence about plaintiff's other lawsuits is not necessary to determine damages in this case.").

//

//

---

[2] Even where courts have permitted evidence of prior alleged injuries, that evidence may only be presented without reference to any *litigation* concerning prior injuries. *Ohio House LLC v. City of Costa Mesa*, No. SA-CV-191710, 2022 WL 2189541, at *2-3 (C.D. Cal. Mar. 28, 2022) (citing Fed. R. Evid. 401) (defendant permitted to "present evidence about the nature and extent of plaintiff's previous injuries," [] "without asking him about the litigation arising from such injuries.").

**II.      Evidence Regarding Mr. Jackson's Prior Litigation Activity Would Be Highly Prejudicial**

Evidence of Mr. Jackson's prior lawsuits or past grievances is inadmissible character evidence under Federal Rule of Evidence 403 and 404.  Courts in this District routinely exclude evidence of prior lawsuits absent evidence that those lawsuits were fraudulent.  *See Henderson v. Peterson*, No. 07-2838, 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) ("[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias") (citing *Seals v. Mitchell,* No. 04-3764, 2011 WL 1399245, at *5 (N.D. Cal. April 13, 2011) (granting motion *in limine* to exclude references to plaintiff's other lawsuits or grievances)).

Target has not and cannot offer evidence that any prior litigation by Mr. Jackson was fraudulent; indeed, no court has ever found Mr. Jackson's claims to be meritless or brought in bad faith.  Target has likewise never alleged—and this Court has never been asked to consider—any claim that Mr. Jackson is a vexatious litigant.  "Even if evidence of plaintiff's other lawsuits might have some slight probative value, that value is substantially outweighed by the danger of unfair jury bias against the chronic litigant."  *Barker v. Yassine*, No. 11-246, 2016 WL 4264149, at *2 (E.D. Cal. Aug. 15, 2016).  The Court should follow established policy and precedent by excluding any evidence regarding previous litigation involving Mr. Jackson.

Date:   January 16, 2024                           Respectfully submitted,

                                                                   _____
                                                                   Erika H. Warren (State Bar No. 295570)
                                                                   Jennifer A. Kash (State Bar No. 203679)
                                                                   Francesca M. S. Germinario (State Bar No. 326208)
                                                                   WARREN KASH WARREN LLP
                                                                   2261 Market Street, No. 606
                                                                   San Francisco, California, 94114
                                                                   +1 (415) 895-2940
                                                                   +1 (415) 895-2964 facsimile
                                                                   21-8458@cases.warrenlex.com

                                                                   *Attorneys for Plaintiff Bryon Jackson*