Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>**BRYON JACKSON'S MOTION *IN LIMINE* #3 TO EXCLUDE ANY EVIDENCE TARGET WITHHELD DURING DISCOVERY**<br><br>Judge:   Hon. Laurel Beeler |

**INTRODUCTION**

Plaintiff Bryon U. Jackson ("Mr. Jackson") respectfully seeks an order precluding Defendant Target Corporation ("Target"), its counsel, and any of its witnesses from mentioning, referring to, or offering any evidence or argument within the hearing of any member of the jury during *voir dire* or at any time during trial regarding any evidence it withheld during the discovery period in this action.

While representing himself in this action, Mr. Jackson made numerous requests for production documents from Target. Target refused to provide even a single document—indeed the set of discovery in this action is null—instead offering spurious, irrelevant objections. Target cannot now circumvent the requirements of Federal Rule of Civil Procedure 26 by seeking to introduce documents or other evidence at trial that it failed to produce during discovery. Plaintiff requests an order from this Court precluding it from doing so.

**BACKGROUND[1]**

Mr. Jackson served his first set of requests for production on August 8, 2022, seeking multiple categories of documents concerning the incident and conditions of the property and specific documents including "[a]ny and all reports discussing or describing the alleged INCIDENT." Ex. L at 5. Target served its responses to Mr. Jackson's requests on September 7, 2022. Ex. E. Although Target stated that its responses were based "on diligent inquiry and investigation" (*id*. at 2), it responded that it would withhold nearly every category of documents Mr. Jackson requested, and on inappropriate grounds. For example, Mr. Jackson's request for production No. 2 sought

> Any or all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET, DID NOT negligently maintained the PROPERTY on the date of the INCIDENT to cause PLAINTIFF injury.

Ex. L at 4. Target responded, refusing to produce any documents, and stating that the request "calls for documents protected by the right of privacy, attorney-client privilege and work product doctrine, and seeks documents not reasonably calculated to lead to discovery of admissible evidence." Ex. E at 6. Likewise, Mr. Jackson's request for production No. 11 sought

---

[1] To avoid burdening the Court with repetition, Plaintiff includes a more fulsome procedural history in his Motion in Limine No. 1, filed concurrently herewith.

>Any and all photographs or video recordings depicting any condition that DEFENDANT contend did NOT caused or contributed to the INCIDENT.

Ex. L at 8. Target responded, refusing to produce any documents, and stating that the request "potentially calls for the disclosure of information and documents that are proprietary and trade secret," and "calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1." Ex. E at 14. Indeed, the only document Target agreed to produce in response to Mr. Jackson's 16 requests was "a link with the video footage that captures the incident." *See generally* Ex. E. Although the parties had stipulated as of January 2022 to "the use of the Northern District Model Protective Order" (Docket No. 16 at 2), **Target did not produce any videos, or any other document, during discovery.**

Instead, on March 16, 2023, nearly two years after Mr. Jackson's request, and three months after the close of fact discovery, in its motion for summary judgment before this Court, Target stated that it had "recovered video footage of the incident," and cited a video its counsel had uploaded to a public URL. *See* Docket No. 64 at 4-5. Source data from that URL confirms the video was uploaded on the same date:

```
▶<script>⊟</script>
  <title>7-8-2021 Guest Incident</title>
▼<script id="microdata" type="application/ld+json">
    [{"url":"https://vimeo.com/808898219/0301d79cd1","thumbnailUrl":"https://i.vimeocdn.com/video/1633995990-
    28172fff4937f494dff9bac0d45e436a35589548f4562f3b3bbbe13224e84a66-d?f=webp","embedUrl":"https://player.vimeo.com/video/80
    Incident","description":"This is &quot;7-8-2021 Guest Incident&quot; by Ed Settle on Vimeo, the home for high quality vi
    them.","height":480,"width":640,"playerType":"HTML5 Flash","videoQuality":"SD","uploadDate":"2023-03-16T20:45:13-04:00",
    04:00","thumbnail":{"@type":"ImageObject","url":"https://i.vimeocdn.com/video/1633995990-28172fff4937f494dff9bac0d45e436
    f=webp","width":1280,"height":960},"author":{"@type":"Person","name":"Ed Settle","url":"https://vimeo.com/manningkass"},
    {"@type":"ViewAction","target":"vimeo://app.vimeo.com/videos/808898219"},"duration":"PT00H14M47S","interactionStatistic"
    [{"@type":"InteractionCounter","interactionType":"http://schema.org/CommentAction","userInteractionCount":0},
    {"@type":"InteractionCounter","interactionType":"http://schema.org/LikeAction","userInteractionCount":0},
    {"@type":"InteractionCounter","interactionType":"http://schema.org/WatchAction","userInteractionCount":9}],"@type":"Vide
    {"itemListElement":[{"@type":"ListItem","position":1,"item":{"@id":"https://vimeo.com/manningkass","name":"Ed Settle"}},
    {"@id":"https://vimeo.com/manningkass/videos","name":"Videos"}}],"@type":"BreadcrumbList","@context":"http://schema.org"
</script>
```

*See* HTML source for https://vimeo.com/808898219/0301d79cd1 (last visited January 15, 2024). When it uploaded this video and used it in its summary judgment motion, Target had not produced the video to Mr. Jackson in response to any request for production—and it never did.

## ARGUMENT

Under Federal Rule of Civil Procedure 37(c), "'[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) [regarding initial disclosures], the party is not allowed

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and the court "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Garcia v. Bana*, No. 11-02047-LB, 2012 WL 2119157, at *6 (N.D. Cal. June 9, 2012) (quoting Fed. R. Civ. P. 37(c)(1)); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("Rule 37(c)(1) 'forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.'").

In addition to Target's duty of disclosure under Rule 26, Mr. Jackson generally requested numerous categories of documents from Target, and specifically requested any security videos in Target's possession. Target produced no documents during discovery, and its failure is neither substantially justified nor harmless; to the contrary, Mr. Jackson received no evidence whatsoever during discovery, and then faced a motion for summary judgment premised on a lack of evidence. *See generally* Docket No. 64. Target's failure to make a single production to Mr. Jackson is especially egregious in light of his *pro se* status throughout the discovery period. *See Sunnergren v. Cate*, No. 12-979, 2013 WL 56758 (N.D. Cal. Jan. 3, 2013) ("Discovery practice is not a contest in which counsel is permitted to take advantage of a *pro se* litigant.").

Courts in this District routinely exclude documents from being introduced as evidence at trial when those documents were not timely produced during the litigation. "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-02954-LB, 2019 WL 2929867, at *1 (N.D. Cal. July 8, 2019), *aff'd*, 848 F. App'x 238 (9th Cir. 2021) (quoting *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014)). Exclusionary sanctions are appropriate "even when a litigant's entire cause of action will be precluded." *Grouse,* No. 16-02954-LB, 2019 WL 2929867, at *1 (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)); *see also Houston v. Country Coach, Inc.*, No. 07-859, 2008 WL 926595, at *2 (N.D. Cal. Apr. 1, 2008) (finding exclusionary sanctions appropriate where records were requested but

withheld during discovery).  The Court should find the same, here, and exclude any evidence Target withheld from Mr. Jackson throughout discovery.

## CONCLUSION

For the foregoing reasons, the Court should exclude any evidence Target withheld during discovery.

Date: January 16, 2024                                       Respectfully submitted,

_____
Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*