# EXHIBIT E

1  David V. Roth (State Bar No. 194648)
    *dvr@manningllp.com*
2  Gabriella Pedone (State Bar No. 308384)
    *gap@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  One California Street, Suite 900
   San Francisco, California 94111
5  Telephone: (415) 217-6990
   Facsimile: (415) 217-6999
6
   Attorneys for Defendant, TARGET
7  CORPORATION

8              **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11 BRYON JACKSON,                          Case No. 3:21-cv-08458-LB

12            Plaintiff,

13     v.                                  **DEFENDANT TARGET**
                                           **CORPORATIONS' RESPONSE TO**
14 TARGET CORPORATION,                     **FIRST SET OF REQUESTS FOR**
                                           **PRODUCTION PROPOUNDED BY**
15            Defendant.                    **PLAINTIFF BRYON JACKSON**

16

17

18 PROPOUNDING PARTY:  Plaintiff BRYON JACKSON

19 RESPONDING PARTY:    Defendant TARGET CORPORATION

20 SET NO.:                   One

21       Pursuant to Federal Rule of Civil Procedure 34, Defendant TARGET

22 CORPORATION ("Responding Parties") submit these responses and objections to

23 the First Set of Requests for Production propounded by Plaintiff BRYON JACKSON

24 ("Propounding Party").

25 **PRELIMINARY STATEMENT**

26       Responding Parties have not completed their investigation of the facts relating

27 to this case, their discovery or their preparation for trial.  All responses and objections

28 contained herein are based only upon information that is presently available to and

specifically known by Responding Parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Parties, reflect only the current state of Responding Parties' knowledge, understanding, and belief, based upon the information reasonably available to them at this time.  As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Parties.  Moreover, Responding Parties anticipate that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Parties which may require Responding Parties to adduce further facts in rebuttal to such contentions.  Consequently, Responding Parties may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses.  Accordingly, these responses are provided without prejudice to Responding Parties' right to rely upon and use any information that they subsequently discover, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect.  Without in any way obligating themselves to do so, Responding Parties reserve the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Parties may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Parties with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action.

Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Parties' right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Parties accordingly reserve the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such interrogatory is hereby interposed.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

Responding Parties generally object to the Requests for Production as follows:

1.    Responding Parties object generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2.    Responding Parties object generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding

1  Party, while placing a wholly unwarranted burden and expense on Responding Parties

2  in locating, reviewing and producing the requested information;

3      3.      Responding Parties object generally to the Requests for Production to

4  the extent that they are burdensome and oppressive, in that ascertaining the

5  information necessary to respond to them, and to produce documents in accordance

6  therewith, would require the review and compilation of information from multiple

7  locations, and voluminous records and files, thereby involving substantial time of

8  employees of Responding Parties and great expense to Responding Parties, whereas

9  the information sought to be obtained by Propounding Party would be of little use or

10 benefit to Propounding Party;

11     4.      Responding Parties object generally to the Requests for Production to

12 the extent that they are vague, uncertain, overbroad, and without limitation as to time

13 or specific subject matter;

14     5.      Responding Parties object generally to the Requests for Production to

15 the extent that they seek information at least some of which is protected by the

16 attorney-client privilege or the attorney work-product doctrine, or both;

17     6.      Responding Parties object generally to the Requests for Production to

18 the extent that they seek to have Defendant furnish information and identify

19 documents that are a matter of the public record, and therefore are equally available

20 to the Propounding Party as they are to Responding Parties; and

21     7.      Responding Parties object generally to the Requests for Production to

22 the extent that they seek to have Responding Parties furnish information and identify

23 documents that are proprietary to Responding Parties and contain confidential

24 information.

25     Without waiver of the foregoing, Responding Parties further responds as

26

27

28

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1  follows:

2  **RESPONSES TO REQUESTS FOR PRODUCTION**

3  **REQUEST FOR PRODUCTION NO. 1:**

4      Any and All DOCUMENTS that prove, disprove, or in any way relate to or

5  support YOUR cause of action, that this INCIDENT did NOT occur.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7      Objection. This request assumes facts not in evidence and is vague and

8  ambiguous as to "YOUR cause of action."  Objection. This request is not reasonably

9  calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford

10  Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects

11  that the request is unduly burdensome, harassing, and oppressive. Objection. This

12  request is irrelevant in violation of California Code of Civil Procedure §

13  2030.030(a)(1). This demand potentially calls for the disclosure of information and

14  documents that are proprietary and trade secret.   Responding Party objects to this

15  interrogatory on the grounds that it is overbroad, burdensome, oppressive and

16  harassing as to scope and time. Objection, this request is also overly broad and not

17  reasonably calculated to lead to discovery of admissible evidence. Further, this

18  request unintelligible as Defendant did not file a cross-complaint and thus does not

19  allege any causes of action.

20      Upon information and belief: After a diligent search and reasonable inquiry,

21  Responding Party is unable to comply with this request as responsive documents are

22  not known to exist and have never been in the possession, custody or control of

23  Responding Party. Responding Party does not allege any causes of action, did not file

24  a cross-complaint  and does not allege that an incident did not occur.

25      Discovery and investigation are ongoing. Responding Party reserves the right

26  to amend and/or supplement these responses as additional information or

27  documentation becomes available.

28

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_____ Attorneys at Law _____

**REQUEST FOR PRODUCTION NO. 2:**

Any or all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET, DID NOT negligently maintained the PROPERTY on the date of the INCIDENT to cause PLAINTIFF injury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .   Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .   Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This

request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.  Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.

Objection this request calls for documents protected by the right of privacy, attorney-client privilege and work product doctrine, and seeks documents not reasonably calculated to lead to discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all statements of witnesses regarding that this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party.  Responding Party did not make a contention that an incident did not occur.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Discovery and investigation are ongoing. Responding Party reserves the right

2  to amend and/or supplement these responses as additional information or

3  documentation becomes available.

4  **REQUEST FOR PRODUCTION NO. 4:**

5    Any and all reports discussing or describing any inspections made of the

6  premises where this INCIDENT occurred.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8    Objection, this request is vague and ambiguous as to "any inspection made."

9  Objection. This request is not reasonably calculated to lead to the discovery of

10  admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841,

11  851. On these bases, Responding Party objects that the request is unduly burdensome,

12  harassing, and oppressive. Objection. This request is irrelevant in violation of

13  California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls

14  for the disclosure of information and documents that are proprietary and trade secret.

15  Responding Party objects to this interrogatory on the grounds that it is overbroad,

16  burdensome, oppressive and harassing as to scope and time. .   Further, this

17  interrogatory calls for disclosure of information which is violative of the right to

18  privacy as specified in California Constitution Article 1, Section 1. After a diligent

19  search and reasonable inquiry, Responding Party will comply with this request and

20  produce all non-privileged, responsive documents within its possession, custody and

21  control upon agreement by the parties that such documents are subject to the parties'

22  Stipulation and Protective Order.

23    Discovery and investigation are ongoing. Responding Party reserves the right

24  to amend and/or supplement these responses as additional information or

25  documentation becomes available.

26  **REQUEST FOR PRODUCTION NO. 5:**

27    Any and all reports discussing or describing the alleged INCIDENT.

28

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection, this request is vague and ambiguous as to "any inspection made." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. . Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all photographs or video recordings depicting the scene of the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection, this request is vague and ambiguous as to "any inspection made." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of

California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .   Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that6 captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all photographs or video that this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection, this request is vague and ambiguous as to "any inspection made." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad,

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.   After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing, this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "YOUR cause of action."  Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as Defendant did not file a cross-complaint and thus does not

1    allege any causes of action.

2           Upon information and belief: After a diligent search and reasonable inquiry,

3    Responding Party is unable to comply with this request as responsive documents are

4    not known to exist and have never been in the possession, custody or control of

5    Responding Party as Responding Party does not allege that an incident did not occur.

6           Discovery and investigation are ongoing. Responding Party reserves the right

7    to amend and/or supplement these responses as additional information or

8    documentation becomes available.

9    **REQUEST FOR PRODUCTION NO. 9:**

10          Any and all evidence that this INCIDENT did NOT occur.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

12          Objection. This request assumes facts not in evidence and is vague and

13   ambiguous as to "YOUR cause of action." Objection. This request is not reasonably

14   calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford

15   Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects

16   that the request is unduly burdensome, harassing, and oppressive. Objection. This

17   request is irrelevant in violation of California Code of Civil Procedure §

18   2030.030(a)(1). This demand potentially calls for the disclosure of information and

19   documents that are proprietary and trade secret.   Responding Party objects to this

20   interrogatory on the grounds that it is overbroad, burdensome, oppressive and

21   harassing as to scope and time. Objection, this request is also overly broad and not

22   reasonably calculated to lead to discovery of admissible evidence. Further, this

23   request unintelligible as Defendant did not file a cross-complaint and thus does not

24   allege any causes of action.

25          Responding Party does not allege any causes of action and does not allege that

26   an incident did not occur.

27          After a diligent search and reasonable inquiry, Responding Party will comply

28   with this request and produce all non-privileged, responsive documents within its

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
——— Attorneys at Law ———

possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS evidencing crime, robbery, violence, felony, assault and battery faced in all jurisdictions by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "evidencing crime, robbery, violence, felony assault and battery faced in all jurisdictions." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as and Defendant cannot provide a response as the request is phrased.

Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party as Responding Party does not allege any causes of action and does

1   not allege that an incident did not occur.

2       Discovery and investigation are ongoing. Responding Party reserves the right

3   to amend and/or supplement these responses as additional information or

4   documentation becomes available.

5   **REQUEST FOR PRODUCTION NO. 11:**

6       Any and all photographs or video recordings depicting any condition that

7   DEFENDANT contend did NOT caused or contributed to the INCIDENT.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9       Objection, this request is vague and ambiguous as to "any condition that

10  Defendant contend did not caused or contributed to the incident." Objection. This

11  request is not reasonably calculated to lead to the discovery of admissible evidence.

12  (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases,

13  Responding Party objects that the request is unduly burdensome, harassing, and

14  oppressive. Objection. This request is irrelevant in violation of California Code of

15  Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of

16  information and documents that are proprietary and trade secret.   Responding Party

17  objects to this interrogatory on the grounds that it is overbroad, burdensome,

18  oppressive and harassing as to scope and time. .  Further, this interrogatory calls for

19  disclosure of information which is violative of the right to privacy as specified in

20  California Constitution Article 1, Section 1.Objection, this request is unintelligible

21  and Responding Party cannot respond to this interrogatory as phrased.

22      Discovery and investigation are ongoing. Responding Party reserves the right

23  to amend and/or supplement these responses as additional information or

24  documentation becomes available.

25  **REQUEST FOR PRODUCTION NO. 12:**

26      Any and all radiological unedited films, studies or photographs in YOUR

27  possession, custody, or control that PROOF, INCIDENT did NOT occur.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection, this request is vague and ambiguous as to "Any and all radiological unedited films, studies or photographs in YOUR possession, custody, or control that PROOF, INCIDENT did NOT occur." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .   Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.Objection, this request is unintelligible and Responding Party cannot respond to this interrogatory as phrased.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS that refer or relate to, or support, any evidence DEFENDANT claim, PLAINTIFF did NOT sustain injures as a result of the INCIDENT and/or any act, omission or conduct by TARGET.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
—— Attorneys at Law ——

California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS from DEFENDANT to PROOF no INDIDENT and INJURIES occur, as in the claims against TARGET.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.

Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS to reject PLAINTIFF claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET's employee did NOT assault PLAINTIFF on the PROPERTY on the date of the INCIDENT that cause PLAINTIFF'S injury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to

1  privacy as specified in California Constitution Article 1, Section 1. Objection. This

2  request seeks Target's confidential and proprietary documents, that may be produced

3  following the Court's signing of the Stipulated Protective Order.  After a diligent

4  search and reasonable inquiry, Responding Party will comply with this request and

5  produce all non-privileged, responsive documents within its possession, custody and

6  control upon agreement by the parties that such documents are subject to the parties'

7  Stipulation and Protective Order. Pursuant to this order, Target will produce the

8  following confidential documents: a link with the video footage that captures the

9  incident.

10      Discovery and investigation are ongoing. Responding Party reserves the right

11  to amend and/or supplement these responses as additional information or

12  documentation becomes available

13

14

15  DATED:  September 7, 2022          **MANNING & KASS**

16                                     **ELLROD, RAMIREZ, TRESTER LLP**

17

18                                     By: _____/s/ Gabriella Pedone_____

19                                          David Roth

20                                          Gabriella Pedone

21                                          Attorneys for Defendant, TARGET

                                            CORPORATION

22

23

24

25

26

27

28

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR**
**PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1

## __PROOF OF SERVICE__

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S.

4   Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5       On September 7, 2022, I served true copies of the following document(s) described as
**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS**

6   **FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON** on the interested
parties in this action as follows:

7
                           **SEE ATTACHED SERVICE LIST**
8
        **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the

9   persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices.  I am readily familiar with the practice of

10  Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for
mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited

11  in the ordinary course of business with the United States Postal Service, in a sealed envelope with
postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The

12  envelope was placed in the mail at Los Angeles, California.

13      **ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the
persons at the e-mail address(es).  This is necessitated during the declared National Emergency

14  due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not
able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

15  message or other indication that the transmission was unsuccessful was received within a
reasonable time after the transmission. We will provide a physical copy, upon request only, when

16  we return to the office at the conclusion of the National Emergency.

17      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this

18  Court at whose direction the service was made.

19      Executed on September 7, 2022, at Los Angeles, California.

20

21                                   /s/ Sandra Alarcon
                                   _____
22                                   Sandra Alarcon

23

24

25

26

27

28

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                    **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com

2