# EXHIBIT L

Bryon Jackson, PRO SE

zaqw1478@hotmail.com

1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | (State Court Case No. RG21110499) |
| v. | **PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION'S** |
| TARGET – ALAMEDA, CA | |
| 2700 FIFTH ST ALAMEDA, CA, | |
| Defendant. | Action Filed:      August 24, 2021 |

PROPOUNDING PARTY: Plaintiff BRYON JACKSON

RESPONDING PARTY: Defendant TARGET CORPORATION

SET NO.:                      One

Pursuant to Rule 34, of the Federal Rules of Civil Procedure, Plaintiff

Bryon Jackson demands that Defendant Target Corporation produce and permit

Plaintiff BRYON JACKSON to inspect and to copy the following documents, and

to inspect and to photograph, test, or sample the following tangible things, that are

in Defendant TARGET CORPORATION'S possession, custody, or control.

The production and inspection shall take place at BRYON JACKSON,

1  1350 Marina Village Parkway, # 415, Alameda, California

2  94501 within 30 days of the date of service of these requests, unless other

3  mutually agreeable arrangements are made between counsel of record, and shall

4  continue for so long as may be reasonably required.

## DEFINITIONS

6      A. "YOU", "YOUR", or "DEFEDANT" means and refers to TARGET

7  CORPORATION; however, when documentation or knowledge in your possession or

8  under your control is requested, "YOU" and "DEFENDANT" also refers to responding

9  party, and all her past and present agents, employees, attorneys, and consultants and

10  any other person or entity formerly or presently acting on responding party's behalf

11  in any way in connection with the instant action.

12      B. "DOCUMENT" or "DOCUMENTS" shall mean all documents,

13  electronically stored information, and tangible things, including without limitation

14  all writings (as defined in Section 250 of the California Evidence Code) and all

15  other means of recording information, whether written, transcribed, taped, filmed,

16  microfilmed, or in any other way produced, reproduced, or recorded, and including

17  but not limited to: originals, drafts, computer-sorted and computer-retrievable

18  information, copies and duplicates that are marked with any notation or annotation

19  or otherwise differ in any way from the original, correspondence, memoranda,

20  reports, notes, minutes, contracts, agreements, books, records, checks, vouchers,

21  invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts,

22  computer disks, card files, lists of persons attending meetings or conferences,

23  sketches, diagrams, calculations, evaluations, analyses, directions, work papers,

24  press clippings, sworn or unsworn statements, requisitions, manuals or guidelines,

25  audit work papers, financial analyses, tables of organizations, charts, graphs,

26  indices, advertisements and promotional materials, audited and unaudited financial

27  statements, trade letters, trade publications, newspapers and newsletters,

28  photographs, emails, electronic or mechanical records, facsimiles, telegrams and

2                                    Case No. 3:21-cv-08458-LB

telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,

conferences, messages, notes or seminars.

E."RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

F."DEFENDANT" shall mean Defendant Target Corporation.

G."HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

H."INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

I."TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

J."PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501

## DEMANDS FOR PRODUCTION

**DEMAND FOR PRODUCTION NO. 1:**

Any and All DOCUMENTS that prove, disprove, or in any way relate to or support YOUR cause of action, that this INCIDENT did NOT occur.

**DEMAND FOR PRODUCTION NO. 2:**

Any or all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET, DID NOT negligently maintained the PROPERTY on the date of the INCIDENT to cause PLAINTIFF injury.

**DEMAND FOR PRODUCTION NO. 3:**

Any and all statements of witnesses regarding that this INCIDENT did NOT occur.

/ / /

**DEMAND FOR PRODUCTION NO. 4:**

Any and all reports discussing or describing any inspections made of the premises where this INCIDENT occurred.

**DEMAND FOR PRODUCTION NO. 5:**

Any and all reports discussing or describing the alleged INCIDENT.

**DEMAND FOR PRODUCTION NO. 6:**

Any and all photographs or video recordings depicting the scene of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 7:**

Any and all photographs or video that this INCIDENT did NOT occur.

**DEMAND FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing, this INCIDENT did NOT occur.

**DEMAND FOR PRODUCTION NO. 9:**

Any and all evidence that this INCIDENT did NOT occur.

**DEMAND FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS evidencing crime, robbery, violence, felony, assault and battery faced in all jurisdictions by Defendant.

**DEMAND FOR PRODUCTION NO. 11:**

Any and all photographs or video recordings depicting any condition that DEFENDANT contend did NOT caused or contributed to the INCIDENT.

**DEMAND FOR PRODUCTION NO. 12:**

Any and all radiological unedited films, studies or photographs in YOUR possession, custody, or control that PROOF, INCIDENT did NOT occur.

**DEMAND FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS that refer or relate to, or support, any evidence DEFENDANT claim, PLAINTIFF did NOT sustain injures as a result of the INCIDENT and/or any act, omission or conduct by TARGET.

**DEMAND FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS from DEFENDANT to PROOF no INDIDENT and INJURIES occur, as in the claims against TARGET.

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION**

**DEMAND FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS to reject PLAINTIFF claims.

**DEMAND FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET's employee did NOT assault PLAINTIFF on the PROPERTY on the date of the INCIDENT that cause PLAINTIFF'S injury.

DATED: August 8, 2022          **BRYON JACKSON,**

By: _Bryon Jackson_
_____
Bryon Jackson

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My address is 1350 Marina Village Parkway # 415, Alameda, CA 94501.

On August 8, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BRYON**

        **ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on August 8, 2022, at Alameda, California.

_Bryon Jackson_

_____
Bryon Jackson

1          Case No. 3:21-cv-08458-LB

# SERVICE LIST
## Jackson v. Target Corp; Case No. 3:21-CV-08458-LB

**Defendant**

David V. Roth (State Bar No. 194648)

dvr@manningllp.com

Gabriella Pedone (State Bar No. 308384)

gap@manningllp.com

MANNING & KASS ELLROD,

RAMIREZ, TRESTER LLP

One California Street,

Suite 900 San Francisco, California 94111

Telephone: (415) 217-6990

Facsimile: (415) 217-6999

Attorneys for Defendant,

TARGET CORPORATION (erroneously sued herein as Target – Alameda, CA)

PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TARGET CORPORATION