David V. Roth (State Bar No. 194648)
 *david.roth@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
 *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
1 California St., Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6990
Facsimile:  (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>          Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION,<br><br>          Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br><br>**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**<br><br><br>Date:   2/15/2024<br>Time:   1:00 p.m.<br>Crtrm.: B 15th Floor |

## I.     INTRODUCTION

Plaintiff's motions in limine nos. 1 and 3 are to exclude any and all witnesses and evidence on the basis that no such witnesses or evidence were ever disclosed prior to the close of discovery.  In his recitation of events, Plaintiff leaves out critical facts that belie Plaintiff's argument as the single piece of evidence Defendant intends to offer at trial, the video of the incident, and the two witnesses Defendant intends to call at trial, were identified prior to the discovery cut-off.

## II.    DISCUSSION

### A.     Witnesses

Defendant Target readily admits that, as is the same with Plaintiff, it did not serve its Initial Disclosures until after the close of discovery.  After both parties realized the error, they met and conferred and agreed to exchange disclosures on January 23, 2023. (See Exh. A to Declaration of David V. Roth In Support of Defendant Target Corporation's Opposition to Plaintiff's Motion In Limine Nos. 1, 3 herein after "Roth Decl.") After the agreement, Plaintiff requested an extension to respond which was granted. Nonetheless, as the following demonstrates, and singularly in contradiction to the multiple assertions in Plaintiff's moving papers, and contrasted by his own exhibits, Plaintiff was provided the identity of each of the witness when Plaintiff was served with timely responses to Plaintiff's first set of discovery requests, three months before the close of discovery.

Specifically, while admitting that it received Defendant's discovery responses on September 7, 2022, Plaintiff goes on to state, falsely, that the first time any witnesses were disclosed was on January 26, 2023.  However, Defendant's discovery responses, served on September 7, 2022, in response to interrogatory numbers 1, 2 and 25, identified the two witnesses Defendant intends to call at trial, specifically Kimara Smith and Shane Callanta. (See Exhibit B to Roth Decl.; see also Exh. F to Plaintiff's Motion In Limine No. 1)

///

**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**

In addition, Plaintiff fails to state the full reason for Defendant's refusal to simply provide its employees for deposition as indicated in the email correspondence of January 25, 2023 (See Exh. A to Roth Decl; see also Exhibit J to Plaintiff's Motion In Limine No. 1). As noted, counsel for Defendant cited the reasons for such, offered a meet and confer and to write a joint letter to the Court. Subsequent to that email, as Plaintiff failed to include the entire thread, counsel for Defendant sent another email to Plaintiff confirming the telephone number and counsel for Defendant sent Plaintiff a calendar entry. (See Exh. A to Roth Decl.) Counsel for Defendant called Plaintiff at the agreed upon time. Plaintiff did not answer the phone and a message was left. Notably, it has now been a year and at no time has Plaintiff addressed this issue with the Defendant or the Court.

Plaintiff further notes that counsel for Defendant threatened sanctions and an injunction against Plaintiff for attempting to obtain the information directly from Target. As the Court may recall, this issue was addressed with the Court at the initial hearing in this matter as Mr. Jackson had returned to the store several times attempting to obtain information from various employees at the store. (See Exh. A to Plaintiff's Motion In Limine No. 1). Defendant had every reasonable concern not to simply provide Plaintiff with the individual's name outside of the formal discovery process given his continuing returns to the store demanding information from employees which did not cease until it was addressed with the Court.

The failure to comply with Rule 26 is considered harmless where the party seeking the exclusion sanction nevertheless receives the information well in advance of trial such that the party is not prejudiced, see *Alliance Communications Technologies, Inc. v. AT&T Corp.*, 245 Fed.Appx. 583, 585 (9th Cir. 2007), or where the failure is inadvertent and the moving party has sufficient knowledge of the material not produced, *In re Joy Global, Inc.*, 423 B.R. 445, 453 (D. Del. 2010).

Moreover, the failure to provide the information under Rule 26(a) substantially harmless herein, as the information was disclosed well in advance of the discovery

2

**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**

cut-off.

### B.    Evidence

The only evidence Plaintiff intends to proffer at the time of trial is a single video of the incident taken in the coffee shop.  Defendant identified this video in the aforementioned discovery responses, specifically Defendant Target's Response to Plaintiff's Request for Production of Documents, Set One.  (See Exh. C to Roth Decl.; see also Exh. E to Plaintiff's Motion in Limine No. 1) Notably, with the service of the discovery responses on September 7, 2022, Defendant served Plaintiff a proposed Stipulated Protective Order to sign which, pursuant to said discovery responses, was a condition precedent for release of the video.  (See Exhibit D to Roth Decl.)  Plaintiff never signed the Protective Order.

As a reminder, on September 22, 2022 the parties participated in a Mandatory Settlement Conference.  Plaintiff was shown the video with Judge Tse present.  Not since then has the issue of the video been raised until appointed counsel requested a copy in response to which it was provided.

Plaintiff had ample opportunity to address this with the Court.  He has made numerous filing with the Court and over the past year, is familiar with filing documents with the Court, and has yet to address it in over 14 months.

DATED:  January 25, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____

David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

MANNING | KASS

**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**

# DECLARATION OF DAVID V. ROTH

I, David V. Roth, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant Target Corporation's Opposition to Plaintiff's Motions In Limine Nos. 1 and 3.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a complete thread of emails between Plaintiff Bryon Jackson and myself spanning from January 23, 2023 through January 25, 2023.

3.      Attached hereto as **Exhibit B** is a true and correct copy of Defendant Target Corporation's Responses to Plaintiff's Special Interrogatories, Set One served on September 7, 2022.

4.      On January 26, 2023, I attempted to contact Mr. Jackson at or around 2:00 p.m.. Attorney Gabrielle Pedone was also on the line. He did not answer the phone.  I left a message.  To date, he has never reached out to me or Ms. Pedone again regarding the depositions of Defendant's witnesses.

5.      Attached hereto as **Exhibit C** is a true and correct copy of Defendant Target Corporation's Response to Plaintiff's Request for Production of Documents Set One, served on September 7, 2022. to two of Defendant's employees, but this is not visible in the video.

6.      Attached hereto and **Exhibit D** is a true and correct copy of an email transmitting Defendant's Responses to Discovery and proposed Stipulated Protective Order.  At no time has Plaintiff responded to or signed the protective order.

///

///

///

**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**

MANNING | KASS

Executed on this 24th day of January, 2024, at San Francisco, California.

_____
David V. Roth

**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 and 3**

# EXHIBIT A

**Subject:** Jackson, Bryon (PC) Initial Disclosures [8352-59918]
**Date:** 1/25/2023 11:02 AM
**From:** "David V. Roth" <David.Roth@manningkass.com>
**To:** "Zaqw 1478" <zaqw1478@hotmail.com>, "Sandra I. Alarcon" <Sandra.Alarcon@manningkass.com>
**Cc:** "Gabriella Pedone" <Gabriella.Pedone@manningkass.com>, "Diana Norton" <Diana.Norton@manningkass.com>

---

**David V. Roth**
Equity Partner



One California St., Suite 900
San Francisco, CA 94111
Main: (415) 217-6990
Mobile: (415) 672-7761
David.Roth@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

***Please take note of my new email address and our new website address in my email signature above.***

---

**From:** Zaqw 1478 <zaqw1478@hotmail.com>
**Sent:** Wednesday, January 25, 2023 10:54 AM
**To:** David V. Roth <David.Roth@manningkass.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** Re: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Mr Roth,

Please call me on my cell (201)-776-4282, tomorrow @ 2:00pm.

Regards,

Bryon

**From:** David V. Roth <David.Roth@manningkass.com>

**Sent:** Wednesday, January 25, 2023 10:31 AM
**To:** 'Zaqw 1478' <zaqw1478@hotmail.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** RE: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Thank you.  What is the number we can reach you at.

**David V. Roth**
Equity Partner



One California St., Suite 900
San Francisco, CA 94111
Main: (415) 217-6990
Mobile: (415) 672-7761
David.Roth@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

***Please take note of my new email address and our new website address in my email signature above.***

**From:** Zaqw 1478 <zaqw1478@hotmail.com>
**Sent:** Wednesday, January 25, 2023 10:15 AM
**To:** David V. Roth <David.Roth@manningkass.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** Re: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Mr Roth,

Lets meet tomorrow at 2:00pm to discuss, via phone call.

Bryon

**From:** David V. Roth <David.Roth@manningkass.com>
**Sent:** Wednesday, January 25, 2023 10:02 AM
**To:** 'Zaqw 1478' <zaqw1478@hotmail.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** RE: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Mr. Jackson:

As part of the conversation, I would like to discuss your initial disclosures.  Discovery is closed, and has been

closed for more than a month.  This was part of our opposition to your Motion to Compel the deposition of the Target representative.  The Court denied your motion because you failed to comply with the dispute procedures in the Standing Orders.  I have provided to you, attached to this email, a courtesy copy of those Orders.  However, I am willing to meet and confer with you regarding the depositions and then prepare the joint letter to the Court if the issues are unresolved.

I am available at 11:00 a.m. today to discuss.  I am also available tomorrow after 2:00 p.m.

Please let me know what works and a number to reach you at.  Thank you.

**David V. Roth**
Equity Partner



One California St., Suite 900
San Francisco, CA 94111
Main: (415) 217-6990
Mobile: (415) 672-7761
David.Roth@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

*Please take note of my new email address and our new website address in my email signature above.*

**From:** Zaqw 1478 <zaqw1478@hotmail.com>
**Sent:** Tuesday, January 24, 2023 10:08 PM
**To:** David V. Roth <David.Roth@manningkass.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** Re: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Mr. Roth and Ms Pedone:

Attached is the PLAINTIFF'S FRCP 26(a) INITIAL DISCLOSURES.

Let's schedule a conference time to discuss a time schedule to depose each of Target's witnesses. I will need about a 4 to 8 hours to depose each witness under oath.

If you have any questions, please let me know.

Regards,

Bryon

---

**From:** David V. Roth <David.Roth@manningkass.com>
**Sent:** Tuesday, January 24, 2023 2:08 PM
**To:** Zaqw 1478 <zaqw1478@hotmail.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** RE: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Mr. Jackson:

The agreement was for a mutual date for exchange of disclosures for yesterday.  You did not request an extension.  We will allow this single extension so long as we are in receipt of your disclosure no later than 4:00 p.m. this Friday.

**David V. Roth**
Equity Partner



One California St., Suite 900
San Francisco, CA 94111
Main: (415) 217-6990
Mobile: (415) 672-7761
David.Roth@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

***Please take note of my new email address and our new website address in my email signature above.***

---

**From:** Zaqw 1478 <zaqw1478@hotmail.com>
**Sent:** Monday, January 23, 2023 6:52 PM
**To:** Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** David V. Roth <David.Roth@manningkass.com>; Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** Re: Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Dear Mr Roth and Ms Pedone,

I will send you the PLAINTIFF'S FRCP 26(a) INITIAL DISCLOSURES before close of business on Friday.

I would like to arrange with you to take depositions on all your witnesses.

Regards,

Bryon

---

**From:** Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Sent:** Monday, January 23, 2023 6:05 PM
**To:** zaqw1478@hotmail.com <zaqw1478@hotmail.com>
**Cc:** David V. Roth <David.Roth@manningkass.com>; Gabriella Pedone <Gabriella.Pedone@manningkass.com>; Diana Norton <Diana.Norton@manningkass.com>
**Subject:** Jackson, Bryon (PC) Initial Disclosures [8352-59918]

Attached is a copy of DEFENDANT'S FRCP 26(a) INITIAL DISCLOSURES served 01/23/2023.  Thank you.

**Sandra I. Alarcon**
Legal Assistant

 MANNING | KASS

801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900 Ext.: 2461
Sandra.Alarcon@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

*Please take note of my new email address and our new website address in my email signature above.*

# EXHIBIT B

1999  David V. Roth (State Bar No. 194648)
 *dvr@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
 *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | |
| v. | **DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON** |
| TARGET CORPORATION, | |
| Defendant. | |

PROPOUNDING PARTY:  Plaintiff BRYON JACKSON

RESPONDING PARTY:     Defendant TARGET CORPORATION

SET NO.:                          One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant TARGET CORPORATION ("Responding Parties") hereby submit these objections and responses to the First Set of Interrogatories propounded by Plaintiff BRYON JACKSON ("Propounding Party").

## PRELIMINARY STATEMENT

Responding Parties have not completed their investigation of the facts relating to this case, their discovery or their preparation for trial.  All responses and objections contained herein are based only upon information that is presently available to and

Manning & Kass
Ellrod, Ramirez, Trester LLP
*Attorneys at Law*

specifically known by Responding Parties. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Parties, reflect only the current state of Responding Parties' knowledge, understanding, and belief, based upon the information reasonably available to them at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Parties. Moreover, Responding Parties anticipate that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Parties which may require Responding Parties to adduce further facts in rebuttal to such contentions. Consequently, Responding Parties may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Responding Parties' right to rely upon and use any information that they subsequently discover, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating themselves to do so, Responding Parties reserve the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Parties may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Parties with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's interrogatories.

Each of the following responses is made solely for the purpose of this action.

Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Parties' right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Parties accordingly reserve the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such interrogatory is hereby interposed.

## GENERAL OBJECTIONS

Responding Parties generally object to the Interrogatories as follows:

1.   Responding Parties object generally to the Interrogatories to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2.   Responding Parties object generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Parties in locating,

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1  reviewing and producing the requested information;

2      3.      Responding Parties object generally to the Interrogatories to the extent
3  that they are burdensome and oppressive, in that ascertaining the information
4  necessary to respond to them would require the review and compilation of information
5  from multiple locations, and voluminous records and files, thereby involving
6  substantial time of employees of Responding Parties and great expense to Responding
7  Parties, whereas the information sought to be obtained by Propounding Party would
8  be of little use or benefit to Propounding Party;

9      4.      Responding Parties object generally to the Interrogatories to the extent
10 that they are vague, uncertain, overbroad, and without limitation as to time or specific
11 subject matter;

12      5.      Responding Parties object generally to the Interrogatories to the extent
13 that they seek information at least some of which is protected by the attorney-client
14 privilege or the attorney work-product doctrine, or both;

15      6.      Responding Parties object generally to the Interrogatories to the extent
16 that they seek to have Responding Parties furnish information that is a matter of the
17 public record, and therefore is equally available to the Propounding Party as they are
18 to Responding Parties; and

19      7.      Responding Parties object generally to the Interrogatories to the extent
20 that they seek to have Responding Parties furnish information that is proprietary to
21 Responding Parties and contain confidential information.

22      8.      Responding Parties object to the interrogatories, and to any individual
23 interrogatory set forth therein, to the extent that they are compound and constitute an
24 impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the
25 Federal Rules of Civil Procedure.

26      9.      Responding Parties expressly incorporate each of the foregoing General
27 Objections into each specific response to the requests set forth below as if set forth in
28 full therein.  An answer to a request is not intended to be a waiver of any applicable

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   specific or general objection to such request.

2   Without waiver of the foregoing, Responding Parties further responds as

3   follows:

4   **RESPONSES TO INTERROGATORIES**

5   **INTERROGATORY NO. 1:**

6   Describe with specificity how YOU contend the alleged INCIDENT did NOT

7   occurred.

8   **RESPONSE TO INTERROGATORY NO. 1:**

9   Objection. This interrogatory is vague and ambiguous as to the terms "Incident

10  did not occurred." Further objection is made on grounds that this interrogatory is

11  overly broad in scope; lacks foundation; and is unduly burdensome, oppressive, and

12  harassing. Additionally, further objection is made on grounds that this interrogatory

13  seeks confidential proprietary and/or trade secret information. Objection. This request

14  is not reasonably calculated to lead to the discovery of admissible evidence. (See

15  *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases,

16  Responding Party objects that the request is unduly burdensome, harassing, and

17  oppressive. Objection. This request is irrelevant in violation of California Code of

18  Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of

19  information and documents that are proprietary and trade secret.   Responding Party

20  objects to this interrogatory on the grounds that it is overbroad, burdensome,

21  oppressive and harassing as to scope and time. Further, this interrogatory calls for

22  disclosure of information which is violative of the right to privacy as specified in

23  California Constitution Article 1, Section 1. Subject to and without waiving the

24  foregoing objections: Defendant does not contend that an incident did not occur,

25  however, Defendant contends Plaintiff and the cart the Target employee was pushing

26  collided accidently. Specifically, on the date of the alleged incident, a Target

27  employee, Kimara Smith, was pushing a cart and was walking  by the Starbucks

28  located within the Target store, when Plaintiff was looking down at his phone and

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

walked backwards into the cart that the Ms. Smith was pushing. The cart slightly tapped Plaintiff. The Target employee apologized and Plaintiff erratically followed and cursed at the Ms. Smith. Plaintiff thereafter continued to yell and harass the Ms. Smith and said, "Are you fucking crazy, are you fucking stupid?" Plaintiff continued to yell and follow Ms. Smith around and again yelled at her, "what are you fucking stupid? What are you crazy? I am going to sue you and Target!" Despite Ms. Smith apologizing, Plaintiff continued to yell. Ms. Smith was intimidated as Plaintiff continued yelling at her and asked to speak with her manager. Ms. Smith led Plaintiff to Team Member, Mirvette Fayed, who was overseeing checkout. Plaintiff began yelling at Mirvet Fayed. He repeated that Ms. Smith was "fucking crazy and stupid." Additionally, other Target employees, Lucinda Acosta and Shane Callanta also witnessed Plaintiff's threatening erratic behavior. Responding Party contends that Plaintiff was not assaulted by a Target employee and denies that Plaintiff was injured or that any alleged assault took place. Defendant's employee did not intend to cause harmful or offensive contact to Plaintiff. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

State the full name and current address, of the Target's employee who assaulted the Defendant.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory

calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.Objection. This request seeks information potentially protected by the attorney-client privilege and attorney work product doctrines. Accident reports prepared by managers and management level employees are privileged as a matter of law. (See Payless Drug Stores Inc. v. Superior Court.

Subject to and without waiving the foregoing objections: Plaintiff was not assaulted by a Target employee. Defendant does not contend that an incident did not occur, however, Defendant contends Plaintiff and the cart the Target employee was pushing collided accidently. Specifically, on the date of the alleged incident, a Target employee was pushing a cart and was walking  by the Starbucks located within the Target store, when Plaintiff was looking down at his phone and walked backwards into the cart that the Target employee was pushing. The cart slightly tapped Plaintiff. The Target employee apologized and Plaintiff in erratically followed and cursed at the Target employee. Plaintiff thereafter continued to yell and harass the Target employee and said, "Are you fucking crazy and stupid?"  The Target employee that was pushing the cart that Plaintiff collided with is Kimara Smith, who can be reached by way of Defendant's counsel. Responding Party contends that Plaintiff was not assaulted by a Target employee and denies that Plaintiff was injured.  alleged assault took place.  Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

State the Social Security Number and Date of Birth of the Target's employee who assaulted the Defendant.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome,

harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Plaintiff was not assaulted by a Target employee. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Provide full background check details for pre-employment by Target for the Target's employee who assaulted the Defendant.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Plaintiff was not assaulted by a Target employee. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1  **INTERROGATORY NO. 5:**

2      Provide full HR Files; including employee review and any disciplinary actions

3  from Target's managers or peers for the Target's employee who assaulted the

4  Defendant.

5  **RESPONSE TO INTERROGATORY NO. 5:**

6      Objection. This request seeks information potentially protected by the attorney-

7  client privilege and attorney work product doctrines. Accident reports prepared by

8  managers and management level employees are privileged as a matter of law. (See

9  *Payless Drug Stores Inc. v. Superior Court.*  Objection. This request is not reasonably

10  calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford*

11  *Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects

12  that the request is unduly burdensome, harassing, and oppressive. Objection. This

13  request is irrelevant in violation of California Code of Civil Procedure §

14  2030.030(a)(1). This demand potentially calls for the disclosure of information and

15  documents that are proprietary and trade secret.   Responding Party objects to this

16  interrogatory on the grounds that it is overbroad, burdensome, oppressive and

17  harassing as to scope and time. Further, this interrogatory calls for disclosure of

18  information which is violative of the right to privacy as specified in California

19  Constitution Article 1, Section 1. Subject to and without waiving objections

20  Responding Party responds as follows: Plaintiff was not assaulted by a Target

21  employee and thus no disciplinary action was required. Discovery and investigation

22  are ongoing, Responding Party reserves the right to supplement this response.

23  **INTERROGATORY NO. 6:**

24      Provide all views of the un-edited "LIVE" Security Camera views for the entire

25  day, including time this incident was reported, showing the entire INDIDENT,

26  captured on security camera inside the Starbucks Coffee shop inside the Target Store.

27  **RESPONSE TO INTERROGATORY NO. 6:**

28      Objection. This request is not reasonably calculated to lead to the discovery of

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES**
**PROPOUNDED BY PLAINTIFF BRYON JACKSON**

admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections: Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order. Pursuant to this order, Target will produce the following confidential documents A link with the video footage that captured the incident.

**INTERROGATORY NO. 7:**

Provide full Criminal BACKGROUND check RECORD and Social Security Number for this employee from Target who assaulted the Defendant.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This request seeks information potentially protected by the attorney-client privilege and attorney work product doctrines. Accident reports prepared by managers and management level employees are privileged as a matter of law. (See *Payless Drug Stores Inc. v. Superior Court.* Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Plaintiff was not assaulted by a Target employee and thus no such information will be disclosed. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 8:**

Provide full Motor Vehicle Driving history RECORD for this employee from Target who assaulted the Defendant.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request seeks information potentially protected by the attorney-client privilege and attorney work product doctrines. Accident reports prepared by managers and management level employees are privileged as a matter of law. (See *Payless Drug Stores Inc. v. Superior Court.* Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Plaintiff was not assaulted by a Target employee and thus no such information will be disclosed. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1 **INTERROGATORY NO. 9:**

2      Provide TOTAL HISTORY of domestic violence, Assault and Battery for this

3 employee From Target who assaulted the Defendant.

4 **RESPONSE TO INTERROGATORY NO. 9:**

5      Objection. This request seeks information potentially protected by the attorney-

6 client privilege and attorney work product doctrines. Accident reports prepared by

7 managers and management level employees are privileged as a matter of law. (See

8 *Payless Drug Stores Inc. v. Superior Court.* Objection. This request is not reasonably

9 calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford*

10 *Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects

11 that the request is unduly burdensome, harassing, and oppressive. Objection. This

12 request is irrelevant in violation of California Code of Civil Procedure §

13 2030.030(a)(1). This demand potentially calls for the disclosure of information and

14 documents that are proprietary and trade secret.   Responding Party objects to this

15 interrogatory on the grounds that it is overbroad, burdensome, oppressive and

16 harassing as to scope and time. Further, this interrogatory calls for disclosure of

17 information which is violative of the right to privacy as specified in California

18 Constitution Article 1, Section 1. Subject to and without waiving objections

19 Responding Party responds as follows: Plaintiff was not assaulted by a Target

20 employee and thus no such information will be disclosed. Discovery and investigation

21 are ongoing, Responding Party reserves the right to supplement this response.

22 **INTERROGATORY NO. 10:**

23      IDENTIFY Full names and full contact details for everyone she committed

24 domestic violence, Assault and Battery against in the past 15 years.

25 **RESPONSE TO INTERROGATORY NO. 10:**

26      Objection. This request seeks information potentially protected by the attorney-

27 client privilege and attorney work product doctrines. Accident reports prepared by

28 managers and management level employees are privileged as a matter of law. (See

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

*Payless Drug Stores Inc. v. Superior Court.*  Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible and Responding Party does not know who Plaintiff is referring to. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

## INTERROGATORY NO. 11:

IDENTIFY and PROVIDE details for all mental and physical sickness with current treatments.

## RESPONSE TO INTERROGATORY NO. 11:

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "PROVIDE details for all mental and physical sickness with current treatments.".   Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is a corporation and thus this request is inapplicable. Responding Party does not know who Plaintiff is referring to. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 12:**

IDENTIFY and PROVIDE details for all drugs she is currently using and current treatments.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "PROVIDE details for all mental and physical sickness with current treatments.". Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible. Responding Party does not know who Plaintiff is referring to. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 13:**

If your response to Interrogatory NO. 12 is "Yes", IDENTIFY the drugs you were using and under the influence of on the day of the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "PROVIDE details for all mental and physical sickness with current treatments.".   Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible. Responding Party does not know who Plaintiff is referring to. Furthermore, Responding Party is a corporation and not an individual person, this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 14:**

State in detail what YOU were thinking at the time YOU ASSULTED me.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This request is unintelligible. Objection. This request is vague and ambiguous as to "what YOU were thinking at the time YOU ASSULTED me."

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible. Responding Party does not know who Plaintiff is referring to. Responding Party is a corporation and not an individual person, and thus cannot assault a person. This request is not applicable. Furthermore, Responding Party contends no Target employee assaulted Plaintiff.  Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 15:**

Explain why you choose to be a RACIST or how did you lean to be a RACIST?

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "why you choose to be a RACIST." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY PLAINTIFF BRYON JACKSON**

and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation and not an individual person, thus this guest is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 16:**

Explain if I am the first Black person you ASSULTED in your life and do you plan to ASSAULT more BLACK people whenever you get the chance?

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "if I am the first Black person you ASSULTED in your life ." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 17:**

Do you have any Severe Mental Illness? Explain your Severe Mental Illness?

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "any severe mental illness." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 18:**

Describe your level of education?

**RESPONSE TO INTERROGATORY NO. 18:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "level of education." Objection this request is compound. Objection.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.  Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 19:**

Describe and name all the people you bully in your life?

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "you bully in your life." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY PLAINTIFF BRYON JACKSON**

calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 20:**

Describe the personal problems you were experiencing on the day you ASSAULTED me.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "personal problems you were experiencing on the day you assaulted me." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is unable to respond to this interrogatory as phrased and it is unintelligible.. Responding Party is a corporation and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1  response.

2  **INTERROGATORY NO. 21:**

3  Do you own a firearm? Have you ever tried to kill someone before? Have you

4  ever steal anything from Target?

5  **RESPONSE TO INTERROGATORY NO. 21:**

6  Objection. This request is unintelligible. Objection, this request is vague and

7  ambiguous as to "own a firearm" and "have you ever tried to kill someone." Objection

8  this request is compound. Objection. This request is not reasonably calculated to lead

9  to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71

10  Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is

11  unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant

12  in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand

13  potentially calls for the disclosure of information and documents that are proprietary

14  and trade secret.   Responding Party objects to this interrogatory on the grounds that

15  it is overbroad, burdensome, oppressive and harassing as to scope and time. Further,

16  this interrogatory calls for disclosure of information which is violative of the right to

17  privacy as specified in California Constitution Article 1, Section 1. Subject to and

18  without waiving objections Responding Party responds as follows: Responding Party

19  is unable to respond to this interrogatory as phrased and it is unintelligible..

20  Responding Party is a corporation and not an individual person, thus this request is

21  not applicable. Discovery and investigation are ongoing, Responding Party reserves

22  the right to supplement this response.

23  **INTERROGATORY NO. 22:**

24  State YOUR social security number.

25  **RESPONSE TO INTERROGATORY NO. 22:**

26  Objection. This request is unintelligible. Objection. This request is vague and

27  ambiguous as to "social security number." Objection this request is compound.

28  Objection. This request is not reasonably calculated to lead to the discovery of

admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving objections Responding Party responds as follows: Responding Party is a corporation and not an individual person, thus this request is not applicable. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

## INTERROGATORY NO. 23:

IDENTIFY every Black people you ASSULTED in the past 15 years.

## RESPONSE TO INTERROGATORY NO. 23:

Objection. This request is unintelligible. Objection, this request is vague and ambiguous as to "every black people you assaulted." Objection this request is compound. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.  Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and

1  without waiving objections Responding Party responds as follows: Responding Party

2  is a corporation and not an individual person, thus this request is not applicable.

3  Discovery and investigation are ongoing, Responding Party reserves the right to

4  supplement this response.

5  **INTERROGATORY NO. 24:**

6      IDENTIFY every Black people you HARASSED in the past 15 years.

7  **RESPONSE TO INTERROGATORY NO. 24:**

8      Objection. This request is unintelligible. Objection, this request is vague and

9  ambiguous as to "every black people you harassed." Objection this request is

10  compound. Objection. This request is not reasonably calculated to lead to the

11  discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71

12  Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is

13  unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant

14  in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand

15  potentially calls for the disclosure of information and documents that are proprietary

16  and trade secret.   Responding Party objects to this interrogatory on the grounds that

17  it is overbroad, burdensome, oppressive and harassing as to scope and time. Further,

18  this interrogatory calls for disclosure of information which is violative of the right to

19  privacy as specified in California Constitution Article 1, Section 1. Subject to and

20  without waiving objections Responding Party responds as follows:. Responding Party

21  is a corporation and not an individual person, thus this request is not applicable.

22  Responding Party has not harassed anyone. Discovery and investigation are ongoing,

23  Responding Party reserves the right to supplement this response.

24  **INTERROGATORY NO. 25:**

25      If YOU contend that TARGET employee did NOT, intent to cause harmful or

26  offensive contact to PAINTIFF at time of the INCIDENT, state all facts supporting

27  said contention.

28

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY PLAINTIFF BRYON JACKSON**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**RESPONSE TO INTERROGATORY NO. 25:**

Objection. This interrogatory is vague and ambiguous as to the terms "Incident did not occurred." Further objection is made on grounds that this interrogatory is overly broad in scope; lacks foundation; and is unduly burdensome, oppressive, and harassing. Additionally, further objection is made on grounds that this interrogatory seeks confidential proprietary and/or trade secret information. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Subject to and without waiving the foregoing objections: Defendant does not contend that an incident did not occur, however, Defendant contends Plaintiff and the cart the Target employee was pushing collided accidently. Specifically, on the date of the alleged incident, a Target employee, Kimara Smith, was pushing a cart and was walking  by the Starbucks located within the Target store, when Plaintiff was looking down at his phone and walked backwards into the cart that the Ms. Smith was pushing. The cart slightly tapped Plaintiff. The Target employee apologized and Plaintiff erratically followed and cursed at the Ms. Smith. Plaintiff thereafter continued to yell and harass the Ms. Smith and said, "Are you fucking crazy, are you fucking stupid?" Plaintiff continued to yell and follow Ms. Smith around and again yelled at her, "what are you fucking stupid? What are you crazy? I am going to sue you and Target!" Despite Ms. Smith apologizing,  Plaintiff  continued to yell. Ms. Smith was intimidated as Plaintiff

continued yelling at her and asked to speak with her manager. Ms. Smith  led Plaintiff to Team Member, Mirvette Fayed, who was overseeing checkout. Plaintiff began yelling at Mirvet Fayed. He repeated that Ms. Smith was "fucking crazy and stupid." Additionally, other Target employees, Lucinda Acosta and Shane Callanta also witnessed Plaintiff's threatening erratic behavior.  Responding Party contends that Plaintiff was not assaulted by a Target employee and denies that Plaintiff was injured or that any alleged assault took place. Defendant's employee did not intend to cause harmful or offensive contact to Plaintiff. Discovery and investigation are ongoing, Responding Party reserves the right to supplement this response.

DATED:  September 7, 2022

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____/s/ Gabriella Pedone_____
David Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES**
**PROPOUNDED BY PLAINTIFF BRYON JACKSON**

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On September 7, 2022, I served true copies of the following document(s) described as

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF**

6

**INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON** on the interested parties in this action as follows:

7

**SEE ATTACHED SERVICE LIST**

8

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the

9

persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of

10

Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited

11

in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The

12

envelope was placed in the mail at Los Angeles, California.

13

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency

14

due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

15

message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when

16

we return to the office at the conclusion of the National Emergency.

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

18

Court at whose direction the service was made.

19

Executed on September 7, 2022, at Los Angeles, California.

20

21

/s/ Sandra Alarcon

22

Sandra Alarcon

23

24

25

26

27

28

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                    **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com

# EXHIBIT C

David V. Roth (State Bar No. 194648)
 *dvr@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
 *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | |
| v. | **DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON** |
| TARGET CORPORATION, | |
| Defendant. | |

PROPOUNDING PARTY:  Plaintiff BRYON JACKSON

RESPONDING PARTY:    Defendant TARGET CORPORATION

SET NO.:                        One

Pursuant to Federal Rule of Civil Procedure 34, Defendant TARGET CORPORATION ("Responding Parties") submit these responses and objections to the First Set of Requests for Production propounded by Plaintiff BRYON JACKSON ("Propounding Party").

**PRELIMINARY STATEMENT**

Responding Parties have not completed their investigation of the facts relating to this case, their discovery or their preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and

4893-7827-5373.1

specifically known by Responding Parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Parties, reflect only the current state of Responding Parties' knowledge, understanding, and belief, based upon the information reasonably available to them at this time.  As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Parties.  Moreover, Responding Parties anticipate that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Parties which may require Responding Parties to adduce further facts in rebuttal to such contentions.  Consequently, Responding Parties may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses.  Accordingly, these responses are provided without prejudice to Responding Parties' right to rely upon and use any information that they subsequently discover, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect.  Without in any way obligating themselves to do so, Responding Parties reserve the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Parties may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Parties with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action.

Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.  All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Parties' right to produce at trial, or otherwise, evidence regarding any subsequently discovered information.  Responding Parties accordingly reserve the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine.  To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such interrogatory is hereby interposed.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

Responding Parties generally object to the Requests for Production as follows:

1.     Responding Parties object generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2.     Responding Parties object generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding

Party, while placing a wholly unwarranted burden and expense on Responding Parties in locating, reviewing and producing the requested information;

3.    Responding Parties object generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Parties and great expense to Responding Parties, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4.    Responding Parties object generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

5.    Responding Parties object generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6.    Responding Parties object generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Parties; and

7.    Responding Parties object generally to the Requests for Production to the extent that they seek to have Responding Parties furnish information and identify documents that are proprietary to Responding Parties and contain confidential information.

Without waiver of the foregoing, Responding Parties further responds as

follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Any and All DOCUMENTS that prove, disprove, or in any way relate to or support YOUR cause of action, that this INCIDENT did NOT occur.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "YOUR cause of action." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.  Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as Defendant did not file a cross-complaint and thus does not allege any causes of action.

Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party. Responding Party does not allege any causes of action, did not file a cross-complaint  and does not allege that an incident did not occur.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_____ Attorneys at Law _____

**REQUEST FOR PRODUCTION NO. 2:**

Any or all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET, DID NOT negligently maintained the PROPERTY on the date of the INCIDENT to cause PLAINTIFF injury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This

request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.

Objection this request calls for documents protected by the right of privacy, attorney-client privilege and work product doctrine, and seeks documents not reasonably calculated to lead to discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all statements of witnesses regarding that this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party.  Responding Party did not make a contention that an incident did not occur.

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_____ Attorneys at Law _____

1       Discovery and investigation are ongoing. Responding Party reserves the right

2   to amend and/or supplement these responses as additional information or

3   documentation becomes available.

4   **REQUEST FOR PRODUCTION NO. 4:**

5       Any and all reports discussing or describing any inspections made of the

6   premises where this INCIDENT occurred.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8       Objection, this request is vague and ambiguous as to "any inspection made."

9   Objection. This request is not reasonably calculated to lead to the discovery of

10  admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841,

11  851. On these bases, Responding Party objects that the request is unduly burdensome,

12  harassing, and oppressive. Objection. This request is irrelevant in violation of

13  California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls

14  for the disclosure of information and documents that are proprietary and trade secret.

15  Responding Party objects to this interrogatory on the grounds that it is overbroad,

16  burdensome, oppressive and harassing as to scope and time. .   Further, this

17  interrogatory calls for disclosure of information which is violative of the right to

18  privacy as specified in California Constitution Article 1, Section 1. After a diligent

19  search and reasonable inquiry, Responding Party will comply with this request and

20  produce all non-privileged, responsive documents within its possession, custody and

21  control upon agreement by the parties that such documents are subject to the parties'

22  Stipulation and Protective Order.

23      Discovery and investigation are ongoing. Responding Party reserves the right

24  to amend and/or supplement these responses as additional information or

25  documentation becomes available.

26  **REQUEST FOR PRODUCTION NO. 5:**

27      Any and all reports discussing or describing the alleged INCIDENT.

28

8

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2          Objection, this request is vague and ambiguous as to "any inspection made."

3  Objection. This request is not reasonably calculated to lead to the discovery of

4  admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841,

5  851. On these bases, Responding Party objects that the request is unduly burdensome,

6  harassing, and oppressive. Objection. This request is irrelevant in violation of

7  California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls

8  for the disclosure of information and documents that are proprietary and trade secret.

9  Responding Party objects to this interrogatory on the grounds that it is overbroad,

10 burdensome, oppressive and harassing as to scope and time. .   Further, this

11 interrogatory calls for disclosure of information which is violative of the right to

12 privacy as specified in California Constitution Article 1, Section 1. After a diligent

13 search and reasonable inquiry, Responding Party will comply with this request and

14 produce all non-privileged, responsive documents within its possession, custody and

15 control upon agreement by the parties that such documents are subject to the parties'

16 Stipulation and Protective Order.

17         Discovery and investigation are ongoing. Responding Party reserves the right

18 to amend and/or supplement these responses as additional information or

19 documentation becomes available.

20 **REQUEST FOR PRODUCTION NO. 6:**

21         Any and all photographs or video recordings depicting the scene of the

22 INCIDENT.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

24         Objection, this request is vague and ambiguous as to "any inspection made."

25 Objection. This request is not reasonably calculated to lead to the discovery of

26 admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841,

27 851. On these bases, Responding Party objects that the request is unduly burdensome,

28 harassing, and oppressive. Objection. This request is irrelevant in violation of

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that6 captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all photographs or video that this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection, this request is vague and ambiguous as to "any inspection made." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad,

burdensome, oppressive and harassing as to scope and time. Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.   After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing, this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "YOUR cause of action."  Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as Defendant did not file a cross-complaint and thus does not

allege any causes of action.

Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party as Responding Party does not allege that an incident did not occur.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all evidence that this INCIDENT did NOT occur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "YOUR cause of action." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as Defendant did not file a cross-complaint and thus does not allege any causes of action.

Responding Party does not allege any causes of action and does not allege that an incident did not occur.

After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS evidencing crime, robbery, violence, felony, assault and battery faced in all jurisdictions by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request assumes facts not in evidence and is vague and ambiguous as to "evidencing crime, robbery, violence, felony assault and battery faced in all jurisdictions." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.  Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. Objection, this request is also overly broad and not reasonably calculated to lead to discovery of admissible evidence. Further, this request unintelligible as and Defendant cannot provide a response as the request is phrased.

Upon information and belief: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as responsive documents are not known to exist and have never been in the possession, custody or control of Responding Party as Responding Party does not allege any causes of action and does

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

not allege that an incident did not occur.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all photographs or video recordings depicting any condition that DEFENDANT contend did NOT caused or contributed to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection, this request is vague and ambiguous as to "any condition that Defendant contend did not caused or contributed to the incident." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.   Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1.Objection, this request is unintelligible and Responding Party cannot respond to this interrogatory as phrased.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all radiological unedited films, studies or photographs in YOUR possession, custody, or control that PROOF, INCIDENT did NOT occur.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2       Objection, this request is vague and ambiguous as to "Any and all radiological

3   unedited films, studies or photographs in YOUR possession, custody, or control that

4   PROOF, INCIDENT did NOT occur." Objection. This request is not reasonably

5   calculated to lead to the discovery of admissible evidence. (See Brokopp v. Ford

6   Motor Co. (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects

7   that the request is unduly burdensome, harassing, and oppressive. Objection. This

8   request is irrelevant in violation of California Code of Civil Procedure §

9   2030.030(a)(1). This demand potentially calls for the disclosure of information and

10  documents that are proprietary and trade secret.   Responding Party objects to this

11  interrogatory on the grounds that it is overbroad, burdensome, oppressive and

12  harassing as to scope and time. .  Further, this interrogatory calls for disclosure of

13  information which is violative of the right to privacy as specified in California

14  Constitution Article 1, Section 1.Objection, this request is unintelligible and

15  Responding Party cannot respond to this interrogatory as phrased.

16      Discovery and investigation are ongoing. Responding Party reserves the right

17  to amend and/or supplement these responses as additional information or

18  documentation becomes available.

19  **REQUEST FOR PRODUCTION NO. 13:**

20      Any and all DOCUMENTS that refer or relate to, or support, any evidence

21  DEFENDANT claim, PLAINTIFF did NOT sustain injures as a result of the

22  INCIDENT and/or any act, omission or conduct by TARGET.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24      Objection, this request is vague and ambiguous as to "any evidence Defendant

25  claim." Objection. This request is not reasonably calculated to lead to the discovery

26  of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841,

27  851. On these bases, Responding Party objects that the request is unduly burdensome,

28  harassing, and oppressive. Objection. This request is irrelevant in violation of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS from DEFENDANT to PROOF no INDIDENT and INJURIES occur, as in the claims against TARGET.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS to reject PLAINTIFF claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to

**DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON**

privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that tend to prove, disprove, or in any way relate to or support YOUR contention that TARGET's employee did NOT assault PLAINTIFF on the PROPERTY on the date of the INCIDENT that cause PLAINTIFF'S injury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection, this request is vague and ambiguous as to "any evidence Defendant claim." Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. (See *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851. On these bases, Responding Party objects that the request is unduly burdensome, harassing, and oppressive. Objection. This request is irrelevant in violation of California Code of Civil Procedure § 2030.030(a)(1). This demand potentially calls for the disclosure of information and documents that are proprietary and trade secret. Responding Party objects to this interrogatory on the grounds that it is overbroad, burdensome, oppressive and harassing as to scope and time. .  Further, this interrogatory calls for disclosure of information which is violative of the right to

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
——— Attorneys at Law ———

privacy as specified in California Constitution Article 1, Section 1. Objection. This request seeks Target's confidential and proprietary documents, that may be produced following the Court's signing of the Stipulated Protective Order.  After a diligent search and reasonable inquiry, Responding Party will comply with this request and produce all non-privileged, responsive documents within its possession, custody and control upon agreement by the parties that such documents are subject to the parties' Stipulation and Protective Order. Pursuant to this order, Target will produce the following confidential documents: a link with the video footage that captures the incident.

Discovery and investigation are ongoing. Responding Party reserves the right to amend and/or supplement these responses as additional information or documentation becomes available

DATED:  September 7, 2022          **MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Gabriella Pedone_____
David Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On September 7, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON** on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 7, 2022, at Los Angeles, California.


/s/ Sandra Alarcon
Sandra Alarcon

**SERVICE LIST**
**Jackson v. Target Corp; Case No. 3:21-CV-08458-LB**

Bryon Jackson                                    **Plaintiff, In Pro Per**
1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com

2

# EXHIBIT D

## David V. Roth

| | |
|---|---|
| **From:** | Sandra Alarcon |
| **Sent:** | Wednesday, September 7, 2022 4:17 PM |
| **To:** | zaqw1478@hotmail.com |
| **Cc:** | David Roth; Gabriella Pedone; Diana Norton |
| **Subject:** | Jackson, Bryon (PC) Discovery Responses and Stipulated Protective Order [1999-59918] |
| **Attachments:** | SROGS.01.Def. Response to Pltf. Jackson.090722.SERVED.pdf; RFP.01.Def. Response to Pltf. Jackson.090722.SERVED.df.pdf; Stipulated Protective Order JAckson v.1.docx |

To All:

Attached are copies of the following:

1. DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF BRYON JACKSON
2. DEFENDANT TARGET CORPORATIONS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF BRYON JACKSON

Served 09/07/22.  Also attached is a copy (in word) STIPULATED PROTECTIVE ORDER for your review and approval.  Thank you.

**Sandra I. Alarcon**
**Legal Assistant**

 **MANNING & KASS**
          **ELLROD, RAMIREZ, TRESTER LLP**
**801 S. Figueroa St, 15th Floor**
**Los Angeles, California 90017**
**Tel: 213.624-6900 x2461 | Fax: 213.624-6999**
**Email:** SIA@manningllp.com **| Website:** www.manningllp.com
Los Angeles | Irvine | San Diego | San Francisco | Phoenix | New York | Dallas