Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No. 3:21-cv-08458-LB <br><br> **BRYON JACKSON'S MOTION *IN LIMINE* #4 TO EXCLUDE THE VIMEO VIDEO** <br><br> Judge:   Hon. Laurel Beeler |

**INTRODUCTION**

Plaintiff respectfully seeks an order precluding Defendant Target Corporation, its counsel, and any witnesses from mentioning, referring to, or offering any evidence, testimony, or argument within the hearing of any member of the jury during *voir dire* or at any time during trial in connection with security footage Target first disclosed with its summary judgment papers, and which purports to show Mr. Jackson *after* he was struck by a Target employee with a shopping cart.[1]  Argument, evidence, or testimony concerning the security footage from after the incident is not relevant to any claim or defense, and risks jury confusion, waste of time, and significant prejudice to Mr. Jackson under Federal Rules of Evidence 401, 402, and 403.  Target further cannot authenticate the Vimeo video, and it should accordingly be excluded under Fed. R. Evid. 901.

**BACKGROUND**[2]

Although Target produced none to Mr. Jackson during discovery, there exist at least two videos showing Mr. Jackson at the Alameda Target on July 8, 2021.  One video is taken from the vantage point of the coffee shop within Target where the incident occurred (the "coffee shop video").  Ex. P.  Target's counsel showed Mr. Jackson the coffee shop video at the time of his deposition on July 8, 2022—but only off the record, and without providing him a copy.  *See* Declaration of Bryon U. Jackson ¶¶ 2, 3.  The other video (the "Vimeo video") is taken from the vantage point of the Target entrance, obstructed by several rows of shopping carts.  Target first revealed the Vimeo video three months after the close of discovery, in its summary judgment papers, cited via an unauthenticated link: https://vimeo.com/manningkass/jacksonvtarget.  *See* Docket No. 64 at 5.  The Vimeo video is roughly fifteen minutes long.  *Id*.  Over thirteen minutes of the Vimeo video contain squinting footage of Mr. Jackson conversing with a Target employee *after* the incident in question.  *Id*.  Target's summary judgment papers do not link to the coffee shop video and do not mention its existence.  *See generally* Docket No. 64.

On October 13, 2023, following their appointment by the Court, Mr. Jackson's counsel wrote to counsel for Target by way of introduction, including that "[i]n reviewing the case file, we confirmed that

---

[1] Should the Court grant Mr. Jackson's motion *in limine* no. 3 to exclude evidence Target withheld during discovery, it needn't additionally consider this motion.

[2] To avoid burdening the Court with repetition, Plaintiff includes a more fulsome procedural history in his Motion in Limine No. 1, filed concurrently herewith.

1  we do not have a copy of the video exhibit you played during Mr. Jackson's deposition." Ex. N.  Target
2  responded on October 18, 2023, by email, attaching the coffee shop video.  Ex. O.

### ARGUMENT

**I.    The Court Should Exclude the Vimeo Video Under Fed. R. Evidence 401 and 402**

The Vimeo video is irrelevant to any claim at issue, and should be excluded under Fed. R. Evidence 401 and 402, because it fails to show any evidence regarding Mr. Jackson's negligence claim: the Vimeo video instead depicts over thirteen minutes of barely-visible conversation, with no audio. The Vimeo video "has no bearing on a fact of consequence" and should thus be excluded.  *See Gardner v. Fed. Express Corp.*, No. 14-01082, 2015 WL 5821428, at *3 (N.D. Cal. Oct. 6, 2015); *see also Burke v. City of Santa Monica*, No. 09-02259, 2011 WL 13213593, at *9 (C.D. Cal. Jan. 10, 2011) (excluding video footage as irrelevant under Fed. R. Evid. 401 as the footage did not have any probative value).

**II.   The Court Should Exclude the Vimeo Video Under Fed. R. Evidence 403**

The Vimeo video should also be excluded under Fed. R. Evid. 403 because to the extent it has any probative value at all, that value is heavily outweighed by the risk of wasting time, confusing the jury, and prejudicing Mr. Jackson at trial.  The probative value of the Vimeo video is at best minimal: because of the vantage point and obstructions, the disputed incident itself is not visible, and Mr. Jackson, who can himself barely be seen, also cannot be heard.  The Vimeo video contains fifteen minutes of footage, risking a substantial waste of trial time.  And the Vimeo video presents the danger of unfair prejudice to Mr. Jackson by presenting a skewed perspective:  in the coffee shop video, one can easily see that the Target employee moved towards and eventually struck Mr. Jackson; in the Vimeo video, to the extent anything is visible at all, Mr. Jackson is visible only after having been struck with the shopping cart, which could—incorrectly—suggest to the jury that Mr. Jackson initiated the interaction.  *Compare* https://vimeo.com/manningkass/jacksonvtarget *with* Ex. P.  The Court should accordingly exclude the Vimeo video as more prejudicial than probative.  *See Brown v. City of Crescent City*, No. 18-07826, 2023 U.S. Dist. LEXIS 27882, at *2 (N.D. Cal. Feb. 19, 2023) (excluding video evidence with limited probative value under Fed. R. Evid. 403).

Although the Vimeo video fails to meaningfully depict or shed light on any disputed fact, the coffee shop video—which Target carefully avoided in its summary judgment papers—shows what Mr.

Jackson and the Target employee were doing before, during, and after Mr. Jackson was struck. To the extent Target is permitted to offer any security footage whatsoever, the Court should limit Target to the use of the coffee shop video.

### III. The Court Should Exclude the Vimeo Video Under Fed. R. Evid. 901

As set forth in plaintiff's concurrently filed motions, Target failed to produce any discovery in this action, and failed to timely disclose any witness to authenticate the Vimeo video. Target thus cannot rely on any evidence, let alone "evidence sufficient to support a finding that the item is what the proponent claims it is," to authenticate the Vimeo video, and the Court can and should exclude the Vimeo video on this basis alone. Fed. R. Evid. 901(a); s*ee also Seoul Semiconductor Co., Ltd v. Bed Bath & Beyond, Inc.*, No. 18-3837, 2022 WL 3134456, at *2 (C.D. Cal. June 2, 2022) (granting motion in limine to exclude unauthenticated documents under Fed. R. Evid. 901).

### CONCLUSION

For the foregoing reasons, the Court should exclude the Vimeo video.

Date:   January 16, 2024                    Respectfully submitted,

_____
Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*