| | |
|---|---|
| Erika H. Warren (State Bar No. 295570) | |
| Jennifer A. Kash (State Bar No. 203679) | David V. Roth (State Bar No. 194648) |
| Francesca M.S. Germinario (State Bar No. 326208) | david.roth@manningkass.com |
| | Gabriella Pedone (State Bar No. 308384) |
| WARREN KASH WARREN LLP | gabriella.pedone@manningkass.com |
| 2261 Market Street, No. 606 | MANNING & KASS ELLROD |
| San Francisco, California, 94114 | RAMIREZ, TRESTER LLP |
| +1 (415) 895-2940 | One California Street, Suite 900 |
| +1 (415) 895-2964 facsimile | San Francisco, California, 94111 |
| 21-8458@cases.warrenlex.com | +1 (415) 217-6990 |
| | +1 (415) 217-6999 facsimile |

*Attorneys for Plaintiff Bryon Jackson*

*Attorneys for Defendant Target Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | **JOINT PROPOSED PRETRIAL ORDER** |
| v. | |
| TARGET CORPORATION, | Trial Date: February 26, 2024 |
| Defendant. | |

I.  **Brief Description of Claims and Defenses to be Decided**

This is a negligence case.  The plaintiff, Mr. Bryon Jackson, visited a Target shop on July 7, 2021, at 2700 Fifth Street in Alameda, California.  Mr. Jackson claims that, during that visit, a Target employee struck him with a shopping cart, and that, as a result, he suffers ongoing pain.  Defendant disputes that Plaintiff was struck by the shopping cart and that he simply walked backward into it while Defendant's employee was pushing the cart. Defendant further disputes plaintiff suffered any injuries as a result of the incident.

Mr. Jackson filed this action in Superior Court of California, County of Alameda on August 24, 2021, proceeding *pro se*.  Target removed the action to this Court in October 2021 (Docket No. 1) and the parties proceeded through fact discovery.  On July 7, 2023, the Court granted Target's motion for summary judgment as to Mr. Jackson's assault and battery claims, but held that "the plaintiff—who is representing himself—plausibly pleads facts that, if true, establish a claim of negligence." Docket No. 80 at 1:24-25.  The Court further ordered that if Mr. Jackson "wants to proceed on his negligence claim, he can notify the court by July 13, 2023, by filing a one-page notice of his intent to do so." *Id*. 2:4-5.  On July 12, 2023, Mr. Jackson filed notice that he wished to proceed on his negligence claim.  Docket Nos. 81, 82.  On September 14, 2023, this Court appointed *pro bono* counsel for Mr. Jackson.  Docket No. 87.

Trial will proceed as to a sole claim:  Mr. Jackson's claim of negligence by Target.

II.  **Statement of Relief Sought**

Plaintiff seeks monetary damages resulting from Target's alleged negligence.

III.  **Stipulated, Undisputed Facts**

Plaintiff Bryon Jackson and Defendant Target Corporation, by and through their attorneys, stipulate as follows:

1. On August 24, 2021, plaintiff Bryon Jackson filed a complaint against defendant Target Corporation in the Superior Court of California, County of Alameda, Case No. RG21110499, seeking damages for injuries he alleges he sustained following an incident at a Target store located at 2700 5th Street, Alameda (the "Alameda Target").  Mr. Jackson alleges that a Target employee struck him with a shopping cart inside the Target store, causing him injury.  Compl. at 4.

  2. On July 8, 2021, Mr. Jackson was a customer at the Target Corporation ("Target") retail store.

  3. Ms. Kimora Smith ("Ms. Smith") was employed at Target and working at the Alameda Target on July 8, 2021.

  4. Ms. Smith was pushing a Target shopping cart at around 12:25 p.m., which collided with Mr. Jackson's person.

  5. No one other than Ms. Smith was in contact with the shopping cart just before or during its impact with Mr. Jackson.

  6. Mr. Jackson was not intentionally hit by Target employee Ms. Smith.

  7. On July 8, 2021, Mr. Jackson attempted to file an incident report with Target concerning his allegations that he was struck with a shopping cart.

  7. Neither party has retained or disclosed any expert in this case.

  8. Defendant does not contend that an incident did not occur.

  9. There are no non-party interested entities or persons.

**IV. All Disputed Facts to be Tried**

  1. The parties dispute the extent of harm to Mr. Jackson resulting from the collision.

  2. The parties dispute the amount of damages owed Mr. Jackson as a result of the incident.

  3. Mr. Jackson disputes that he was walking backwards, or that he caused the collision with the Target shopping cart because he was looking at his phone.

**V. All Disputed Legal Issues**

  1. The appropriate measure of damages for Mr. Jackson's harm.

**VI. The Parties' Stipulations**

The parties agree to the following procedure which will govern the disclosure of deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures.

  **A. Exhibits**

The parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the parties' trial exhibit lists. Except for such documents used solely for

impeachment, a party may not offer substantive documentary evidence not appearing on its exhibit list or the exhibit list of the other party, unless the Court determines that the interest of justice so warrants.

Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence, except documents used for demonstrative purposes.

### B. Use of Demonstratives At Trial

The parties will exchange by email copies of all documentary, graphic, slide, animation, boards, and any other form of Demonstratives they plan to use at trial for use in opening arguments or during direct examination—but not for cross-examination—and an identification of witnesses each such Demonstrative will be used with, by 5:00 p.m. the night before their intended use. Any Demonstratives (documentary, graphic, slide, animation, mock-ups to be created during opening statements with detail regarding their substance, and any other form of demonstratives), deposition testimony, and exhibits to be used during opening statements must also be disclosed according to this schedule. In other words, if a Demonstrative will be used on Monday, it must be exchanged or made available by 5:00 p.m. on the previous Sunday. That same evening, the parties shall exchange objections to Demonstratives by 7:00 p.m. and then meet and confer regarding all objections by 8:00 p.m. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections about Demonstratives, the objecting party will raise the objections with the Court, if possible, the morning before trial begins or resumes the day of the Demonstrative's intended use, or otherwise before the Demonstrative's use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

"Demonstratives" are specifically created for the purpose of the trial and do not include (a) the blowup (enlargement), highlighting, ballooning, etc. of trial exhibits (so long as the underlying exhibit is pre-admitted or any objections thereto have been resolved) or transcripts of testimony, (b) demonstratives previously displayed in the course of the trial. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

For clarity, Demonstratives include physical or other non-documentary demonstratives (such as poster boards, product samples, prior art sample, live product, or prior art demonstrations). Thus, photos

or electronic images of the physical demonstrative must be disclosed in accordance with the schedule and procedure set forth above, and also made available for physical inspection if requested by the opposing party. Similarly, hand-written or other demonstratives that a party plans to create during opening statements or witness direct examinations must be disclosed (by providing a description and purpose of the Demonstrative) in accordance with the schedule set forth above. Any physical Demonstratives, including any poster boards, must be made available for inspection at the same time and physical Demonstratives must also be made available for inspection at the same time along with the other demonstratives. For any demonstration involving a website or other interactive computer interface ("Website"), a working link or access to the Website with full navigation capability enabled must be provided, as well as a detailed description of the planned navigation of the Website in accordance with the schedule set forth above.

Demonstratives must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must be cleared of outstanding objections before being shown to the jury during opening or on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion in limine or other exclusionary order, regardless of whether it was previously designated by the parties.

The parties agree that Demonstratives the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. The parties further agree that, unless otherwise ordered by the Court, Demonstratives will not be admitted as evidence and will not be made available to the jury during deliberations.

The parties agree to discuss in good faith a reasonable time for exchange of previously undisclosed closing Demonstratives. For closing arguments, the parties agree that a party need not provide advance notice regarding its intent to use Demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

The parties agree that any party seeking to use a Demonstrative previously used by the opposing party shall include the previously used Demonstrative, in the format it will be used, in its Demonstratives exchanged as set forth above. To the extent a video is embedded in such Demonstrative

(e.g., a slide), the parties agree to produce a native version of the video upon request by the opposing party.

To the extent certain exhibits or Demonstratives are admissible, a party's decision not to introduce the exhibits or Demonstratives shall not be commented upon by the other party at trial.

The Parties agree to discuss in good faith a reasonable time for exchange of previously undisclosed closing Demonstratives.  For closing arguments, the Parties agree that a party need not provide advance notice regarding its intent to use Demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

## VII. The Parties' Estimate of Trial Time

The parties previously estimated trial will last for two days.  On January 19, 2024, the parties exchanged Rule 26 pretrial disclosures, in which Defendant states its intention to call four witnesses.  In view of the number of witnesses Defendant anticipates, if Defendant is permitted to offer them, the parties estimate trial time of between four and six days.

## VIII. Status of Settlement Negotiations

Counsel for the parties participated in a conference with Judge Tse earlier today, January 25, regarding settlement.  Docket No. 111.

Date:  January 25, 2024                              Respectfully submitted,

_____              /s/ Gabriella Pedone
Erika H. Warren (State Bar No. 295570)        _____
Jennifer A. Kash (State Bar No. 203679)       David V. Roth (State Bar No. 194648)
Francesca M.S. Germinario (State Bar          david.roth@manningkass.com
No. 326208)                                   Gabriella Pedone (State Bar No. 308384)
WARREN KASH WARREN LLP                        gabriella.pedone@manningkass.com
2261 Market Street, No. 606                   MANNING & KASS ELLROD
San Francisco, California, 94114              RAMIREZ, TRESTER LLP
+1 (415) 895-2940                             One California Street, Suite 900
+1 (415) 895-2964 facsimile                   San Francisco, California, 94111
21-8458@cases.warrenlex.com                   +1 (415) 217-6990
                                              +1 (415) 217-6999 facsimile

*Attorneys for Plaintiff Bryon Jackson*          *Attorneys for Defendant Target Corporation*