Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca Miki Shima Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRYON JACKSON, | ) | Case No. 3:21-cv-08458-LB |
| Plaintiff, | ) | |
| | ) | **PROPOSED JOINT JURY** |
| v. | ) | **INSTRUCTIONS** |
| | ) | |
| TARGET CORPORATION, | ) | **<u>Trial</u>** |
| | ) | Date:        February 26, 2024 |
| Defendant. | ) | Time:        8:30 a.m. |
| | ) | Courtroom:   Courtroom B–15th Floor |
| _____ | ) | |

# TABLE OF CONTENTS

COVER SHEET.................................................................................................................3

STIPULATED FORM INSTRUCTIONS:  NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2017 ED.)............................................................................................4

STIPULATED FORM INSTRUCTIONS:  CALIFORNIA CIVIL JURY INSTRUCTIONS (2023 ED.)...............4

STIPULATED INSTRUCTION NO. 1: JURY CHARGE..................................................... 6

STIPULATED INSTRUCTION NO. 1.1: CLAIMS AND DEFENSES.....................................7

STIPULATED INSTRUCTION NO. 1.2:  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE............................................................................................................8

STIPULATED INSTRUCTION NO. 1.3: WHAT IS EVIDENCE............................................. 9

STIPULATED INSTRUCTION NO. 1.4: WHAT IS NOT EVIDENCE.................................. 10

STIPULATED INSTRUCTION NO. 1.5:  EVIDENCE FOR LIMITED PURPOSE.................. 11

STIPULATED INSTRUCTION NO. 1.6: DIRECT AND CIRCUMSTANTIAL EVIDENCE............................ 12

STIPULATED INSTRUCTION NO. 1.7: RULING ON OBJECTIONS.................................. 13

STIPULATED INSTRUCTION NO. 1.8 CREDIBILITY OF WITNESSES............................. 14

STIPULATED INSTRUCTION NO. 1.9: CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY......................................................................... 15

STIPULATED INSTRUCTION NO. 1.10:  NO TRANSCRIPT AVAILABLE TO JURY..................................... 17

STIPULATED INSTRUCTION NO. 1.11: TAKING NOTES.................................................. 18

STIPULATED INSTRUCTION NO. 1.12 BENCH CONFERENCES AND RECESSES.................................19

STIPULATED INSTRUCTION NO. 2.1: STIPULATIONS OF FACT....................................20

STIPULATED INSTRUCTION NO. 2.2: JUDICIAL NOTICE (IF ANY)............................... 21

STIPULATED INSTRUCTION NO. 2.3: IMPEACHMENT EVIDENCE............................... 22

STIPULATED INSTRUCTION NO. 2.4: USE OF INTERROGATORIES OF A PARTY (IF APPLICABLE).... 23

STIPULATED INSTRUCTION NO. 3.1:  DUTY OF JURY..................................................24

STIPULATED INSTRUCTION NO. 4.1: NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS.....................25

STIPULATED INSTRUCTION NO. 4.2: BASIC STANDARD OF CARE...............................26

STIPULATED INSTRUCTION NO. 4.3: CAUSATION—SUBSTANTIAL FACTOR....................................... 27

STIPULATED INSTRUCTION NO. 4.4: UNUSUALLY SUSCEPTIBLE PLAINTIFF.........................28

STIPULATED INSTRUCTION NO. 4.5: INTRODUCTION TO VICARIOUS RESPONSIBILITY.................. 29

STIPULATED INSTRUCTION NO. 4.6: TORT LIABILITY ASSERTED AGAINST PRINCIPAL - ESSENTIAL FACTUAL ELEMENTS...........................................................................30

STIPULATED INSTRUCTION NO. 4.7: SCOPE OF EMPLOYMENT............................... 31

STIPULATED INSTRUCTION NO. 5.1: INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED.................................................................................................................32

STIPULATION REGARDING INTRUCTION NOS. 5.2, 5.3, 5.4................................ 33

PLAINTIFF INSTRUCTION NO. 5.2: MEDICAL EXPENSES—PAST AND FUTURE (ECONOMIC DAMAGE)....................................................................................35

PLAINTIFF INSTRUCTION NO. 5.3: PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)....36

PLAINTIFF INSTRUCTION NO. 5.4: LOST EARNING CAPACITY (ECONOMIC DAMAGE)....................37

STIPULATED INSTRUCTION NO. 5.5:  PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS.......................................................................................38

STIPULATED INSTRUCTION NO. 5.6: NO PUNITIVE DAMAGES.................................39

STIPULATED INSTRUCTION NO. 5.7:  MITIGATION OF DAMAGES (PERSONAL INJURY)...................40

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED INSTRUCTION NO. 5.8: COMPARATIVE
FAULT OF PLAINTIFF—GENERAL VERDICT.................................................................41
STIPULATED INSTRUCTION NO. 6.1: DUTY TO DELIBERATE.....................................42
STIPULATED INSTRUCTION NO. 6.2: COMMUNICATION WITH COURT......................43
STIPULATED INSTRUCTION NO. 6.3: RETURN OF VERDICT.......................................44

**1.0  COVER SHEET**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYON JACKSON, | ) | Case No. 3:21-cv-08458-LB |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
|    Defendant. | ) | |
| _____ | ) | |

**JURY INSTRUCTIONS**

DATED: _____

_____

UNITED STATES MAGISTRATE JUDGE

**Stipulated Form Instructions:  Ninth Circuit Manual of Model Civil Jury Instructions (2017 ed.)**

- 1.3
- 1.4
- 1.6
- 1.10
- 1.11
- 1.12
- 1.13
- 1.14
- 1.17
- 1.18
- 2.2
- 2.3
- 2.9
- 3.1
- 3.2
- 3.3
- 3.5

**Stipulated Form Instructions:  California Civil Jury Instructions (2023 Ed.)**

- 209
- 400
- 401
- 430
- 3700
- 3701
- 3720
- 3900

1

- 3905A

2

- 3924

3

- 3928

4

- 3930

5

- 3960

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **STIPULATED INSTRUCTION NO. 1: JURY CHARGE**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3 (2017 ed.) (Duty of Jury)]

**STIPULATED INSTRUCTION NO. 1.1: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Bryon Jackson asserts that defendant Target Corporation's employee negligently struck him with a shopping cart while he was inside a Target location in Alameda, California, and that he suffered damage as a result.  Mr. Jackson brings his claim under California common law.  Mr. Jackson has the burden of proving these claims.

The defendant denies those claims.

[**SOURCE**:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5 (2017 ed.) (Claims and Defenses)]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED INSTRUCTION NO. 1.2:  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (2017 ed.) (Burden of Proof—Preponderance of the Evidence)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>STIPULATED INSTRUCTION NO. 1.3: WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 (2017 ed.) (What is Evidence)]

## STIPULATED INSTRUCTION NO. 1.4: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.   Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 (2017 ed.) (What is Not Evidence)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED INSTRUCTION NO. 1.5:  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.11 (2017 ed.) (Evidence for Limited Purpose)]

## STIPULATED INSTRUCTION NO. 1.6: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12 (2017 ed.) (Direct and Circumstantial Evidence)]

PROPOSED JOINT JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 1.7: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13 (2017 ed.) (Ruling on Objections)]

## STIPULATED INSTRUCTION NO. 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14 (2017 ed.) (Credibility of Witnesses)]

**STIPULATED INSTRUCTION NO. 1.9: CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be

influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings \[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2 (2017 ed.) (Consideration of the Evidence—Conduct of the Jury)]

## STIPULATED INSTRUCTION NO. 1.10:  NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17 (2017 ed.) (No Transcript Available to Jury)]

1

## STIPULATED INSTRUCTION NO. 1.11: TAKING NOTES

2

If you wish, you may take notes to help you remember the evidence. If you do take notes, please

3

keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.

4

When you leave, your notes should be left in the courtroom. No one will read your notes. Whether or not

5

you take notes, you should rely on your own memory of the evidence. Notes are only to assist your

6

memory. You should not be overly influenced by your notes or those of other jurors.

7

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18 (2017 ed.) (Taking Notes)]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### STIPULATED INSTRUCTION NO. 1.12 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20 (2017 ed.) (Bench Conferences and Recesses)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>STIPULATED INSTRUCTION NO. 2.1: STIPULATIONS OF FACT</u>**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2 (2017 ed.) (Stipulations of Fact)]

PROPOSED JOINT JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **STIPULATED INSTRUCTION NO. 2.2: JUDICIAL NOTICE (if any)**

The court has decided to accept as proved the fact that [____]. You must accept this fact as true.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3 (2017 ed.) (Judicial Notice)]

## STIPULATED INSTRUCTION NO. 2.3: IMPEACHMENT EVIDENCE

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9 (2017 ed.) (Impeachment Evidence)]

1
2

## STIPULATED INSTRUCTION NO. 2.4: USE OF INTERROGATORIES OF A PARTY (IF APPLICABLE)

3

Before trial, each party has the right to ask the other parties to answer written questions. These

4

questions are called interrogatories. The answers are also in writing and are given under oath. You must

5

consider the questions and answers that were read to you the same as if the questions and answers had

6

been given in court.

7

**[SOURCE**: California Civil Jury Instructions, No. 209 (2023 Ed.) (Use of Interrogatories of a Party)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED INSTRUCTION NO. 3.1:  DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 (2017 ed.) (Court Reads and Provides Written Instructions at End of Case)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>STIPULATED INSTRUCTION NO. 4.1: NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS</u>**

Bryon Jackson claims that he was harmed by Target Corporation's negligence. To establish this claim, Bryon Jackson must prove all of the following:

1.  That Target Corporation was negligent;

2.  That Bryon Jackson was harmed; and

3.  That Target Corporation's negligence was a substantial factor in causing Bryon Jackson's harm.

[**SOURCE**: California Civil Jury Instructions, No. 400 (2023 ed.) (Negligence—Essential Factual Elements)]

**<u>STIPULATED INSTRUCTION NO. 4.2: BASIC STANDARD OF CARE</u>**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in plaintiff and defendants' situation.

[**SOURCE**: California Civil Jury Instructions, No. 401 (2023 ed.) (Basic Standard of Case)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED INSTRUCTION NO. 4.3: CAUSATION—SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[**SOURCE**: California Civil Jury Instructions, No. 430 (2023 ed.) (Causation—Substantial Factor)]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STIPULATED INSTRUCTION NO. 4.4: UNUSUALLY SUSCEPTIBLE PLAINTIFF

You must decide the full amount of money that will reasonably and fairly compensate plaintiff Bryon Jackson for all damages caused by the wrongful conduct of defendant Target Corporation, even if Mr. Jackson was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

[**SOURCE**: California Civil Jury Instructions, No. 3928 (2023 ed.) (Unusually Susceptible Plaintiff)]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STIPULATED INSTRUCTION NO. 4.5: INTRODUCTION TO VICARIOUS RESPONSIBILITY

One may authorize another to act on one's behalf in transactions with third persons. This relationship is called "agency." The person giving the authority is called the "principal"; the person to whom authority is given is called the "agent."

An employer is responsible for harm caused by the wrongful conduct of their employees while acting within the scope of their employment.

An employee is always responsible for harm caused by their own wrongful conduct, whether or not the employer is also liable.

[**SOURCE**: California Civil Jury Instructions, No. 3700 (2023 Ed.) (Introduction to Vicarious Responsibility)]

## STIPULATED INSTRUCTION NO. 4.6: TORT LIABILITY ASSERTED AGAINST
## PRINCIPAL - ESSENTIAL FACTUAL ELEMENTS

Plaintiff Bryon Jackson claims that he was harmed by Kimara Smith's negligence.

Bryon Jackson also claims that Defendant Target Corporation is responsible for the harm because Ms. Smith was acting as their employee when the incident occurred.

If you find that Ms. Smith's negligence harmed Mr. Jackson, then you must decide whether Target Corporation is responsible for the harm. Target Corporation is responsible if Mr. Jackson proves both of the following:

    1. That Kimara Smith was Target's employee; and

    2. That Kimara Smith was acting within the scope of her employment when she harmed Bryon Jackson

[**SOURCE**: California Civil Jury Instructions, No. 3701 (2023 Ed.) (Tort Liability Asserted Against Principal - Essential Factual Elements)]

## <u>STIPULATED INSTRUCTION NO. 4.7: SCOPE OF EMPLOYMENT</u>

Plaintiff Bryon Jackson must prove that Kimara Smith was acting within the scope of her employment when Mr. Jackson was harmed.

Conduct is within the scope of employment if:

(a) It is reasonably related to the kinds of tasks that the employee was employed to perform; or

(b) It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities.

[**SOURCE**: California Civil Jury Instructions, No. 3720 (2023 Ed.) (Scope of Employment)]

## **STIPULATED INSTRUCTION NO. 5.1: INTRODUCTION TO TORT**

## **DAMAGES—LIABILITY CONTESTED**

If you decide that plaintiff Bryon Jackson has proved his claim against defendant Target Corporation, you also must decide how much money will reasonably compensate Mr. Jackson for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by defendant Target Corporation's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff Bryon Jackson does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

[**SOURCE:** California Civil Jury Instructions, No. 3900 (2023 Ed.) (Introduction to Tort Damages—Liability Contested)]

Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M.S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

David V. Roth (State Bar No. 194648)
david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
gabriella.pedone@manningkass.com
MANNING & KASS ELLROD
RAMIREZ, TRESTER LLP
One California Street, Suite 900
San Francisco, California, 94111
+1 (415) 217-6990
+1 (415) 217-6999 facsimile

*Attorneys for Defendant Target Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| BRYON JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-08458-LB<br><br>**JOINT STIPULATION REGARDING PROPOSED JURY INSTRUCTIONS NOS. 5.2, 5.3, AND 5.4**<br><br>Trial Date: February 26, 2024 |

JOINT STIPULATION REGARDING PROPOSED JURY INSTRUCTIONS NOS. 5.2, 5.3, 5.4

Pending the Court's ruling on Defendant's Motion in Limine No. 5 to Exclude Evidence of Loss of Income and Loss of Future Earnings, the parties dispute whether the jury should be given instructions nos. 5.2, 5.3, and 5.4. The parties hereby stipulate and agree to confer in good faith regarding Plaintiff's proposed instructions nos. 5.2, 5.3, and 5.4 following this Court's ruling on that Motion.

**IT IS SO STIPULATED.**

Date:  January 25, 2024

Respectfully submitted,


*/s/ Gabriella Pedone*

Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M.S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

David V. Roth (State Bar No. 194648)
david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
gabriella.pedone@manningkass.com
MANNING & KASS ELLROD
RAMIREZ, TRESTER LLP
One California Street, Suite 900
San Francisco, California, 94111
+1 (415) 217-6990
+1 (415) 217-6999 facsimile

*Attorneys for Plaintiff Bryon Jackson*

*Attorneys for Defendant Target Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFF INSTRUCTION NO. 5.2: MEDICAL EXPENSES—PAST AND FUTURE (ECONOMIC DAMAGE)

To recover damages for past medical expenses, Plaintiff Bryon Jackson must prove the reasonable cost of reasonably necessary medical care that he has received.

To recover damages for future medical expenses, Bryon Jackson must prove the reasonable cost of reasonably necessary medical care that he is reasonably certain to need in the future.

[**SOURCE:** California Civil Jury Instructions, No. 3903A (2023 Ed.) (Medical Expenses—Past and Future (Economic Damage))]

## PLAINTIFF INSTRUCTION NO. 5.3: PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)

To recover damages for past lost earnings, plaintiff Bryon Jackson must prove the amount of earnings that he has lost to date.

To recover damages for future lost earnings, Bryon Jackson must prove the amount of earnings he will be reasonably certain to lose in the future as a result of the injury.

[**SOURCE:** California Civil Jury Instructions, No. 3903C (2023 Ed.) (Past and Future Lost Earnings (Economic Damage))]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF INSTRUCTION NO. 5.4: LOST EARNING CAPACITY (ECONOMIC DAMAGE)

To recover damages for the loss of the ability to earn money as a result of the injury, plaintiff Bryon Jackson must prove the reasonable value of that loss to him.  It is not necessary that he have a work history.

[**SOURCE:** California Civil Jury Instructions, No. 3903D (2023 Ed.) (Lost Earning Capacity (Economic Damage))]

1
2

## <u>STIPULATED INSTRUCTION NO. 5.5:  PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS</u>

3
4

Past and future physical pain, mental pain, loss of enjoyment of life, physical impairment, and inconvenience.

5
6

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

7
8
9

To recover for future physical pain and suffering, Mr. Jackson must prove that he is reasonably certain to suffer that harm.  For future physical pain, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Jackson for future pain and suffering.

10
11

[**SOURCE:** California Civil Jury Instructions, No. 3905A (2023 Ed.) (Physical Pain, Mental Suffering, and Emotional Distress)]

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED JOINT JURY INSTRUCTIONS

## <u>STIPULATED INSTRUCTION NO. 5.6: NO PUNITIVE DAMAGES</u>

You must not include in your award any damages to punish or make an example of Defendant Target Corporation.  Such damages would be punitive damages, and they cannot be a part of your verdict.  You must award only the damages that fairly compensate plaintiff Bryon Jackson for his loss.

[**SOURCE:** California Civil Jury Instructions, No. 3924 (2023 Ed.) (No Punitive Damages)]

**STIPULATED INSTRUCTION NO. 5.7:  MITIGATION OF DAMAGES (PERSONAL INJURY)**

If you decide defendant Target Corporation is responsible for the original harm, Plaintiff Bryon Jackson is not entitled to recover damages for harm that Target Corporation proves Bryon Jackson could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Bryon Jackson's efforts in light of the circumstances facing her at the time, including his ability to make the efforts or expenditures without undue risk or hardship.

If Bryon Jackson  made reasonable efforts to avoid harm, then your award should include reasonable amounts that he spent for this purpose.

[**SOURCE:** California Civil Jury Instructions, No. 3930 (2023 Ed.) (Mitigation of Damages (Personal Injury))]

PROPOSED JOINT JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED INSTRUCTION NO. 5.8: COMPARATIVE FAULT OF PLAINTIFF—GENERAL VERDICT

If you decide that plaintiff Bryon Jackson's negligence combined with defendant Target Corporation's negligence/conduct in causing Mr. Jackson's harm, then you must decide the percentage of responsibility for the harm that you attribute to each of them.

First, decide the total amount of Mr. Jackson's damages.   Then decide the percentage of responsibility that Bryon Jackson and Target Corporation have for the damages.  Then reduce the total damages by the percentage of responsibility that you attribute to Bryon Jackson.

After you make these calculations, state the reduced damage award in your verdict.

[**SOURCE:** California Civil Jury Instructions, No. 3960 (2023 Ed.) (Comparative Fault of Plaintiff—General Verdict)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>STIPULATED INSTRUCTION NO. 6.1: DUTY TO DELIBERATE</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 (2017 ed.) (Duty to Deliberate)]

**STIPULATED INSTRUCTION NO. 6.2: COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 (2017 ed.) (Communication with Court)]

## STIPULATED INSTRUCTION NO. 6.3: RETURN OF VERDICT

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom

[**SOURCE**: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5 (2017 ed.) (Return of Verdict)]