Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRYON JACKSON, | ) | Case No. 3:21-cv-08458-LB |
| | ) | |
|     Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION *IN LIMINE* #2** |
| v. | ) | **TO EXCLUDE ALL EVIDENCE AND** |
| | ) | **ARGUMENT RELATING TO** |
| TARGET CORPORATION, | ) | **PLAINTIFF'S MEDICAL TREATMENT,** |
| | ) | **MEDICAL EXPENSES OR SPECIAL** |
|     Defendant. | ) | **DAMAGES** |
| | ) | |
| | ) | Judge:    Hon. Laurel Beeler |
| _____ | ) | |

**INTRODUCTION**

Target seeks to litigate the facts of this case on a motion *in limine*.  In particular, Target argues, and submits attorney testimony, that the Court should conclude in advance of trial that Mr. Jackson is lying about his injuries.

During his deposition, Mr. Jackson testified that he was injured by the conduct of a Target employee.  Target argues that, because Mr. Jackson has not specifically produced corroborating evidence in the form of medical records, this Court should bar him from testifying at trial as to his firsthand account.  In support of its argument, Target provides a declaration which itself *confirms that the facts in question are disputed*.  Target provides no authority for its position that Mr. Jackson's testimony regarding his own injuries is inadmissible, because it is not.  The Court should deny Target's Motion.

**ARGUMENT**

**I.      Target Cannot Exclude Evidence Based on its Own Credibility Assessment**

Mr. Jackson testified and will testify that he has suffered and continues to suffer from pain as a result of his being struck by the Target shopping cart.  *See* Germinario Dec., Ex. 1 (B. Jackson Deposition) 35:11-21; 37:2-9; 38:17-22; 39:13-24; 62:13-15.  Target argues that the Court should simply discredit Mr. Jackson's testimony.  In particular, Target contends that "none of plaintiff's medical records support that there was an injury or his allegations related to the injuries as there are no medical records," and that "Plaintiff did not seek medical treatment for any his alleged injuries."  Mot. at 1.  Target then concludes that "the undisputed facts show that plaintiff did not suffer injuries after the subject incident occurred."  Mot. at 1.  Target's motion "relies on attacks regarding the witnesses' credibility, weight of the purported evidence, and factual disputes," and the Court should deny it.  *Perez v. Rash Curtis & Assocs.*, No. 16-03396, 2019 WL 1765875, at *10 (N.D. Cal. Apr. 22, 2019) (citing *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004)).  "[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts."  *Bruce*, 376 F.3d at 957.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #2 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR SPECIAL DAMAGES

Target provides no authority for its position that Mr. Jackson's testimony must be corroborated by documentary evidence to be admissible.  Plaintiff testified and will testify that he suffered injuries from the collision.  *See* Germanario Dec., Ex. 1 (B. Jackson Deposition) 35:11-21; 37:2-9; 38:17-22; 39:13-24; 62:13-15.  And Target fails to identify any undisputed facts that "show that plaintiff did not suffer injuries after the subject incident occurred."  Instead, as illustrated by Target's motion and supporting declaration, the parties *very much dispute the nature and extent of Mr. Jackson's injuries.  See* Mot. at 2; Docket No. 92 at 1-2 ("The parties dispute the extent of harm caused to Mr. Jackson as a result of his being hit with a shopping cart pushed by a Target employee inside a Target store.  The parties likewise dispute the appropriate measure of damages for that harm").  Target is free to cross-examine Mr. Jackson on the existence or absence of documents.  *Washington v. Samuels*, No. 12-01404, 2016 WL 3999990, at *2 (E.D. Cal. July 25, 2016) ("Plaintiff may cross-examine Spurgeon as to his credibility and ability to observe what he testifies to, or make any relevance objections at trial, but he is not entitled to an order limiting his testimony in advance").  The Court should follow established precedent and "decline[] to resolve" "factual dispute[s] on a motion *in limine*" as a "challenge on this front goes to weighing the evidence, which is the province of the jury."  *Sec. & Exch. Comm'n v. Sabrdaran*, No. 14-04825, 2016 WL 7826653, at *2 (N.D. Cal. Oct. 20, 2016) (citing *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc*., No. 08-8525, 2010 WL 2035800, at *1 (CD. Cal. May 19, 2010)) (declining to exclude testimony on the basis that it "is incorrect and unreliable"); *Colton Crane*, No. 08-8525, 2010 WL 2035800, at *1 ("Nor are motions *in limine* an appropriate means to resolve factual disputes or weigh evidence"); *see also Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ("[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed").

Target likewise improperly attempts to condition the admissibility of Mr. Jackson's evidence of his injuries on the availability of expert medical testimony.  Mot. at 1.  "Expert medical testimony is not required to establish the extent of harm."  *Weaver v. U.S. Dep't of Agric., Forest Serv.,* No. 10-01523,

2013 WL 144974, at *7 (E.D. Cal. Jan. 11, 2013) (citing *Mendoza v. Rudolf*, 140 Cal. App. 2d 633, 637 (1956)); *id.* ("holding it unnecessary for an award of damages for pain and suffering to be supported by medical testimony").

## II.   Target Cannot Exclude Relevant Evidence of Mr. Jackson's Injuries

Target argues that the Court should exclude evidence regarding "injuries, medical treatment, medical expenses or special damage" because "none of the medical evidence supports any injury or allegation in his complaint." Mot. at 1. But Target does not and cannot provide any authority for its position that Mr. Jackson's testimony regarding his own pain, suffering, and related losses is somehow irrelevant or incompetent. And Mr. Jackson's firsthand testimony concerning his physical injuries and any medical treatment he has sought is not only admissible, but highly relevant evidence going to the extent of the harm he sustained. "[A] plaintiff's own testimony that at the time of trial he or she was still 'suffering from headaches, nervousness and pain' resulting from an automobile accident would be evidence tending to prove—and sufficient to justify a jury instruction on—future non-economic damages." *Weaver v. U.S. Dep't of Agric., Forest Serv.,* No. 10-01523, 2013 WL 144974, at *7 (E.D. Cal. Jan. 11, 2013) (citing *Loper v. Morrison*, 23 Cal.2d 600, 611 (1944)); see also *Ramirez v. City of Gilroy,* No. 17-625, 2020 WL 1492704, at *5 (N.D. Cal. Mar. 27, 2020) (citing *Cruz v. City of Anaheim*, 765 F.3d 1076, 1079–80 (9th Cir. 2014) ("Evidence that tends to make one party's version of events more or less probable is relevant").

In *Weaver v. U.S. Dep't of Agric., Forest Serv.,* the court considered whether a plaintiff's firsthand testimony concerning his injuries was admissible evidence. In particular, the *Weaver* plaintiff testified at his deposition that he experienced "[p]ain, suffering, just pain, and it hasn't left. It's worse than what it was," and that the pain started "[i]n [his] body after the accident. [¶] ... [¶] My neck, my head, shoulder. It's still there. It hasn't left." No. 10-01523, 2013 WL 144974, at *7. The court found that "[s]uch evidence would be sufficient to support, at the very least, an award of future damages." *Id.* Here, too, Mr. Jackson's firsthand account of his mental and physical condition is direct and highly probative evidence in support of his negligence claim.

3   Case No. 3:21-cv-08458-LB

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #2 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR SPECIAL DAMAGES

## **CONCLUSION**

For the foregoing reasons, the Court should deny Target's motion *in limine* no. 2.

Date:   January 24, 2024                          Respectfully submitted,

Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #2 TO EXCLUDE EVIDENCE AND
ARGUMENT RELATING TO PLAINTIFF'S MEDICAL TREATMENT, MEDICAL EXPENSES OR
SPECIAL DAMAGES