David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>          Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 3]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE UNDISCLOSED OR UNPRODUCED WITNESSES AND EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:    2/15/2024<br>Time:    1:00 p.m.<br>Crtrm.: B 15th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as

1

soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of any and all undisclosed or unproduced witnesses and evidence and Plaintiff from introducing at trial expert opinions of non-designated or non-retained expert witnesses.

This motion is made pursuant to Federal Rules of Civil Procedure rules 26(a), 37(c), and Federal Rules of Evidence rules 401 *et seq.* and 801 *et seq.*, on the grounds that Defendants will be unfairly surprised, and therefore unfairly prejudiced, at trial, unless the Court excludes all such witnesses and evidence at trial.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities, the Declaration of Gabriella Pedone, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  January 17, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  ___*/s/Gabriella Pedone*___
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

**DEFT.'S MIL NO. 3 TO EXCLUDE UNDISCLOSED OR UNPRODUCED WITNESSES' EVIDENCE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant respectfully request that the honorable Court exclude all evidence, testimony, and references in or before the presence of the jury by the plaintiff, plaintiff's attorneys, and plaintiff's witnesses (including experts) concerning any and all undisclosed or unproduced witnesses and evidence.

All parties have engaged in discovery. Defendant anticipates that Plaintiff will attempt to introduce expert opinions of non-designated or non-retained expert witnesses. Such testimony would be unfairly prejudicial to Defendant and should be precluded at the time of trial. (Pedone  Decl., ¶ 3.)

Defendant seeks to preclude Plaintiff from introducing expert opinions of non-designated or non-retained expert witnesses as such would result in surprise at trial and unduly prejudice Defendant. (Pedone Decl., ¶ 4.)

In order to prevent unfair surprise at trial, Federal Rules of Civil Procedure 26 and 37, particularly in conjunction with Federal Rule of Evidence 403, prohibit a party from offering the testimony of any witness at trial where the offering party failed to fully disclose the name, address, phone number, and subject matter of the witness' testimony before the deadline for completion of discovery.  To avoid unfair surprise and unfair prejudice to Defendant at trial, the Court should exclude all such undisclosed or unproduced plaintiff's witnesses from testifying at trial and any previously unproduced evidence.

## II.    PREVIOUSLY UNDISCLOSED OR UNPRODUCED WITNESSES AND EVIDENCE WILL CONSTITUTE AN UNFAIR SURPRISE TO DEFENDANTS AND, THEREFORE UNFAIRLY PREJUDICE THEM AT TRIAL.

The Court should exclude all testimony or statements from witnesses who were not fully or timely disclosed or produced by plaintiff and undisclosed and unproduced evidence in full compliance with Federal Rules of Civil Procedure Rules 26 and 37 to

MANNING | KASS

1   prevent unfair surprise to the Defendant at trial.

2        Federal Rules of Evidence Rule 403 states: "Although relevant, evidence may

3   be excluded if its probative value is substantially outweighed by the danger of unfair

4   prejudice, confusion of the issues, or misleading the jury, or by considerations of

5   undue delay, waste of time, or needless presentation of cumulative evidence."

6   Drawing upon the principles of Rule 403's discretionary prohibition of unfair

7   prejudice, courts have concluded that because unfair surprise results from the

8   admission of testimony or statements from witnesses who were not properly disclosed

9   under the Federal Rules of Civil Procedure.  Federal Rules of Civil Procedure Rules

10  26 and 37, in conjunction with Federal Rules of Evidence Rule 403, empower a court

11  to exclude witnesses who were not timely or properly disclosed. *See, e.g., English v.*

12  *D.C.*, 651 F.3d 1, 3 (D.C. Cir. 2011) (concluding that a Federal Rules of Civil

13  Procedure Rule 26 disclosure violation may subject the undisclosed evidence to

14  exclusion under Federal Rules of Evidence Rule 403 where the disclosure violation

15  would otherwise affect the moving party's substantial rights at trial); *Doe v. Young*,

16  664 F.3d 727, 734 (8th Cir. 2011) (observing, in dicta, that unfair surprise at trial may

17  be a basis for exclusion of witness testimony under Federal Rules of Civil Procedure

18  rules 26 and 37 even where it is not a basis for Federal Rules of Evidence Rule 403

19  exclusion); see generally, Fed. R. Civ. P. 26, 37; Fed. R. Evid. 403.

20       The Federal Rules of Civil Procedure require each of the parties to disclose

21  those fact witnesses and expert witnesses whom they believe to have discoverable

22  evidence and/or intend to offer into evidence at trial – and to supplement those

23  disclosures and discovery responses – by the deadlines set by the court, or risk

24  exclusion of such evidence.  Fed. R. Civ. P. 26(a), 37(c).

25       For example, courts have observed that:

26      Rule 26(a) of the Federal Rules of Civil Procedure requires parties to
    disclose the identity of any person who may be used as an expert witness.
27      [citation] The Rule further provides that 'these disclosures shall be made
    at the times directed by the court.' [citation] Rule 37(c)... provides that
28      if a party fails to make disclosure or to supplement responses as required

MANNING | KASS

by Rule 26(a), that party shall not present at trial or in motions any evidence not so disclosed, unless there is 'substantial justification' for the failure to disclose or the 'failure is harmless.' [citation] Generally, 'the sanction of exclusion is ...automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.' [citation] The purpose of these rules is to encourage timely disclosure of expert witnesses and to curb dilatory litigation tactics [citation].

*Continental Lab. Prods., Inc. v. Medal Int'l*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).

Rule 26(a)(1)(A) requires parties to disclose the identity of persons "likely to have discoverable information" – including the names of such witnesses, their addresses, telephone numbers, and the subject of the discoverable information known by that witness – as well as to identify all "documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).

Moreover, Federal Rules of Civil Procedure Rule 37(c)(1) provides that:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Under Rule 37, a "substantial justification is one that 'could satisfy a reasonable person.'" *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 295 F.3d 108, 107 (1st Cir. 2002); accord *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, if the reason for a failure to properly disclose is not one that would satisfy a reasonable person, that reason cannot constitute a substantial justification. *Id*.

If a plaintiff fails to properly disclose witnesses or evidence by the "times and in the sequence that the court orders," unless there is a substantial justification for a failure to timely and properly disclose such witnesses – including all of the information required by Rule 26(a)(1)(A)(i) – plaintiff cannot introduce such witness testimony (whether expert or lay) on the ground that this information should have been disclosed in either the plaintiff's initial disclosures, responses to discovery requests, the depositions of their disclosed witnesses or experts, or in supplemental

3

disclosures. *See*, Fed. R. Civ. P. 26(a)(2)(D) (the court sets the deadlines for expert disclosures); *see also* Fed. R. Civ. P. 26(a)(1)(C) (the court may set a deadline for when initial, non-expert disclosures must be made).

Accordingly, where in the process of discovery, witness testimony and information is not timely, fully, and affirmatively disclosed and produced in such a way as to avoid unfair surprise, absent substantial justification and lack of prejudice, courts must exclude such witnesses from testifying at trial under the principles of Federal Rule of Evidence 403 in conjunction with Federal Rules of Civil Procedure 26 and 37. *See, e.g., Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (excluding a witness' testimony, even though the identity of the witness was revealed in documents produced by the proponent party, because the manner of the production was such that unusual labor would be required to avoid unfair surprise about the relevance-importance of the witness at trial); *cf. Single Chip Sys. Corp. v. Intermec IP Corp.*, 2006 U.S. Dist. LEXIS 96537, *13-15 (S.D. Cal. 2006) (accepting that evidence that was not timely disclosed could be excluded under the discretionary precepts of Fed. R. Evid. 403 and the discovery duty and sanction precepts of Fed. R. Civ. P. 26 and 37, but declining to exclude such evidence due to lack of prejudice).

**A.   Plaintiff's Undisclosed and Unproduced Witnesses**

In the present case, the Court should specifically keep out any and all witnesses who were undisclosed and unproduced by plaintiff for deposition.

First, plaintiff failed to disclose any witnesses in his Pre-Trial Conference Witness list who were "present during the incident in his Rule 26(a)(1) Initial Disclosures.  (Pedone Decl., Exs. A.)

Pursuant to Federal Rules of Civil Procedure Rules 26 and 37, in conjunction with Federal Rules of Evidence rule 403, empowers a court to exclude witnesses who were not timely or properly disclosed.  *See, e.g., English v. D.C.*, 651 F.3d 1, 3 (D.C. Cir. 2011) (concluding that a Federal Rules of Civil Procedure Rule 26 disclosure violation may subject the undisclosed evidence to exclusion under Federal Rules of

Evidence Rule 403 where the disclosure violation would otherwise affect the moving party's substantial rights at trial); *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (observing, in dicta, that unfair surprise at trial may be a basis for exclusion of witness testimony under Federal Rules of Civil Procedure rules 26 and 37 even where it is not a basis for Federal Rules of Evidence rule 403 exclusion); see generally, Fed. R. Civ. P. 26, 37; Fed. R. Evid. 403.

Thus, the Court should exclude any and all of Plaintiff's undisclosed and unproduced witnesses.

### B.    Plaintiff's Unproduced Evidence

Additionally, in this case, Plaintiff failed to produce any medical records or employment records to show a loss of income.

Federal Rules of Evidence Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Although medical records and employment records  may be relevant, testimony about its contents should be excluded as its probative value is substantially outweighed by the danger of unfair prejudice to Defendant who have not had the opportunity to review it prior to trial. No such records were ever produced by plaintiff. Moreover, Defendant reserves the right to request an adverse inference instruction from the Court during trial due to plaintiff's apparent spoliation of key evidence.

In the present case, as to any witnesses who were not timely and fully disclosed by plaintiff or exhibits which were not produced before the operative discovery deadline, the Court should exclude all such undisclosed or improperly disclosed plaintiff's witness testimony or previously undisclosed exhibits, because the admission of such or references thereto, would result in unfair surprise to Defendant at trial.

### III.  <u>CONCLUSION.</u>

For all the foregoing reasons, Defendant respectfully requests that the Court exclude from evidence throughout trial proceedings any testimony, statements, reference, or evidence of previously undisclosed and unproduced witnesses and evidence.

DATED:  January 17, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____ */s/Gabriella Pedone* _____

David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET
CORPORATION

## DECLARATION OF GABRIELLA PEDONE

I, Gabriella Pedone, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION .  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendants' Motion *in Limine* to Exclude Undisclosed or Unproduced Witnesses and Evidence.

2.    All parties have engaged in discovery. Defendant anticipates that Plaintiff will attempt to introduce expert opinions of non-designated or non-retained expert witnesses. Such testimony would be unfairly prejudicial to Defendant and should be precluded at the time of trial.

3.    Defendant seeks to preclude Plaintiff from introducing expert opinions of non-designated or non-retained expert witnesses as such would result in surprise at trial and unduly prejudice Defendant.

4.    Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's Rule 26(a)(1) Initial Disclosures served to Defendants on January 24, 2023.

5.    Plaintiff failed to produce any of witnesses for examination at deposition.

6.    Attached hereto as Exhibit "B" is a true and correct copy of plaintiff's Response to Request for Production of Documents and Tangible Things, Set One served to Defendants on August 11, 2022.

/

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of January 17, 2023, at Los Angeles, California.

/s/ Gabriella Pedone

_____
Gabriella Pedone

DEFT.'S MIL NO. 3 TO EXCLUDE UNDISCLOSED OR UNPRODUCED WITNESSES' EVIDENCE

# EXHIBIT A

1  Bryon Jackson, PRO SE
2  Zaqw1478@hotmail.com
3  1350 Marina Village Parkway # 433
4  Alameda, CA 94501
5  (201) 776-4282

6  Bryon Jackson, PRO SE – (Plaintiff)

7

8          **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**
   **DIVISION**

10

11  Bryon Jackson,                          Case No. 3:21-CV-08458-LB

12          Plaintiff,                      The Hon. Judge Laurel Beeler
                                            **PLAINTIFF'S FRCP 26(a)**
13          v.                              **INITIAL DISCLOSURES**

14  Target Corporation,

15          Defendant.

16

17  Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff, makes the following initial

18  disclosures:

19                   **PRELIMINARY STATEMENT**

20  These initial disclosures are based upon the information reasonably available to Bryon Jackson,

21  The Plaintiff is subject to amendment or supplementation as additional Information becomes

22  available during the course of discovery.

23          These initial disclosures are based on the Plaintiff's reasonable inquiries to date and are

24  made without waiving: (1) the right to object to the admissibility or discoverability of any

25  materials or testimony on the grounds of competency, privilege, the work-product doctrine, undue

26  burden, relevance and materiality, hearsay, or any other proper ground; (2) the right to object to

27  the use of any such information for any purpose in any subsequent proceeding in this action or any

28

1 other action; and (3) the right to object on any grounds, at any time, to any discovery request or

2 proceeding involving or relating to the subject matter of these disclosures.

3       Plaintiff is not required to produce any information or documents protected by the

4 attorney-client privilege, the attorney work-product doctrine, or any other privilege or applicable

5 doctrine with respect to all such information and documents. The inadvertent disclosure of any

6 information or documents shall not constitute a waiver of any such privilege.

7       This preliminary statement is incorporated in its entirety into each of the following

8 disclosures.  It shall be deemed continuing as to each disclosure, and it is not waived, or in any way

9 limited, by the following disclosures.

10 **A. <u>WITNESSES</u>**

11       Plaintiff has identified the following individuals likely to have discoverable

12 information that it may use to support its prosecution. Plaintiff's investigation is ongoing, and

13 Plaintiff reserves the right to supplement the following witness list as more information

14 becomes available, including to identify any additional witnesses identified by either party:

15       1.<u>Plaintiff, PRO SE-Bryon Jackson:</u> – At all times relevant to the Complaint, Bryon Jackson was a

16 Plaintiff who was assaulted by Target's employee inside the Starbucks coffee shop, the Plaintiff in this case.

17 Mr. Jackson has all information regarding the Plaintiff's assault and battery in this case.

18       2. <u>Target's Live Videos:</u> – At all times relevant to the Complaint, all of Target's Live Video angles and shots

19 Inside the Starbucks coffee shop to show if each of Target's witnesses were present at the scene.

20. <u>Target's photos of the Scene:</u> – At all times relevant to the Complaint, Target's photos of the scene.

21.

22. 4. <u>Video Expert Witness:</u> – At all times relevant to the Complaint, I will hire a Video expert witness to ensure

23.       the video was not edited or tampered with.

1 **B.** **DOCUMENTS**

2 Plaintiff will subpoena all relevant or necessary documents if Defendant fail to provide as proof from Defendant.

3 **C. EXPERT WITNESSES**

5 Plaintiff has not yet completed all its investigation and will identify more potential experts to testify in support of its prosecution to the Defendant in this action case.

6 **D. DAMAGES**

7 Target Corporation is liable for damages, including (loss of wages, punitive and compensatory).

8 Loss wages.

9 Punitive damages.

10 Compensatory damages.

E. **INSURANCE AGREEMENTS**

Bryon Jackson has no insurance policy that in all reasonable possibility would be called Upon to respond in whole or in part to the claims in this lawsuit.

As discovery, both internal and external, is ongoing, Plaintiff reserves the right to amend and supplement these initial disclosures, as necessary, in accordance with the Federal Rules of Civil Procedure.

DATED: January 24, 2023

Bryon Jackson

Bryon Jackson

_____

Bryon Jackson
PRO SE

PLAINTIFF'S INITIAL DISCLOSURES

**PROOF OF SERVICE**

**Case No. 3:21-cv-08458-LB**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I live in the County of Alameda, State of California. My address is 1350 Marina Village Parkway # 433, Alameda, CA 94501.

On January 24, 2023, I served true copies of the following document(s) described as **PLAINTIFF'S INITIAL DISCLOSURES** on the interested parties in this action as follows:

**David V. Roth (State Bar No. 194648)**
**David.Roth@mannuingkass.com**
**Gabriella Pedone (State Bar No. 308384)**
**Gabriella.Pedone@mannuingkass.com**
**MANNING & KASS ELLROD,**
**RAMIREZ, TRESTER, LLP**
One California Street, 900
San California, CA 94111

Defendants

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and the day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Executed on January 24, 2023, at San Francisco, California.

*Paul Henry*
Paul Henry,

Case No. 3:21-cv-08458-LB
PLAINTIFF'S INITIAL DISCLOSURES

# EXHIBIT B

Bryon Jackson, PRO SE

*zaqw1478@hotmail.com*

1350 Marina Village Parkway
Alameda, CA 94501
Tel: (201) 776-4282

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

BRYON JACKSON,                          Case No. 3:21-cv-08458-LB

        Plaintiff,                     (State Court Case No. RG21110499)

    v.                                    **PLAINTIFF BRYON JACKSON
                                        FIRST SET OF REQUESTS FOR
                                        PRODUCTION OF DOCUMENTS
TARGET – ALAMEDA, CA                    TO DEFENDANT TARGET
                                        CORPORATION'S**
2700 FIFTH ST ALAMEDA, CA,

        Defendant.

───────────────────────────            Action Filed:      August 24, 2021

PROPOUNDING PARTY: Plaintiff BRYON JACKSON

RESPONDING PARTY: Defendant TARGET CORPORATION

SET NO.:                    One
       Pursuant to Rule 34, of the Federal Rules of Civil Procedure, Plaintiff

Bryon Jackson demands that Defendant Target Corporation produce and permit

Plaintiff BRYON JACKSON to inspect and to copy the following documents, and

to inspect and to photograph, test, or sample the following tangible things, that are

in Defendant TARGET CORPORATION'S possession, custody, or control.

    The production and inspection shall take place at BRYON JACKSON,

1350 Marina Village Parkway, # 415, Alameda, California
94501 within 30 days of the date of service of these requests, unless other
mutually agreeable arrangements are made between counsel of record, and shall
continue for so long as may be reasonably required.

# DEFINITIONS

A. "YOU", "YOUR", or "DEFEDANT" means and refers to TARGET
CORPORATION; however, when documentation or knowledge in your possession or
under your control is requested, "YOU" and "DEFENDANT" also refers to responding
party, and all her past and present agents, employees, attorneys, and consultants and
any other person or entity formerly or presently acting on responding party's behalf
in any way in connection with the instant action.

B."DOCUMENT" or "DOCUMENTS" shall mean all documents,
electronically stored information, and tangible things, including without limitation
all writings (as defined in Section 250 of the California Evidence Code) and all
other means of recording information, whether written, transcribed, taped, filmed,
microfilmed, or in any other way produced, reproduced, or recorded, and including
but not limited to: originals, drafts, computer-sorted and computer-retrievable
information, copies and duplicates that are marked with any notation or annotation
or otherwise differ in any way from the original, correspondence, memoranda,
reports, notes, minutes, contracts, agreements, books, records, checks, vouchers,
invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts,
computer disks, card files, lists of persons attending meetings or conferences,
sketches, diagrams, calculations, evaluations, analyses, directions, work papers,
press clippings, sworn or unsworn statements, requisitions, manuals or guidelines,
audit work papers, financial analyses, tables of organizations, charts, graphs,
indices, advertisements and promotional materials, audited and unaudited financial
statements, trade letters, trade publications, newspapers and newsletters,
photographs, emails, electronic or mechanical records, facsimiles, telegrams and

telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

C. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,

conferences, messages, notes or seminars.

E."RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

F."DEFENDANT" shall mean Defendant Target Corporation.

G."HEALTH CARE PROVIDER" or "HEALTH CARE PROVIDERS" means any PERSON referred to in *Code of Civil Procedure* § 667.7(e)(3).

H."INCIDENT" means the facts, circumstances and events surrounding the alleged accident, injury or other occurrence giving rise to this action as YOU have alleged in the Complaint.

I."TARGET" means defendant Target Corporation, and any of its officers, directors, employees, attorneys, representatives, predecessors, successors and assigns, including any PERSON or entity purportedly acting on its behalf, or any other entity connected therewith.

J."PROPERTY" means the Target retail store located at 2700 5th Street, Alameda, CA 94501

## DEMANDS FOR PRODUCTION

**DEMAND FOR PRODUCTION NO. 1: RESPONSE:**

> All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action for Assault and Battery.

**DEMAND FOR PRODUCTION NO. 2: RESPONSE:**

> All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action on the date of the INCIDENT to cause PLAINTIFF'S injury.

**DEMAND FOR PRODUCTION NO. 3: RESPONSE:**

> Target live Video on the date/time of this INCIDENT serves as statement of witnesses regarding this INCIDENT.

/ / /

**DEMAND FOR PRODUCTION NO. 4: RESPONSE:**

All views of Target live Video on the date/time of the premises where this INCIDENT occurred, will support PLAINTIFF'S cause of action for Assault and Battery.

**DEMAND FOR PRODUCTION NO. 5: RESPONSE:**

An INCIDENT report was accepted by a manager at Target on duty on the date of the INCIDENT and a Police Report was done at Alameda Police Station describing the INCIDENT, by the PLAINTIFF.

**DEMAND FOR PRODUCTION NO. 6: RESPONSE:**

Target has video recordings depicting the scene of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 7: RESPONSE:**

Target has video recording of the INCIDENT showing that PLAINTIFF was ASSAULTED by the Target employee and as a result sustained injuries from this INCIDENT.

**DEMAND FOR PRODUCTION NO. 8: RESPONSE:**

NONE. DEFENDANT does NOT have insurance and cannot afford to get treatments. Also, DEFENDANT will get medical treatment after COVID-19 Pandemic due to high-risk conditions (Age=56 and Poor Family Health history)

**DEMAND FOR PRODUCTION NO. 9: RESPONSE:**

NONE. Evidence supporting PLAINTIFF'S injuries because of this INCIDENT are consistence with symptoms associated with injuries sustained from this INCIDENT. The symptoms PLAINTIFFS are consistently and currently experiencing are frequent urination during the days and night, side and upper back pain, shakiness, nausea and vomiting.

**DEMAND FOR PRODUCTION NO. 10: RESPONSE:**

NO documents are available for Medical Treatments because PLAINTIFF does NOT have medical insurance or a job and cannot afford medical treatment and will try to get medical treatment after COVID 19 Pandemic is over, PLAINTIFF will try to seek FREE medical treatment then.

**DEMAND FOR PRODUCTION NO. 11: RESPONSE: (See attached details)**

PLAINTIFF was laid off from Jefferson Wells 2/23/22 because manager Mrs. Low though he was performing slow due to injuries and is still unemployed.

**<u>DEMAND FOR PRODUCTION NO. 12</u>: RESPONSE: (See attached details)**

Attached are copies of PLAINTIFF'S updated resume and MBA certificate.

PLAINTIFF rate while at Jefferson Wells was $88 per hr. on W2.

PLAINTIFF has been unemployed since 2/23/2022. PLAINTIFF lost wages are as follow:

Monthly wages = (88 per hr. x 40 hours per week x 4 weeks per month) = US$14,080.

**Total six months of lost wages** = (US$14,080 x 6 months) = **<u>US$84,480</u>**

**<u>DEMAND FOR PRODUCTION NO. 13</u>: RESPONSE:**

Average MBA professional with 25 years' experience in Financial Services earn $250,000 to $450,000 per year working 50 to 60 hours per week.

Future loss of annual earning per year will be between $75,000 to $90,000 per year due to injuries. I'm currently 56 and planning on working until age 70 years old.

Total claims for future loss of earnings due to INCIDENT = ($90,000 x 14 years) **<u>$1,260,000.00</u>**

**<u>DEMAND FOR PRODUCTION NO. 14</u>: RESPONSE:**

NONE. No HEALTH CARE PROVIDERS, I have NOT sustained any injuries in the past 10 years prior to this INCIDENT.

**<u>DEMAND FOR PRODUCTION NO. 15</u>: RESPONSE:**

NONE. No HEALTH CARE PROVIDERS, I have NOT sustained any

injuries in the past 10 years prior to this INCIDENT. including, but not limited to, all workers compensation or personal injury claims.

**<u>DEMAND FOR PRODUCTION NO. 16</u>:**

NONE. I have "NO DOCUMENTS" in my "**POSSESSION**" supporting or regarding any other lawsuits filed by PLAINTIFFS in the past 10 years.

**<u>DEMAND FOR PRODUCTION NO. 17</u>: RESPONSE:**

I do NOT have transcripts to the two lawsuits that I am aware of, filed in the past 10 years. One against American Express, filed in 2009 and Wells Fargo filed in 2019. These are the only two lawsuits I am aware of and can recall.

**<u>DEMAND FOR PRODUCTION NO. 18</u>: RESPONSE:**

NONE. PLAINTIFF has NOT sustained injuries in the past 10 years.

**DEMAND FOR PRODUCTION NO. 19: RESPONSE:**

NONE. NO DOCUMENTS regarding payments and/or claims made by any insurance company to PLAINTIFF regarding any injury allegedly sustained by PLAINTIFF in the past 10 years, and that I can be recall.

**DEMAND FOR PRODUCTION NO. 20: RESPONSE:**

NONE. NO DOCUMENTS evidencing any felony proceedings by PLAINTIFF in all jurisdictions, and that I can be recalled.

**DEMAND FOR PRODUCTION NO. 21: RESPONSE:**

NONE. NO documents for emotional distress because I do NOT have medical insurance and as a result, I could NOT afford to see a doctor.

My claim for emotional distress is due to my current daily symptoms after this INCIDENT of "Ongoing anxiety and depression; including "Overwhelming fear and panic attacks" when I go out in PUBLIC, thinking I will be assaulted or HIT again, only because I'm a BLACK person, and these symptoms only started immediately after this INCIDENT.

**DEMAND FOR PRODUCTION NO. 22: RESPONSE:**

No. I do NOT recall of completing the purchase with TARGET on the date of the INCIDENT, because I got out of the line and reported the INCIDENT.

**DEMAND FOR PRODUCTION NO. 23: RESPONSE:**

DEFENDANT, does NOT recall the pair of shoe, sandals or footwear was wearing when, went to the PROPERTY on the date of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 24: RESPONSE:**

Any or all photographs depicting the shoe, sandals, or footwear that DEFENDANT was wearing when, went to the PROPERTY on the date of the INCIDENT would ONLY be visible from TARGET live Video in the Starbucks store.

**DEMAND FOR PRODUCTION NO. 25: RESPONSE:**

All views of Target live Video of the premises where this INCIDENT occurred, will depict all conditions that PLAINTIFF contend caused or contributed to the INCIDENT because PLAINTIFF never met or have any contact with the DEFENDANT before the INCIDENT.

**DEMAND FOR PRODUCTION NO. 26: RESPONSE:**

NONE. This is because PLAINTIFF has NO health insurance and could NOT afford to see a doctor or HEALTH CARE PROVIDERS concerning injuries because of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 27: RESPONSE**:

NONE. This is because PLAINTIFF has NO health insurance and could NOT afford to see a doctor or HEALTH CARE PROVIDERS concerning injuries because of the INCIDENT.

**DEMAND FOR PRODUCTION NO. 28: RESPONSE:**

NO DOCUMENTS. PLAINTIFF HAS NO medical insurance and unable to afford to see a doctor but currently experiencing severe symptoms from injuries describe in RESPONSE to **PRODUCTION NO. 9:**

**DEMAND FOR PRODUCTION NO. 29: RESPONSE:**

NO DOCUMENTS. PLAINTIFF has NOT applied for any disability benefits or other similar benefits including disability within the past 10 years.

**DEMAND FOR PRODUCTION NO. 30: RESPONSE:**

PLAINTILL has NO DOCUMENTS, that refer to or concern any permanent disability that is suffered because of the INCIDENT, because PLAINTILL does NOT have medical insurance and could NOT afford to see a doctor. PLAINTILL is suffering from severe symptoms associated with injuries from INCIDENT.

**DEMAND FOR PRODUCTION NO. 31: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS not previously produced, upon which prove liability against TARGET because PLAINTIFF has NO medical insurance and could NOT afford to see a doctor to get the necessary documents.

**DEMAND FOR PRODUCTION NO. 32: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS not previously produced, upon which prove liability against TARGET because PLAINTIFF has NO medical insurance and could NOT afford to see a doctor to get the necessary documents.

**DEMAND FOR PRODUCTION NO. 33: RESPONSE:**

PLAINTIFF has NO other DOCUMENTS reflecting any injury over the past 10 years.

**DEMAND FOR PRODUCTION NO. 34: RESPONSE:**

PLAINTIFF has NO DOCUMENTS reflecting medical treatment received over the past 10 years.

**DEMAND FOR PRODUCTION NO. 35: RESPONSE:**

All views of Target's live Video on the date/time of the premises where this INCIDENT occurred will prove and support PLAINTIFF'S contention that TARGET's employee assaulted PLAINTIFF on the PROPERTY on the date

Of this INCIDENT to cause PLAINTIFF injury.


DATED: August 8, 2022        **BRYON JACKSON,**
                             **PRO SE**



By: _Bryon Jackson_____

Bryon Jackson,

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TARGET CORPORATION**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My address is 1350 Marina Village Parkway # 415, Alameda, CA 94501.

On August 8, 2022, I served true copies of the following document(s) described as **PLAINTIFF BRYON JACKSON'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION'S**

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a PRO SE and NOT employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 8, 2022, at Alameda, California.

_____
Bryon Jackson

1                                           Case No. 3:21-cv-08458-LB

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION**

# SERVICE LIST
## Jackson v. Target Corp; Case No. 3:21-CV-08458-LB

**Defendant**

David V. Roth (State Bar No. 194648)
dvr@manningllp.com
Gabriella Pedone (State Bar No. 308384)
gap@manningllp.com
MANNING & KASS ELLROD,
RAMIREZ, TRESTER LLP
One California Street,
Suite 900 San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999
Attorneys for Defendant,
TARGET

**PLAINTIFF BRYON JACKSON FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TARGET CORPORATION**