Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>　　Defendant. | Case No. 3:21-cv-08458-LB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #3 TO EXCLUDE UNDISCLOSED OR UNPRODUCED WITNESSES AND EVIDENCE**<br><br>Judge:　　Hon. Laurel Beeler |

The parties appear to agree that untimely disclosed evidence should be excluded from trial. *See generally* Plaintiff's Motion *in Limine* #1 to Exclude Any Witness Target Failed to Timely Disclose & Plaintiff's Motion in Limine #3 to Exclude Any Evidence Target Withheld in Discovery. Mr. Jackson does not intend to introduce at trial evidence that was not disclosed during discovery, nor any witness who was "unproduced by plaintiff for deposition." Mot. at 4; *see* Pedone Dec., Ex. A at 2 (Plaintiff's Initial Disclosures disclosing Mr. Jackson). Plaintiff intends to call Mr. Jackson as the sole trial witness. Defendant's motion does not appear to contest that plaintiff is a proper witness in this action—nor could it, as Target has known his name and claims since he filed his complaint, and took his deposition during fact discovery, on Friday, July 8, 2022.[1]

The Court should accordingly deny Target's motion *in limine* no. 3 as moot, and grant Plaintiff's Motions *in Limine* Nos. 1 and 3.

Date:   January 24, 2024                                         Respectfully submitted,

_____
Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

---

[1] Target purports to "reserve[] the right to request an adverse inference from the Court during trial due to plaintiff's apparent spoliation of key evidence." Mot. at 5. Target provides no basis for its accusation that Mr. Jackson spoliated any evidence, and it has none. Should either party be found to have spoliated relevant evidence, the parties evidently agree that an adverse inference instruction is appropriate.