Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, | Case No. 3:21-cv-08458-LB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #5 TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS** |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | Judge:    Hon. Laurel Beeler |

**INTRODUCTION**

Target seeks exclusion of all evidence of "plaintiff's alleged loss of earnings claim, and any loss of future earnings claim." Mot. at 1. In particular, Target requests the Court bar Mr. Jackson from testifying as to his loss of income resulting from the July 8, 2021, incident. Mot. at 1. Although ostensibly premised on Federal Rules of Evidence Rules 401, 402, 403, and 800, Target's arguments rely solely on its contention that Mr. Jackson cannot testify as to his own job loss in the absence of supporting documents.

**ARGUMENT**

**I.    Mr. Jackson Provided Discovery Regarding His Loss of Earnings**

Target argues that Mr. Jackson's testimony as to his loss of earnings should be excluded because "plaintiff failed to produce any evidence" of past and future loss of earnings during discovery, and that he "did not provide any details as to an estimate of the amount she [sic] will lose in the future, an estimate of how long she [sic] will be unable to work and how the claim for future income in [sic] calculated in any of his responses to interrogatories." Mot. at 2. But Target's motion admits that Mr. Jackson, then proceeding *pro se*, provided substantial detail regarding precisely this. For example, Exhibit A to Target's motion contains certain of Mr. Jackson's discovery responses, which include

> Attached are copies of PLAINTIFF'S updated resume and MBA certificate.
> PLAINTIFF rate while at Jefferson Wells was $88 per hr. on W2.
> PLAINTIFF has been unemployed since 2/23/2022. PLAINTIFF lost wages are as follow:
> Monthly wages = (88 per hr. x 40 hours per week x 4 weeks per month) = US$14,080.
> Total six months of lost wages = (US$14,080 x 6 months) = US$84,480
>
> . . .
>
> Average MBA professional with 25 years' experience in Financial Services earn $250,000 to $450,000 per year working 50 to 60 hours per week.
>
> Future loss of annual earning per year will be between $75,000 to $90,000 per year due to injuries. I'm currently 56 and planning on working until age 70 years old.
> Total claims for future loss of earnings due to INCIDENT = ($90,000 x 14 years) $1,260,000.00

Pedone Dec., Ex. A at 6; *see also id*. at 5 ("PLAINTIFF was laid off from Jefferson Wells 2/23/22 because manager Mrs. Low though he was performing slow due to injuries and is still unemployed.").

Target further admits that it understood Mr. Jackson calculations, even if it disagrees with them.  Mot. at 2 ("Plaintiff calculated his past loss of earning capacity as follows:  'Plaintiff had worked for the total of 577 hours, between 16/h and 40/h a week.  Plaintiff had not worked overtime.  His total net pay for 577 hours worked was $32,743.73.  Plaintiff's hourly rate was $88/h').[1]  Target thus concedes Mr. Jackson *did* provide evidence—in the form of discovery responses—regarding his lost income, but faults Mr. Jackson only for failing to produce corroborating documentation.  Mot. at 2.

II.     **The Jury is Entitled to Determine Mr. Jackson's Recovery of Wage Losses**

Mr. Jackson's testimony regarding his loss of wages is directly relevant to his claims regarding the injury he sustained due to Target's negligence, and "[i]t is clearly within the jury's province to determine whether or not Plaintiff is entitled to recover for any such future wage loss." *Briese v. Tilley*, No. 08-4233, 2010 WL 3749442, at *4 (N.D. Cal. Sept. 23, 2010) (citing *Ostertag v. Bethlehem Shipbuilding Corp.,* 65 Cal.App.2d 795, 807, 151 P.2d 647 (1944) ("Whether future detriment to the injured party is reasonably certain to occur is a question for the jury")); *see also id.* (citing *Riggs v. Gasser Motors*, 22 Cal. App. 2d 636, 640 (1937) ("[I]t is the province of the jury to determine from testimony whether the injuries are such that future detriment is certain to occur . . .").  The Court should allow the jury to consider Mr. Jackson's firsthand testimony regarding past earnings that Mr. Jackson may have lost because he was affected by his injuries, and any future earnings Mr. Jackson may continue to lose.  *See Sec. & Exch. Comm'n v. Sabrdaran*, No. 14-04825, 2016 WL 7826653, at *2 (N.D. Cal. Oct. 20, 2016) ("declin[ing] to resolve" "factual dispute[s] on a motion *in limine*" as a "challenge on this front goes to weighing the evidence, which is the province of the jury").

Target further contends, without support, that "references or documents regarding plaintiff's loss of income claims are prejudicial as no documents were produced in discovery."  Target does not and cannot explain how admitting this testimony would be "prejudicial" in the absence of corroborating

---

[1] Target's motion appears to quote from materials to this case, frequently referring to Mr. Jackson as "she."  *E.g.*, Mot. at 2.  None of the attachments to the Pedone declaration contains the quote Ms. Pedone provides, and Target's declaration does not identify its source; Target's Exhibit A nowhere states that (i) plaintiff "worked for a total of 577 hours, between 16/h and 40/h a week"; or that (ii) "Plaintiff had not worked overtime."

PLAINTIFF'S OPPOSITION TO DEFENDANT TARGET'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS

documents, and it would not be—Target is free to cross-examine Mr. Jackson on the presence or absence of documentary evidence. *Washington v. Samuels*, No. 12-01404, 2016 WL 3999990, at *2 (E.D. Cal. July 25, 2016) ("Plaintiff may cross-examine Spurgeon as to his credibility and ability to observe what he testifies to, or make any relevance objections at trial, but he is not entitled to an order limiting his testimony in advance"). Plaintiff does not seek to introduce documents at trial that were not produced in discovery. Although it now suggests some undefined prejudice due to a lack of documentary evidence, Target filed no motions to compel and submitted no discovery letters to the Court in this action. Target cannot now "essentially bring[] an untimely discovery motion on the eve of trial in the form of a motion *in limine*." *Madrigal v. Allstate Indem. Co.*, No. 14-4242, 2015 WL 12746232, at *9 (C.D. Cal. Oct. 29, 2015).

### III.     Mr. Jackson's Testimony is Admissible Evidence of His Losses

Target briefly argues that "the Court should preclude plaintiff from providing her [sic] non-expert opinion about her [sic] claim for loss of past and future earning capacity as plaintiff is a lay witness." Mot. at 3. But Mr. Jackson does not intend to present or seek to rely on any expert opinion; he can and will testify only from his own perception and observation, including that he "was laid off from Jefferson Wells 2/23/22 because manager Mrs. Low thought he was performing slow due to injuries and is still unemployed." *See supra*. Mr. Jackson's lay testimony is accordingly admissible under Federal Rule of Evidence 800. *In re Auto. Antitrust Cases I & II*, 1 Cal. App. 5th 127, 145, 204 Cal. Rptr. 3d 330, 346 (2016). Target "offers no support for its contention that a lay witness is *per se* incompetent to assess the 'special and financial damages' []he has suffered"—Mr. Jackson should be "allowed to testify, as a lay witness, to the extent of h[is] mental anguish, emotional and physical distress, and loss of future earnings." *Mills v. Lynwood Unified Sch. Dist.*, No. 7-5055, 2009 WL 10673227, at *5 (C.D. Cal. Sept. 22, 2009) (allowing lay witness testimony and denying motion *in limine* to "preclude Plaintiff from introducing evidence of 'special and financial damages' for "fail[ing] to designate a competent expert witness").

### **CONCLUSION**

For the foregoing reasons, the Court should deny Target's motion *in limine* no. 5.

| | |
|---|---|
| Date: January 24, 2024 | Respectfully submitted, |

Erika H. Warren (State Bar No. 295570)
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-8458@cases.warrenlex.com

*Attorneys for Plaintiff Bryon Jackson*

4   Case No. 3:21-cv-08458-LB

PLAINTIFF'S OPPOSITION TO DEFENDANT TARGET'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF LOSS OF INCOME AND LOSS OF FUTURE EARNINGS