David V. Roth (State Bar No. 194648)
  david.roth@manningkass.com
Gabriella Pedone (State Bar No. 308384)
  gabriella.pedone@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>            Defendant. | Case No. 3:21-cv-08458-LB<br>*[Honorable District Judge, Magistrate Judge Laurel Beeler]*<br><br>**[MOTION *IN LIMINE* NO. 6]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**<br><br>[*Proposed Order filed concurrently*]<br><br>Date:   2/15/2024<br>Time:   1:00 p.m.<br>Crtrm.: B 15th Floor |

---

1

Case No. 3:21-cv-08458-LB

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on February 15, 2024, at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Laurel Beeler located in the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant TARGET CORPORATION ("Defendant") will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, of opinions or testimony by plaintiff's experts.

This motion is made pursuant to Federal Rules of Evidence Rules 401-402 (relevance) and 403 (unfair prejudice, confusion of issues, misleading the jury, and undue consumption of time), on the grounds that such evidence is irrelevant. In addition, if the evidence were admitted, there is a danger that Defendant would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is made following defense counsel's meet and confer efforts with plaintiff's counsel on December 29, 2023.

This motion is based on the attached memorandum of points and authorities, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  January 17, 2024        **MANNING & KASS
                                 ELLROD, RAMIREZ, TRESTER LLP**

By:    */s/Gabriella Pedone*
　　　　David V. Roth
　　　　Gabriella Pedone
　　　　Attorneys for Defendant, TARGET CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant respectfully request that the honorable Court exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, opinions or testimony by plaintiff's experts on the grounds that such evidence is irrelevant and unfairly prejudicial since plaintiff failed to disclose or designate any experts.

All parties have engaged in discovery. Defendant anticipates that Plaintiff will attempt to introduce expert opinions of non-designated or non-retained expert witnesses. Such testimony would be unfairly prejudicial to Defendant and should be precluded at the time of trial. (Pedone Decl., ¶ 3.)

Defendant seeks to preclude Plaintiff from introducing expert opinions of non-designated or non-retained expert witnesses as such would result in surprise at trial and unduly prejudice Defendant. (Pedone Decl., ¶ 4.)

On February 24, 2023 the parties were to disclose experts. Plaintiff failed to disclose any experts and thus any experts that plaintiff would like include at trial as to opinions and testimony are irrelevant, unfairly prejudicial, and should be excluded as such.

## II. PLAINTIFF'S EXPERTS' OPINIONS AND TESTIMONY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT

The Court should exclude from evidence any and all opinions or testimony offered by Plaintiff's experts because plaintiff failed to disclose any experts.

Federal Rules of Evidence rule 401 sets forth a test for relevance. Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence and the fact is of consequence in determining the action. Only relevant evidence is admissible. Fed. R. of Evid. 402. All parties have engaged in discovery.

1   Motions *in limine* are intended to preclude presentation of evidence that
2   would prejudice the moving party.  (*Kelly v. New West Fed. Sav.*(1996) 49
3   Cal.App.4th 659, 669.)   "A typical order *in limine* excludes the challenged evidence
4   and directs counsel, parties, and witnesses not to refer to the excluded matters
5   during trial." (*Id.*)  The advantage of such motions is to avoid the obviously futile
6   attempt to "unring the bell" when highly prejudicial evidence is offered and then
7   stricken at trial. (*Hyatt v. Sierra Boat Co.* (1978) 79 Cal.App.3d 325, 337.)  There
8   are no limits on the subject matter of motions *in limine*.  They may be used to
9   exclude "any kind of evidence which could be objected to at trial, either as irrelevant
10  or subject to discretionary exclusion as unduly prejudicial." (*Clemens v. American
11  Warranty Corp,* (1987) 193 Cal.App.3d 444, 451.)

12  An order precluding Plaintiff from introducing at trial expert opinions of non-
13  designated or non-retained expert witnesses is appropriate here because Defendant
14  would be prejudiced by such evidence.

15  Defendant anticipates that Plaintiff will attempt to introduce expert opinions of
16  non-designated or non-retained expert witnesses. Such testimony would be unfairly
17  prejudicial to Defendant and should be precluded at the time of trial. (Pedone  Decl.,
18  ¶ 2.)

19  Defendant seeks to preclude Plaintiff from introducing expert opinions of non-
20  designated or non-retained expert witnesses as such would result in surprise at trial
21  and unduly prejudice Defendant. (Pedone  Decl., ¶ 3.)

22  On February 24, 2023 the parties were to disclose experts. Plaintiff failed to
23  disclose any experts and thus any experts that plaintiff would like include at trial as
24  to opinions and testimony are irrelevant, unfairly prejudicial, and should be excluded
25  as such.

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**

The Court should exclude from evidence all opinions or testimony offered by Plaintiff's experts because it would be prejudicial to defendants.

Accordingly, any and all opinions or testimony offered by Plaintiff's experts should be excluded.

## III. PLAINTIFF'S EXPERTS' OPINIONS AND TESTIMONY IF ANY, ARE UNFAIRLY PREJUDICIAL.

Moreover, under Federal Rule of Evidence Rule 403, opinions or testimony offered by Plaintiff's experts would cause unfair prejudice, confusion of issues, mislead the jury, and would result undue consumption of time.

The probative value of all opinions or testimony offered by Plaintiff's experts is substantially outweighed by the danger of unfair prejudice to Defendant as no such experts were ever disclosed.

Such evidence is unduly prejudicial to Defendant because it is calculated to distract the jury's attention from the conduct of the parties in this case that is actually at issue and evoke an emotional reaction from the jury against the Defendants. Specifically, there is a risk that the jury will rely on opinions or testimony offered by Plaintiff's experts.

The Court should grant this motion and exclude any and all opinions or testimony offered by Plaintiff's experts for failure to disclose them.

## IV. CONCLUSION

For all the foregoing reasons, Defendant respectfully request that the Court exclude any and all opinions and testimony by plaintiff's experts.

3

Case No. 3:21-cv-08458-LB

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**

| | | |
|---|---|---|
| 1 | DATED:  January 17, 2024 | **MANNING & KASS** |
| 2 | | **ELLROD, RAMIREZ, TRESTER LLP** |

By: ___*/s/Gabriella Pedone*___
David V. Roth
Gabriella Pedone
Attorneys for Defendant, TARGET CORPORATION

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**

# DECLARATION OF GABRIELLA PEDONE

I, Gabriella Pedone, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of Defendants' Motion *in Limine* to Exclude Opinions of Plaintiff's Experts.

3. All parties have engaged in discovery. Defendant anticipates that Plaintiff will attempt to introduce expert opinions of non-designated or non-retained expert witnesses. Such testimony would be unfairly prejudicial to Defendant and should be precluded at the time of trial.

4. Defendant seeks to preclude Plaintiff from introducing expert opinions of non-designated or non-retained expert witnesses as such would result in surprise at trial and unduly prejudice Defendant.

5. Plaintiff did not make his expert disclosures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of January 2024, at Los Angeles, California.

/s/Gabriella Pedone
Gabriella Pedone

1

Case No. 3:21-cv-08458-LB
**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS, PRECLUDE EXPERT OPINIONS OF NON-DESIGNATED OR NON-RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GABRIELLA PEDONE**