United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRYON U. JACKSON, | Case No. 21-cv-08458-LB |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| | Re: ECF No. 125 |
| TARGET CORPORATION, | |
| Defendant. | |

The court held a pretrial conference on February 15, 2024. The court issues this pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

## 1.  Trial Date and Length of Trial

The jury trial will begin on Monday, February 26, 2024, in Courtroom D, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

The trial will last up to two days. The trial day will run from 8:30 a.m. to approximately 1:30 or 2:00 p.m. (or slightly longer to finish a witness) and will include two fifteen-minute breaks. Counsel must arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins. Once the jury begins deliberations, it usually stays past 2:00 p.m.

Each party will have up to three hours per side for opening statements, closing arguments (including rebuttal closing for the plaintiff), direct examination of witnesses, and cross examination of the other side's witnesses, including all objections raised during the trial day.

### 2.  Procedures During Trial; Exhibit and Witness Lists; Witnesses

The court's March 24, 2022 Case-Management and Pretrial Order has the court's trial procedures for the presentation of exhibits, depositions, and witness testimony, including specific procedures for deposition excerpts.[1]

The parties have identified their witnesses on their separate witness lists. As discussed at the pretrial conference, if the parties identify the same witnesses, the defendant will examine the witness when the plaintiff calls them (as opposed to recalling them).

### 3.  Claims, Defenses, and Relief Sought

The plaintiff has one claim for negligence. The parties' positions (claims, defenses, and relief sought) are reflected in their joint proposed pretrial order at ECF No. 125.

### 4.  Stipulations

The parties have stipulated to a "procedure which will govern the disclosure of deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures."[2] The parties also stipulated to certain facts.[3] That stipulation must be marked as an exhibit and read into evidence at trial.

### 5.  Motions in Limine (MILs)

For the reasons stated on the record and below, the court rules as follows.

---

[1] Case-Mgmt. and Pretrial Order – ECF No. 28 at 3–14. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Proposed Pretrial Order – ECF No. 125 at 3–6.

[3] *Id.* at 2–3.

### 5.1    Plaintiff's MILs

#### 5.1.1    Pl.'s MIL Nos. 1 & 3: Exclude Witnesses Target Failed to Timely Disclose and Evidence Target Withheld During Discovery

The defendant contends that "the single piece of evidence [it] intends to offer at trial, the video of the incident, and the two witnesses [it] intends to call at trial, were identified prior to the discovery cutoff" of December 23, 2022. Although initial disclosures were not provided by either party until after the discovery cutoff, "[a]fter both parties realized the error, they met and conferred and agreed to exchange disclosures on January 23, 2023." And regarding the defendant's two witnesses, in discovery responses served on September 7, 2022, the defendant identified them, "specifically Kimara Smith and Shane Callanta." The plaintiff never deposed those witnesses, despite having filed a motion about two weeks before the discovery cutoff, essentially because the plaintiff did not follow the ordinary discovery procedures. Regarding the defendant's video, in its September 7, 2022 discovery responses the defendant also identified the video, but the video was not actually provided to the plaintiff then because he did not sign the Stipulated Protective Order that was served along with the discovery responses. The plaintiff did see the video at a September 22, 2022 settlement conference. Then after his counsel was appointed, the plaintiff was provided the video.[4]

First, the court will not exclude the evidence on these grounds. As for the initial disclosures, their timing can be postponed by stipulation. Fed. R. Civ. P. 26(a)(1)(D). As for the defendant's video and two trial witnesses, it was arguably the plaintiff's burden (as a pro se litigant subject to the ordinary rules of procedure) to obtain the video and testimony through ordinary discovery procedures (at least after September 2022). *See, e.g.*, *All. Commc'ns Techs., Inc. v. AT & T Corp.*, 245 F. App'x 583, 585 (9th Cir. 2007) (even where a party violates Rule 26, the violation can be "harmless [if the other party] had many months to review the contested information prior to trial").

---

[4] Pl.'s MILs Nos. 1 & 3 – ECF Nos. 114 & 118; Def.'s Opp'n to Pl.'s MILs Nos. 1 & 3 – ECF No. 115.

Second, the fact remains that the plaintiff, despite being pro se, made efforts to obtain relevant witness names and to depose them before the discovery cutoff. The court allowed for the plaintiff's pre-cutoff motion to be resolved by ordinary procedures, but the defendant then resisted on the ground that the cutoff had passed.[5] Now, trial is approaching and the plaintiff has not deposed the defendant's witness. (Only one witness is at issue now. The second was a custodian, and the plaintiff's counsel agreed to stipulate to the admissibility of the exhibit.) The court will allow a short video deposition next week to remedy any issue. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) (district courts have "extensive control . . . over the discovery process"); *Bladeroom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2017 WL 8948736, at *2 (N.D. Cal. June 12, 2017) ("[T]here are still other mechanisms to account for 'surprise' witnesses as trial approaches and the presentation of evidence becomes more concrete, which could include leave to take additional depositions of specific witnesses disclosed in the parties' materials prior to trial.").

### 5.1.2    Pl.'s MIL No. 2: Exclude Evidence Concerning Prior Litigation Involving the Plaintiff

The defendant does not oppose this motion, so it is granted.

### 5.1.3    Pl.'s MIL No. 4: Exclude Video Footage Showing the Plaintiff After He was Struck with a Shopping Cart

At issue is security footage that was disclosed with the defendant's summary-judgment motion. The defendant does not oppose this motion, so it is granted.

### 5.1.4    Def.'s MIL No. 2: Exclude Evidence Relating to the Plaintiff's Medical Treatment, Medical Expenses, or Special Damages[6]

The defendant contends that because the plaintiff did not produce any medical records, no evidence should be admitted regarding alleged injuries suffered by the plaintiff, including in the

---

[5] Order – ECF No. 61

[6] The defendant withdrew its first and seventh MILs. Withdrawal of MILs – ECF No. 123.

United States District Court
Northern District of California

form of the plaintiff's testimony. The plaintiff testified that he suffers pain, though, so he may testify to his alleged injuries.

### 5.1.5    Def.'s MIL No. 3: Exclude Undisclosed or Unproduced Witnesses and Evidence

The plaintiff does not oppose this motion, so it is granted. The plaintiff himself may testify to his knowledge of the incident and his alleged injuries.

### 5.1.6    Def.'s MIL No. 4: Exclude "Golden Rule" and "Reptile Theory" Arguments

Because this motion is generalized and preemptive, it is denied without prejudice to specific objections at trial. The court discussed the issues at the pretrial conference.

### 5.1.7    Def.'s MIL No. 5: Exclude Evidence of Loss of Income and Loss of Future Earnings

The issue is whether the fact that the plaintiff did not provide documentation supporting his claims of lost income means that this evidence should be excluded. The defendant "offers no support for its contention that a lay witness is per se incompetent to assess the 'special and financial damages' [he] has suffered." *Mills v. Lynwood Unified Sch. Dist.*, No. CV0705055DDPCTX, 2009 WL 10673227, at *5 (C.D. Cal. Sept. 22, 2009). The plaintiff may testify to his knowledge on this point, and the defendant is free to cross-examine him on the lack of documentation.

### 5.1.8    Def.'s MIL No. 6: Exclude Expert Opinions

The plaintiff does not oppose this motion because the plaintiff will not offer expert opinions. The court thus grants the motion.

## 6.  Objections to Exhibits

The plaintiffs filed objections to the defendant's security video discussed above.[7] The court has already denied the motion to exclude that video, so the court overrules these objections. The

---

[7] Pl.'s Objs. – ECF No. 136.

court understood today that this issue was resolved: only the video from the summary-judgment hearing will be admitted.

## 7.  Jury Instructions

The court asked the parties at the pretrial conference to file preliminary jury instructions and proposed final jury instructions in the court's form and will provide examples. The parties must include a neutral statement of the case in the preliminary instructions and in the questionnaire.

## 8.  Verdict Form

The court will file a proposed verdict form.

## 9.  Voir Dire and Jury Questionnaire

The parties submitted a jury questionnaire. The court gave feedback on shortening it, and the parties will file an updated version and provide a Word copy in a plain document (not on pleading paper) so that the jury office can load it into Survey Monkey. The clerk's office will provide the jury questionnaires and a juror list in the order of call by the morning of Wednesday, February 21. After they have the responses, the parties must confer and file a joint list of jurors that they agree should be excused for cause and flagging (if they can) any disputed for-cause challenges (to be addressed during jury selection). They must attach a proposed order excusing just the agreed-to jurors. The court will schedule a short hearing the next day to address the for-cause challenges so that the jury office does not have to bring the jurors in unnecessarily.

The court allows attorney voir dire. The court allows up to thirty minutes per side. Voir dire does not count against the trial time. As to the plaintiff's proposed question, the parties must confer, and Target may bring up any issue before the trial starts on Monday. As the court said during the pretrial conference today, questions aimed at eliciting jury bias are permissible, but usually attorneys elicit bias by asking proxy questions (e.g., in a criminal case, attitudes to urban crime, not a question as explicit as the plaintiff's). That said, absent any legal argument to the

United States District Court
Northern District of California

contrary by Target, eliciting information about the topic in the plaintiff's proposed question is permissible.

**10.  Trial**

The court's ordinary processes are as follows. (If the parties really are down to one witness each, this section is mostly superfluous.) By Friday, February 23, 2023, at 3:00 p.m., counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits used in opening statements and otherwise) for the first day of trial. Thereafter, at the end of each trial day, counsel must give notice of the order of proof for the next trial day. The parties must notify the court of any issues by the end of the business day so that the court can resolve them. To the extent that the parties will call hostile witnesses, which means that the opposing party's "cross examination" will be its direct examination, counsel must provide a list of all exhibits to be used with the same witness on cross examination (other than for impeachment). The parties will call their joint witnesses only once (which means that those witnesses will be called during the plaintiff's case).

It seems possible that the entire case can go in on Monday, February 26.

**IT IS SO ORDERED.**

Dated: February 15, 2024

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California