Bryon Jackson, PRO SE
1350 Marina Village Parkway # 435
Alameda, CA 94501
Tel: 201-776-4282
Email: zaqw1478@hotmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON, PRO SE<br><br>Plaintiff,<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 3:21-cv-08458-LB<br><br>**BRYON JACKSON'S MOTION IN RULE 50 – JUDGEMENT AS A MATTER OF LAW**<br><br>Judge: Hon. Laurel Beeler |

# JUDGEMENT AS A MATTER OF LAW

Plaintiff respectfully seeks an order precluding all video tape and the deposition taken by Defendant Target Corporation referring offering of evidence, testimony, or argument within the hearing to any member of the jury. Argument, evidence, or testimony concerning the security footage and deposition used at the trial should not be relevant to any claim or defense, and risk misleading the jury, thereby prejudicing Plaintiffs', Mr. Jackson right to a fair trial, under Penal Code 141, 352, 403, 801, 803 and 1400.

## BACKGROUND

Plaintiff is requesting live video shown at the trial, to be thrown out of the trial by the judge, and only accept the argument that Target employee struck Plaintiff and injured plaintiff.

The live video shown at the trial by Target, was Altered by Target to make the jury believe Plaintiff was not injured and to make it appeared that Target was not negligent.

Target used an Altered Video Tape to deceive the jury by:

1) Target altered the speed of the live Video tape shown at the trial, to make the Target shopping cart appears that the employee was slowly moving the shopping trolley, when the target employee struck the plaintiff. Target showed a live video at the deposition that was much faster in speed than the live video showed at the trial.

2) Target altered the image of the live Video Tape to make the live video tape appears very Blurry, to hide and not show an object or metal item on the shopping cart that was used to poked or stab the plaintiff. Target showed a live video at the deposition that was much clearer in view and NOT Blurry, different from the live video showed at the trial.

3) Target concealed the live video tape shown at the trial and refused to show the Plaintiff at deposition, a key argument the defendant used at the trial to mislead the jury, thereby prejudicing Plaintiffs' right to a fair trial. Target showed a live video at the deposition that shown the plaintiff been struck from a different angle, different from the live video showed at the trial.

4) Plaintiff requested to take deposition of the Target security team who produced the altered and concealed live Video Tape at Trial and Target refused to have their security team deposed. This is the security team who provided the live altered and conceived video showed at trial. Target refused to have the security team who produce the live video tapes to be deposed.

5) The metadata, meaning the date and timing per second of the recording of the two different video tapes used at the deposition and trial are unable to be verified. Target refused to have the security team who produce the live video tapes to be deposed.

The above reasons are why Target refused all deposition requests, for their employee and security team. Target defense is based on the foundation of altered and concealed video tapes.

**Plaintiff is requesting "Motion for Rule 50":**

- Requesting deposition to be stricken or thrown out.
- Used no video tape provided by target, because Target admitted their employee struck the plaintiff and as a result injured the plaintiff.
- Request the court to overturn decision.
- Plaintiff sought judgment, therefore; award Plaintiff for Loss of wages, future wages until plaintiff is age 75 and pain and suffering damages.

## ARGUMENT

I. **The Court Should exclude all Video in limine as evidence not disclosed or produced during discovery or the deposition.**

Target did NOT produce the live video used at the trial in discovery or at the deposition and therefore the court must exclude all Video in limine.

Feamster v. Gaco W., LLC In its fourth motion in limine, Defendant asks the Court to exclude any evidence, including witnesses and documents, that were not identified or produced by Plaintiff through initial disclosures or discovery. Dkt. No. 152 at 1.

II. **The Court Should exclude all Video in limine due to lack of foundation.**

Target Vimeo video should be excluded, because they are Altered and concealed and do NOT meet foundational requirements. There are reasonable doubts in the accuracy, authenticity and conditioned, meaning the very slow and blurry video admitted as video evidence.

Grant vs. County of Orange. Motion in Limine Cal. Super. - 4th Dist. May 11, 2015

"This Motion is made on the grounds that such "evidence" is inadmissible pursuant to Evidence Code §§ 352, 403, and 1400, as these videos lack foundation, lack authenticity, and do not assist the trier of fact to discern the reasonable perceptions of the parties involved. See, Evidence Code §§ 801, 803. Allowing Plaintiff to introduce the "surprise," manipulated videos that Plaintiff withheld from discovery will serve only to mislead the jury, thereby prejudicing Defendants' right to a fair trial. See, Evidence Code § 352.

III. **The Court Should exclude all Video motion due to deception at a legal proceeding.**

**Penal Code § 141 PC** - Evidence to cause deception at a legal proceeding:
The language of the code section states that: 141. (a) Except as provided in subdivisions (b) and (c), a person who knowingly, willfully, intentionally, and wrongfully alters, modifies, conceals digital image, or video recording with the specific intent that the physical matter will be wrongfully produced as true upon a trial, proceeding, or inquiry, is guilty of a misdemeanor.

## CONCLUSION

For the foregoing reasons, I ask the court to determine these legal arguments against the Defendant and grant a motion for judgment as a matter of law against the Defendant.

Date: 3/3/24

Respectfully submitted,

Bryon Jackson, PRO SE
1350 Marina Village Parkway
Alameda, California, 94501
Tel: (201) 776-4282
Email: zaqw1478@hotmail.com