David V. Roth (State Bar No. 194648)
  *david.roth@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
  *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
1 California St., Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6990
Facsimile:  (415) 217-6999

Attorneys for Defendant,
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYON JACKSON,<br><br>             Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>             Defendant. | Case No. 3:21-cv-08458-LB<br><br>**DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Date:   April 11, 2024<br>Time:   9:30 a.m.<br>Crtrm:  B |

## I.  PLAINTIFF'S MOTION IS UNTIMELY

Plaintiff Byron Jackson's motion is styled as a "motion in Rule 50 – judgment as a matter of law." Plaintiff's motion is untimely and should be denied on that basis alone.

Rule 50 of the Federal Rules of Civil Procedure permits the court to find that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on an issue. The motion must be made "at any time *before the case is submitted to the jury*." Fed. R. Civ. P. 50(a)(2) (emphasis added). This matter was submitted to the jury on February 26, 2024. That same day, the jury issued a verdict in favor of Target, and judgment was entered accordingly. Dkt. 159–163. At no time prior to the case being submitted to the jury did Plaintiff make a Rule 50 motion. Plaintiff's

1  motion is therefore manifestly untimely.

2  While subdivision (b) of Rule 50 permits a *renewed* motion for judgment as a
3  matter of law to be made within 28 days after entry of judgment, that presupposes
4  such a motion had already been made within the time limits of subdivision (a); i.e.,
5  before the case was submitted to the jury. Plaintiff cannot make such a motion for the
6  first time *after* the case is submitted to the jury. *See EEOC v. Go Daddy Software,*
7  *Inc.*, 581 F.3d 951, 961 (9th Cir. 2009); *Tortu v. Las Vegas Metropolitan Police Dept.*,
8  556 F.3d 1075, 1083 (9th Cir. 2009) ("Failing to make a Rule 50(a) motion before the
9  case is submitted to the jury forecloses the possibility of considering a Rule 50(b)
10 motion"). Because Plaintiff never made a motion under Rule 50(a) before the case
11 was submitted to the jury, he cannot make—and this Court cannot consider—a post-
12 judgment motion made under Rule 50(b). Plaintiff's motion may be, and should be,
13 denied on this basis alone.

## II.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS

15 Even if Plaintiff had complied with Rule 50(a) (which he has not), the Court
16 would still be justified in denying Plaintiff's motion on the merits.

17 "Under Rule 50, a court should render judgment as a matter of law when 'a
18 party has been fully heard on an issue and there is no legally sufficient evidentiary
19 basis for a reasonable jury to find for that party on that issue.' " *Reeves v. Sanderson*
20 *Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000).

21 From what can be discerned of Plaintiff's motion, he is asking the Court to
22 exclude video footage of the subject incident because, in Plaintiff's opinion, the
23 footage was somehow altered. Dkt. 170 at 2–3. Plaintiff also contends the video
24 should be excluded because it was allegedly not produced in discovery. *Id*. at 3.

25 The foundational issues surrounding the video should have been addressed in
26 a motion in limine. *See Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984) (a motion
27 in limine is "any motion, whether made before or during trial, to exclude anticipated
28 prejudicial evidence before the evidence is actually offered"); *Palmerin v. City of*

*Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (in limine motions serve to address evidentiary issues *before* trial). No such motion was ever filed. A Rule 50 motion is not the vehicle for challenging the admissibility of evidence. Rather, the purpose of a Rule 50 motion is determining whether the evidence, construed in the light most favorable to the nonmoving party, compels a verdict in favor of the moving party. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002). Consequently, Plaintiff's motion should be denied to the extent it is an untimely motion in limine.

With respect to Plaintiff's second claim—that the video was not produced during discovery—the exclusion of such evidence was the subject of a motion in limine, which was denied on February 15, 2024 in the Court's final pretrial order. Dkt. 118, 139 at 3–4. To the extent Plaintiff's motion for judgment is one for reconsideration of that order, Plaintiff has not followed this Court's procedures for moving for reconsideration of an interlocutory order, which include obtaining leave of court and moving for reconsideration before the judgment is entered. *See* Civil L.R. 7-9(a). Nor does Plaintiff's current motion contain any new material facts, or changes in the law, which arose between the present time and the previous order. Civil L.R. 7-9(b).[1]

Finally, Plaintiff makes conclusory and unsupported allegations that Target somehow altered the video. These claims lack merit. Additionally, the record does not reflect that Plaintiff objected at trial to the manner in which the video was displayed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff's motion additionally relies on the California Evidence Code, but this matter is governed by the Federal Rules of Evidence.

## III. CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court deny Plaintiff's motion for judgment as a matter of law.

DATED: March 18, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ David V. Roth
David V. Roth
Attorneys for Defendant,
TARGET CORPORATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 18, 2024, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bryon U Jackson**
  zaqw1478@hotmail.com

- **Anna Kartoshkina**
  anna.kartoshkina@manningkass.com

- **Gabriella Alexandra Pedone**
  gabriella.pedone@manningkass.com,sandra.alarcon@manningkass.com

- **David Vincent Roth**
  dvr@manningllp.com,dln@manningllp.com

- 

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 18, 2024, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon