UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRYON U. JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 21-cv-08458-LB<br><br>**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: ECF No. 170 |

The plaintiff claimed that a Target employee was negligent when she contacted him with a shopping cart. Trial was held in February 2024, resulting in a jury verdict for the defendant.[1] The plaintiff then moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. He contends that Target altered the video of the incident and refused to disclose the video during trial.[2]

Before a case is submitted to the jury, a party may move for judgment as a matter of law that there is no legally sufficient evidence to support the opposing party's claim or defense. Fed. R. Civ. P. 50(a). If the court does not grant a Rule 50(a) motion, it is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. Fed. R. Civ.

---

[1] Jury Verdict – ECF No. 162. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 170.

ORDER – No. 21-cv-08458-LB

P. 50(b). No later than 28 days after entry of judgment, the movant may file a renewed motion. "In ruling on the renewed motion, the court may (1) allow judgment on the verdict if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as matter of law." *Id.*

Before granting a Rule 50(b) motion, the court must determine that "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). A jury's verdict must be upheld if it is supported by substantial evidence. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). Substantial evidence is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion" from the same evidence. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (cleaned up). "Thus, 'although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe,' and may not substitute its view of the evidence for that of the jury." *Johnson*, 251 F.3d at 1227 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000)) (cleaned up). The court, again, must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves*, 530 U.S. at 149–50. Also, the court may not weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists to support the verdict. *Id.* at 150.

The court denies the motion. For one thing, no motion was made before the case was submitted to the jury under Rule 50(a). And even if one had been, the court has no basis to reject the video footage. The court also notes that it already denied the plaintiff's motion in limine regarding the video and its availability during discovery.[3]

This resolves ECF No. 170.

**IT IS SO ORDERED.**

Dated: May 23, 2024

LAUREL BEELER
United States Magistrate Judge

---

[3] Pretrial Order – ECF No. 139 at 3.